**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>    Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>    Debtor. | Case No. 17-BK- 30140<br><br>Chapter 11<br><br>[Joint Administration Pending] |

**DEBTORS' MOTION FOR ORDER DIRECTING**
**JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Garlock Sealing Technologies LLC ("Garlock"), Garrison Litigation Management Group, Ltd. ("Garrison"), The Anchor Packing Company ("Anchor"), and OldCo, LLC, successor by merger to Coltec Industries Inc ("Coltec"),[2] debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), jointly move the Court for entry of an Order (A) authorizing and directing the joint administration, for procedural purposes only, of Coltec's chapter 11 case with the pending, jointly administered chapter 11 cases of *Garlock Sealing Technologies LLC* (10-BK-31607), *Garrison Litigation Management Group, Ltd.* (10-BK-31608) and *The Anchor Packing Company* (10-BK-31606) and (B) granting related relief (the "Motion"). In support of this Motion, the Debtors respectfully state as follows:

---

[1]   The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

[2]   For convenience, the term "Coltec" in this Motion refers to OldCo, LLC's predecessor, Coltec Industries Inc, when referring to events prior to the Coltec Restructuring (described below) and refers to OldCo, LLC when referring to events subsequent to the Coltec Restructuring.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.      On June 5, 2010, Garlock, Garrison and Anchor each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Garlock Bankruptcy Case"). Each of Garlock, Garrison and Anchor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On June 8, 2010, this Court entered the Order Establishing Notice Procedures in the Garlock Bankruptcy Case (D.E. 48) (the "Garlock Notice Procedures Order") establishing certain case management and notice procedures (collectively, the "Notice Procedures"), including approval of a Master Service List of parties or entities (the "Garlock Master Service List").

5.      On January 30, 2017 (the "Coltec Petition Date"), Coltec filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Coltec Bankruptcy Case"). Coltec is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in the Coltec Bankruptcy Case.

6.      Coltec is an affiliate of Garlock, Garrison and Anchor: (a) Garlock is a direct, wholly owned subsidiary of Coltec's parent, EnPro Holdings, Inc. f/k/a New Coltec, Inc.

("EnPro Holdings");[3] (b) Garrison is a direct, wholly owned subsidiary of Coltec; and (c) Anchor is a wholly owned, non-operating subsidiary of Garrison. The chapter 11 cases of Garlock, Garrison and Anchor are being jointly administered (*see In re Garlock Sealing Technologies LLC, et al.*, No. 10-BK-31607 (Bankr. W.D.N.C. June 9, 2010, D.E. 58)).

7.      The Garlock Bankruptcy Case was filed to resolve permanently and in a single forum all present and future asbestos-related personal injury and wrongful death claims against Garlock and Garrison (as defined in the Joint Plan, collectively, "GST Asbestos Claims"). The Coltec Bankruptcy Case has been filed to resolve in the same way all present and future asbestos personal injury and wrongful death claims against Coltec (as defined in the Joint Plan, "Coltec Asbestos Claims").

8.      On March 17, 2016, Coltec, Garlock and Garrison entered into the Term Sheet for Permanent Resolution of All Present and Future GST Asbestos Claims and Coltec Asbestos Claims (the "Comprehensive Settlement") with the Official Committee of Asbestos Personal Injury Claimants in the Garlock Bankruptcy Case (the "Garlock Committee"), the Future Asbestos Claimants' Representative in the Garlock Bankruptcy Case, an *ad hoc* committee for persons holding present Coltec Asbestos Claims[4] (the "Ad Hoc Committee"), and Joseph W. Grier, III, as *ad hoc* representative for persons with future Coltec Asbestos Claims (collectively, the "Asbestos Claimants' Representatives").[5] The Comprehensive Settlement provides for the permanent settlement and resolution of present and future GST Asbestos Claims and present and

---

[3]  On November 28, 2016, New Coltec, Inc. changed its name to EnPro Holdings, Inc.

[4]  Unless defined in this Motion, capitalized terms have the meanings ascribed to them in the Joint Plan.

[5]  Contemporaneously with filing this Motion, Coltec moved to have Mr. Grier appointed as the legal representative for future Coltec Asbestos Claimants (as defined below). Additionally, by way of separate motion, the Debtors, the Garlock Committee and the Ad Hoc Committee jointly moved for entry of an order (a) adding certain holders of Coltec Asbestos Claims to the existing Garlock Committee and (b) constituting the Garlock Committee, as thus expanded, to serve as the official committee of holders of present asbestos claims in both the Garlock Bankruptcy Case and the Coltec Bankruptcy Case.

9204811v13

future Coltec Asbestos Claims in accordance with its terms.

9. To implement the Comprehensive Settlement, Coltec, Garlock, Garrison, Anchor and the Asbestos Claimants' Representatives (collectively, the "Plan Proponents") jointly proposed the Modified Joint Plan of Reorganization of Garlock Sealing Technologies LLC et al. and OldCo, LLC, Proposed Successor by Merger to Coltec Industries Inc, dated May 20, 2016 (and modified June 21, 2016, July 29, 2016 and December 2, 2016) (as modified, the "Joint Plan"). The Joint Plan is conditioned upon, among other things, the entry of a channeling injunction protecting Coltec from Coltec Asbestos Claims, which necessitated filing the Coltec Bankruptcy Case.

10. The Joint Plan recognizes that Coltec Asbestos Claims are largely intertwined with GST Asbestos Claims and that the interests of holders of Coltec Asbestos Claims (collectively, the "Coltec Asbestos Claimants") and the interests of holders of GST Asbestos Claims (collectively, the "GST Asbestos Claimants") are substantially aligned. Prior to the Garlock Bankruptcy Case, Garlock and Coltec resolved Coltec Asbestos Claims filed in the tort system when GST Asbestos Claims were settled. The Claims Resolution Procedures provided by the Joint Plan will enable asbestos claimants who meet applicable criteria to obtain compensation based on exposure to asbestos from products for which Garlock or Coltec is legally responsible. The amount of compensation for an eligible asbestos claimant will not vary according to which company's product is involved. A claimant who was exposed to asbestos from a Coltec product will not receive a higher award if he or she also demonstrates exposure to a Garlock product, and vice versa.

11. On July 29, 2016, this Court entered the Order Approving Disclosure Statement and Establishing Confirmation Procedures in the Garlock Bankruptcy Case (D.E. 5445), which

4

approved the Disclosure Statement and established solicitation and confirmation procedures for the Joint Plan (the "Garlock Confirmation Procedures Order").  Garlock, Garrison, Anchor, and the Asbestos Claimants' Representatives in due course solicited acceptances of the Joint Plan by GST Asbestos Claimants. Coltec and the Asbestos Claimants' Representatives contemporaneously solicited acceptance of the Joint Plan by Coltec Asbestos Claimants as a pre-packaged plan of reorganization. The voting deadline on the Joint Plan was December 9, 2016.

12.      On December 16, 2016, Rust Consulting/Omni Bankruptcy, the balloting agent with respect to the Joint Plan (the "Balloting Agent"), certified in the Garlock Bankruptcy Case (D.E. 5627) that 134,212 GST Asbestos Claimants and Coltec Asbestos Claimants cast qualifying ballots on the Joint Plan and that 95.85% in number and 95.80% in amount voted to accept. The Balloting Agent also reported separately regarding qualifying ballots cast by GST Asbestos Claimants versus Coltec Asbestos Claimants. Of 127,088 ballots cast by GST Asbestos Claimants, 96.44% in number and 95.85% in amount voted to accept the Joint Plan. Of 73,716 ballots cast by Coltec Asbestos Claimants, 97.74% in number and 96.98% in amount voted to accept.[6] Thus, both GST Asbestos Claimants and Coltec Asbestos Claimants overwhelmingly accepted the Joint Plan.

13.      The Court has set May 15, 2017, as the date for commencement of the confirmation hearing for the Joint Plan in the Garlock Bankruptcy Case. Coltec has moved for the entry of a scheduling order also setting May 15, 2017, as the date for commencing the confirmation hearing in the Coltec Bankruptcy Case.  Placing confirmation proceedings for both cases on the same schedule is appropriate since the Joint Plan is meant to reorganize Coltec as

---

[6] Some Asbestos Claimants cast ballots as both GST Asbestos Claimants and Coltec Asbestos Claimants. Pursuant to the Garlock Confirmation Procedures Order, the Balloting Agent counted each of these ballots as a single vote.

9204811v13

well as Garlock and Garrison. This Motion is aimed at promoting speed and efficiency in the coordinated confirmation proceedings.

**A.**    **History and Corporate Structure**

14.    OldCo, LLC is a North Carolina limited liability company, the successor by merger to Coltec Industries Inc, and a wholly owned subsidiary of EnPro Holdings. OldCo, LLC and EnPro Holdings were both formed in 2016 as part of the "Coltec Restructuring" summarily described in Paragraph 21 below and described in greater detail in the Disclosure Statement filed in the Garlock Bankruptcy Case (D.E. 5444, Section 2.5.3). EnPro Holdings is a direct, wholly owned subsidiary of EnPro Industries, Inc. ("EnPro"). EnPro is a publicly traded company whose shares are traded on the New York Stock Exchange. Its headquarters are in Charlotte, North Carolina.

15.    As part of the Coltec Restructuring, Coltec retained EnPro Learning System, LLC, which offers safety consulting services, safety courses, and safety conferences throughout the year to assist companies in developing and implementing protocols to improve workplace safety. Following the merger of Coltec Industries Inc into OldCo, LLC (described in more detail in Paragraph 21 below), EnPro Learning System, LLC was merged into Coltec, resulting in the business and operations of the former EnPro Learning System, LLC becoming a division of Coltec.

16.    Prior to the Coltec Restructuring, Coltec was a direct, wholly owned operating subsidiary of EnPro. Coltec was a diversified manufacturer that was variously known in prior years as Penn-Texas Corporation (until 1959), Fairbanks Whitney Corporation (until 1964), and Colt Industries Inc (until 1990). Colt Industries Inc then changed its name to Coltec Industries Inc in 1990. Coltec merged with Runway Acquisition Corporation, a subsidiary of Goodrich Corporation ("Goodrich"), in 1999 and survived as a wholly owned subsidiary of Goodrich.

6

EnPro was incorporated in 2002 as a wholly owned subsidiary of Goodrich and was the sole parent entity of Coltec. Later in 2002, the shares of EnPro were distributed to the shareholders of Goodrich, and EnPro became a separate public company, with Coltec continuing as its direct, wholly owned subsidiary.

**B.**    **Events Leading To the Coltec Petition Date**

17.    Some of the businesses operated by Coltec and its predecessors, apart from Garlock, manufactured equipment with asbestos-containing components, principally gaskets and packing. These asbestos-containing components were often made by Garlock and sometimes by other manufacturers.

18.    Asbestos claimants first began suing Coltec in approximately 1992. The vast majority of suits asserting Coltec Asbestos Claims also alleged GST Asbestos Claims. Plaintiffs named either Coltec or businesses for whose conduct Coltec or one of its predecessors was alleged to be responsible, including "Fairbanks Morse," "Fairbanks Morse Engine," "Fairbanks Morse Pump," "Quincy Compressor," "Central Moloney," "France Compressor," "Delavan," and "Farnam." Coltec received tens of thousands of such claims and spent approximately $7.9 million in defense costs with respect to these claims, but it never made an indemnity payment on an asbestos claim. Rather, claims asserted against Coltec or its businesses were resolved either by dismissal or in connection with payments by Garlock to settle claims against itself.

19.    After almost six years of vigorously contested litigation in the Garlock Bankruptcy Case, and after months of negotiations among the Plan Proponents, the Comprehensive Settlement was reached.

20.    Although not in bankruptcy when the Comprehensive Settlement was reached, Coltec nevertheless solicited acceptance of the Joint Plan as a "prepackaged plan of

7

reorganization" using the Disclosure Statement and solicitation procedures approved by this Court in the Garlock Bankruptcy Case.

21.     Pursuant to the Comprehensive Settlement, and as described in the Disclosure Statement, after Coltec Asbestos Claimants accepted the Joint Plan, Coltec undertook the "Coltec Restructuring."  In pertinent part, Coltec Industries Inc merged into OldCo, LLC, with OldCo, LLC as the surviving entity; Coltec distributed to EnPro Holdings all of its businesses except the Garrison and Learning System businesses; EnPro Holdings assumed all the legacy liabilities of Coltec, other than asbestos liabilities; EnPro Holdings contributed cash to Coltec to fund its anticipated cash needs during the Coltec Bankruptcy Case; and EnPro Holdings delivered a keep well agreement to Coltec, committing to make contributions to Coltec as necessary to permit Coltec to pay and discharge its retained and other liabilities as those liabilities become due and payable.

22.     In support of this Motion, Debtors rely on the Declaration of Joseph Wheatley in Support of OldCo, LLC's Chapter 11 Petition and First Day Motions (the "First Day Declaration").

## RELIEF REQUESTED

23.     By this Motion, the Debtors jointly request entry of an order authorizing and directing the joint administration of the Coltec Bankruptcy Case with the Garlock Bankruptcy Case for procedural purposes only, with the lead case being *In re Garlock Sealing Technologies LLC*, Case No. 10-BK-31607.

24.     The Debtors also jointly request that they and other parties be permitted to use a combined service list for the jointly administered cases and send combined notices to creditors of their estates and other parties in interest as applicable.

25.     The Debtors also jointly request that the caption of the Coltec Bankruptcy Case be

8

modified to reflect the joint administration with the Garlock Bankruptcy Case substantially as follows and that the official caption, as modified, be used by all parties in all pleadings in the jointly administered cases:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| IN RE: | Case No. 10-BK-31607 |
| GARLOCK SEALING TECHNOLOGIES LLC, et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

---

[1]  The debtors in these jointly administered cases are Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., The Anchor Packing Company and OldCo, LLC, successor by merger to Coltec Industries Inc.

## BASIS FOR RELIEF REQUESTED

26.    Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of such debtor and its affiliate.  *See* Fed. R. Bankr. P. 1015(b).

27.    The First Day Declaration, filed simultaneously herewith, establishes that joint administration of Coltec's case with the Garlock Bankruptcy Case (a) is warranted because the Comprehensive Settlement to be implemented by filing the Coltec Bankruptcy Case and under the Joint Plan involves Coltec and the debtors in the Garlock Bankruptcy Case, two of which are Coltec's direct and indirect subsidiaries and another of which is under common ownership, and (b) will ease the administrative burden on the Court and the parties.

28.    The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in the Coltec Bankruptcy Case will affect the debtors in the Garlock Bankruptcy Case.  The failure to administer the Coltec Bankruptcy Case jointly with the

9

9204811v13

Garlock Bankruptcy Case would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would unnecessarily overburden the Debtors and the Clerk of this Court (the "Clerk") and may otherwise confuse the Court, creditors, and other parties in interest.

29.      Joint administration will permit the Clerk to use a single docket for the Coltec Bankruptcy Case and the Garlock Bankruptcy Case and to combine notices to creditors and other parties in interest of Coltec's estate and the estates of the debtors in the Garlock Bankruptcy Case. Joint administration also will protect parties in interest by ensuring that such parties in interest in the Coltec Bankruptcy Case and the Garlock Bankruptcy Case will be apprised of the various matters before the Court in each case.

30.      The rights of the respective creditors of the Debtors will not be adversely affected by joint administration of the Coltec Bankruptcy Case and the Garlock Bankruptcy Case because the relief sought is purely procedural and is not intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against each Debtor's estate. The rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of the Coltec Bankruptcy Case and the Garlock Bankruptcy Case by the Office of the United States Bankruptcy Administrator for the Western District of North Carolina also will be simplified.

## NOTICE

31.      No trustee, examiner, or creditors' committee has been appointed in the Coltec Bankruptcy Case. The Debtors have served notice of this Motion on (a) the Ad Hoc Committee; (b) the Garlock Committee; (c) Mr. Grier, in his capacity as the proposed legal representative for future Coltec Asbestos Claimants and the Future Asbestos Claimants' Representative in the

10

Garlock Bankruptcy Case; (d) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; and (e) to the extent not set forth above, the parties listed on the updated Garlock Master Service List (D.E. 5655) and any party that has filed a request for notices under Bankruptcy Rule 2002 since the filing of the updated Garlock Master Service List, and submits that, given the nature of the relief requested, no other or further notice need be given. No previous application for the relief requested herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the joint administration of the Coltec Bankruptcy Case with the Garlock Bankruptcy Case and (b) granting such other relief as the Court deems just and proper.

[remainder of page left blank intentionally –
signature page of counsel follows]

11

This the 30th day of January, 2017.

/s/ John R. Miller
John R. Miller, Jr.
N.C. Bar No. 28689
jmiller@rcdlaw.net

RAYBURN COOPER & DURHAM, P.A.
1200 Carillion Tower
227 West Trade Street
Charlotte, NC 28202
Telephone: (704) 334-0891

*Counsel to Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company, Debtors and Debtors-in-Possession*

/s/ Garland S. Cassada
Garland S. Cassada
N.C. Bar No. 12352
gcassada@robinsonbradshaw.com
Jonathan C. Krisko
N.C. Bar No. 28625
jkrisko@robinsonbradshaw.com
Richard C. Worf, Jr.
N.C. Bar No. 37143
rworf@robinsonbradshaw.com

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

*Special Corporate and Litigation Counsel to Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company, Debtors and Debtors-in-Possession*

/s/ Daniel G. Clodfelter
Daniel G. Clodfelter
N.C Bar No. 7661
danclodfelter@parkerpoe.com
William L. Esser IV
N.C. Bar No. 29201
willesser@parkerpoe.com
Ashley A. Edwards
N.C. Bar No. 40695
ashleyedwards@parkerpoe.com

PARKER POE ADAMS & BERNSTEIN, LLP
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone:    (704) 372-9000
Facsimile:    (704) 334-4706

*Proposed Counsel to OldCo, LLC, Debtor and Debtor-in-Possession*

/s/ David M. Schilli
David M. Schilli
N.C Bar No. 17989
dschilli@robinsonbradshaw.com
Andrew W.J. Tarr
N.C. Bar No. 31827
atarr@robinsonbradshaw.com

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street
Suite 1900
Charlotte, NC 28246
Telephone:    (704) 377-2536
Facsimile:    (704) 378-4000

*Proposed Special Corporate and Litigation Counsel to OldCo, LLC, Debtor and Debtor-in-Possession*

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES<br>LLC, et al.,<br><br>         Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER<br>TO COLTEC INDUSTRIES INC,<br><br>         Debtor. | Case No. 17-BK- 30140<br><br>Chapter 11 |

**ORDER DIRECTING JOINT ADMINISTRATION**
**OF RELATED CHAPTER 11 CASES**

Upon the Debtors' Motion for Order Directing Joint Administration of Related Chapter

11 Cases (the "Motion"); and it appearing that the relief requested in the Motion is in the best

interests of the Debtors,[2] their estates, their creditors and other parties in interest; and it

appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

---

[1]   The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison
Litigation Management Group, Ltd.; and The Anchor Packing Company.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157; and it appearing that

proper and adequate notice of the Motion has been given and that no other or further notice is

necessary; and upon the record herein; and upon consideration of the First Day Declaration; and

after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The above-captioned chapter 11 cases are hereby consolidated for procedural

purposes only and shall be jointly administered by this Court.

3.      *Garlock Sealing Technologies LLC* shall serve as the lead case.  Pleadings shall

be docketed under Case No. 10-BK-31607.

4.      Nothing contained in this Order shall be deemed or construed as directing or

otherwise effecting a substantive consolidation of the above-captioned chapter 11 cases, and this

Order shall be without prejudice to the rights of the Debtors to seek entry of an order

substantively consolidating their respective cases and without prejudice to the right of any party

in interest to oppose entry thereof.

5.      The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>                    Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |

---

[1]  The debtors in these jointly administered cases are Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., The Anchor Packing Company and OldCo, LLC, successor by merger to Coltec Industries Inc.

2

6.     The Debtors are hereby authorized to (a) utilize a combined service list for the jointly administered cases and (b) send combined notices to creditors of the Debtors' estates and other parties-in-interest as applicable.

7.     Any party may request that the Court reconsider entry of this Order by filing a motion for reconsideration within fourteen (14) days of service of this Order.

8.     The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

9.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

This Order has been signed electronically.  The judge's          United States Bankruptcy Court
signature and court's seal appear at the top of the Order.

3