# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>          Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>          Debtor. | Case No. 17-BK-30140<br><br>Chapter 11<br><br>[Joint Administration Pending][2] |

### DEBTORS' *EX PARTE* MOTION FOR ENTRY OF AN ORDER (I) SHORTENING THE NOTICE PERIOD ON FIRST DAY MOTIONS FILED BY THE DEBTORS, (II) LIMITING THE NOTICE ON FIRST DAY MOTIONS, (III) SCHEDULING AN EXPEDITED HEARING ON FIRST DAY MOTIONS AND (IV) APPROVING THE FORM AND MANNER OF NOTICE ON FIRST DAY MOTIONS

Garlock Sealing Technologies LLC ("Garlock"), Garrison Litigation Management Group, Ltd. ("Garrison"), The Anchor Packing Company ("Anchor"), and OldCo, LLC, successor by merger to Coltec Industries Inc ("Coltec"),[3] debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), jointly move the Court, *ex parte*, for entry of an order (A) shortening the notice period on the First Day Motions (as defined below), (B) limiting

---

[1]  The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

[2]  Contemporaneously with filing this Motion, Coltec moved to have its chapter 11 case jointly administered with the chapter 11 cases of *In re Garlock Sealing Technologies LLC* (10-BK-31607), *In re Garrison Litigation Management Group, Ltd.* (10-BK-31608) and *In re The Anchor Packing Company* (10-BK-31606), with *In re Garlock Sealing Technologies LLC* serving as the lead case.

[3]  For convenience, the term "Coltec" in this Motion refers to OldCo, LLC's predecessor, Coltec Industries Inc, when referring to events prior to the Coltec Restructuring and refers to OldCo, LLC when referring to events subsequent to the Coltec Restructuring.

the notice of the First Day Motions to the First Day Notice Parties (as defined below), (C) scheduling an expedited hearing on the First Day Motions for 9:30 a.m. on February 1, 2017, and (D) approving the form and manner of the notice thereof (this "Motion"). In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1 of the Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Rules").

## BACKGROUND

3. On June 5, 2010, Garlock, Garrison and Anchor each filed a voluntary petition for relief (collectively, the "Garlock Bankruptcy Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Each of Garlock, Garrison and Anchor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On January 30, 2017 (the "Coltec Petition Date"), Coltec filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Coltec Bankruptcy Case"). Coltec is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in the Coltec Bankruptcy Case.

2

9290253

5. For additional background information regarding Coltec's history and corporate structure and events leading to the Coltec Petition Date, the Debtors refer the Court and parties in interest to the Court to the Debtors' Motion for Order Directing Joint Administration of Related Chapter 11 Cases filed in the Garlock Bankruptcy Case and the Coltec Bankruptcy Case (the "Joint Administration Motion") and the Declaration of Joseph Wheatley in Support of OldCo, LLC's Chapter 11 Petition and First Day Motions filed in the Coltec Bankruptcy Case (the "First Day Declaration").[4] In support of this Motion, the Debtors rely on the First Day Declaration.

## RELIEF REQUESTED

6. By this Motion, the Debtors jointly request entry of an order shortening the notice period and scheduling an expedited hearing for final relief on February 1, 2017 at 9:30 a.m. on the following joint motions filed contemporaneously herewith in the Garlock Bankruptcy Case and the Coltec Bankruptcy Case (collectively, the "Joint First Day Motions"):

 a. Debtors' Motion for Order Directing Joint Administration of Related Chapter 11 Cases;

 b. Debtors' Motion for an Order Establishing Case Management and Notice Procedures in OldCo, LLC's Chapter 11 Case and Single Master Service List in Debtors' Chapter 11 Cases; and

 c. Joint Motion to Appoint Certain Coltec Asbestos Claimants to the Official Committee of Asbestos Personal Injury Claimants and to Authorize the Expanded Committee to Serve in Bankruptcy Case of OldCo, LLC.

7. Coltec also requests entry of an order shortening the notice period and scheduling an expedited hearing for final relief on February 1, 2017 at 9:30 a.m. on the following motions and applications filed contemporaneously herewith solely in its chapter 11 case (collectively, the

---

[4] Unless defined in this Motion, capitalized terms have the meanings ascribed to them in the Joint Plan and the Joint Administration Motion.

3

"Coltec First Day Motions" and together with the Joint First Day Motions, the "First Day Motions"):

    a.    Debtor's Motion to Approve Notice Procedures for Asbestos Claimants;

    b.    Debtor's Motion for Approval of (I) Form of Notice of Commencement of Case, (II) Mailing and Publication Procedures for Notice of Commencement of Case, and (III) Related Relief;

    c.    Debtor's Motion to Approve Solicitation and Confirmation Procedures and Schedule for Confirmation of the Joint Plan;

    d.    Debtor's Motion for Order Waiving Obligations to (I) File Schedules and Statement of Financial Affairs, (II) Appoint an Unsecured Creditors' Committee, (III) File List of Twenty Largest Unsecured Creditors, and (IV) Convene Section 341 Meeting of Creditors;

    e.    Debtor's Motion to (I) Fix Bar Date for Certain Coltec Asbestos Claims, (II) Approve Proof of Claim Form and Proposed Procedures for Filing Certain Coltec Asbestos Claims, and (III) Approve Form and Manner of Notice Thereof;

    f.    Debtor's Motion to Appoint Joseph W. Grier, III as Future Asbestos Claimants' Representative;

    g.    Debtor's Motion for Order Approving (I) Maintenance of Existing Bank Account and Bank Arrangements, (II) Continued Use of Existing Business Forms, (III) Intercompany Transactions, (IV) Limited Waiver of Deposit Guidelines, (V) Investment of Excess Cash, and (VI) Grant of Administrative Expense Priority Status to Post-Petition Intercompany Claims;

    h.    Debtor's Application for Order Appointing Rust Consulting/Omni Bankruptcy as Claims, Ballot, and Notice Agent;

    i.    Debtor's Application for Order Authorizing Retention and Employment of Bates White, LLC as Consultant.

8.    The Debtors also request entry of an order limiting the notice of the First Day Motions to (a) the Ad Hoc Committee; (b) the Garlock Committee; (c) Mr. Grier, in his capacity as the proposed legal representative for future Coltec Asbestos Claimants and the Future Asbestos Claimants' Representative in the Garlock Bankruptcy Case; (d) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; and (e) to

4

9290253

the extent not set forth above, the parties listed on the updated Master Service List in the Garlock Bankruptcy Case (D.E. 5655) and any party that has filed a request for notices under Bankruptcy Rule 2002 since the filing of the updated Master Service List (collectively, the "First Day Notice Parties").

9. The Debtors also seek approval of the form and manner of notice of the hearing on the First Day Motions (the "First Day Hearing").

## BASIS FOR RELIEF REQUESTED

10. Bankruptcy Rule 9006(c) and Local Rule 9006-1 permit a party to seek an expedited hearing on shortened notice. The Court may grant such request for good cause shown, with or without a motion or notice to parties in interest. Bankruptcy Rule 9006(c).

11. The relief requested in the First Day Motions is essential to maintaining the viability of Coltec's business, preserving Coltec's ability to reorganize successfully pursuant to the Joint Plan and consummating the Comprehensive Settlement pursuant to the Joint Plan. The Debtors believe that the First Day Motions require an expedited, emergency hearing to permit Coltec to notice the filing of its chapter 11 case, pursue confirmation of the Joint Plan consistent with the procedures ordered by the Court in the Garlock Bankruptcy Case and stay on track in pursuing confirmation of the Joint Plan on the same schedule as the Court has set in the Garlock Bankruptcy Case. Garlock, Garrison and Anchor join in the Joint First Day Motions because the relief requested in those motions affects their estates and their creditors.

12. The Debtors respectfully submit that there is no prospect of harm to their creditors and other parties in interest by allowing the relief requested.

13. Therefore, the Debtors respectfully submit that cause exists for the Court to enter an order setting the First Day Hearing on the First Day Motions described herein.

9290253

## **NOTICE**

14. No trustee, examiner, or creditors' committee has been appointed in the Coltec Bankruptcy Case. The Debtors have served, via FedEx for next-day delivery and electronic mail on the date hereof (to the extent the Debtors have valid e-mail addresses for the First Day Notice Parties), the First Day Motions and the notice of hearing thereon, substantially in the form attached hereto as <u>Exhibit A</u> (the "First Day Hearing Notice"), on the First Day Notice Parties. The First Day Notice Parties represent parties on whom the First Day Motions may have a direct impact. Given the expedited nature of the relief requested, the Debtors submit that such service of the First Day Motions and First Day Hearing Notice is adequate and appropriate under the circumstances and no other or further notice need be given.

15. Thus, the Debtors request that service of the First Day Motions and First Day Hearing Notice in the form and manner described herein be deemed adequate and appropriate under the circumstances and in full compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

16. No previous application for the relief requested herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as <u>Exhibit B</u>, (a) shortening the notice period on the First Day Motions, (b) limiting the notice of the First Day Motions to the First Day Notice Parties, (c) scheduling an expedited hearing on the First Day Motions for 9:30 a.m. on February 1, 2017, (d) approving the form and manner of the First Day Hearing Notice and (e) granting such other relief as the Court deems just and proper.

9290253

This the 30th day of January, 2017.

/s/ John R. Miller
John R. Miller, Jr.
N.C. Bar No. 28689
jmiller@rcdlaw.net

RAYBURN COOPER & DURHAM, P.A.
1200 Carillion Tower
227 West Trade Street
Charlotte, NC 28202
Telephone: (704) 334-0891

*Counsel to Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company, Debtors and Debtors-in-Possession*

/s/ Garland S. Cassada
Garland S. Cassada
N.C. Bar No. 12352
gcassada@robinsonbradshaw.com
Jonathan C. Krisko
N.C. Bar No. 28625
jkrisko@robinsonbradshaw.com
Richard C. Worf, Jr.
N.C. Bar No. 37143
rworf@robinsonbradshaw.com

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

*Special Corporate and Litigation Counsel to Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company, Debtors and Debtors-in-Possession*

/s/ Daniel G. Clodfelter
Daniel G. Clodfelter
N.C Bar No. 7661
danclodfelter@parkerpoe.com
William L. Esser IV
N.C. Bar No. 29201
willesser@parkerpoe.com
Ashley A. Edwards
N.C. Bar No. 40695
ashleyedwards@parkerpoe.com

PARKER POE ADAMS & BERNSTEIN, LLP
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone:    (704) 372-9000
Facsimile:    (704) 334-4706

*Proposed Counsel to OldCo, LLC, Debtor and Debtor-in-Possession*

/s/ David M. Schilli
David M. Schilli
N.C Bar No. 17989
dschilli@robinsonbradshaw.com
Andrew W.J. Tarr
N.C. Bar No. 31827
atarr@robinsonbradshaw.com

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street
Suite 1900
Charlotte, NC 28246
Telephone:    (704) 377-2536
Facsimile:    (704) 378-4000

*Proposed Special Corporate and Litigation Counsel to OldCo, LLC, Debtor and Debtor-in-Possession*

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>Debtor. | Case No. 17-BK-30140<br><br>Chapter 11<br><br>[Joint Administration Pending][2] |

### NOTICE OF EXPEDITED HEARING ON FIRST DAY MOTIONS

**PLEASE TAKE NOTICE** that OldCo, LLC, debtor and debtor-in-possession in the above-captioned case and successor by merger to Coltec Industries Inc ("Coltec"), has filed a voluntary petition under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Western District of North Carolina on January 30, 2017.

**PLEASE TAKE FURTHER NOTICE** that Coltec and the Garlock Debtors have filed the following joint first day motions seeking final relief (collectively, the "Joint First Day Motions"):

    a.    Debtors' Motion for Order Directing Joint Administration of Related Chapter 11 Cases;

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company (collectively, the "Garlock Debtors").

[2] Coltec has moved to have its chapter 11 case jointly administered with the chapter 11 cases of *In re Garlock Sealing Technologies LLC* (10-BK-31607), *In re Garrison Litigation Management Group, Ltd.* (10-BK-31608) and *In re The Anchor Packing Company* (10-BK-31606), with *In re Garlock Sealing Technologies LLC* serving as the lead case.

9294582

    b.    Debtors' Motion for an Order Establishing Case Management and Notice Procedures in OldCo, LLC's Chapter 11 Case and Single Master Service List in Debtors' Chapter 11 Cases; and

    c.    Joint Motion to Appoint Certain Coltec Asbestos Claimants to the Official Committee of Asbestos Personal Injury Claimants and to Authorize the Expanded Committee to Serve in Bankruptcy Case of OldCo, LLC.

**PLEASE TAKE FURTHER NOTICE** that Coltec has filed the following first day motions and applications seeking final relief (collectively, the "Coltec First Day Motions" and together with the Joint First Day Motions, the "First Day Motions") and the Declaration of Joseph Wheatley in Support of OldCo LLC's Chapter 11 Petition and First Day Motions:

    a.    Debtor's Motion to Approve Notice Procedures for Asbestos Claimants;

    b.    Debtor's Motion for Approval of (I) Form of Notice of Commencement of Case, (II) Mailing and Publication Procedures for Notice of Commencement of Case, and (III) Related Relief;

    c.    Debtor's Motion to Approve Solicitation and Confirmation Procedures and Schedule for Confirmation of the Joint Plan;

    d.    Debtor's Motion for Order Waiving Obligations to (I) File Schedules and Statement of Financial Affairs, (II) Appoint an Unsecured Creditors' Committee, (III) File List of Twenty Largest Unsecured Creditors, and (IV) Convene Section 341 Meeting of Creditors;

    e.    Debtor's Motion to (I) Fix Bar Date for Certain Coltec Asbestos Claims, (II) Approve Proof of Claim Form and Proposed Procedures for Filing Certain Coltec Asbestos Claims, and (III) Approve Form and Manner of Notice Thereof;

    f.    Debtor's Motion to Appoint Joseph W. Grier, III as Future Asbestos Claimants' Representative;

    g.    Debtor's Motion for Order Approving (I) Maintenance of Existing Bank Account and Bank Arrangements, (II) Continued Use of Existing Business Forms, (III) Intercompany Transactions, (IV) Limited Waiver of Deposit Guidelines, (V) Investment of Excess Cash, and (VI) Grant of Administrative Expense Priority Status to Post-Petition Intercompany Claims;

    h.    Debtor's Application for Order Appointing Rust Consulting/Omni Bankruptcy as Claims, Ballot, and Notice Agent;

      i.      Debtor's Application for Order Authorizing Retention and Employment of Bates White, LLC as Consultant.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the First Day Motions and the relief requested therein will be held on Wednesday, February 1, 2017 at the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division, 401 West Trade Street, Charlotte, North Carolina 28202 at 9:30 a.m. ET.

[remainder of page left blank intentionally –
signature page of counsel follows]

3

9294582

This the 30th day of January, 2017.

| | |
|---|---|
| */s/ John R. Miller* | */s/ Garland S. Cassada* |
| John R. Miller, Jr. | Garland S. Cassada |
| N.C. Bar No. 28689 | N.C. Bar No. 12352 |
| jmiller@rcdlaw.net | gcassada@robinsonbradshaw.com |
| | Jonathan C. Krisko |
| RAYBURN COOPER & DURHAM, P.A. | N.C. Bar No. 28625 |
| 1200 Carillion Tower | jkrisko@robinsonbradshaw.com |
| 227 West Trade Street | Richard C. Worf, Jr. |
| Charlotte, NC 28202 | N.C. Bar No. 37143 |
| Telephone: (704) 334-0891 | rworf@robinsonbradshaw.com |

*Counsel to Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company, Debtors and Debtors-in-Possession*

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

*Special Corporate and Litigation Counsel to Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company, Debtors and Debtors-in-Possession*

| | |
|---|---|
| */s/ Daniel G. Clodfelter* | */s/ David M. Schilli* |
| Daniel G. Clodfelter | David M. Schilli |
| N.C Bar No. 7661 | N.C Bar No. 17989 |
| danclodfelter@parkerpoe.com | dschilli@robinsonbradshaw.com |
| William L. Esser IV | Andrew W.J. Tarr |
| N.C. Bar No. 29201 | N.C. Bar No. 31827 |
| willesser@parkerpoe.com | atarr@robinsonbradshaw.com |
| Ashley A. Edwards | |
| N.C. Bar No. 40695 | ROBINSON BRADSHAW & HINSON, P.A. |
| ashleyedwards@parkerpoe.com | 101 North Tryon Street |
| | Suite 1900 |
| PARKER POE ADAMS & BERNSTEIN, LLP | Charlotte, NC 28246 |
| Three Wells Fargo Center | Telephone:    (704) 377-2536 |
| 401 South Tryon Street, Suite 3000 | Facsimile:    (704) 378-4000 |
| Charlotte, NC 28202 | |
| Telephone:    (704) 372-9000 | |
| Facsimile:    (704) 334-4706 | |

*Proposed Counsel to OldCo, LLC, Debtor and Debtor-in-Possession*

*Proposed Special Corporate and Litigation Counsel to OldCo, LLC, Debtor and Debtor-in-Possession*

9294582

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>Debtor. | Case No. 17-BK-30140<br><br>Chapter 11 |

**ORDER (I) SHORTENING THE NOTICE PERIOD ON FIRST DAY MOTIONS FILED BY THE DEBTORS, (II) LIMITING THE NOTICE ON FIRST DAY MOTIONS, (III) SCHEDULING AN EXPEDITED HEARING ON FIRST DAY MOTIONS AND (IV) <u>APPROVING THE FORM AND MANNER OF NOTICE ON FIRST DAY MOTIONS</u>**

Upon the Debtors' *Ex Parte* Motion for Entry of an Order (I) Shortening the Notice Period on First Day Motions filed by the Debtors, (II) Limiting the Notice on First Day Motions, (III) Scheduling an Expedited Hearing on First Day Motions and (IV) Approving the Form and

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

9290721

Manner of Notice on First Day Motions (the "Motion");[2] and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157; and it appearing that no notice of the Motion is necessary; and upon the record herein; and upon consideration of the First Day Declaration; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The notice period for the First Day Motions is hereby shortened so the Court can conduct a hearing on the First Day Motions on February 1, 2017.

3. Notice of the First Day Motions is hereby limited to the First Day Notice Parties.

4. An expedited hearing to consider granting final relief on the First Day Motions shall commence on February 1, 2017, at 9:30 a.m., prevailing Eastern time, before the Honorable Craig Whitley, United States Bankruptcy Judge, United States Bankruptcy Court for the Western District of North Carolina, 401 W. Trade St., Charlotte, North Carolina.

5. The form of the First Day Hearing Notice attached to the Motion as <u>Exhibit A</u> is hereby approved.

6. Service of the First Day Hearing Notice in the manner set forth in the Motion is reasonable, due and adequate under the circumstances, and notice of the hearing on the First Day Motions consistent therewith is also reasonable, due and adequate under the circumstances.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

2

9290721

7.  Any party shall be entitled to request a hearing or to request that the Court reconsider the entry of this Order upon a request filed within fourteen (14) days of service of this Order.

8.  The Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

This Order has been signed electronically.  The judge's                     United States Bankruptcy Court
Signature and court's seal appear at the top of the Order.

3

9290721