# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# Charlotte Division

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>Debtor. | Case No. 17-BK-30140<br><br>Chapter 11<br><br>[Joint Administration Pending][2] |

## JOINT MOTION TO APPOINT CERTAIN COLTEC ASBESTOS CLAIMANTS TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS AND TO AUTHORIZE THE EXPANDED COMMITTEE TO SERVE IN THE BANKRUPTCY CASE OF OLDCO, LLC

The debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), along with the Garlock Committee[3] and the Ad Hoc Coltec Committee (collectively with the Debtors, the "Movants"), jointly move the Court for entry of an order (a) adding certain holders of Coltec Asbestos Claims to the existing Garlock Committee, and (b) enlarging the role of the Garlock Committee by authorizing it to serve as the official committee for holders of present asbestos

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC ("Garlock"); Garrison Litigation Management Group, Ltd. ("Garrison"); and The Anchor Packing Company ("Anchor").

[2] Contemporaneously with filing this Motion, OldCo, LLC has moved to have its chapter 11 case jointly administered with the chapter 11 cases of *In re Garlock Sealing Technologies LLC* (10-BK-31607), *In re Garrison Litigation Management Group, Ltd.* (10-BK-31608) and *In re The Anchor Packing Company* (10-BK-31606), with *In re Garlock Sealing Technologies LLC* serving as the lead case.

[3] Capitalized terms used in this Motion have the meanings ascribed to them in this Motion or, if not so therein defined, in the Joint Plan (as defined below).

9310023v8

claims in the Coltec Bankruptcy Case, in addition to its existing role in the Garlock Bankruptcy Case (this "Motion"). In support of this Motion, the Movants respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 1102(a) of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

3. Certain matters bearing specifically on this Motion are summarized below. For additional background, the Movants respectfully refer the Court to the Declaration of Joseph Wheatley in Support of OldCo, LLC's Chapter 11 Petition and First Day Motions (the "First Day Declaration").

**A.  Debtors' Bankruptcy Filings, Relevant Corporate Relationships, and Intertwined Asbestos Litigation Histories**

4. On June 5, 2010, Garlock, Garrison, and Anchor (collectively, the "Garlock Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Their cases are being jointly administered (collectively, the "Garlock Bankruptcy Case"). Each of the Garlock Debtors is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On January 30, 2017, OldCo, LLC, successor by merger to Coltec Industries Inc ("Coltec"),[4] filed a voluntary petition for relief (the "Coltec Bankruptcy Case") under chapter 11

---

[4] For convenience, the term "Coltec" in this Motion refers to OldCo, LLC's predecessor, Coltec Industries Inc, when referring to events prior to the Coltec Restructuring and refers to OldCo, LLC when referring to events subsequent to the Coltec Restructuring.

of the Bankruptcy Code. Coltec is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in the Coltec Bankruptcy Case. Coltec has requested that the Coltec Bankruptcy Case be jointly administered with the Garlock Bankruptcy Case. *See* n. 2 above.

6. Coltec and Garlock are subsidiaries of EnPro Holdings, Inc., a North Carolina corporation that is a wholly owned subsidiary of EnPro Industries, Inc.[5] Coltec is the direct corporate parent of Garrison, which is the direct corporate parent of Anchor.

7. Pending before this Court is the Modified Joint Plan of Reorganization of Garlock Sealing Technologies LLC *et al.* and OldCo, LLC, Proposed Successor by Merger to Coltec Industries Inc, dated May 20, 2016 (as subsequently modified, the "Joint Plan").

8. The Garlock Bankruptcy Case was filed to resolve permanently and in a single forum all present and future asbestos-related personal injury and wrongful death claims against Garlock and Garrison (as defined in the Joint Plan, collectively, "GST Asbestos Claims"). The Coltec Bankruptcy Case has been filed to resolve in the same way all present and future asbestos personal injury and wrongful death claims against Coltec (as defined in the Joint Plan, "Coltec Asbestos Claims").

9. Claimants first began suing Coltec in approximately 1992. The vast majority of suits asserting Coltec Asbestos Claims also alleged GST Asbestos Claims. The asbestos-containing components of products for which Coltec is responsible often consisted of gaskets and packing made by Garlock. Over the years, Coltec spent approximately $7.9 million in defense costs resulting from Coltec Asbestos Claims, but made no indemnity payment on such

---

[5] On November 28, 2016, New Coltec, Inc. changed its name to EnPro Holdings, Inc.

3

9310023v8

claims. Rather, it resolved such claims either by dismissal or in connection with payments by Garlock to settle GST Asbestos Claims.[6] When settling asbestos claims by payment, Garlock sought and often obtained releases for affiliated companies, including Coltec.

**B.     The Garlock Committee and the FCR**

10.     On June 16, 2010, this Court entered the Order Appointing Official Committee of Asbestos Personal Injury Claimants in the Garlock Bankruptcy Case (D.E. 101). That order constituted a statutory committee of creditors for holders of current GST Asbestos Claims (collectively, "GST Asbestos Claimants") and named certain GST Asbestos Claimants as members of that committee (the "Garlock Committee"). The Court later added another claimant to the Garlock Committee. *See* Amended Order Appointing Official Committee of Asbestos Personal Injury Claimants, entered on July 20, 2010 (D.E. 260).

11.     On September 16, 2010, this Court entered the Order Granting Debtors' Motion for Appointment of Joseph W. Grier, III as Future Asbestos Claimants' Representative (D.E. 512). By this order, Mr. Grier was made the legal representative of individuals who will assert GST Asbestos Claims in the future (the "FCR").

**C.     The Ad Hoc Coltec Committee and the Ad Hoc Coltec FCR**

12.     In January 2016, after almost six years of litigation, the parties entered into intensive negotiations aimed at a consensual reorganization plan that would provide for a global resolution of GST Asbestos Claims and Coltec Asbestos Claims.

13.     In that connection, the parties agreed that Mr. Grier should participate in the negotiations not only in his capacity as FCR in the Garlock Bankruptcy Case, but also in the

---

[6] *See* Disclosure Statement for Modified Joint Plan of Reorganization, *etc.*, at 26-31 (D.E. 5444) (the "Disclosure Statement"). Unless otherwise specified, all docket entries referenced in this Motion are on the docket of *In* re *Garlock Sealing Technologies LLC,* No. 10-BK-31607.

capacity of *ad hoc* representative for holders of future Coltec Asbestos Claims (the "Ad Hoc Coltec FCR").[7] They also agreed that an *ad hoc* committee should be formed to represent in the negotiations the interests of persons holding current Coltec Asbestos Claims (the "Ad Hoc Coltec Committee"). Attorneys from six law firms experienced in handling Coltec Asbestos Claims became the members of the Ad Hoc Coltec Committee. Those firms are identified in paragraph 17 below.

**D.     The Comprehensive Settlement**

14.     The negotiations bore fruit. On March 17, 2016, Coltec, Garlock and Garrison entered into the Term Sheet for Permanent Resolution of All Present and Future GST Asbestos Claims and Coltec Asbestos Claims (the "Comprehensive Settlement") with the Garlock Committee, the FCR, the Ad Hoc Coltec Committee, and the Ad Hoc Coltec FCR (collectively, the "Asbestos Claimants' Representatives").

15.     To implement the Comprehensive Settlement, Coltec, Garlock, Garrison, Anchor and the Asbestos Claimants' Representatives (collectively, the "Plan Proponents") proposed the Joint Plan. The Joint Plan is conditioned upon, among other things, the entry of an injunction protecting Coltec from Coltec Asbestos Claims and channeling Coltec Asbestos Claims to a trust funded pursuant to section 524(g) of the Bankruptcy Code, and has thus necessitated the filing of the Coltec Bankruptcy Case.

16.     The Joint Plan recognizes that Coltec Asbestos Claims are largely intertwined with GST Asbestos Claims and that the interests of the holders of Coltec Asbestos Claims (collectively, the "Coltec Asbestos Claimants") and GST Asbestos Claimants are substantially aligned. Prior to the Garlock Bankruptcy Case, Garlock and Coltec resolved Coltec Asbestos

---

[7] Contemporaneously with filing this Motion, Coltec has moved to have Mr. Grier formally appointed as the legal representative of future asbestos claimants in the Coltec Bankruptcy Case.

Claims filed in the tort system when GST Asbestos Claims were settled. The Claims Resolution Procedures provided by the Joint Plan will enable asbestos claimants who meet applicable criteria to obtain compensation based on exposure to asbestos from products for which either Garlock or Coltec is legally responsible. The amount of compensation for an eligible asbestos claimant will not vary according to whether the product involved was that of Garlock or instead that of Coltec. A claimant who was exposed to asbestos from a Coltec product will not receive a higher award if he or she also demonstrates exposure to a Garlock product, and vice versa.[8]

17. On July 29, 2016, the Court approved in the Garlock Bankruptcy Case the Disclosure Statement and established solicitation and confirmation procedures for the Joint Plan (the "Garlock Confirmation Procedures Order"). The Debtors and the Asbestos Claimants' Representatives in due course solicited acceptances of the Joint Plan from GST Asbestos Claimants and also from Coltec Asbestos Claimants.[9] As for the role and composition of the Ad Hoc Coltec Committee and the role and identity of the Ad Hoc Coltec FCR, the Disclosure Statement explained:

> In mid-February 2016, the parties reached an understanding that, for purposes of the negotiations, an *ad hoc* committee should be established for Coltec Asbestos Claimants and that an *ad hoc* legal representative for holders of future Coltec Asbestos Claims should also participate. The Ad Hoc Coltec Committee was formed consisting of attorneys from each of the following plaintiffs' law firms: Belluck & Fox; Cooney & Conway; The Jaques Admiralty Law Firm; Simon, Greenstone, Panatier & Bartlett; Thornton & Naumes; and The Lanier Law Firm. Each of these, other than The Lanier Law Firm, already represented and continues to represent an Asbestos Claimant against GST on the Committee. All of the aforementioned law firms, including The Lanier Law Firm, represent Coltec Asbestos Claimants and filed claims on behalf of those individuals before the litigation was stayed in 2010. The Committee and the Ad

---

[8] *See* Joint Plan, Exh. B at (D.E. 5443-3) (Claims Resolution Procedures); *see also* Disclosure Statement at 31 (D.E. 5444).

[9] With respect to Coltec, the Joint Plan served as a "pre-packaged" plan that called for the filing of the Coltec Bankruptcy Case if the requisite acceptances were obtained.

6

Hoc Coltec Committee thereafter functioned in unison in the negotiations and continue to do so with respect to the Plan, based on the overlapping claims histories and essential unity of interests as between GST Asbestos Claimants and Coltec Asbestos Claimants.

Also in mid-February 2016, Joseph W. Grier, III, the current FCR in the Chapter 11 Cases, agreed to serve as the *ad hoc* legal representative for future Coltec Asbestos Claimants. Mr. Grier thereafter participated in the negotiations in both capacities, and continues to act in both capacities with respect to the Plan, based on the overlapping claims histories and essential unity of interests as between GST Asbestos Claimants and Coltec Asbestos Claimants.[10]

18. The Disclosure Statement also noted that the Plan Proponents intended, once the Coltec Bankruptcy Case was on file, to seek appointment to the Garlock Committee "one or more Coltec Asbestos Claimants whose attorneys participated on the Ad Hoc Coltec Committee. . . ."[11]

### E. Acceptance of the Joint Plan by Super-Majorities of GST Asbestos Claimants and Coltec Asbestos Claimants

19. The voting deadline on the Joint Plan was December 9, 2016. In due course, the balloting agent with respect to the Joint Plan (the "Balloting Agent") certified in the Garlock Bankruptcy Case that 134,212 GST Asbestos Claimants and Coltec Asbestos Claimants cast qualifying ballots on the Joint Plan and that 95.85% in number and 95.80% in amount voted to accept.[12] The Balloting Agent also reported separately regarding qualifying ballots cast by GST Asbestos Claimants versus Coltec Asbestos Claimants. Of 127,088 ballots cast by GST Asbestos Claimants, 96.44% in number and 95.85% in amount voted to accept the Joint Plan. Of 73,716

---

[10] Disclosure Statement at 42-43.

[11] *Id*. at i-ii.

[12] *See* Declaration of Catherine Nownes-Whitaker of Rust Consulting/Omni Bankruptcy Regarding Certification of Ballots, etc., at 3-4, filed on December 19, 2016 (D.E. 5627).

7

9310023v8

ballots cast by Coltec Asbestos Claimants, 97.74% in number and 96.98% in amount voted to accept.[13]

20. Thus, GST Asbestos Claimants and Coltec Asbestos Claimants as a class have overwhelmingly accepted the Joint Plan.

**F.    Anticipated Confirmation Hearings**

21. In the Garlock Bankruptcy Case, the Court has set May 15, 2017, as the date for commencement of the confirmation hearing for the Joint Plan.

22. Coltec has moved for the entry of a scheduling order also setting May 15, 2017, as the date for commencing the confirmation hearing in the Coltec Bankruptcy Case. Placing confirmation proceedings for both cases on the same schedule is appropriate since the Joint Plan is meant to reorganize Coltec as well as Garlock and Garrison. This Motion is aimed at promoting speed and efficiency in the coordinated confirmation proceedings.

23. In support of this Motion, the Movants rely on the First Day Declaration.

## RELIEF REQUESTED

24. By this Motion, the Movants jointly request the entry of an order (i) appointing certain Coltec Asbestos Claimants as members of the Garlock Committee, and (ii) enlarging the role of the Garlock Committee by authorizing it to serve as the official committee for holders of current asbestos-related claims against the Debtors for personal injury and wrongful death in the Coltec Bankruptcy Case, in addition to its existing role as such in the Garlock Bankruptcy Case.

25. Three Coltec Asbestos Claimants are hereby nominated for membership on the Garlock Committee, as thus enlarged and reconstituted. They are (i) Susan Broadhead,

---

[13] *Id.* Some Asbestos Claimants cast ballots as both GST Asbestos Claimants and Coltec Asbestos Claimants. Pursuant to the Garlock Confirmation Procedures Order, the Balloting Agent counted each of these ballots as a single vote.

Administratrix of the Estate of James F. Phillips, (ii) James J. Kennedy, and (iii) Donna Rossi, Executor of the Estate of Leon Stone, Jr.

## BASIS FOR RELIEF REQUESTED

26.     Section 1102(a)(4) of the Bankruptcy Code provides that, "[o]n request of a party in interest and after notice and a hearing, the court may order the United States trustee to change the membership of a committee appointed under this subsection, if the court determines that the change is necessary to ensure adequate representation of creditors . . . ."  Because no United States trustee serves in this district, this Court may act directly to carry out the intent of section 1102(a), either through its inherent powers or pursuant to section 105(a) of the Code.  Indeed, the Court has done so several times in the Garlock Bankruptcy Case.  *See*, *e.g.,* Amended Order Appointing Official Committee of Asbestos Personal Injury Claimants, entered on July 20, 2010 (D.E. 260) (adding claimant to Garlock Committee); Order Substituting Committee Member of the Official Committee of Asbestos Personal Injury Claimants, entered on February 2, 2016 (D.E. 5246) (replacing a deceased member of the Garlock Committee).

27.     The Garlock Committee has been one of the primary litigants in all stages of the long-running Garlock Bankruptcy Case.  The Garlock Committee, its counsel, and its other retained professionals are thus highly knowledgeable about the Garlock Bankruptcy and about the issues important to asbestos claimants.  With the proposed enlargement of its role, the Garlock Committee and its professionals will continue to bring to bear their knowledge of the Garlock Bankruptcy Case.[14]

---

[14] If this Motion is granted, the Garlock Committee will request an order expanding the retention of its counsel, its claims consultant, and its financial advisor to encompass services in connection with the Coltec Bankruptcy Case.

9310023v8

28. Adding Coltec Asbestos Claimants to the Garlock Committee and authorizing it to act in the Coltec Bankruptcy Case will be appropriate and efficient in light of the following considerations:

(a) The Garlock Debtors and Coltec are co-proponents of the Joint Plan, as are the Asbestos Claimants' Representatives.

(b) The Joint Plan addresses both Coltec Asbestos Claims and Garlock Asbestos Claims comprehensively and contemplates that the Garlock Bankruptcy Case and the Coltec Bankruptcy Case will be jointly administered.

(c) Coltec's asbestos-related claims history is closely intertwined with that of Garlock, as described in paragraph 9 of this Motion.[15]

(d) In the negotiations that produced the Joint Plan, the Garlock Committee represented the interests of present GST Asbestos Claimants and the Ad Hoc Coltec Committee represented the interests of present Coltec Asbestos Claimants.

(e) Each of the three Coltec Asbestos Claimants now proposed for committee membership is the client of a plaintiffs' law firm that has served on the Ad Hoc Coltec Committee: (i) Ms. Susan Broadhead is represented by the Lanier Law Firm PC; (ii) Mr. James J. Kennedy is represented by The Jaques Admiralty Law Firm, PC; (iii) Ms. Donna Rossi is represented by Belluck & Fox, LLP.

29. In addition to serving on the Ad Hoc Coltec Committee, Belluck & Fox, LLP and The Jaques Admiralty Law Firm, PC each represents a different client on the Garlock

---

[15] Early in the Garlock Bankruptcy Case, this Court extended the stay to Garlock's non-debtor affiliates by entering a preliminary injunction pursuant to section 105(a) of the Bankruptcy Code. *See* Order Granting Preliminary Injunction entered on June 21, 2010 (D.E. 14), in *Garlock Sealing Technologies LLC v. Those Parties Listed on Exhibit B to Complaint and Unknown Asbestos Claimants,* Adv. Proc. 10-03145, *(In re Garlock Sealing Technologies LLC, et al.)*, No 10-bk-31607 (Bankr. W.D.N.C.).

Committee. Both of those firms have thus been active in the affairs of the Garlock Committee throughout.

30. Adding Coltec Asbestos Claimants to the Garlock Committee will not delay the proceedings. On the contrary, constituting the expanded Garlock Committee to function as the sole creditors' committee for current GST Asbestos Claimants and current Coltec Asbestos Claimants in these related bankruptcy cases will make it possible for confirmation proceedings in the Coltec Bankruptcy Case to advance on the same schedule as those in the Garlock Bankruptcy Case. The relief requested will also avoid what would otherwise be the redundant costs to the estates of operating two separate official committees for asbestos tort claimants whose interests are substantially aligned.

31. All Plan Proponents support this Motion. The Garlock Committee welcomes the additional members proposed.

32. For all these reasons, the Movants submit that granting the requested relief by entry of an order substantially in the form accompanying this Motion will serve the best interests of the Debtors, their estates, and all creditors and parties in interest in these cases.

## NOTICE

33. No trustee, examiner or creditors' committee has been appointed in the Coltec Bankruptcy Case. The Debtors have served notice of this Motion on (a) the Ad Hoc Coltec Committee; (b) the Garlock Committee; (c) Mr. Grier, in his capacity as the proposed legal representative for future Coltec Asbestos Claimants and also as the Future Asbestos Claimants' Representative in the Garlock Bankruptcy Case; (d) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; and (e) to the extent not set forth above, the parties listed on the updated Garlock Master Service List in the Garlock Bankruptcy Case (D.E. 5655) and any party that has filed a request for notice under Bankruptcy Rule 2002

11

9310023v8

since the filing of the updated Garlock Master Service List.  It is submitted that, given the nature of the relief requested, no other or further notice need be given. No previous application for the relief requested herein has been made by the Movants to this or any other court.

WHEREFORE, the Movants respectfully request that the Court grant the Motion, enter the proposed Order attached hereto as Exhibit A, and grant such other relief as the Court deems just and proper.

[remainder of page left blank intentionally –
signature pages of counsel follow]

9310023v8

This the 30th day of January, 2017.

| | |
|---|---|
| */s/ John R. Miller* <br> John R. Miller, Jr. <br> N.C. Bar No. 28689 <br> jmiller@rcdlaw.net <br><br> RAYBURN COOPER & DURHAM, P.A. <br> 1200 Carillion Tower <br> 227 West Trade Street <br> Charlotte, NC 28202 <br> Telephone: (704) 334-0891 <br><br> *Counsel to Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company, Debtors and Debtors-in-Possession* | */s/ Garland S. Cassada* <br> Garland S. Cassada <br> N.C. Bar No. 12352 <br> gcassada@robinsonbradshaw.com <br> Jonathan C. Krisko <br> N.C. Bar No. 28625 <br> jkrisko@robinsonbradshaw.com <br> Richard C. Worf, Jr. <br> N.C. Bar No. 37143 <br> rworf@robinsonbradshaw.com <br><br> ROBINSON BRADSHAW & HINSON, P.A. <br> 101 North Tryon Street, Suite 1900 <br> Charlotte, North Carolina 28246 <br> Telephone: (704) 377-2536 <br> Facsimile: (704) 378-4000 <br><br> *Special Corporate and Litigation Counsel to Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company, Debtors and Debtors-in-Possession* |
| */s/ Daniel G. Clodfelter* <br> Daniel G. Clodfelter <br> N.C Bar No. 7661 <br> danclodfelter@parkerpoe.com <br> William L. Esser IV <br> N.C. Bar No. 29201 <br> willesser@parkerpoe.com <br> Ashley A. Edwards <br> N.C. Bar No. 40695 <br> ashleyedwards@parkerpoe.com <br><br> PARKER POE ADAMS & BERNSTEIN, LLP <br> Three Wells Fargo Center <br> 401 South Tryon Street, Suite 3000 <br> Charlotte, NC 28202 <br> Telephone:   (704) 372-9000 <br> Facsimile:    (704) 334-4706 <br><br> *Proposed Counsel to OldCo, LLC, Debtor and Debtor-in-Possession* | */s/ David M. Schilli* <br> David M. Schilli <br> N.C Bar No. 17989 <br> dschilli@robinsonbradshaw.com <br> Andrew W.J. Tarr <br> N.C. Bar No. 31827 <br> atarr@robinsonbradshaw.com <br><br> ROBINSON BRADSHAW & HINSON, P.A. <br> 101 North Tryon Street <br> Suite 1900 <br> Charlotte, NC 28246 <br> Telephone:    (704) 377-2536 <br> Facsimile:     (704) 378-4000 <br><br> *Proposed Special Corporate and Litigation Counsel to OldCo, LLC, Debtor and Debtor-in-Possession* |

9310023v8

*/s/ Elihu Inselbuch*
Elihu Inselbuch
einselbuch@capdale.com

CAPLIN & DRYSDALE, CHARTERED
600 Lexington Avenue, 21st Floor
New York, NY  100022
Telephone: (212) 319-7125

*Counsel for the Official Committee of Asbestos Personal Injury Claimants and the Ad Hoc Coltec Asbestos Claimants Committee*

*/s/Trevor W. Swett III*
Trevor W. Swett III
tswett@capdale.com
Jeffrey A. Liesemer
jliesemer@capdale.com

CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Washington, D.C.  20005
Telephone: (202) 862-5000

*Counsel for the Official Committee of Asbestos Personal Injury Claimants and the Ad Hoc Coltec Asbestos Claimants Committee*

*/s/ Travis W. Moon*
Travis W. Moon
N.C. Bar No. 3067
tmoon@mwhattorneys.com
Richard S. Wright
N.C. Bar No. 24622
rwright@mwhattorneys.com

MOON WRIGHT & HOUSTON, PLLC
1950 West Trade St., Suite 1800
Charlotte, NC 28202
Telephone: (704) 944-6560

*Counsel for the Official Committee of Asbestos Personal Injury Claimants and the Ad Hoc Coltec Asbestos Claimants Committee*

14

9310023v8

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>Debtor. | Case No. 17-BK-30140<br><br>Chapter 11 |

**ORDER ADDING COLTEC ASBESTOS CLAIMANTS TO THE OFFICIAL
COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS AND
AUTHORIZING THE EXPANDED COMMITTEE TO SERVE IN THE BANKRUPTCY
CASE OF OLDCO, LLC**

Upon the Joint Motion of Debtors, the Official Committee of Asbestos Personal Injury Claimants, and the Ad Hoc Coltec Asbestos Claimants Committee to Appoint Certain Coltec Asbestos Claimants to the Official Committee of Asbestos Personal Injury Claimants and to Authorize the Expanded Committee to Serve in the Bankruptcy Case of OldCo, LLC (the "Motion"); and it appearing that the relief requested in the Motion is in the best interests of the

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

9318301v4 25081.00011

Debtors,[2] their estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and upon consideration of the First Day Declaration; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The following Coltec Asbestos Claimants are hereby added as members to the Garlock Committee:

Susan Broadhead, Administratrix of the Estate of James F. Phillips
c/o The Lanier Law Firm, PC
6810 FM 1960 West
Houston, TX 77069

James J. Kennedy
c/o The Jaques Admiralty Law Firm, PC
1370 Penobscot Building
Detroit, MI 48226

Donna Rossi, Executor of the Estate of Leon Stone, Jr.
c/o Belluck & Fox, LLP
546 Fifth Avenue
4th Floor
New York, NY 10036

3. The Garlock Committee is hereby authorized to serve as the official creditors' committee under 11 U.S.C. § 1102 for holders of current GST Asbestos Claims and current Coltec Asbestos Claims in the Coltec Bankruptcy Case, in addition to the Garlock Committee's existing role in the Garlock Bankruptcy Case.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

9318301v4 25081.00011

4. Any party may request that the Court reconsider entry of this Order by filing a motion for reconsideration within fourteen (14) days of service of this Order.

5. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

| | |
|---|---|
| This Order has been signed electronically.  The judge's signature and court's seal appear at the top of the Order. | United States Bankruptcy Court |