IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>Debtor. | Case No. 17-BK-30140<br><br>Chapter 11<br><br>[Joint Administration Pending][1] |
|---|---|

**DEBTOR'S MOTION FOR ORDER WAIVING OBLIGATIONS TO
(I) FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS,
(II) APPOINT AN UNSECURED CREDITORS' COMMITTEE, (III) FILE
LIST OF TWENTY LARGEST UNSECURED CREDITORS, AND
(IV) CONVENE SECTION 341 MEETING OF CREDITORS**

OldCo, LLC, debtor and debtor-in-possession in the above-captioned case and successor by merger to Coltec Industries Inc ("Coltec" or "Debtor"),[2] moves the Court for entry of an Order waiving any obligations for (A) Coltec to file schedules (other than Schedule G – Executory Contracts and Unexpired Leases ("Schedule G")) and a statement of financial affairs, (B) the United States Bankruptcy Administrator for the Western District of North Carolina (the "Bankruptcy Administrator") to solicit unsecured creditors about their interest in joining an unsecured creditors' committee in this chapter 11 case (the "Coltec Creditors' Committee") and appointment by the Court of a Coltec Creditors' Committee, (C) Coltec to file a list of its twenty largest, non-insider unsecured creditors (the "20 Largest Creditors List"), and (D) the Court to set a time, date and place for, and the Bankruptcy Administrator to convene and preside over, a

---

[1] Contemporaneously with filing this Motion, Coltec moved to have its chapter 11 case jointly administered with the chapter 11 cases of *In re Garlock Sealing Technologies LLC* (10-BK-31607), *In re Garrison Litigation Management Group, Ltd.* (10-BK-31608) and *In re The Anchor Packing Company* (10-BK-31606), with *In re Garlock Sealing Technologies LLC* serving as the lead case.

[2] For convenience, the term "Coltec" in this Motion refers to OldCo, LLC's predecessor, Coltec Industries Inc, when referring to events prior to the Coltec Restructuring and refers to OldCo, LLC when referring to events subsequent to the Coltec Restructuring.

9275249v5 25081.00011

meeting of creditors under 11 U.S.C. § 341, and granting related relief (this "Motion"). In support of this Motion, Coltec respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 341(e), 521 and 1102(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 1007(b) and 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On January 30, 2017 (the "Coltec Petition Date"), Coltec filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Coltec Bankruptcy Case"). Coltec is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in the Coltec Bankruptcy Case.

4. For additional background information regarding Coltec's history and corporate structure and events leading to the Coltec Petition Date, Coltec refers the Court and parties in interest to the Debtors' Motion for Order Directing Joint Administration of Related Chapter 11 Cases filed herein (the "Joint Administration Motion") and the Declaration of Joseph Wheatley in Support of OldCo, LLC's Chapter 11 Petition and First Day Motions filed herein (the "First Day Declaration").[3] In support of this Motion, Coltec relies on the First Day Declaration.

---

[3] Unless defined in this Motion, capitalized terms have the meanings ascribed to them in the Joint Plan and the Joint Administration Motion.

**RELIEF REQUESTED**

5. Under the unique circumstances of this prepackaged chapter 11 case filed to enable Coltec to implement the Comprehensive Settlement and permanently resolve all present and future asbestos claims against it contemporaneously with the permanent settlement of all present and future asbestos claims against Garlock and Garrison, Coltec requests by this Motion that the Court enter an order waiving various Bankruptcy Code-related obligations relating to non-asbestos creditors whose interests are not and will not be affected by the Comprehensive Settlement or the confirmation of the Joint Plan. Specifically, Coltec seeks entry of an order waiving any obligations for (a) Coltec to file schedules (other than Schedule G) and a statement of financial affairs, (b) the Bankruptcy Administrator to solicit unsecured creditors about their interest in joining a Coltec Creditors' Committee and the Court to appoint a Coltec Creditors' Committee, (c) Coltec to file the 20 Largest Creditors List, and (d) the Court to set a time, date and place for, and the Bankruptcy Administrator to convene and preside over, a meeting of creditors under section 341 of the Bankruptcy Code, and granting related relief.

**BASIS FOR RELIEF REQUESTED**

**A.   Waiving Obligation to File Schedules (Other than Schedule G) and Statement of Financial Affairs**

6. Section 521(a) of the Bankruptcy Code provides in pertinent part as follows:

> The debtor shall—
> (1)   file—
>     (B)   unless the court orders otherwise—
>         (i)    a schedule of assets and liabilities;
>         (ii)   a schedule of current income and current expenditures;
>         (iii)  a statement of the debtor's financial affairs . . .

Bankruptcy Code § 521(a).

3

7. Similarly, Bankruptcy Rule 1007(b)(1) provides in pertinent part as follows:

> Except in a chapter 9 municipality case, the debtor, unless the court orders otherwise, shall file the following schedules, statements, and other documents, prepared as prescribed by the appropriate Official Forms, if any:
> 
> (A) schedules of assets and liabilities;
> (B) a schedule of current income and expenditures;
> (C) a schedule of executory contracts and unexpired leases;
> (D) a statement of financial affairs.

Bankruptcy Rule 1007(b)(1).

8. Because the Coltec Bankruptcy Case is a prepackaged chapter 11 case in which the Joint Plan has been overwhelmingly accepted by creditors entitled to vote and in which creditors holding non-asbestos claims are not impaired under the Joint Plan and was filed to solely enable Coltec to implement the Comprehensive Settlement to permanently resolve all present and future asbestos claims, no purpose would be served by requiring Coltec to file schedules of assets and liabilities, a schedule of current income and expenditures or a statement of financial affairs.

9. Because the Joint Plan contains provisions relating to executory contracts and unexpired leases, Coltec does not seek a waiver of the requirement to file a Schedule G.

10. By reason of the foregoing, Coltec requests that the Court waive the obligation for Coltec to file the schedules described in section 521(a)(1)(B)(i), (ii) and (iii) of the Bankruptcy Code and Bankruptcy Rule 1007(b)(1)(A), (B) and (D).

**B. Waiving Obligation to Solicit Members for and Appoint Coltec Creditors' Committee**

11. Section 1102(a)(1) of the Bankruptcy Code provides as follows:

> Except as provided in paragraph (3), as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States trustee deems appropriate.

4

Bankruptcy Code § 1102(a)(1).

12. In chapter 11 cases before this Court, the Bankruptcy Administrator typically solicits interest of creditors identified in a debtor's 20 Largest Creditors List to serve on an unsecured creditors' committee and makes a recommendation to the Court for the appointment of certain creditors to an unsecured creditors' committee, and the Court thereafter enters an order appointing an unsecured creditors' committee.

13. In limited circumstances, other bankruptcy courts have waived the requirement in section 1102 to appoint an unsecured creditors' committee in prepackaged chapter 11 cases. *See In re Xerium Technologies, Inc.*, No. 10-bk-11031-KJC (Bankr. D. Del. April 27, 2010) (D.E. 147) (directing U.S. Trustee not to appoint a creditors' committee under section 1102); *In re NTK Holdings, Inc.*, No. 09-bk-13611-KJC (Bankr. D. Del. Dec. 9, 2009) (D.E. 232) (denying creditor's motion to compel U.S. Trustee to appoint a creditors' committee in a prepackaged bankruptcy); *see also* Procedural Guidelines for Prepackaged Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York § VIII(C) ("Typically, no creditors' committee will be appointed in a prepackaged Chapter 11 case where the unsecured creditors are unimpaired.").

14. Coltec seeks to have its chapter 11 case jointly administered with the Garlock Bankruptcy Case so that Coltec can implement the Comprehensive Settlement and permanently resolve all present and future asbestos claims against it contemporaneously with the permanent settlement of all present and future asbestos claims against Garlock and Garrison. In the Garlock Bankruptcy Case, the Court appointed an Official Committee of Unsecured Creditors (D.E. 104), so the interests of general unsecured creditors in the Coltec Bankruptcy Case, which is expected to be jointly administered with the Garlock Bankruptcy Case, are adequately represented.

5

Moreover, under the Joint Plan that has been overwhelmingly accepted by those creditors entitled to vote, general unsecured creditors will not be impaired. For those reasons, little purpose would be served by the appointment of a Coltec Creditors' Committee, and the appointment of a Coltec Creditors' Committee would needlessly increase the administrative expenses of the Coltec Bankruptcy Case.

15.  Accordingly, Coltec requests that the Court waive the requirements that the Bankruptcy Administrator solicit unsecured creditors about their interest in joining a Coltec Creditors' Committee, and that the Court appoint a Coltec Creditors' Committee.

C.  **Waiving Obligation to File 20 Largest Creditors List**

16.  Bankruptcy Rule 1007(d) provides in pertinent part as follows:

> [A] debtor in a voluntary chapter 11 reorganization case shall file with the petition a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders, as prescribed by the appropriate Official Form.

Bankruptcy Rule 1007(d).

17.  The 20 Largest Creditors List is used by the Bankruptcy Administrator to solicit interest of the 20 largest unsecured creditors to serve on an unsecured creditors' committee that may be appointed in a chapter 11 case.

18.  If the Court grants Coltec's request to waive the requirement for the solicitation and appointment of the Coltec Creditors' Committee, the Court should also waive the Bankruptcy Rule 1007(d) obligation for Coltec to file the 20 Largest Creditors List.

D.  **Waiving Obligation to Convene Section 341 Meeting of Creditors**

19.  Section 341(a) of the Bankruptcy Code requires the Bankruptcy Administrator to convene and preside over a meeting of creditors within a reasonable time after an order for relief is entered. Section 341(e), however, provides that:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the [Bankruptcy Administrator] not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

20. Section 341(e) is directly applicable here. Before filing its chapter 11 case, Coltec solicited acceptances of the Joint Plan, and the Joint Plan has been overwhelmingly accepted by those creditors entitled to vote. Creditors holding non-asbestos claims against Coltec are not impaired by the Joint Plan. Convening a section 341 meeting of creditors would not serve any meaningful purpose in this case.

21. Accordingly, Coltec requests that the Court not set a time, date and place for a meeting of creditors under section 341 of the Bankruptcy Code and waive the obligation under that section for the Bankruptcy Administrator to convene and preside over a meeting of creditors.

## **NOTICE**

22. No trustee, examiner or creditors' committee has been appointed in the Coltec Bankruptcy Case. Coltec has served notice of this Motion on (a) the Ad Hoc Committee; (b) the Garlock Committee; (c) Mr. Grier, in his capacity as the proposed legal representative for future Coltec Asbestos Claimants and the Future Asbestos Claimants' Representative in the Garlock Bankruptcy Case; (d) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; and (e) to the extent not set forth above, the parties listed on the updated Master Service List in the Garlock Bankruptcy Case (D.E. 5655) and any party that has filed a request for notices under Bankruptcy Rule 2002 since the filing of the updated Master Service List, and submits that, given the nature of the relief requested, no other or further notice need be given. No previous application for the relief requested herein has been made by Coltec to this or any other court.

9275249v5 25081.00011

WHEREFORE, Coltec respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit A, (a) waiving any obligation for Coltec to file schedules (other than Schedule G), and a statement of financial affairs, (b) waiving any obligation for Coltec to file a 20 Largest Creditors List, (c) waiving any obligation for the Bankruptcy Administrator to solicit unsecured creditors to join a Coltec Creditors' Committee and for the Court to appoint a Coltec Creditors' Committee, (d) waiving any obligation for the Court to set a time, date and place for, and the Bankruptcy Administrator to convene and preside over, a meeting of creditors under section 341 of the Bankruptcy Code, and (e) granting such other relief as the Court deems just and proper.

[remainder of page left blank intentionally –
signature page of counsel follows]

This the 30th day of January, 2017.

| | |
|---|---|
| */s/ Daniel G. Clodfelter* | */s/ David M. Schilli* |
| Daniel G. Clodfelter | David M. Schilli |
| N.C Bar No. 7661 | N.C. Bar No. 17989 |
| danclodfelter@parkerpoe.com | dschilli@robinsonbradshaw.com |
| William L. Esser IV | Andrew W.J. Tarr |
| N.C. Bar No. 29201 | N.C. Bar No. 31827 |
| willesser@parkerpoe.com | atarr@robinsonbradshaw.com |
| Ashley A. Edwards | |
| N.C. Bar No. 40695 | ROBINSON BRADSHAW & HINSON, P.A. |
| ashleyedwards@parkerpoe.com | 101 North Tryon Street |
| | Suite 1900 |
| PARKER POE ADAMS & BERNSTEIN, LLP | Charlotte, NC 28246 |
| Three Wells Fargo Center | Telephone:   (704) 377-2536 |
| 401 South Tryon Street, Suite 3000 | Facsimile:   (704) 378-4000 |
| Charlotte, NC 28202 | |
| Telephone:   (704) 372-9000 | *Proposed Special Corporate and Litigation Counsel to OldCo, LLC, Debtor and Debtor-in-Possession* |
| Facsimile:   (704) 334-4706 | |
| | |
| *Proposed Counsel to OldCo, LLC, Debtor and Debtor-in-Possession* | |

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>Debtor. | Case No. 17-BK-30140<br><br>Chapter 11 |

**ORDER WAIVING OBLIGATIONS TO (I) FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS, (II) APPOINT AN UNSECURED CREDITORS' COMMITTEE, (III) FILE LIST OF TWENTY LARGEST UNSECURED CREDITORS, AND (IV) CONVENE SECTION 341 MEETING OF CREDITORS**

Upon the Debtor's Motion for Order Waiving Obligations to (I) File Schedules and Statement of Financial Affairs, (II) Appoint an Unsecured Creditors' Committee, (III) File List of Twenty Largest Unsecured Creditors, and (IV) Convene Section 341 Meeting of Creditors (the "Motion"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157; and upon the record herein; and upon consideration of the First Day Declaration,[1] and after due deliberation thereon, the Court makes the following findings of fact and conclusions of law:

A. Good and sufficient cause for the relief requested in the Motion has been shown, and the relief requested in the Motion is in the best interest of Coltec and its estate;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

9279056v4

B. Under the circumstances of this prepackaged chapter 11 case, requiring Coltec to file schedules and statement of financial affairs (other than Schedule G), appointing a Coltec Creditors' Committee, requiring Coltec to file the Top Twenty Largest Creditors List and convening a meeting of creditors under section 341 of the Bankruptcy Code will not serve any meaningful purpose, will unnecessarily increase the administrative burdens on Coltec and its estate, and will result in substantial costs on Coltec's estate;

C. If the relief requested in the Motion is granted, no party in interest will be harmed; and

D. Notice of the Motion has been due and sufficient under the circumstances due to the nature of the relief requested therein. Now, therefore, based upon the foregoing,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Court hereby relieves Coltec of the obligation or requirement to file all of the schedules and other documents described in section 521(a)(1)(B)(i), (ii) and (iii) of the Bankruptcy Code and Bankruptcy Rule 1007(b)(1)(A), (B) and (D).

3. The Bankruptcy Administrator is hereby relieved of any obligation or requirement to solicit unsecured creditors about their interest in potentially joining a Coltec Creditors' Committee.

4. The Court hereby waives any requirement that it appoint a Coltec Creditors' Committee in this chapter 11 case.

5. Coltec is hereby relieved of any obligation or requirement to file a 20 Largest Creditors List in this chapter 11 case.

9279056v4

6. The Court hereby waives any requirement that it set a time, date and place for a meeting of creditors under section 341 of the Bankruptcy Code.

7. The Bankruptcy Administrator is hereby relieved of any obligation or requirement to convene and preside over a meeting of creditors under section 341 of the Bankruptcy Code.

8. Notwithstanding anything to the contrary herein, if the Joint Plan is withdrawn or if confirmation of the Joint Plan is denied, any party in interest, including the Bankruptcy Administrator, may move the Court to reinstate the obligations and requirements being waived or lifted herein.

9. Any party may request that the Court reconsider entry of this Order by filing a motion for reconsideration within fourteen (14) days of service of this Order.

10. Coltec is authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order.

11. This Court shall retain jurisdiction over all matters arising out of or related to the Motion and this Order.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court

9279056v4