**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>Debtor. | Case No. 17-BK-30140<br><br>Chapter 11<br><br>[Joint Administration Pending][1] |

**DEBTOR'S MOTION TO APPROVE
NOTICE PROCEDURES FOR ASBESTOS CLAIMANTS**

OldCo, LLC, debtor and debtor-in-possession in the above-captioned case and successor by merger to Coltec Industries Inc ("Coltec" or "Debtor"),[2] moves the Court for entry of an Order (A) approving notice procedures with respect to creditors holding pending and future asbestos personal injury claims against Coltec, (B) authorizing Coltec to send all notices and other communications relating to those claims to counsel of record for those creditors, and (C) relieving Coltec of all obligations to send such notices and communications directly to those creditors (this "Motion"). In support of this Motion, Coltec respectfully states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) of title 11 of

---

[1]    Contemporaneously with filing this Motion, Coltec moved to have its chapter 11 case jointly administered with the chapter 11 cases of *In re Garlock Sealing Technologies LLC* (10-BK-31607), *In re Garrison Litigation Management Group, Ltd.* (10-BK-31608) and *In re The Anchor Packing Company* (10-BK-31606), with *In re Garlock Sealing Technologies LLC* serving as the lead case.

[2] For convenience, the term "Coltec" in this Motion refers to OldCo, LLC's predecessor, Coltec Industries Inc, when referring to events prior to the Coltec Restructuring and refers to OldCo, LLC when referring to events subsequent to the Coltec Restructuring.

9206339v8

the United States Code (the "Bankruptcy Code"), and Rules 2002(g) and 2002(m) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On January 30, 2017 (the "Coltec Petition Date"), Coltec filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Coltec Bankruptcy Case"). Coltec is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in the Coltec Bankruptcy Case.

4. For additional background information regarding Coltec's history and corporate structure and events leading to the Coltec Petition Date, Coltec refers the Court and parties in interest to the Debtors' Motion for Order Directing Joint Administration of Related Chapter 11 Cases filed herein (the "Joint Administration Motion") and the Declaration of Joseph Wheatley in Support of OldCo, LLC's Chapter 11 Petition and First Day Motions filed herein (the "First Day Declaration").[3] In support of this Motion, Coltec relies on the First Day Declaration.

## RELIEF REQUESTED

5. By this Motion, Coltec requests that the Court order that notices and other communications to Coltec Asbestos Claimants, when required by this Court, be transmitted to (a) their counsel of record instead of sending such notices to Coltec Asbestos Claimants individually and separately, and (b) the Court-appointed legal representative for future Coltec Asbestos Claimants against Coltec and counsel of record for such legal representative (collectively, the "Asbestos Claimant Notice Procedures").

6. By this Motion, Coltec also requests that the Court (a) approve the Asbestos

---

[3] Unless defined in this Motion, capitalized terms have the meanings ascribed to them in the Joint Plan and the Joint Administration Motion.

Claimant Notice Procedures, (b) approve Coltec's using the Asbestos Claimant Notice Procedures for matters requiring notice be given to all Coltec Asbestos Claimants, and (c) relieve Coltec of all obligations to send any notices or other communications directly to Coltec Asbestos Claimants for this chapter 11 case

7.    The relief requested in this Motion is substantively identical to the relief granted by the Court soon after the Garlock Bankruptcy Case was filed on June 5, 2010, and notice procedures substantively identical to the Asbestos Claimant Notice Procedures proposed in this Motion have been in use in the Garlock Bankruptcy Case for more than six years. The Coltec Bankruptcy Case involves essentially the same asbestos claimants and their same lawyers as the Garlock Bankruptcy Case.  Coltec, therefore, requests that the Court grant the same relief as was granted in the Garlock Bankruptcy Case.

## BASIS FOR RELIEF REQUESTED

8.    Under the Bankruptcy Code and the Bankruptcy Rules, a bankruptcy debtor or the Court must provide creditors notice of certain aspects of a chapter 11 case at certain times to permit creditors to participate in bankruptcy proceedings that impact their interests. *See* Fed. R. Bankr. P. 2002; *see also* 11 U.S.C. § 342.  Under the Bankruptcy Rules, unless ordered otherwise by the Court, notices to creditors are sent via mail to the address a creditor identifies (*see* Fed. R. Bankr. P. 2002(g)(1)) or the address listed in the schedules (*see* Fed. R. Bankr. P. 2002(g)(2)).

9.    Subsection (m) of Rule 2002 vests the Court with discretion to tailor notice procedures to address the particular circumstances of the bankruptcy case before the Court.  Fed. R. Bankr. P. 2002(m).

10.    The purpose of the notice requirements of the Bankruptcy Code and the Bankruptcy Rules is to "provide notice that is reasonably calculated, under all the circumstances,

3

9206339v8

to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (setting forth standard of due process applicable to court proceedings).

11. In other asbestos-related bankruptcy proceedings, bankruptcy courts have faced similar circumstances. In those cases, courts approved notice procedures that authorized debtors to transmit bankruptcy notices to asbestos claimants via such claimants' counsel of record, rather than to each claimant directly.[4]

12. In the Garlock Bankruptcy Case, this Court approved notice procedures that authorized the debtors to transmit bankruptcy notices to asbestos claimants via such claimants' counsel of record, rather than to each claimant directly (D.E. 47).

13. Coltec has received tens of thousands of Coltec Asbestos Claims from Coltec Asbestos Claimants. Nearly all of these Coltec Asbestos Claimants have initiated legal proceedings against Coltec or made demands to Coltec through their counsel. Because of the manner in which counsel have represented these Coltec Asbestos Claimants, Coltec has not obtained, nor can it reasonably obtain, personal contact information to permit Coltec or the Court to transmit bankruptcy notices to the Coltec Asbestos Claimants directly.

14. In these circumstances, before the Coltec Petition Date, all communications between Coltec and the Coltec Asbestos Claimants regarding the Coltec Asbestos Claims were through their counsel of record.

15. Coltec has no reasonable means to discover information to permit direct

---

[4] *See, e.g.*, *In re W.R. Grace & Co.*, Case No. 01-01139 (Bankr. D. Del. Apr. 2, 2001) (D.E. 27) (order approving service on asbestos claimants' counsel); *In re Babcock & Wilcox Co.*, No. 00-0558 (E.D. La. Oct. 30, 2000) (D.E. 70) (order approving notice for bar date transmitted to asbestos claimants' counsel); *In re Eagle-Picher Indus., Inc.*, Case No. 1-91-00100 (Bankr. S.D. Ohio June 11, 1992) (order setting bar date and approving notice transmitted to asbestos claimants' counsel).

4

9206339v8

communications with the known Coltec Asbestos Claimants, nor would initiating such direct communications comport with its course of dealings.  Even if Coltec could undertake investigations to identify such contact information, obtaining that information would substantially increase costs to the bankruptcy estate, and transmitting separate and individual notices would further multiply estate administration costs.

16. By transmitting notices directly to Coltec Asbestos Claimants' counsel instead of attempting to transmit notices to Coltec Asbestos Claimants directly, the bankruptcy estate will preserve assets and maximize the possibility that each known Coltec Asbestos Claimant comprehends such notice and evaluates it with the benefit of the advice of counsel.

17. Coltec believes that the Asbestos Claimant Notice Procedures represent a fair and appropriate process to provide each of the Coltec Asbestos Claimants with all necessary notices and communications in the Coltec Bankruptcy Case and that the Asbestos Claimant Notice Procedures are reasonably calculated, under all the circumstances, to apprise interested parties of the matter before the Court and present them an opportunity to make objections.

18. Moreover, the Asbestos Claimant Notice Procedures will ease Coltec's administrative burden of sending notices to tens of thousands of individuals, resulting in cost savings to Coltec's estate for the benefit of creditors.  Indeed, because Coltec has little or no personal contact information for the individual Coltec Asbestos Claimants, giving direct notice to these individuals would be a practical impossibility.

19. Additionally, Coltec intends to reduce any risk of any prejudice to the Coltec Asbestos Claimants by implementation of the Asbestos Claimant Notice Procedures by publishing, when appropriate, relevant notices concerning this chapter 11 case in certain nationally circulated publications.

9206339v8

20. Courts have held that giving notice to creditors' attorneys where those same attorneys represented creditors in matters related to the claims made in bankruptcy is the equivalent of giving notice to creditors directly. *See Seifert v. Rice* (*In re Rice*), 2010 WL 749814 at *2 (Bankr. M.D.N.C. Mar. 5, 2010) ("attorney is a creditor's agent [for purposes of accepting notice] in the context of a bankruptcy case if the attorney represented the creditor in a matter related to the creditor's claim against the debtor"); *see also Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985) (explaining circumstances in which notice to counsel binds creditor); *Cablevision Sys. Corp. v. Malandra (In re Malandra)*, 206 B.R. 667, 676 (Bankr. E.D.N.Y. 1997) (ruling that notice to creditor's counsel is sufficient to bind the creditor); *Linder v. Trump's Castle Associates*, 155 B.R. 102, 105 (D.N.J. 1993) (notice to attorney binds claimant if attorney represents creditor with respect to such claim). Principles of agency and common sense dictate that where an attorney has represented a Coltec Asbestos Claimant client with respect to an Asbestos Claim, he may and should receive the notices concerning that claim once a bankruptcy impacting that claim has been filed. *See Rice*, 2010 WL 749814 at *2 (citing cases).

21. Moreover, North Carolina Rule of Professional Conduct 4.2 (which substantially adopted Model Rule of Professional Conduct 4.2) prohibits the transmission of this kind of notice from a debtor to a party in interest who is known to be represented by counsel. That Rule provides that:

> During the representation of a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

N.C. R. Prof. Conduct 4.2(a). The Comments to Rule 4.2 emphasize that the rule must be applied whenever a communication falls within the scope of a matter within which a party is known to be represented by counsel. *Id.* Official Comments. Furthermore, the Comments

9206339v8

explain, Rule 4.2 protects clients from taking actions without the benefit of legal advice concerning their legal rights and claims. Implementing the Asbestos Claimant Notice Procedures will ensure that counsel to the Coltec Asbestos Claimants will have an opportunity to advise their clients in matters related to the Coltec Bankruptcy Case.

22. Finally, as already noted above, in other bankruptcy cases courts faced a similar volume of asbestos claimants. In those cases, courts approved debtors' requests to send notices to counsel for asbestos claimants instead of the claimants directly. *See* cases cited *supra* note 4.

### NOTICE

23. No trustee, examiner or creditors' committee has been appointed in the Coltec Bankruptcy Case. Coltec has served notice of this Motion on (a) the Ad Hoc Committee; (b) the Garlock Committee; (c) Mr. Grier, in his capacity as the proposed legal representative for future Coltec Asbestos Claimants and the Future Asbestos Claimants' Representative in the Garlock Bankruptcy Case; (d) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; and (e) to the extent not set forth above, the parties listed on the updated Master Service List in the Garlock Bankruptcy Case (D.E. 5655) and any party that has filed a request for notices under Bankruptcy Rule 2002 since the filing of the updated Master Service List, and submits that, given the nature of the relief requested, no other or further notice need be given. No previous application for the relief requested herein has been made by Coltec to this or any other court.

WHEREFORE, Coltec respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit A, (a) approving the Asbestos Claimant Notice Procedures and (b) granting such other relief as the Court deems just and proper.

[remainder of page left blank intentionally –
signature page of counsel follows]

9206339v8

This the 30th day of January, 2017.

| | |
|---|---|
| */s/ Daniel G. Clodfelter* | */s/ David M. Schilli* |
| Daniel G. Clodfelter | David M. Schilli |
| N.C Bar No. 7661 | N.C. Bar No. 17989 |
| danclodfelter@parkerpoe.com | dschilli@robinsonbradshaw.com |
| William L. Esser IV | Andrew W.J. Tarr |
| N.C. Bar No. 29201 | N.C. Bar No. 31827 |
| willesser@parkerpoe.com | atarr@robinsonbradshaw.com |
| Ashley A. Edwards | |
| N.C. Bar No. 40695 | ROBINSON BRADSHAW & HINSON, P.A. |
| ashleyedwards@parkerpoe.com | 101 North Tryon Street |
| | Suite 1900 |
| PARKER POE ADAMS & BERNSTEIN, LLP | Charlotte, NC 28246 |
| Three Wells Fargo Center | Telephone:  (704) 377-2536 |
| 401 South Tryon Street, Suite 3000 | Facsimile:  (704) 378-4000 |
| Charlotte, NC 28202 | |
| Telephone:  (704) 372-9000 | *Proposed Special Corporate and Litigation Counsel to OldCo, LLC, Debtor and Debtor-in-Possession* |
| Facsimile:  (704) 334-4706 | |
| | |
| *Proposed Counsel to OldCo, LLC, Debtor and Debtor-in-Possession* | |

8

9206339v8

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>Debtor. | Case No. 17-BK-30140<br><br>Chapter 11<br><br>[Joint Administration Pending] |

**ORDER APPROVING ASBESTOS CLAIMANT NOTICE PROCEDURES**

Upon the Debtor's Motion to Approve Notice Procedures for Asbestos Claimants (the "Motion"); and it appearing that the relief requested in the Motion is in the best interests of Coltec,[1] its estate, its creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and upon consideration of the First Day Declaration; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

9249492v5 25081.00011

2. Coltec is authorized to send all notices and other communications to (a) counsel of record for the Coltec Asbestos Claimants instead of sending such notices directly and separately to the individual Coltec Asbestos Claimants, and (b) the court-appointed legal representative for future Coltec Asbestos Claimants against Coltec and counsel of record for such legal representative (collectively, the "Asbestos Claimant Notice Procedures").

3. The Asbestos Claimant Notice Procedures constitute sufficient notice to the Coltec Asbestos Claimants of all matters relating to the Coltec Bankruptcy Case and are hereby approved.

4. Coltec is authorized to use the Asbestos Claimant Notice Procedures for matters requiring notice be given to all Coltec Asbestos Claimants.

5. Coltec is not required to, and is hereby relieved of any obligation to, send any notices or other communications directly to the Coltec Asbestos Claimants for the Coltec Bankruptcy Case; provided, however, that nothing in this Order shall excuse Coltec from giving actual notice to individual Coltec Asbestos Claimants who have appeared in the case without counsel by filing a proof of claim or casting a ballot with respect to the now-superseded Second Amended Plan or the Joint Plan.

6. Any party may request that the Court reconsider entry of this Order by filing a motion for reconsideration within fourteen (14) days of service of this Order.

7. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court

9249492v5 25081.00011