**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**

| | |
|---|---|
| IN RE: | Case No. 17-BK-30140 |
| OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC, | Chapter 11 |
| Debtor. | [Joint Administration Pending][1] |

**DEBTOR'S MOTION FOR APPROVAL OF (I) FORM OF NOTICE OF
COMMENCEMENT OF CASE, (II) MAILING AND PUBLICATION PROCEDURES
FOR NOTICE OF COMMENCEMENT OF CASE, AND (III) RELATED RELIEF**

OldCo, LLC, debtor and debtor-in-possession in the above-captioned case and successor

by merger to Coltec Industries Inc ("Coltec" or "Debtor"),[2] moves the Court for entry of an

Order (A) approving the form of notice of commencement of this chapter 11 case, (B) approving

the mailing and publication procedures for distribution of the notice of commencement of this

chapter 11 case, (C) otherwise limiting service of the notice of commencement of this chapter 11

case with respect to non-asbestos creditors of Coltec, and (D) granting related relief (this

"Motion").  In support of this Motion, Coltec respectfully states as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these

proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]    Contemporaneously with filing this Motion, Coltec moved to have its chapter 11 case jointly administered with the chapter 11 cases of *In re Garlock Sealing Technologies LLC* (10-BK-31607), *In re Garrison Litigation Management Group, Ltd.* (10-BK-31608) and *In re The Anchor Packing Company* (10-BK-31606), with *In re Garlock Sealing Technologies LLC* serving as the lead case.

[2] For convenience, the term "Coltec" in this Motion refers to OldCo, LLC's predecessor, Coltec Industries Inc, when referring to events prior to the Coltec Restructuring and refers to OldCo, LLC when referring to events subsequent to the Coltec Restructuring.

2.      The statutory bases for the relief requested herein are sections 105(a) and 342 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002(f), 2002(g), 2002(l), 2002(m), 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.      On January 30, 2017 (the "Coltec Petition Date"), Coltec filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Coltec Bankruptcy Case").  Coltec is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or creditors' committee has been appointed in the Coltec Bankruptcy Case.

4.      For additional background information regarding Coltec's history and corporate structure and events leading to the Coltec Petition Date, Coltec refers the Court and parties in interest to the Debtors' Motion for Order Directing Joint Administration of Related Chapter 11 Cases filed herein (the "Joint Administration Motion") and the Declaration of Joseph Wheatley in Support of OldCo, LLC's Chapter 11 Petition and First Day Motions filed herein (the "First Day Declaration").[3] In support of this Motion, Coltec relies on the First Day Declaration.

## RELIEF REQUESTED

5.      By this Motion, Coltec requests that the Court enter an order (the "Commencement Notice Order") (a) approving the form of notice of commencement of this chapter 11 case in the form attached hereto as <u>Exhibit A</u> (the "Commencement Notice"), (b) approving mailing procedures for distribution of the Commencement Notice, (c) approving publication procedures for the notice of the commencement of this chapter 11 case substantially

---

[3]  Unless defined in this Motion, capitalized terms have the meanings ascribed to them in the Joint Plan and the Joint Administration Motion.

9255713v6

in the form attached hereto as <u>Exhibit B</u>, (d) otherwise limiting service of the notice of commencement of this chapter 11 case with respect to non-asbestos creditors of Coltec, and (e) granting related relief.

## <u>BASIS FOR RELIEF REQUESTED</u>

6.      Under the Bankruptcy Code and the Bankruptcy Rules, a bankruptcy debtor or the Court must provide creditors notice of certain aspects of a chapter 11 case at certain times to permit creditors to participate in bankruptcy proceedings that impact their interests. *See* Bankruptcy Rule 2002; *see also* Bankruptcy Code § 342. Under the Bankruptcy Rules, unless ordered otherwise by the Court, notices to creditors are sent via mail to the address a creditor identifies (*see* Bankruptcy Rule 2002(g)(1)) or the address listed in the schedules (*see* Bankruptcy Rule 2002(g)(2)).

7.      Subsection (m) of Rule 2002 vests the Court with discretion to tailor notice procedures to address the particular circumstances of the bankruptcy case before the Court. *See* Bankruptcy Rule 2002(m).

8.      The purpose of the notice requirements of the Bankruptcy Code and the Bankruptcy Rules is to "provide notice that is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (setting forth standard of due process applicable to court proceedings).

9.      Contemporaneously with the filing of this Motion, Coltec is filing various other "first day motions" seeking, among other things, orders (a) authorizing the employment of Rust Consulting, Inc. as the claims and noticing agent in the Coltec Bankruptcy Case (the "Notice Agent"), (b) waiving the requirement for Coltec to file schedules and statement of financial

9255713v6

affairs, and (c) waiving the requirement to have a first meeting of creditors under section 341 of the Bankruptcy Code.

### A.      Approving Form of Commencement Notice

10.      Coltec has prepared the Commencement Notice, which is tailored to the Coltec Bankruptcy Case. The Commencement Notice is based on Official Form No. 309F. The substantive modifications to the Official Form proposed by Coltec include the following:

a.      omitting information about the first meeting of creditors typically set by the Office of the United States Bankruptcy Administrator for the Western District of North Carolina (the "Bankruptcy Administrator") under section 341 of the Bankruptcy Code;[4] and

b.      providing additional instructions on accessing information about Coltec through the website for the Court and the website for Rust Consulting/Omni Bankruptcy (the "Notice Agent").

11.      Coltec requests that the Court approve the Commencement Notice and the substantive modifications to Official Form No. 309F, conforming to that which is attached hereto as Exhibit A.

### B.      Actual Notice of Commencement of the Coltec Bankruptcy Case

12.      Pursuant to Bankruptcy Rule 2002(f)(1), Coltec proposes to provide actual notice of the commencement of this chapter 11 case by mailing a copy of the Commencement Notice to the parties listed below using the addresses for such parties set forth on Coltec's mailing matrix filed with the Court:

a.      the Bankruptcy Administrator;

b.      counsel of record for Bank of America, as post-petition senior secured lender in the Garlock Bankruptcy Case;

---

[4] Subject to the Court's ruling on Coltec's motion described in Paragraph 9(d) above.

4

c.     known Coltec Asbestos Claimants;[5]

d.     known co-defendants in asbestos litigation involving Coltec;

e.     all counterparties to executory contracts and unexpired leases with Coltec;

f.     all parties with environmental-related claims against Coltec;

g.     all parties that may be listed on Coltec's accounts payable ledger as of the Coltec Petition Date;

h.     all parties with warranty claims against Coltec asserted and pending as of the Coltec Petition Date;

i.     all customers of or vendors to Coltec's Learning System business;

j.     all persons having as of the Coltec Petition Date workers' compensation, severance, pension, medical and/or death benefit claims that EnPro Holdings (as defined below) has assumed as part of the Coltec Restructuring and that arose from current or discontinued operations of Coltec, its past or current subsidiaries or their respective predecessors;

k.     the representatives of the local International Association of Machinists and Aerospace Workers;

l.     the United States of America by service upon (i) the Securities and Exchange Commission; (ii) the Department of the Treasury by service upon the Internal Revenue Service, Attn: Insolvency Unit; (iii) the office of the United States Attorney for the Western District of North Carolina; (iv) the Pension Benefit Guaranty Corporation; (v) the U.S. Department of Health & Human Services; and (vi) the Centers for Medicare & Medicaid Services;

m.     each member of the committee of general unsecured creditors appointed in the Garlock Bankruptcy Case and counsel of record for such committee;

n.     each member of the Garlock Committee and counsel of record for the Garlock Committee;

o.     each member of the Ad Hoc Committee and counsel of record for the Ad Hoc Committee;

p.     the Future Asbestos Claimants' Representative in the Garlock Bankruptcy

---

[5] Contemporaneously with filing this Motion, Coltec has moved for authority to send notices in the Coltec Bankruptcy Case intended for known Coltec Asbestos Claimants to their counsel of record or, if not represented, by service of notice on known Coltec Asbestos Claimants themselves. If that relief is granted, the Commencement Notice will be mailed in accordance with the order granting that motion.

Case and counsel of record for such representative;

q.      Joseph W. Grier, III, as *ad hoc* representative for persons with future asbestos claims against Coltec;

r.      those persons who formally appear and request service in the Coltec Bankruptcy Case pursuant to Bankruptcy Rule 2002 as of the entry of the Commencement Notice Order; and

s.      To the extent not set forth above, all persons and entities set forth on the Master Service List maintained in the Garlock Bankruptcy Case pursuant to the Court's Order Establishing Notice Procedures in the Garlock Bankruptcy Case (D.E. 48) (the "Garlock Master Service List") and any party that has filed a request for notices under Bankruptcy Rule 2002 since the filing of the updated Master Service List;

(items (a) through (s) above, collectively, the "Commencement Notice Parties").

13.      Coltec proposes to limit the notice of its chapter 11 case solely to the Commencement Notice Parties and proposes not to send the Commencement Notice to its non-asbestos creditors, other than those who are Commencement Notice Parties, because the rights and interests of those non-asbestos creditors will not be affected by this chapter 11 case. Coltec is not in financial distress, but has filed its prepackaged chapter 11 case solely to implement the Comprehensive Settlement. Under the Joint Plan overwhelmingly approved by the Coltec Asbestos Claimants, the claims of non-asbestos creditors of Coltec are not impaired, and valid claims will be paid in full in the ordinary course of business. Under the Joint Plan, Coltec will be merged with and into EnPro Holdings, Inc. f/k/a New Coltec, Inc. ("EnPro Holdings")[6] after the Joint Plan is confirmed. In other prepackaged bankruptcy proceedings in other jurisdictions, bankruptcy courts have faced similar circumstances and have approved notice procedures that limited notice of the case commencement to exclude those parties who will be unimpaired under the prepackaged plan. *See In re Globo Comunicacoes e Participacoes S.A.*, 317 B.R. 235, 256–57 (S.D.N.Y. 2004); *In re Hercules Offshore, Inc.*, No. 16-bk-11385 (Bankr. D. Del. June 7,

---

[6] On November 28, 2016, New Coltec, Inc. changed its name to EnPro Holdings, Inc.

2016) (D.E. 67); *In re William Lyon Homes*, No. 11-bk-14019 (Bankr. D. Del. Dec. 20, 2011) (D.E. 62).

14.     Coltec proposes to use the Notice Agent to serve the Commencement Notice.

15.     Coltec believes that, based upon the number of Commencement Notice Parties to whom the Commencement Notice is to be mailed, the Notice Agent will be able to initiate and complete the mailing of the Commencement Notice within approximately three (3) business days after the date of entry of the Commencement Notice Order. Since the Asbestos Claims Bar Date and the deadline for objecting to confirmation of the Joint Plan are not until March 24, 2017, Coltec believes that parties in interest will have adequate time from the mailing of the Commencement Notice to protect their rights in the Coltec Bankruptcy Case.

16.     Coltec reserves the right, out of an abundance of caution, to serve the Commencement Notice to parties, persons and entities other than the Commencement Notice Parties with which, before the Coltec Petition Date, Coltec had done business or that may have asserted a claim against Coltec in the recent past.

17.     Coltec submits that, under the circumstances of this prepackaged chapter 11 case, sending the Commencement Notice as described above is reasonably calculated to notify the interested parties of the Coltec Bankruptcy Case and afford them the opportunity to appear to protect their interests.

18.     Coltec requests that the Court approve mailing of the Commencement Notice to the Commencement Notice Parties and find that all of the procedures set forth above in Paragraphs 12-17 (collectively, the "Actual Notice Procedures") are reasonable, adequate and sufficient and fulfill the requirements of section 342 of the Bankruptcy Code.

**C.     Publication of Notice of Commencement of Case**

9255713v6

19.     Bankruptcy Rule 2002 generally provides that notice of the bankruptcy filing and other specified events must be given to "all creditors." Bankruptcy Rule 2002(l) permits such notice to be by publication if actual notice by mail is "impracticable." The 1983 Advisory Committee's Note to Rule 2002 offers an example of when notice by publication to known creditors may suffice under the Bankruptcy Rules:

> Notice by mail may be impracticable when, for example, . . . the number of creditors with nominal claims is very large and the estate to be distributed may be insufficient to defray the costs of issuing the notices.

20.     Bankruptcy Rules 9007 and 9008 give the Court authority to regulate the form and manner of notices, including publication notices, and allows the Court to combine any notices under the Bankruptcy Rules "when feasible."

21.     Coltec proposes to provide notice of the filing of the Coltec Bankruptcy Case by publication to all potentially interested parties other than the Commencement Notice Parties. Giving actual notice of the filing of the Coltec Bankruptcy Case to those other than the Commencement Notice Parties would be time-consuming and potentially wasteful in this prepackaged chapter 11 case, which has been filed to implement the Comprehensive Settlement and in which non-asbestos creditors are not impaired under the Joint Plan. *See Globo Comunicacoes*, 317 B.R. at 256–57 (not requiring anything more than publication notice to "non-major" known creditors when not affected by issues before court); *Hercules Offshore.*, No. 16-bk-11385 (D.E. 67) (waiving actual notice requirement and limiting notice of chapter 11 case when creditors not receiving notice were not impaired under prepackaged plan); *William Lyon Homes*, No. 11-bk-14019 (D.E. 62) (not requiring actual notice of chapter 11 filing to creditors not impaired under prepackaged plan).

22.     Coltec, therefore, requests authority pursuant to Bankruptcy Rule 2002(l) to

publish notice of the commencement of the Coltec Bankruptcy Case substantially in the form attached hereto as <u>Exhibit B</u> (the "Combined Publication Notice") in the national edition of *USA Today* as soon as practicable following entry of the Commencement Notice Order and on the date or dates during one week that *USA Today* publishes legal notices, but in any event no later than Monday, February 13, 2017. As described in Coltec's motion to fix a bar date for certain Coltec Asbestos Claims, filed contemporaneously with this Motion, the proposed Combined Publication Notice will provide a combined notice of the commencement of this case and the bar date for certain Coltec Asbestos Claims.  Coltec submits that using the Combined Publication Notice is appropriate under Bankruptcy Rule 9007 due to the circumstances of this prepackaged chapter 11 case.

23.    Coltec requests that the Court find that Coltec's proposed procedures regarding the Combined Publication Notice set forth above in Paragraphs 21-22 (collectively, the "Publication Notice Procedures" and, together with the Actual Notice Procedures, the "Commencement Notice Procedures") will provide reasonable, adequate, and sufficient publication notice of the commencement of the Coltec Bankruptcy Case and fulfill the requirements of section 342 of the Bankruptcy Code.

## <u>NOTICE</u>

24.    No trustee, examiner or creditors' committee has been appointed in the Coltec Bankruptcy Case. Coltec has served notice of this Motion on (a) the Ad Hoc Committee; (b) the Garlock Committee; (c) Mr. Grier, in his capacity as the proposed legal representative for future Coltec Asbestos Claimants and the Future Asbestos Claimants' Representative in the Garlock Bankruptcy Case; (d) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; and (e) to the extent not set forth above, the parties listed on the updated Garlock Master Service List (D.E. 5655) and any party that has filed a request for

notices under Bankruptcy Rule 2002 since the filing of the updated Garlock Master Service List, and submits that, given the nature of the relief requested, no other or further notice need be given. No previous application for the relief requested herein has been made by Coltec to this or any other court.

WHEREFORE, Coltec respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit C, (a) approving the form of the Commencement Notice, (b) approving the Actual Notice Procedures for the Commencement Notice, (c) approving the form of the Combined Publication Notice, (d) approving the Publication Procedures for the Combined Publication Notice, (e) otherwise limiting service of the Commencement Notice with respect to non-asbestos creditors of Coltec, and (f) granting such other relief as the Court deems just and proper.

[remainder of page left blank intentionally –
signature page of counsel follows]

10

This the 30th day of January, 2017.

/s/ Daniel G. Clodfelter
Daniel G. Clodfelter
N.C Bar No. 7661
danclodfelter@parkerpoe.com
William L. Esser IV
N.C. Bar No. 29201
willesser@parkerpoe.com
Ashley A. Edwards
N.C. Bar No. 40695
ashleyedwards@parkerpoe.com

PARKER POE ADAMS & BERNSTEIN, LLP
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone:    (704) 372-9000
Facsimile:    (704) 334-4706

*Proposed Counsel to OldCo, LLC, Debtor and
Debtor-in-Possession*

/s/ David M. Schilli
David M. Schilli
N.C. Bar No. 17989
dschilli@robinsonbradshaw.com
Andrew W.J. Tarr
N.C. Bar No. 31827
atarr@robinsonbradshaw.com

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street
Suite 1900
Charlotte, NC 28246
Telephone:    (704) 377-2536
Facsimile:    (704) 378-4000

*Proposed Special Corporate and Litigation
Counsel to OldCo, LLC, Debtor and Debtor-
in-Possession*

# EXHIBIT A

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor: | OldCo, LLC, successor by merger to Coltec Industries Inc | EIN | 5215 |
| | Name | | |
| United States Bankruptcy Court for the: Western District of North Carolina | | Date case filed for chapter 11: 01/30/2017 | |
| Case number: 17-BK-30140 | | | |

# Notice of Chapter 11 Bankruptcy Case

**12/15**

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through the court website at www.ncwb.uscourts.gov. Further information and documents about the case can also be found at the following website: www.omnimgt.com/sblite/garlock/.

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | | | |
|---|---|---|---|
| 1. | **Debtor's full name** | OldCo, LLC, successor by merger to Coltec Industries Inc | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 5605 Carnegie Blvd, Suite 500, Charlotte, NC 28209 | |
| 4. | **Debtor's attorney** Daniel G. Clodfelter Parker Poe Adams & Bernstein LLP Three Wells Fargo Center, 401 South Tryon Street, Suite 3000, Charlotte, NC 28202 | Contact phone: (704) 372-9000 Email: danclodfelter@parkerpoe.com | |
| 5. | **Bankruptcy clerk's office** Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.ncwb.uscourts.gov | US Bankruptcy Court for Western District of North Carolina 401 W. Trade Street, Room 111 Charlotte, NC 28202 | Hours open: 8:30 AM to 4:30 PM (EDT) Contact phone: (704) 350-7500 |
| 6. | **Meeting of creditors** The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | The Bankruptcy Court has not set a time and date for a meeting of creditors under section 341 of the Bankruptcy Code in this Chapter 11 case. If such a meeting of creditors will take place, notice thereof will be sent at a later time. | |

**For more information, see page 2 ▶**

Official Form 309F (For Corporations or Partnerships) Notice of Chapter 11 Bankruptcy Case

page 1

9260094v4 25081.00011

| Debtor | OldCo, LLC, successor by merger to Coltec Industries Inc | Case number (*if known*): 17-BK-30140 |
|---|---|---|
| | Name | |

| 7. | **Proof of claim deadline:** | **Deadline for filing proof of claim:** | Not yet set.  If a deadline is set, the court will send you another notice. |
|---|---|---|---|

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.ncwb.uscourts.gov or the bankruptcy clerk's office.

Your claim will be allowed in the amount scheduled unless:

- ▪ your claim is designated as *disputed*, *contingent*, or *unliquidated*;
- ▪ you file a proof of claim in a different amount; or
- ▪ you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at www.ncwb.uscourts.gov

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

| 8. | **Exception to discharge deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline | You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under 11 U.S.C. § 1141(d)(6)(A).<br><br>**Deadline for filing the complaint:**   Not yet set |
|---|---|---|

| 9. | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
|---|---|---|

| 10. | **Filing a Chapter 11 bankruptcy Case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
|---|---|---|

| 11. | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |
|---|---|---|

# EXHIBIT B

<table>
<tr><td colspan="3"><strong>Information to identify the case:</strong></td></tr>
</table>

| | | | |
|---|---|---|---|
| Debtor: <u>OldCo, LLC, successor by merger to Coltec Industries Inc</u><br>          Name | | EIN | 5215 |
| United States Bankruptcy Court for the: <u>Western District of North Carolina</u> | | Date case filed for chapter 11 <u>01/30/2017</u> | |
| Case number: <u>17-BK-30140</u> | | | |

# Notice of Chapter 11 Bankruptcy Case

**12/15**

On January 30, 2017, OldCo, LLC ("Coltec"), successor by merger to Coltec Industries Inc, filed its petition for reorganization under Chapter 11 of the Bankruptcy Code ("Coltec Bankruptcy Case") with the United States Bankruptcy Court for the Western District of North Carolina ("Bankruptcy Court").

The Bankruptcy Court has fixed **March 24, 2017**, as the **deadline** for filing proofs of claim with respect to certain asbestos-related claims for personal injury or wrongful death against Coltec Industries Inc or Coltec ("Coltec Asbestos Claims Bar Date"). **Your rights may be affected.** You must file a proof of claim by March 24, 2017, if you wish to assert a Coltec Asbestos Claim (described below) and you hold a Coltec Asbestos Claim based on an asbestos-related disease that was diagnosed on or before August 1, 2014, for which a lawsuit against any defendant or a claim against any asbestos trust was filed on or before August 1, 2014.  Please read on for more information.

Even if you are not subject to the Coltec Asbestos Claims Bar Date, you still may be a creditor of Coltec. To protect your rights, consult an attorney.  The Coltec Bankruptcy Case is being administered jointly with the Chapter 11 cases of three other affiliated companies under the case of *In re Garlock Sealing Technologies LLC*, Case No. 10-bk-31607.   All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through the court website at www.ncwb.uscourts.gov. Further information and documents about the case can also be found at the following website: www.omnimgt.com/sblite/garlock/. **The staff of the bankruptcy clerk's office cannot give legal advice.**

| | | |
|---|---|---|
| **Debtor's full name** | OldCo, LLC, successor by merger to Coltec Industries Inc | |
| **Address** | 5605 Carnegie Blvd, Suite 500, Charlotte, NC  28209 | |
| **Debtor's attorney**<br>Daniel G. Clodfelter<br>Parker Poe Adams & Bernstein LLP<br>Three Wells Fargo Center, 401 South Tryon Street, Suite 3000, Charlotte, NC  28202 | | Contact phone:  (704) 372-9000<br><br>Email:          danclodfelter@parkerpoe.com |
| **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.ncwb.uscourts.gov | US Bankruptcy Court for Western District of North Carolina<br>401 W. Trade Street, Room 111<br>Charlotte, NC  28202 | Hours open:  8:30 AM to 4:30 PM (EDT)<br><br>Contact phone:  (704) 350-7500 |
| **Meeting of creditors:** | The Bankruptcy Court has not set a time and date for a meeting of creditors under section 341 of the Bankruptcy Code in this Chapter 11 case.  If such a meeting of creditors will take place, notice thereof will be sent at a later time. | |
| **Proof of claim deadline:** | The deadline for filing proofs of claim for certain Coltec Asbestos Claims is **March 24, 2017**. See below for more details. | |

9263242v10

**Notice of Coltec Asbestos Claims Bar Date**                                    **12/15**

---

**To the holders of asbestos claims against <u>Coltec Industries Inc</u>, whose successor by merger is Coltec:**

   **PLEASE TAKE NOTICE THAT:**

   On January 30, 2017, Coltec filed the Coltec Bankruptcy Case with the Bankruptcy Court.  The Bankruptcy Court has procedurally consolidated the Coltec Bankruptcy Case with the Chapter 11 cases of the following companies affiliated with Coltec:  Garlock Sealing Technologies LLC ("<u>Garlock</u>"), Garrison Litigation Management Group, Ltd. ("<u>Garrison</u>"), and The Anchor Packing Company ("<u>Anchor</u>," and together with Garlock and Garrison, the "<u>Garlock Debtors</u>").  The Chapter 11 cases of Coltec and the Garlock Debtors are thus jointly administered under the case of *In re Garlock Sealing Technologies LLC, et al.*, Case No. 10-BK-31607 ("<u>Garlock Case</u>"), which is pending before the Bankruptcy Court.

   Coltec and the Garlock Debtors have proposed the *Modified Joint Plan of Reorganization of Garlock Sealing Technologies LLC, et al. and OldCo, LLC, Proposed Successor by Merger to Coltec Industries Inc*, dated May 20, 2016 (as subsequently modified, the "**<u>Joint Plan</u>**").  Coltec and the Garlock Debtors have filed a Disclosure Statement in connection with the Joint Plan (the "**<u>Disclosure Statement</u>**").  All capitalized terms not otherwise defined in this notice have the meanings ascribed to them in the Joint Plan.

   The Official Committee of Asbestos Personal Injury Claimants and the Future Asbestos Claimants Representative in the Garlock Case are co-proponents of the Joint Plan, as are the Ad Hoc Coltec Asbestos Claimants Committee and the Ad Hoc Coltec Future Asbestos Claimants' Representative.

   If confirmed (approved) by the Bankruptcy Court, the Joint Plan would resolve asbestos personal injury and wrongful death claims against Garlock and Garrison, which are defined in the Joint Plan as "<u>GST Asbestos Claims</u>," and would also resolve asbestos personal injury and wrongful death claims against Coltec, which are defined in the Joint Plan as "<u>Coltec Asbestos Claims</u>."  The Bankruptcy Court has established **March 24, 2017**, as the last day to file written objections to the Disclosure Statement, to the Joint Plan and to confirmation of the Joint Plan, and has set **May 15, 2017**, at 10:00 a.m. EDT as the date for commencement of the hearing in the Coltec Bankruptcy Case to approve the Disclosure Statement and for confirmation of the Joint Plan.

   In connection with the Coltec Bankruptcy Case, the Bankruptcy Court has established **March 24, 2017**, as the last day to file proofs of claim—*i.e.*, the Coltec Asbestos Claims Bar Date—for all persons who hold Coltec Asbestos Claims based on an asbestos-related disease that was diagnosed on or before August 1, 2014, for which a lawsuit against <u>any</u> defendant (not just Coltec) or a claim against <u>any</u> asbestos trust was filed on or before August 1, 2014.

**I.**     **WHO <u>MUST</u> FILE A PROOF OF CLAIM**

   Unless you are a person described in Section II below, you **MUST** file a proof of claim on or before **March 24, 2017**, if you wish to assert a Coltec Asbestos Claim and you hold a Coltec Asbestos Claim based on an asbestos-related disease that was diagnosed on or before August 1, 2014, for which a lawsuit against <u>any</u> defendant <u>or</u> a claim against <u>any</u> asbestos trust was filed on or before August 1, 2014.

   <u>Please note</u>:  For purposes of this notice and the Coltec Asbestos Claims Bar Date, references to "**Coltec Industries Inc**" or "**Coltec**" should be understood to include the following predecessors or former divisions of Coltec Industries Inc that manufactured or sold asbestos-containing products <u>or</u> against whom asbestos personal injury or wrongful death claims were asserted in the past:

> Fairbanks Morse Engine
> Fairbanks Morse Pump
> Quincy Compressor
> Central Moloney
> France Compressor
> Delavan
> Farnam

   If you hold a Coltec Asbestos Claim that is subject to the Coltec Asbestos Claims Bar Date, you should use, as your proof-of-claim form, Official Bankruptcy Form No. 410.  You may download an electronic version of Official Bankruptcy Form No. 410 at the following internet address: http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0

## II.    WHO DOES NOT NEED TO FILE A PROOF OF CLAIM

You do **NOT** need to file a proof of claim if any **one** of the following applies to you:

A.    You or your attorney on your behalf, in the Garlock Bankruptcy Case, filed a proof of claim for a GST Asbestos Claim or submitted a ballot (including a master ballot) on the Second Amended Plan of Reorganization (now superseded by the Joint Plan) on or before October 6, 2015; or

B.    You or your attorney on your behalf submitted a ballot (including a master ballot) on the Joint Plan, for **either** a GST Asbestos Claim or a Coltec Asbestos Claim, on or before December 9, 2016; or

C.    You have a Coltec Asbestos Claim based on an asbestos-related disease that was diagnosed **after** August 1, 2014; or

D.    You have a Coltec Asbestos Claim for which no lawsuit was filed against any defendant and no claim was filed against any asbestos trust until **after** August 1, 2014; or

E.    You have a Coltec Asbestos Claim based on an asbestos-related disease that was diagnosed on or before August 1, 2014, for which a lawsuit against any defendant <u>and</u> a claim against any asbestos trust have <u>not</u> yet been filed; or

F.    You do not have a "Coltec Asbestos Claim" as defined in the Joint Plan; or

G.    Your claim is (a) for benefits under a state-mandated workers' compensation system, which a past or present employee of Coltec, or its predecessors, is receiving, or may in the future have a right to receive, or (b) for reimbursement brought by any insurance company or state agency as a result of payments made by such insurance company or state agency for any statutory benefit owed (but not paid) by Coltec, or its predecessors, to such employees under such a system and for fees and expenses that are incurred and reimbursable under any insurance policies or laws or regulations covering such statutory employee benefit claims, excluding any right of an employee that exists outside of such state workers' compensation system.

<u>Please note</u>:  There may be other notices given about other kinds of claims, including the types of claims described in Section II above, which require the filing of proofs of claims before a separately identified bar date.

**You should not file a proof of claim if you do not have a claim against Coltec or if the claim you held against Coltec has been paid in full.**

**The fact that you have received this notice does not necessarily mean that you have a claim or that Coltec or the Bankruptcy Court believes that you have a claim.  Please consult with your lawyer if you have any question about your legal rights or whether the Coltec Asbestos Claims Bar Date will affect your rights.**

## III.    WHEN AND WHERE TO FILE

If you have a Coltec Asbestos Claim that is subject to the Coltec Asbestos Claim Bar Date, then please note the following:  For such a Coltec Asbestos Claim to be validly and properly filed, you must complete and submit Official Bankruptcy Form No. 410 to Rust Consulting/Omni Bankruptcy (the "<u>Balloting Agent</u>"), via first-class mail or courier, so as to be **actually received** by the Balloting Agent on or before **March 24, 2017** (*i.e.* the Coltec Asbestos Claims Bar Date) at this address:

> OldCo, LLC
> c/o Rust Consulting/Omni Bankruptcy
> Attn: Balloting Agent
> 5955 DeSoto Avenue, Suite 100
> Woodland Hills, CA 91367

**Proofs of claim that are <u>postmarked</u> on or before March 24, 2017, but received by the Balloting Agent <u>after</u> March 24, 2017, will <u>not</u> be treated as timely filed.**

**Proofs of claim sent by <u>facsimile</u> or <u>other electronic means</u> will <u>not</u> be accepted or treated as timely filed.**

## IV.     EFFECT OF NOT FILING A CLAIM BY THE BAR DATE

**ANY HOLDER OF A COLTEC ASBESTOS CLAIM SUBJECT TO THE COLTEC ASBESTOS CLAIMS BAR DATE WHO FAILS TO FILE A PROOF OF CLAIM FORM WITH THE BALLOTING AGENT IN ACCORDANCE WITH THE COLTEC BAR DATE ORDER ON OR BEFORE THE COLTEC ASBESTOS CLAIMS BAR DATE SHALL BE SUBJECT TO SUCH LEGAL CONSEQUENCES AS THE BANKRUPTCY CODE MAY PRESCRIBE OR PERMIT, WHICH MAY INCLUDE DISALLOWANCE OF THE UNTIMELY FILED COLTEC ASBESTOS CLAIM AND THE BARRING, ESTOPPING, AND ENJOINING OF SUCH HOLDER FROM (A) ASSERTING ANY COLTEC ASBESTOS CLAIM AGAINST COLTEC (OR AGAINST ANY ENTITY THAT, PURSUANT TO ANY PLAN OF REORGANIZATION, ASSUMES LIABILITY FOR COLTEC ASBESTOS CLAIMS), (B) PARTICIPATING IN ANY DISTRIBUTION IN COLTEC'S CHAPTER 11 CASE ON ACCOUNT OF SUCH COLTEC ASBESTOS CLAIM (INCLUDING RECEIVING ANY PAYMENT FROM THE ASBESTOS TRUST ON ACCOUNT OF SUCH COLTEC ASBESTOS CLAIM), OR (C) RECEIVING FURTHER NOTICES REGARDING SUCH COLTEC ASBESTOS CLAIM.**

## V.     RESERVATION OF RIGHTS

Coltec reserves the right, in the event the Joint Plan is withdrawn or not confirmed, to dispute, or to assert offsets, defenses, or counterclaims against, any Coltec Asbestos Claim for which a proof of claim is filed as to nature, amount, liability, classification, or otherwise.  Nothing contained in this notice shall preclude Coltec from objecting to any Coltec Asbestos Claim or any other asbestos personal injury or wrongful death claim, whether scheduled or filed, on any grounds, in the event the Joint Plan is withdrawn or not confirmed.

February __, 2017

# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| IN RE: | Case No. 17-BK-30140 |
| OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC, | Chapter 11 |
| Debtor. | |

**ORDER APPROVING NOTICE OF COMMENCEMENT OF CASE AND MAILING
AND PUBLICATION PROCEDURES**

Upon the Debtor's Motion for Approval of (I) Form of Notice of Commencement of Case, (II) Mailing and Publication Procedures for Notice of Commencement of Case, and (III) Related Relief (the "Motion"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157; and upon the record herein; and upon consideration of the First Day Declaration,[1] and after due deliberation thereon, the Court makes the following findings of fact and conclusions of law:

A.     Good and sufficient cause for the relief requested in the Motion has been shown, and the relief requested in the Motion is in the best interest of Coltec and its estate;

B.     The Commencement Notice Procedures are fair and reasonable, will provide

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

9260124

good, sufficient and proper notice to all creditors of their rights and obligations in connection

with the commencement the Coltec Bankruptcy Case, and comply with the applicable provisions

of the Bankruptcy Code and the Bankruptcy Rules;

C.      Under the circumstances of this prepackaged chapter 11 case, the Commencement

Notice Procedures are reasonably calculated to, and are tailored to attempt to, ensure that all

parties in interest that may be directly affected by the filing of the Coltec Bankruptcy Case will

receive notice thereof;

D.      Approval of the Commencement Notice Procedures will substantially reduce

administrative burdens and result in substantial cost savings to Coltec's estate; and

E.      Notice of the Motion has been due and sufficient under the circumstances due to

the nature of the relief requested therein.  Now, therefore, based upon the foregoing,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The form of the Commencement Notice attached to the Motion as <u>Exhibit A</u> and

the form of the Combined Publication Notice attached to the Motion as <u>Exhibit B</u> are hereby

APPROVED.  Both the Commencement Notice and the Combined Publication Notice hereby are

deemed to fulfill the notice requirements of the applicable provisions of the Bankruptcy Code

and the Bankruptcy Rules.

3.      The Commencement Notice Procedures are hereby APPROVED.

4.      Within three (3) business days after entry of this Order, Coltec shall provide

actual notice of the commencement of the Coltec Bankruptcy Case by causing the

Commencement Notice to be mailed to all parties listed on Coltec's mailing matrix previously

filed with the Court at the addresses stated there, including but not limited to:

9260124

a.      the Bankruptcy Administrator;

b.      counsel of record for Bank of America, as post-petition senior secured lender in the Garlock Bankruptcy Case;

c.      known Coltec Asbestos Claimants;[2]

d.      known co-defendants in asbestos litigation involving Coltec;

e.      all counterparties to executory contracts and unexpired leases with Coltec;

f.      all parties with environmental-related claims against Coltec;

g.      all parties that may be listed on Coltec's accounts payable ledger as of the Coltec Petition Date;

h.      all parties with warranty claims against Coltec asserted and pending as of the Coltec Petition Date;

i.      all customers of or vendors to Coltec's Learning System business;

j.      all persons having as of the Coltec Petition Date workers' compensation, severance, pension, medical and/or death benefit claims that EnPro Holdings has assumed as part of the Coltec Restructuring and that arose from current or discontinued operations of Coltec, its past or current subsidiaries or their respective predecessors;

k.      the representatives of the local International Association of Machinists and Aerospace Workers;

l.      the United States of America by service upon (i) the Securities and Exchange Commission; (ii) the Department of the Treasury by service upon the Internal Revenue Service, Attn: Insolvency Unit; (iii) the office of the United States Attorney for the Western District of North Carolina; (iv) the Pension Benefit Guaranty Corporation; (v) the U.S. Department of Health & Human Services; and (vi) the Centers for Medicare & Medicaid Services;

m.      each member of the committee of general unsecured creditors appointed in the Garlock Bankruptcy Case and counsel of record for such committee;

n.      each member of the Garlock Committee and counsel of record for the Garlock Committee;

---

[2]   Contemporaneously with filing the Motion, Coltec moved for authority to send notices in the Coltec Bankruptcy Case intended for known Coltec Asbestos Claimants to their counsel of record or, if not represented, by service of notice on known Coltec Asbestos Claimants themselves.  If the Court grants that relief, the Commencement Notice shall be mailed in accordance with the order granting that motion.

9260124

o.     each member of the Ad Hoc Committee and counsel of record for the Ad Hoc Committee;

p.     the Future Asbestos Claimants' Representative in the Garlock Bankruptcy Case and counsel of record for such representative;

q.     Joseph W. Grier, III, as *ad hoc* representative for persons with future asbestos claims against Coltec;

r.     those persons who formally appear and request service in the Coltec Bankruptcy Case pursuant to Bankruptcy Rule 2002 as of the entry of the Commencement Notice Order; and

s.     To the extent not set forth above, all persons and entities set forth on the Master Service List maintained in the Garlock Bankruptcy Case pursuant to the Court's Order Establishing Notice Procedures in the Garlock Bankruptcy Case (D.E. 48) (the "Garlock Master Service List");

(items (a) through (s) above, collectively, the "Commencement Notice Parties").  Such notice hereby is deemed to comply with the requirements of section 342 of the Bankruptcy Code and Bankruptcy Rule 2002(f)(1).

5.     Service of the Commencement Notice shall be limited as set forth in the Motion, and service of the Commencement Notice on parties, persons and entities other than the Commencement Notice Parties shall not be required.

6.     The Notice Agent hereby is authorized to serve the Commencement Notice on behalf of Coltec in accordance with the Actual Notice Procedures.

7.     Acting on its own behalf or through the Notice Agent, Coltec may in its discretion, but shall not be required to, serve the Commencement Notice on parties, persons and entities that are not Commencement Notice Parties with which, before the Coltec Petition Date, Coltec had done business or that may have asserted a claim against Coltec in the recent past.

8.     Coltec shall cause the Combined Publication Notice to be published in the national edition of *USA Today* as soon as practicable after entry of this Order and on the date or dates during one week that *USA Today* publishes legal notices, but in any event no later than

4

9260124

Monday, February 13, 2017.

9.      Any party may request that the Court reconsider entry of this Order by filing a motion for reconsideration within fourteen (14) days of service of this Order.

10.      Coltec is authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order, including payment of costs incurred in connection with the process of noticing the commencement of the Coltec Bankruptcy Case.

11.      By virtue of the relief granted in this Order, the Clerk of this Court shall not enter or serve the standard notice of commencement of the Coltec Bankruptcy Case pending further order of the Court.

12.      This Court shall retain jurisdiction over all matters arising out of or related to the Motion and this Order.

This Order has been signed electronically.  The judge's                      United States Bankruptcy Court
signature and court's seal appear at the top of the Order.

5