**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**

| | |
|---|---|
| IN RE: | Case No. 17-BK-30140 |
| OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC, | Chapter 11 |
| Debtor. | [Joint Administration Pending][1] |

**DEBTOR'S MOTION TO (I) FIX BAR DATE FOR CERTAIN COLTEC
ASBESTOS CLAIMS, (II) APPROVE PROOF OF CLAIM FORM AND
PROPOSED PROCEDURES FOR FILING CERTAIN COLTEC ASBESTOS CLAIMS,
AND (III) APPROVE FORM AND MANNER OF NOTICE THEREOF**

OldCo, LLC, debtor and debtor-in-possession in the above-captioned case and successor by merger to Coltec Industries Inc ("Coltec" or "Debtor"),[2] moves the Court for entry of an Order (A) fixing March 24, 2017 as the bar date for certain Coltec Asbestos Claims (as defined below), (B) approving a proof of claim form and proposed procedures for filing Coltec Asbestos Claims before the bar date, and (C) approving the form and manner of notice regarding the bar date for Coltec Asbestos Claims (this "Motion"). In support of this Motion, Coltec respectfully states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]    Contemporaneously with filing this Motion, Coltec moved to have its chapter 11 case jointly administered with the chapter 11 cases of *In re Garlock Sealing Technologies LLC* (10-BK-31607), *In re Garrison Litigation Management Group, Ltd.* (10-BK-31608) and *In re The Anchor Packing Company* (10-BK-31606), with *In re Garlock Sealing Technologies LLC* serving as the lead case.

[2]    For convenience, the term "Coltec" in this Motion refers to OldCo, LLC's predecessor, Coltec Industries Inc, when referring to events prior to the Coltec Restructuring and refers to OldCo, LLC when referring to events subsequent to the Coltec Restructuring.

2.      The statutory bases for the relief requested herein are sections 105(a), 501 and

502 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 3003, 9007

and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.      On January 30, 2017 (the "Coltec Petition Date"), Coltec filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code (the "Coltec Bankruptcy Case"). Coltec is

operating its business and managing its property as a debtor-in-possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has

been appointed in the Coltec Bankruptcy Case.

4.      For additional background information regarding Coltec's history and corporate

structure and events leading to the Coltec Petition Date, Coltec refers the Court and parties in

interest to the Debtors' Motion for Order Directing Joint Administration of Related Chapter 11

Cases filed herein (the "Joint Administration Motion") and the Declaration of Joseph Wheatley

in Support of OldCo, LLC's Chapter 11 Petition and First Day Motions filed herein (the "First

Day Declaration").[3] In support of this Motion, Coltec relies on the First Day Declaration.

5.      In addition to the background set forth in the Joint Administration Motion and the

First Day Declaration, Coltec believes the following additional background relevant to the relief

sought in this Motion would be helpful to the Court and parties in interest.

6.      A central element of the Joint Plan is the formation of a settlement trust facility

(the "Asbestos Trust") that will process and resolve GST Asbestos Claims and Coltec Asbestos

Claims. The proposed Claims Resolution Procedures for the Asbestos Trust, attached as Exhibit

B to the Joint Plan, would bar the payment of certain current GST Asbestos Claims and Coltec

---

[3]  Unless defined in this Motion, capitalized terms have the meanings ascribed to them in the Joint Plan
and the Joint Administration Motion.

Asbestos Claims that were not filed with the Court by the applicable bar date, unless relief is obtained from the Court.

7.     On April 10, 2015, the Court entered an Order Approving Disclosure Statement and Establishing Asbestos Claims Bar Date and Procedures for Solicitation in the Garlock Bankruptcy Case (D.E. 4542) fixing October 6, 2015 as the bar date for any GST Asbestos Claim that is based on an asbestos-related disease diagnosis on or before August 1, 2014, for which a lawsuit against any defendant or a claim against any asbestos trust was filed on or before August 1, 2014 (the "Garlock Asbestos Claims Bar Date").

8.     On July 29, 2016, the Court entered an Order Approving Disclosure Statement and Establishing Confirmation Procedures in the Garlock Bankruptcy Case (D.E. 5445) (the "Garlock Confirmation Procedures Order") that, among other things, affirmed the use of the Garlock Asbestos Claims Bar Date for the Joint Plan and also contemplated that Coltec would seek a bar date in its own to-be-filed case requiring certain Coltec Asbestos Claimants to file proofs of claim by March 24, 2017.

9.     The Garlock Confirmation Procedures Order provided that, if the Court fixed a bar date for Coltec Asbestos Claims, the bar date would apply to any such claim based on an asbestos-related disease that was diagnosed on or before August 1, 2014, and for which a lawsuit against any defendant or a claim against any asbestos trust was filed on or before August 1, 2014. Under the Garlock Confirmation Procedures Order, holders of Coltec Asbestos Claims are deemed to have met the Coltec Asbestos Claims Bar Date (as defined below) if they (a) submit proofs of Coltec Asbestos Claims by March 24, 2017; (b) submitted ballots or master ballots regarding the Joint Plan by December 9, 2016; or (c) submitted proofs of claim, ballots, or master ballots by October 6, 2015, regarding the now-superseded Second Amended Plan of

Reorganization filed in the Garlock Bankruptcy Case (D.E. 5445, ¶ 12, at 5).

10.     The Garlock Confirmation Procedures Order also approved notice procedures for the Joint Plan, including the proposed bar date for Coltec Asbestos Claims on March 24, 2017: (a) known Coltec Asbestos Claimants were given actual notice through their counsel of record on or around August 22, 2016, and (b) unknown Coltec Asbestos Claimants were given publication notice through an extensive national multimedia notice program devised by Kinsella Media, LLC that ran from September 12, 2016 to October 9, 2016.

11.     Contemporaneously with filing this Motion, Coltec has moved the Court to enter a scheduling order consistent with the confirmation schedule in the Garlock Bankruptcy Case. The proposed scheduling order contemplates that March 24, 2017 will be the Coltec Asbestos Claims Bar Date, as requested in this Motion.

## RELIEF REQUESTED

12.     By this Motion, Coltec requests entry of an order (a) fixing March 24, 2017 as the bar date for those Coltec Asbestos Claims identified in Paragraph 19 below (the "Coltec Asbestos Claims Bar Date"); (b) approving the use of Official Bankruptcy Form No. 410 and proposed procedures for filing those Coltec Asbestos Claims before the Coltec Asbestos Claims Bar Date; and (c) approving the form and manner of notice regarding the Coltec Asbestos Claims Bar Date.

## BASIS FOR RELIEF REQUESTED

**A.      Authority for and Necessity of the Coltec Asbestos Claims Bar Date**

13.     Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides in relevant part: "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Bankruptcy Rule 3003(c)(2) requires creditors with claims "not scheduled or scheduled as disputed, contingent or

unliquidated" to file proofs of claim "within the time prescribed by subdivision (c)(3) of this rule," and provides that any creditor who fails to file "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."

14.    While Bankruptcy Rule 2002(a)(7) requires parties in interest to receive at least twenty-one (21) days' notice of a bar date, neither the Bankruptcy Code nor the Bankruptcy Rules establish a time by which proofs of claim must be filed in chapter 11 cases (other than governmental units under section 502(b)(9) of the Bankruptcy Code).

15.    Bar dates have been imposed in many asbestos and mass tort bankruptcy cases. *See, e.g.*, *Vancouver Women's Health Collective Soc'y v. A.H. Robins Co.*, 820 F.2d 1359, 1360 (4th Cir. 1987); *In re Babcock & Wilcox Co.*, No. 00-0558, slip op. at 7–8 (E.D. La. Oct. 30, 2000); *In re Dow Corning Corp.*, 211 B.R. 545, 554 (Bankr. E.D. Mich. 1997); *In re Celotex Corp.*, 204 B.R. 586, 593 (Bankr. M.D. Fla. 1996); *In re Eagle Picher Indus., Inc.*, 137 B.R. 679 (Bankr. S.D. Ohio 1992). Similarly, this Court established the Garlock Asbestos Claims Bar Date in connection with the now-superseded Second Amended Plan and has approved the use of this bar date for the Joint Plan in the Garlock Bankruptcy Case (D.E. 4542).

16.    A limited bar date for Coltec Asbestos Claims is appropriate because Coltec Asbestos Claims are disputed, contingent or unliquidated. Accordingly, Bankruptcy Rule 3003(c)(2) permits entry of an order requiring any persons holding a Coltec Asbestos Claim who can be given adequate notice and wishes to receive a distribution to file a timely proof of claim.

17.    Moreover, the Asbestos Trust's Claims Resolution Procedures, which are an integral part of the Comprehensive Settlement and the Joint Plan, contemplate that certain Coltec Asbestos Claims will be subject to a claims bar date.

18.     For these reasons, Coltec submits a bar date for those Coltec Asbestos Claims identified in Paragraph 19 below is necessary to proceed to confirmation of the Joint Plan.

**B.     Scope and Fixing of Coltec Asbestos Claims Bar Date**

19.     Coltec proposes that the Coltec Asbestos Claims Bar Date be set on March 24, 2017 and apply to any Coltec Asbestos Claim that is based on an asbestos-related disease diagnosed on or before August 1, 2014 and for which a lawsuit against any defendant or a claim against any asbestos trust was filed on or before August 1, 2014. Coltec further proposes that any Holder of a Coltec Asbestos Claim who (a) in the Garlock Bankruptcy Case, filed a proof of GST Asbestos Claim or timely filed a ballot (including a master ballot) with respect to the now-superseded Second Amended Plan or (b) submitted by the December 9, 2016 voting deadline a ballot (including a master ballot) on the Joint Plan be deemed to have filed a Coltec Asbestos Claim in the Coltec Bankruptcy Case and be relieved from the requirement to file a proof of Coltec Asbestos Claim by the Coltec Asbestos Claims Bar Date.

20.     Holders of Coltec Asbestos Claims that are subject to the Coltec Asbestos Claims Bar Date have been on notice that the Coltec Asbestos Claims Bar Date would be set for a date in March 2017 for over seven (7) months. Known Coltec Asbestos Claimants received actual notice of the proposed bar date through their counsel of record on or around August 22, 2016, and unknown Coltec Asbestos Claimants received publication notice through the extensive national multimedia notice program that ran from September 12, 2016 to October 9, 2016.

21.     Independent of the notice of the proposed bar date known and unknown Coltec Asbestos Claimants received before the Coltec Petition Date, under the additional notice procedures proposed below, known and unknown Coltec Asbestos Claimants whose Coltec Asbestos Claims are subject to the Coltec Asbestos Claims Bar Date will receive at least five (5)

weeks' notice of the Coltec Asbestos Claims Bar Date, which exceeds the 21-day requirement of Bankruptcy Rule 2002(a)(7).

22.    Consistent with Bankruptcy Rule 3003(c)(2), any Holder of a Coltec Asbestos Claim subject to the Coltec Asbestos Claims Bar Date who fails to file a proof of claim form with the Balloting Agent in accordance with the Order requested herein on or before the Coltec Asbestos Claims Bar Date should be subject to such legal consequences as the Bankruptcy Code may prescribe or permit, which may include disallowance of the untimely filed Coltec Asbestos Claim and the barring, estopping, and enjoining of such Holder from (a) asserting any such Coltec Asbestos Claim against Coltec (or against any entity that, pursuant to any plan of reorganization, assumes liability for such Coltec Asbestos Claims, such as the Asbestos Trust), (b) participating in any distribution in the Coltec Bankruptcy Case on account of such Coltec Asbestos Claim (including receiving any payment from the Asbestos Trust on account of such Coltec Asbestos Claim), or (c) receiving further notices regarding such Coltec Asbestos Claim; subject, however, to this Court's authority to relieve claimants of such consequences in appropriate circumstances.

**C.    The Proof of Claim Form and Proposed Procedures for Filing Claims**

23.    Coltec proposes to allow Coltec Asbestos Claimants to file their claims using Official Bankruptcy Form No. 410, the standard proof of claim form for creditors.

24.    For any Coltec Asbestos Claim to be validly and properly filed in accordance with the Coltec Asbestos Claims Bar Date, Coltec proposes that the claimant complete and submit an Official Bankruptcy Form No. 410 to the Balloting Agent, via first-class mail or courier, so as to be actually received by the Balloting Agent on or before the Coltec Asbestos Claims Bar Date (*i.e.*, March 24, 2017) at the following address: OldCo, LLC, c/o Rust Consulting/Omni Bankruptcy, Attn: Balloting Agent, 5955 DeSoto Avenue, Suite 100, Woodland Hills, CA

91367. Coltec requests that proofs of claim sent by facsimile or other electronic means not be accepted (the procedures described in this Paragraph 24 are collectively referenced as the "Filing Procedures").

**D.    Form and Manner of Notice of Coltec Asbestos Claims Bar Date**

25.     To provide due process with respect to the Coltec Asbestos Claims Bar Date, there must be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their claims." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Whether a particular notice program is reasonably calculated to apprise interested parties of the bar date depends upon the particular facts and circumstances in a given case. *See Tulsa Prof'l Collection Servs. v. Pope*, 485 U.S. 478, 484 (1988).

26.     To assess the adequacy of notice given to a creditor, bankruptcy law differentiates between "known" and "unknown" creditors. *See Zurich Am. Ins. Co. v. Tessler (In re J.A. Jones, Inc.)*, 492 F.3d 242, 249-50 (4th Cir. 2007). Known creditors must be given actual notice of a bar date. For unknown creditors, publication notice generally is sufficient. *Id.*

27.     Bankruptcy Rules 9007 and 9008 give the Court authority to regulate the form and manner of notices, including publication notices, and allow the Court to combine any notices under the Bankruptcy Rules "when feasible."

28.     Bankruptcy Rule 2002(a)(7) requires that parties in interest receive at least twenty-one (21) days' notice of a bar date. Bankruptcy Rule 2002(l) permits such notice to be by publication if actual notice by mail is impracticable. Bankruptcy Rule 2002(m) vests the Court with discretion to tailor notice procedures to address the particular circumstances of the case before the Court.

29.     Contemporaneously with filing this Motion, Coltec moved to approve notice procedures for Coltec Asbestos Claimants that would permit notices and other communications to Coltec Asbestos Claimants to be sent to their counsel of record instead of sending such notices to the claimants individually and separately (the "Asbestos Notice Procedures Motion"). In the Garlock Bankruptcy Case, this Court approved similar notice procedures for GST Asbestos Claimants (D.E. 47). Such notice procedures are common in asbestos-related bankruptcy proceedings.[4]

30.     If the Court grants the Asbestos Notice Procedures Motion, Coltec will mail a notice, substantially in the form attached hereto as <u>Exhibit A</u> (the "Coltec Asbestos Claims Bar Date Notice"), to known Coltec Asbestos Claimants through their counsel of record within five (5) business days after entry of the Order requested herein. For any known Coltec Asbestos Claimant not represented by counsel, Coltec will send the Coltec Asbestos Claims Bar Date Notice directly to the claimant if the claimant's address can be reasonably located in Coltec's books and records.

31.     Furthermore, Coltec proposes to provide notice of the Coltec Asbestos Claims Bar Date to unknown Coltec Asbestos Claimants by causing a copy of a notice, substantially in the form attached hereto as <u>Exhibit B</u> (the "Combined Publication Notice"), to be published in the national edition of *USA Today* as soon as reasonably practicable following entry of the Order on this Motion on the date or dates during one week that *USA Today* publishes legal notices, but in no event later than Monday, February 13, 2017. As described in Coltec's motion to approve

---

[4]  *See*, *e.g.*, *In re W.R. Grace & Co.*, Case No. 01-01139 (Bankr. D. Del. Apr. 2, 2001) (D.E. 27) (order approving service on asbestos claimants' counsel); *In re Babcock & Wilcox Co.*, Case No. 00-0558 (E.D. La. Oct. 30, 2000) (D.E. 70) (order approving notice for bar date transmitted to asbestos claimants' counsel); *In re Eagle-Picher Indus., Inc.*, Case No. 1-91-00100 (Bankr. S.D. Ohio June 11, 1992) (order setting bar date and approving notice transmitted to asbestos claimants' counsel).

notice procedures for the commencement of this case, filed contemporaneously with this Motion, the proposed Combined Publication Notice will provide a combined notice of the commencement of this case and the Coltec Asbestos Claims Bar Date. Coltec submits that using the Combined Publication Notice is appropriate under Bankruptcy Rule 9007 due to the circumstances of this prepackaged chapter 11 case.

32.     The Coltec Asbestos Claims Bar Date Notice and the Combined Publication Notice: (a) identify March 24, 2017 as the Coltec Asbestos Claims Bar Date; (b) advise Coltec Asbestos Claimants under what circumstances they must file a proof of claim in this case and under what circumstances they will be deemed to have done so; (c) alert the Coltec Asbestos Claimants to the consequences of failing to timely file a proof of claim; (d) set forth the address to which proofs of claim must be sent for filing; and (e) notify Coltec Asbestos Claimants that proofs of claim submitted by facsimile or other electronic means will not be accepted or treated as valid for any purpose. Coltec submits that the Coltec Asbestos Claims Bar Date Notice and the Combined Publication Notice will provide Coltec Asbestos Claimants with sufficient information to file properly prepared and executed proofs of claim in a timely manner.

33.     In sum, Coltec submits that the foregoing proposed notice procedures (collectively, the "Coltec Bar Date Notice Procedures"), together with the notice procedures implemented under the Garlock Confirmation Procedures Order, will provide reasonable, adequate, and sufficient notice of the Coltec Asbestos Claims Bar Date and fulfill the requirements of due process, the Bankruptcy Code and the Bankruptcy Rules.

## NOTICE

34.     No trustee, examiner, or creditors' committee has been appointed in the Coltec Bankruptcy Case. Coltec has served notice of this Motion on (a) the Ad Hoc Committee; (b) the Garlock Committee; (c) Mr. Grier, in his capacity as the proposed legal representative for future

Coltec Asbestos Claimants and the Future Asbestos Claimants' Representative in the Garlock Bankruptcy Case; (d) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; and (e) to the extent not set forth above, the parties listed on the updated Master Service List in the Garlock Bankruptcy Case (D.E. 5655) and any party that has filed a request for notices under Bankruptcy Rule 2002 since the filing of the updated Master Service List, and submits that, given the nature of the relief requested, no other or further notice need be given. No previous application for the relief requested herein has been made by Coltec to this or any other court.

WHEREFORE, Coltec respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit C, (a) fixing March 24, 2017 as the Coltec Asbestos Claims Bar Date for Coltec Asbestos Claims based on an asbestos-related disease that was diagnosed on or before August 1, 2014 and for which a lawsuit against any defendant or a claim against any asbestos trust was filed on or before August 1, 2014; provided, that the Holder of a Coltec Asbestos Claim who (i) in the Garlock Bankruptcy Case, filed a proof of claim or cast a ballot (including a master ballot) on the now-superseded Second Amended Plan of Reorganization on or before October 6, 2015, or (ii) submitted by the December 9, 2016 voting deadline a ballot (including a master ballot) on the Joint Plan, shall be deemed to have filed a Coltec Asbestos Claim in the Coltec Bankruptcy Case and shall be relieved of the requirement to file any proof of a Coltec Asbestos Claim by the Coltec Asbestos Claims Bar Date; (b) approving the use of Official Bankruptcy Form No. 410 and the Filing Procedures for filing Coltec Asbestos Claims before the Coltec Asbestos Claims Bar Date; (c) approving the Coltec Bar Date Notice Procedures; and (d) granting such other relief as the Court deems just and proper.

11

This the 30th day of January, 2017.

/s/ Daniel G. Clodfelter
Daniel G. Clodfelter
N.C Bar No. 7661
danclodfelter@parkerpoe.com
William L. Esser IV
N.C. Bar No. 29201
willesser@parkerpoe.com
Ashley A. Edwards
N.C. Bar No. 40695
ashleyedwards@parkerpoe.com

PARKER POE ADAMS & BERNSTEIN, LLP
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone:      (704) 372-9000
Facsimile:      (704) 334-4706

*Proposed Counsel to OldCo, LLC, Debtor and
Debtor-in-Possession*

/s/ David M. Schilli
David M. Schilli
N.C. Bar No. 17989
dschilli@robinsonbradshaw.com
Andrew W.J. Tarr
N.C. Bar No. 31827
atarr@robinsonbradshaw.com

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street
Suite 1900
Charlotte, NC 28246
Telephone:      (704) 377-2536
Facsimile:      (704) 378-4000

*Proposed Special Corporate and Litigation
Counsel to OldCo, LLC, Debtor and Debtor-
in-Possession*

# EXHIBIT A

# ATTENTION PERSONS WHO HOLD
# ASBESTOS CLAIMS AGAINST COLTEC INDUSTRIES INC,
# NOW KNOWN AS OLDCO, LLC

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>             Debtors. | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>             Debtor. | Case No. 17-BK-30140<br><br>Chapter 11<br><br>[Joint Administration Pending] |

### NOTICE OF COLTEC ASBESTOS CLAIMS BAR DATE

**To the holders of asbestos claims against <u>Coltec Industries Inc</u>, whose successor by merger is OldCo, LLC ("<u>Coltec</u>"):**

*The U.S. Bankruptcy Court for the Western District of North Carolina has fixed <u>March 24, 2017</u>, as the deadline for filing proofs of claim with respect to certain asbestos-related claims for personal injury or wrongful death against Coltec ("<u>Coltec Asbestos Claims Bar Date</u>").*

*<u>Your rights may be affected</u>. You <u>must</u> file a proof of claim by March 24, 2017, if you wish to assert a Coltec Asbestos Claim (described below) and you hold a Coltec Asbestos Claim based on an asbestos-related disease that was diagnosed on or before August 1, 2014, for which a lawsuit against any defendant or a claim against any asbestos trust was filed on or before August 1, 2014. However, you need not file a proof of claim if you meet one of the exceptions specified in Section II below.*

*Please read on for more information.*

**PLEASE TAKE NOTICE THAT:**

On January 30, 2017, Coltec filed its petition for reorganization under Chapter 11 of the Bankruptcy Code ("**Coltec Bankruptcy Case**") with the United States Bankruptcy Court for the Western District of North Carolina ("**Bankruptcy Court**").

The Bankruptcy Court has procedurally consolidated the Coltec Bankruptcy Case with the Chapter 11 cases of the following companies affiliated with Coltec:  Garlock Sealing Technologies LLC ("**Garlock**"), Garrison Litigation Management Group, Ltd. ("**Garrison**"), and The Anchor Packing Company ("**Anchor**," and together with Garlock and Garrison, the "**Garlock Debtors**").  The Chapter 11 cases of Coltec and the Garlock Debtors are thus jointly administered under the case of *In re Garlock Sealing Technologies LLC, et al.*, Case No. 10-BK-31607 ("**Garlock Case**"), which is pending before the Bankruptcy Court.

Coltec and the Garlock Debtors have proposed the *Modified Joint Plan of Reorganization of Garlock Sealing Technologies LLC, et al. and OldCo, LLC, Proposed Successor by Merger to Coltec Industries Inc*, dated May 20, 2016 (as subsequently modified, the "**Joint Plan**").  All capitalized terms not otherwise defined in this notice have the meanings ascribed to them in the Joint Plan.

The Official Committee of Asbestos Personal Injury Claimants and the Future Asbestos Claimants Representative in the Garlock Case are co-proponents of the Joint Plan, as are the Ad Hoc Coltec Asbestos Claimants Committee and the Ad Hoc Coltec Future Asbestos Claimants' Representative.

If confirmed (approved) by the Bankruptcy Court, the Joint Plan would resolve asbestos personal injury and wrongful death claims against Garlock and Garrison, which are defined in the Joint Plan as "**GST Asbestos Claims**," and would also resolve asbestos personal injury and wrongful death claims against Coltec, which are defined in the Joint Plan as "**Coltec Asbestos Claims**."  The Bankruptcy Court will consider whether to confirm the Joint Plan at a public hearing scheduled to begin on May 15, 2017, at 9:30 a.m. EDT.

In connection with the Coltec Bankruptcy Case, the Bankruptcy Court has established **March 24, 2017**, as the last day to file proofs of claim—*i.e.*, the Coltec Asbestos Claims Bar Date—for all persons who hold Coltec Asbestos Claims based on an asbestos-related disease that was diagnosed on or before August 1, 2014, for which a lawsuit against *any* defendant (not just Coltec) or a claim against *any* asbestos trust was filed on or before August 1, 2014.

## I.    WHO <u>MUST</u> FILE A PROOF OF CLAIM

Unless you are a person described in Section II below, you **MUST** file a proof of claim on or before **March 24, 2017**, if you wish to assert a Coltec Asbestos Claim and you hold a Coltec Asbestos Claim based on an asbestos-related disease that was diagnosed on or before August 1, 2014, for which a lawsuit against *any* defendant *or* a claim against *any* asbestos trust was filed on or before August 1, 2014.

2

***Please note***:  For purposes of this notice and the Coltec Asbestos Claims Bar Date, references to "**Coltec Industries Inc**" or "**Coltec**" should be understood to include the following predecessors or former divisions of Coltec Industries Inc that manufactured or sold asbestos-containing products *or* against whom asbestos personal injury or wrongful death claims were asserted in the past:

> Fairbanks Morse Engine
> Fairbanks Morse Pump
> Quincy Compressor
> Central Moloney
> France Compressor
> Delavan
> Farnam

If you hold a Coltec Asbestos Claim that is subject to the Coltec Asbestos Claims Bar Date, you should use, as your proof-of-claim form, Official Bankruptcy Form No. 410.  For your convenience, a copy of Official Bankruptcy Form No. 410 and instructions for filling out the form are enclosed with this notice.  You may also download an electronic version of Official Bankruptcy Form No. 410 at the following internet address:

http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0

## II.    WHO DOES NOT NEED TO FILE A PROOF OF CLAIM

You do ***NOT*** need to file a proof of claim if any ***one*** of the following applies to you:

A.    You or your attorney on your behalf, in the Garlock Bankruptcy Case, filed a proof of claim for a GST Asbestos Claim or submitted a ballot (including a master ballot) on the Second Amended Plan of Reorganization (now superseded by the Joint Plan) on or before October 6, 2015; *or*

B.    You or your attorney on your behalf submitted a ballot (including a master ballot) on the Joint Plan, for ***either*** a GST Asbestos Claim or a Coltec Asbestos Claim, on or before December 9, 2016; *or*

C.    You have a Coltec Asbestos Claim based on an asbestos-related disease that was diagnosed ***after*** August 1, 2014; *or*

D.    You have a Coltec Asbestos Claim for which no lawsuit was filed against any defendant and no claim was filed against any asbestos trust until ***after*** August 1, 2014; *or*

E.    You have a Coltec Asbestos Claim based on an asbestos-related disease that was diagnosed on or before August 1, 2014, for which a lawsuit against any defendant ***and*** a claim against any asbestos trust have ***not*** yet been filed; *or*

F.    You do not have a "Coltec Asbestos Claim" as defined in the Joint Plan; *or*

3

G.      Your claim is (a) for benefits under a state-mandated workers' compensation system, which a past or present employee of Coltec, or its predecessors, is receiving, or may in the future have a right to receive, or (b) for reimbursement brought by any insurance company or state agency as a result of payments made by such insurance company or state agency for any statutory benefit owed (but not paid) by Coltec, or its predecessors, to such employees under such a system and for fees and expenses that are incurred and reimbursable under any insurance policies or laws or regulations covering such statutory employee benefit claims, excluding any right of an employee that exists outside of such state workers' compensation system.

*Please note*:  There may be other notices given about other kinds of claims, including the types of claims described in Section II above, which require the filing of proofs of claims before a separately identified bar date.

*You should not file a proof of claim if you do not have a claim against Coltec or if the claim you held against Coltec has been paid in full.*

**The fact that you have received this notice does not necessarily mean that you have a claim or that Coltec or the Bankruptcy Court believes that you have a claim.  Please consult with your lawyer if you have any question about your legal rights or whether the Coltec Asbestos Claims Bar Date will affect your rights.**

## III.      WHEN AND WHERE TO FILE

If you have a Coltec Asbestos Claim that is subject to the Coltec Asbestos Claim Bar Date, then please note the following:  For such a Coltec Asbestos Claim to be validly and properly filed, you must complete and submit Official Bankruptcy Form No. 410 to Rust Consulting/Omni Bankruptcy (the "**Balloting Agent**"), via first-class mail or courier, so as to be *actually received* by the Balloting Agent *on or before* March 24, 2017 (*i.e.* the Coltec Asbestos Claims Bar Date) at this address:

> OldCo, LLC
> c/o Rust Consulting/Omni Bankruptcy
> Attn: Balloting Agent
> 5955 DeSoto Avenue, Suite 100
> Woodland Hills, CA 91367

**Proofs of claim that are *postmarked* on or before March 24, 2017, but received by the Balloting Agent *after* March 24, 2017, will *not* be treated as timely filed.**

**Proofs of claim sent by _facsimile_ or _other electronic means_ will _not_ be accepted or treated as timely filed.**

## IV.      EFFECT OF NOT FILING A CLAIM BY THE BAR DATE

**ANY HOLDER OF A COLTEC ASBESTOS CLAIM SUBJECT TO THE COLTEC ASBESTOS CLAIMS BAR DATE WHO FAILS TO FILE A PROOF OF CLAIM FORM WITH THE BALLOTING AGENT IN ACCORDANCE WITH THE COLTEC BAR DATE ORDER ON OR BEFORE THE COLTEC ASBESTOS CLAIMS BAR DATE SHALL BE SUBJECT TO SUCH LEGAL CONSEQUENCES AS THE BANKRUPTCY CODE MAY PRESCRIBE OR PERMIT, WHICH MAY INCLUDE DISALLOWANCE OF THE UNTIMELY FILED COLTEC ASBESTOS CLAIM AND THE BARRING, ESTOPPING, AND ENJOINING OF SUCH HOLDER FROM (A) ASSERTING ANY COLTEC ASBESTOS CLAIM AGAINST COLTEC (OR AGAINST ANY ENTITY THAT, PURSUANT TO ANY PLAN OF REORGANIZATION, ASSUMES LIABILITY FOR COLTEC ASBESTOS CLAIMS), (B) PARTICIPATING IN ANY DISTRIBUTION IN COLTEC'S CHAPTER 11 CASE ON ACCOUNT OF SUCH COLTEC ASBESTOS CLAIM (INCLUDING RECEIVING ANY PAYMENT FROM THE ASBESTOS TRUST ON ACCOUNT OF SUCH COLTEC ASBESTOS CLAIM), OR (C) RECEIVING FURTHER NOTICES REGARDING SUCH COLTEC ASBESTOS CLAIM.**

## V.    RESERVATION OF RIGHTS

Coltec reserves the right, in the event the Joint Plan is withdrawn or not confirmed, to dispute, or to assert offsets, defenses, or counterclaims against, any Coltec Asbestos Claim for which a proof of claim is filed as to nature, amount, liability, classification, or otherwise. Nothing contained in this notice shall preclude Coltec from objecting to any Coltec Asbestos Claim or any other asbestos personal injury or wrongful death claim, whether scheduled or filed, on any grounds, in the event the Joint Plan is withdrawn or not confirmed.

[remainder of page left blank intentionally –
signature page of counsel follows]

5

This the ___ day of February, 2017.

/s/ Daniel G. Clodfelter
Daniel G. Clodfelter
N.C Bar No. 7661
danclodfelter@parkerpoe.com
William L. Esser IV
N.C. Bar No. 29201
willesser@parkerpoe.com
Ashley A. Edwards
N.C. Bar No. 40695
ashleyedwards@parkerpoe.com

PARKER POE ADAMS & BERNSTEIN, LLP
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone:      (704) 372-9000
Facsimile:      (704) 334-4706

*Proposed Counsel to OldCo, LLC, Debtor and Debtor-in-Possession*

/s/ David M. Schilli
David M. Schilli
N.C. Bar No. 17989
dschilli@robinsonbradshaw.com
Andrew W.J. Tarr
N.C. Bar No. 31827
atarr@robinsonbradshaw.com

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street
Suite 1900
Charlotte, NC 28246
Telephone:      (704) 377-2536
Facsimile:      (704) 378-4000

*Proposed Special Corporate and Litigation Counsel to OldCo, LLC, Debtor and Debtor-in-Possession*

# EXHIBIT B

| Information to identify the case: | | | |
|---|---|---|---|

Debtor:  OldCo, LLC, successor by merger to Coltec Industries Inc          EIN          5215
        Name

United States Bankruptcy Court for the:  Western District of North          Date case filed for chapter 11  01/30/2017
Carolina

Case number:  17-BK-30140

# Notice of Chapter 11 Bankruptcy Case

**12/15**

On January 30, 2017, OldCo, LLC ("Coltec"), successor by merger to Coltec Industries Inc, filed its petition for reorganization under Chapter 11 of the Bankruptcy Code ("Coltec Bankruptcy Case") with the United States Bankruptcy Court for the Western District of North Carolina ("Bankruptcy Court").

The Bankruptcy Court has fixed **March 24, 2017**, as the **deadline** for filing proofs of claim with respect to certain asbestos-related claims for personal injury or wrongful death against Coltec Industries Inc or Coltec ("Coltec Asbestos Claims Bar Date"). **Your rights may be affected**. You <u>must</u> file a proof of claim by March 24, 2017, if you wish to assert a Coltec Asbestos Claim (described below) and you hold a Coltec Asbestos Claim based on an asbestos-related disease that was diagnosed on or before August 1, 2014, for which a lawsuit against any defendant or a claim against any asbestos trust was filed on or before August 1, 2014.  Please read on for more information.

Even if you are not subject to the Coltec Asbestos Claims Bar Date, you still may be a creditor of Coltec. To protect your rights, consult an attorney.  The Coltec Bankruptcy Case is being administered jointly with the Chapter 11 cases of three other affiliated companies under the case of *In re Garlock Sealing Technologies LLC*, Case No. 10-bk-31607.  All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through the court website at www.ncwb.uscourts.gov. Further information and documents about the case can also be found at the following website: www.omnimgt.com/sblite/garlock/. **The staff of the bankruptcy clerk's office cannot give legal advice.**

| **Debtor's full name** | OldCo, LLC, successor by merger to Coltec Industries Inc | |
|---|---|---|
| **Address** | 5605 Carnegie Blvd, Suite 500, Charlotte, NC  28209 | |
| **Debtor's attorney**<br>Daniel G. Clodfelter<br>Parker Poe Adams & Bernstein LLP<br>Three Wells Fargo Center, 401 South Tryon Street, Suite 3000, Charlotte, NC  28202 | | Contact phone:  (704) 372-9000<br><br>Email:          danclodfelter@parkerpoe.com |
| **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at<br>www.ncwb.uscourts.gov | US Bankruptcy Court for Western District of North Carolina<br>401 W. Trade Street, Room 111<br>Charlotte, NC  28202 | Hours open:  8:30 AM to 4:30 PM (EDT)<br><br>Contact phone:  (704) 350-7500 |
| **Meeting of creditors:** | The Bankruptcy Court has not set a time and date for a meeting of creditors under section 341 of the Bankruptcy Code in this Chapter 11 case.  If such a meeting of creditors will take place, notice thereof will be sent at a later time. | |
| **Proof of claim deadline:** | The deadline for filing proofs of claim for certain Coltec Asbestos Claims is **March 24, 2017**. See below for more details. | |

9263242v10

**Notice of Coltec Asbestos Claims Bar Date** **12/15**

**To the holders of asbestos claims against <u>Coltec Industries Inc</u>, whose successor by merger is Coltec:**

      **PLEASE TAKE NOTICE THAT:**

      On January 30, 2017, Coltec filed the Coltec Bankruptcy Case with the Bankruptcy Court.  The Bankruptcy Court has procedurally consolidated the Coltec Bankruptcy Case with the Chapter 11 cases of the following companies affiliated with Coltec:  Garlock Sealing Technologies LLC ("<u>Garlock</u>"), Garrison Litigation Management Group, Ltd. ("<u>Garrison</u>"), and The Anchor Packing Company ("<u>Anchor</u>," and together with Garlock and Garrison, the "<u>Garlock Debtors</u>").  The Chapter 11 cases of Coltec and the Garlock Debtors are thus jointly administered under the case of *In re Garlock Sealing Technologies LLC, et al.*, Case No. 10-BK-31607 ("<u>Garlock Case</u>"), which is pending before the Bankruptcy Court.

      Coltec and the Garlock Debtors have proposed the *Modified Joint Plan of Reorganization of Garlock Sealing Technologies LLC, et al. and OldCo, LLC, Proposed Successor by Merger to Coltec Industries Inc*, dated May 20, 2016 (as subsequently modified, the "**Joint Plan**").  Coltec and the Garlock Debtors have filed a Disclosure Statement in connection with the Joint Plan (the "**Disclosure Statement**").  All capitalized terms not otherwise defined in this notice have the meanings ascribed to them in the Joint Plan.

      The Official Committee of Asbestos Personal Injury Claimants and the Future Asbestos Claimants Representative in the Garlock Case are co-proponents of the Joint Plan, as are the Ad Hoc Coltec Asbestos Claimants Committee and the Ad Hoc Coltec Future Asbestos Claimants' Representative.

      If confirmed (approved) by the Bankruptcy Court, the Joint Plan would resolve asbestos personal injury and wrongful death claims against Garlock and Garrison, which are defined in the Joint Plan as "<u>GST Asbestos Claims</u>," and would also resolve asbestos personal injury and wrongful death claims against Coltec, which are defined in the Joint Plan as "<u>Coltec Asbestos Claims</u>."  The Bankruptcy Court has established **March 24, 2017**, as the last day to file written objections to the Disclosure Statement, to the Joint Plan and to confirmation of the Joint Plan, and has set **May 15, 2017**, at 10:00 a.m. EDT as the date for commencement of the hearing in the Coltec Bankruptcy Case to approve the Disclosure Statement and for confirmation of the Joint Plan.

      In connection with the Coltec Bankruptcy Case, the Bankruptcy Court has established **March 24, 2017**, as the last day to file proofs of claim—*i.e.*, the Coltec Asbestos Claims Bar Date—for all persons who hold Coltec Asbestos Claims based on an asbestos-related disease that was diagnosed on or before August 1, 2014, for which a lawsuit against <u>any</u> defendant (not just Coltec) or a claim against <u>any</u> asbestos trust was filed on or before August 1, 2014.

**I.**      **WHO <u>MUST</u> FILE A PROOF OF CLAIM**

      Unless you are a person described in Section II below, you **MUST** file a proof of claim on or before **March 24, 2017**, if you wish to assert a Coltec Asbestos Claim and you hold a Coltec Asbestos Claim based on an asbestos-related disease that was diagnosed on or before August 1, 2014, for which a lawsuit against <u>any</u> defendant <u>or</u> a claim against <u>any</u> asbestos trust was filed on or before August 1, 2014.

      <u>Please note</u>:  For purposes of this notice and the Coltec Asbestos Claims Bar Date, references to "**Coltec Industries Inc**" or "**Coltec**" should be understood to include the following predecessors or former divisions of Coltec Industries Inc that manufactured or sold asbestos-containing products <u>or</u> against whom asbestos personal injury or wrongful death claims were asserted in the past:

                Fairbanks Morse Engine
                Fairbanks Morse Pump
                Quincy Compressor
                Central Moloney
                France Compressor
                Delavan
                Farnam

      If you hold a Coltec Asbestos Claim that is subject to the Coltec Asbestos Claims Bar Date, you should use, as your proof-of-claim form, Official Bankruptcy Form No. 410.  You may download an electronic version of Official Bankruptcy Form No. 410 at the following internet address: http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0

## II.    WHO DOES NOT NEED TO FILE A PROOF OF CLAIM

You do **NOT** need to file a proof of claim if any **one** of the following applies to you:

A.    You or your attorney on your behalf, in the Garlock Bankruptcy Case, filed a proof of claim for a GST Asbestos Claim or submitted a ballot (including a master ballot) on the Second Amended Plan of Reorganization (now superseded by the Joint Plan) on or before October 6, 2015; or

B.    You or your attorney on your behalf submitted a ballot (including a master ballot) on the Joint Plan, for **either** a GST Asbestos Claim or a Coltec Asbestos Claim, on or before December 9, 2016; or

C.    You have a Coltec Asbestos Claim based on an asbestos-related disease that was diagnosed **after** August 1, 2014; or

D.    You have a Coltec Asbestos Claim for which no lawsuit was filed against any defendant and no claim was filed against any asbestos trust until **after** August 1, 2014; or

E.    You have a Coltec Asbestos Claim based on an asbestos-related disease that was diagnosed on or before August 1, 2014, for which a lawsuit against any defendant <u>and</u> a claim against any asbestos trust have <u>not</u> yet been filed; or

F.    You do not have a "Coltec Asbestos Claim" as defined in the Joint Plan; or

G.    Your claim is (a) for benefits under a state-mandated workers' compensation system, which a past or present employee of Coltec, or its predecessors, is receiving, or may in the future have a right to receive, or (b) for reimbursement brought by any insurance company or state agency as a result of payments made by such insurance company or state agency for any statutory benefit owed (but not paid) by Coltec, or its predecessors, to such employees under such a system and for fees and expenses that are incurred and reimbursable under any insurance policies or laws or regulations covering such statutory employee benefit claims, excluding any right of an employee that exists outside of such state workers' compensation system.

<u>Please note</u>:   There may be other notices given about other kinds of claims, including the types of claims described in Section II above, which require the filing of proofs of claims before a separately identified bar date.

**You should not file a proof of claim if you do not have a claim against Coltec or if the claim you held against Coltec has been paid in full.**

**The fact that you have received this notice does not necessarily mean that you have a claim or that Coltec or the Bankruptcy Court believes that you have a claim.  Please consult with your lawyer if you have any question about your legal rights or whether the Coltec Asbestos Claims Bar Date will affect your rights.**

## III.    WHEN AND WHERE TO FILE

If you have a Coltec Asbestos Claim that is subject to the Coltec Asbestos Claim Bar Date, then please note the following:  For such a Coltec Asbestos Claim to be validly and properly filed, you must complete and submit Official Bankruptcy Form No. 410 to Rust Consulting/Omni Bankruptcy (the "<u>Balloting Agent</u>"), via first-class mail or courier, so as to be **actually received** by the Balloting Agent on or before **March 24, 2017** (*i.e.* the Coltec Asbestos Claims Bar Date) at this address:

> OldCo, LLC
> c/o Rust Consulting/Omni Bankruptcy
> Attn: Balloting Agent
> 5955 DeSoto Avenue, Suite 100
> Woodland Hills, CA 91367

**Proofs of claim that are <u>postmarked</u> on or before March 24, 2017, but received by the Balloting Agent <u>after</u> March 24, 2017, will <u>not</u> be treated as timely filed.**

**Proofs of claim sent by <u>facsimile</u> or <u>other electronic means</u> will <u>not</u> be accepted or treated as timely filed.**

IV.      **EFFECT OF NOT FILING A CLAIM BY THE BAR DATE**

**ANY HOLDER OF A COLTEC ASBESTOS CLAIM SUBJECT TO THE COLTEC ASBESTOS CLAIMS BAR DATE WHO FAILS TO FILE A PROOF OF CLAIM FORM WITH THE BALLOTING AGENT IN ACCORDANCE WITH THE COLTEC BAR DATE ORDER ON OR BEFORE THE COLTEC ASBESTOS CLAIMS BAR DATE SHALL BE SUBJECT TO SUCH LEGAL CONSEQUENCES AS THE BANKRUPTCY CODE MAY PRESCRIBE OR PERMIT, WHICH MAY INCLUDE DISALLOWANCE OF THE UNTIMELY FILED COLTEC ASBESTOS CLAIM AND THE BARRING, ESTOPPING, AND ENJOINING OF SUCH HOLDER FROM (A) ASSERTING ANY COLTEC ASBESTOS CLAIM AGAINST COLTEC (OR AGAINST ANY ENTITY THAT, PURSUANT TO ANY PLAN OF REORGANIZATION, ASSUMES LIABILITY FOR COLTEC ASBESTOS CLAIMS), (B) PARTICIPATING IN ANY DISTRIBUTION IN COLTEC'S CHAPTER 11 CASE ON ACCOUNT OF SUCH COLTEC ASBESTOS CLAIM (INCLUDING RECEIVING ANY PAYMENT FROM THE ASBESTOS TRUST ON ACCOUNT OF SUCH COLTEC ASBESTOS CLAIM), OR (C) RECEIVING FURTHER NOTICES REGARDING SUCH COLTEC ASBESTOS CLAIM.**

V.      **RESERVATION OF RIGHTS**

Coltec reserves the right, in the event the Joint Plan is withdrawn or not confirmed, to dispute, or to assert offsets, defenses, or counterclaims against, any Coltec Asbestos Claim for which a proof of claim is filed as to nature, amount, liability, classification, or otherwise. Nothing contained in this notice shall preclude Coltec from objecting to any Coltec Asbestos Claim or any other asbestos personal injury or wrongful death claim, whether scheduled or filed, on any grounds, in the event the Joint Plan is withdrawn or not confirmed.

February __, 2017

# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| IN RE: | Case No. 17-BK-30140 |
| OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC, | Chapter 11 |
| Debtor. | |

**ORDER (I) FIXING BAR DATE FOR CERTAIN COLTEC ASBESTOS
CLAIMS, (II) APPROVING PROOF OF CLAIM FORM AND PROPOSED
PROCEDURES FOR FILING CERTAIN COLTEC ASBESTOS CLAIMS,
AND (III) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the Debtor's Motion to (I) Fix Bar Date for Certain Coltec Asbestos Claims, (II) Approve Proof of Claim Form and Proposed Procedures for Filing Certain Coltec Asbestos Claims, and (III) Approve Form and Manner of Notice Thereof (the "Motion"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157; and upon the record herein; and upon consideration of the First Day Declaration,[1] and after due deliberation thereon, the Court makes the following findings of fact and conclusions of law:

A.     Good and sufficient cause for the relief requested in the Motion has been shown, and the relief requested in the Motion is in the best interest of Coltec and its estate;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

B.      The Coltec Bar Date Notice Procedures are fair and reasonable, will provide good, sufficient and proper notice to all Coltec Asbestos Claimants of their obligations in connection with the Coltec Asbestos Claims Bar Date, and comply with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules;

C.      Under the circumstances of this prepackaged chapter 11 case, the Coltec Bar Date Notice Procedures are reasonably calculated to, and are tailored to attempt to, ensure that all parties in interest that may be directly affected by the Coltec Asbestos Claims Bar Date will receive notice thereof; and

D.      Notice of the Motion has been due and sufficient under the circumstances due to the nature of the relief requested therein.  Now, therefore, based upon the foregoing,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Coltec Asbestos Claims Bar Date shall be **March 24, 2017**.

3.      The Coltec Asbestos Claims Bar Date applies to any Holder of a Coltec Asbestos Claim based on an asbestos-related disease that was diagnosed on or before August 1, 2014, for which a lawsuit against any defendant or a claim against any asbestos trust was filed on or before August 1, 2014.  However, any Holder of a Coltec Asbestos Claim who (a) in the Garlock Bankruptcy Case, submitted a proof of GST Asbestos Claim or a ballot (including a master ballot) with respect to the now-superseded Second Amended Plan of Reorganization on or before October 6, 2015, or (b) submitted a ballot (including a master ballot) with respect to the Joint Plan on or before December 9, 2016, shall be deemed to have filed a Coltec Asbestos Claim in the Coltec Bankruptcy Case and is hereby relieved from the requirement to file a proof of Coltec Asbestos Claim by the Coltec Asbestos Claims Bar Date.

2

4.      The Filing Procedures are hereby APPROVED.

5.      Any Holder of a Coltec Asbestos Claim subject to the Coltec Asbestos Claims Bar Date shall file his/her claim using Official Bankruptcy Form No. 410.  A copy of Official Bankruptcy Form No. 410, together with instructions for completing the official form, shall be included with each Coltec Asbestos Claims Bar Date Notice that is mailed or served pursuant to this Order.

6.      For a Coltec Asbestos Claim subject to the Coltec Asbestos Claims Bar Date to be validly and properly filed, a claimant must complete and submit Official Bankruptcy Form No. 410 to the Balloting Agent, by first-class mail or courier, so as to be actually received by the Balloting Agent on or before the Coltec Asbestos Claims Bar Date (*i.e.*, **March 24, 2017**) at this address:

> OldCo, LLC
> c/o Rust Consulting/Omni Bankruptcy
> Attn: Balloting Agent
> 5955 DeSoto Avenue, Suite 100
> Woodland Hills, CA 91367

Proofs of claim sent by facsimile or other electronic means shall not be accepted or valid.

7.      Unless the Court orders otherwise, pursuant to Bankruptcy Rule 3003(c)(2), any Holder of a Coltec Asbestos Claim who is required under paragraph 3 above to submit a proof of claim to the Balloting Agent by the Coltec Asbestos Claims Bar Date but fails to do so shall be subject to such legal consequences as the Bankruptcy Code may prescribe or permit, which may include disallowance of the untimely filed Coltec Asbestos Claim and the barring, estopping, and enjoining of such Holder from (a) asserting any Coltec Asbestos Claim against Coltec (or against any entity that, pursuant to any plan of reorganization, assumes liability for Coltec Asbestos Claims), (b) participating in any distribution in Coltec's chapter 11 case on account of such

3

Coltec Asbestos Claim (including receiving any payment from the Asbestos Trust on account of such Coltec Asbestos Claim), or (c) receiving further notices regarding such Coltec Asbestos Claim.

8.      Any entity that timely submits a proof of claim on account of a Coltec Asbestos Claim may amend it at any time, including after the Coltec Asbestos Claims Bar Date, to reflect developments regarding his or her Coltec Asbestos Claim.

9.      The Coltec Bar Date Notice Procedures are hereby APPROVED.

10.     The form of the Coltec Asbestos Claims Bar Date Notice attached to the Motion as Exhibit A and the form of the Combined Publication Notice attached to the Motion as Exhibit B are hereby APPROVED.  Both the Coltec Asbestos Claims Bar Date Notice and the Combined Publication Notice are hereby deemed to fulfill the notice requirements of the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

11.     Within five (5) business days after entry of this Order, Coltec shall cause the Coltec Asbestos Claims Bar Date Notice to be mailed to known Coltec Asbestos Claimants through their counsel of record. For any known Coltec Asbestos Claimant not represented by counsel, Coltec shall send the Coltec Asbestos Claims Bar Date Notice directly to the claimant if the claimant's address can be reasonably located in Coltec's books and records.

12.     To provide notice to unknown Coltec Asbestos Claimants, Coltec shall cause the Combined Publication Notice to be published in the national edition of *USA Today* as soon as reasonably practicable following entry of this Order on the date or dates during one week that *USA Today* publishes legal notices, but in no event later than Monday, February 13, 2017.

13.     Coltec is authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order.

4

9330705

14.     Any party may request that the Court reconsider entry of this Order by filing a motion for reconsideration within fourteen (14) days of service of this Order.

15.     This Court shall retain jurisdiction to hear and determine all matters arising from implementing this Order.

This Order has been signed electronically.  The judge's
signature and court's seal appear at the top of the Order.

United States Bankruptcy Court

9330705