# EXHIBIT C

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# Charlotte Division

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>　　　　　　Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>　　　　　　Debtor. | Case No. _____<br><br>Chapter 11<br><br>Jointly Administered |

## COOPERATION AGREEMENT

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; The Anchor Packing Company; and Oldco, LLC, successor by merger to Coltec Industries Inc.

## GST SETTLEMENT FACILITY

_____, 2016

GARLOCK SEALING
TECHNOLOGIES LLC
Attn:

GARRISON LITIGATION
MANAGEMENT GROUP, LTD.
Attn:

OLDCO, LLC
Attn:

Re:   Cooperation Agreement Between the GST Settlement Facility (the "**Settlement Facility**") and the Reorganized Debtors

Dear _____ and _____:

Pursuant to the Modified Joint Plan of Reorganization of Garlock Sealing Technologies LLC, et al. and Oldco, LLC, Proposed Successor By Merger to Coltec Industries Inc, as it may be amended or modified (the "**Plan**"), this letter sets forth the agreement between the Settlement Facility and the Reorganized Debtors regarding the Settlement Facility's taking possession of certain Documents (as defined herein) and the Reorganized Debtors' obligations to assist the Settlement Facility in the processing, resolution, and defense of Asbestos Claims (the "**Cooperation Agreement**").[2]

1.   Capitalized terms not otherwise defined herein have the meanings defined in the Plan. As used in this Cooperation Agreement, the term "**Document**" means any written record or electronically-stored information, including any writings, notes, memoranda, drawings,

---

[2] All capitalized terms not otherwise defined herein have the meanings defined in the Plan. As used in this Cooperation Agreement, the terms "**Debtors**" refers to the debtors and debtors-in-possession in the jointly-administered bankruptcy cases styled *In re Garlock Sealing Technologies, LLC*, *et al.*, Case No. 10-31607 (Bankr. W.D.N.C.) and In re OldCo, LLC, Case No. 16-\_\_\_ (Bankr. W.D.N.C.), together with all of their predecessors-in-interest. "**Reorganized Debtors**" are the Reorganized Debtors identified in the Plan. "**GST Asbestos Claims**" and "**Coltec Asbestos Claims**" refer to certain claims against the Debtors as defined in the Plan. "**Asbestos Claims**" means GST Asbestos Claims and Coltec Asbestos Claims.

graphs, charts, photographs, sound recordings, images, indexes and other data, data compilations, or databases. The term "asbestos claims" includes all manner of claims (as defined in 11 U.S.C. § 101(5)), whether pending, dismissed, or paid, that are or were based on alleged personal injury or wrongful death related to asbestos, including but not limited to "Asbestos Claims" as defined in the Plan. The term "asbestos claimants" means the holder of any asbestos claim. Unless the context otherwise requires, the singular form of any noun or pronoun includes the plural form, and vice versa.

2.     Under the procedures set forth in this Cooperation Agreement, the Reorganized Debtors shall provide, or cause to be provided, to the Settlement Facility, the Documents described below. The Reorganized Debtors acknowledge that they have succeeded to possession, custody, or control of the Documents they are agreeing to provide pursuant to this Cooperation Agreement and which were maintained by Debtors before and during the Chapter 11 Cases.

3.     The Reorganized Debtors shall provide, or cause to be provided to, the Settlement Facility the following:

(a)     A Microsoft-Access or other usable format copy of Garrison's historical asbestos claims database ("**FADA**"), except fields providing information related to Debtors' defense counsel and other fields not pertinent to the processing or resolution of Asbestos Claims. Reorganized Debtors shall provide the Settlement Facility a list and description of any withheld fields.

(b)     The following non-privileged documents maintained by Garrison at Garrison's offices or at offsite storage sites related to asbestos claims: (i) non-privileged documents relating to GST Products and Coltec Products (as defined in the CRP) including standard discovery responses, product lists, technical specifications, material data sheets, test results, catalogs, advertisements, marketing materials, sales records, invoices, and shipping records; (ii) a copy of documents the production of which was overseen by Garrison and which related specifically to GST Products or Coltec Products in litigation prior to the Petition Date; and (iii) deposition transcripts of fact and expert witnesses related to the litigation of asbestos claims; and (iv) evidentiary exhibits offered at hearing or trial of asbestos claims. The Reorganized Debtors represent that Garrison did not maintain, develop, or utilize a comprehensive list of locations or job sites at which the presence of GST Products or Coltec Products has been alleged or established. The Reorganized Debtors further represent that, except for certain records related to settlements and audit materials, Garrison had no policy or practice of directing outside counsel to store and maintain specific categories of documents related to asbestos claims.

2                                   Modified Joint Plan - Ex. C

(c) A list of all unpaid Settled GST Asbestos Claims and Pre-Petition Judgment GST Asbestos Claims (as defined in the CRP) as to which all conditions to payment under the applicable settlement agreement, jury verdict or judgment have been satisfied. The Reorganized Debtors represent that there are no settled Coltec Asbestos Claims and no Coltec Asbestos Claims that are the subject of pre-petition judgments.

(d) Documents and information submitted by Asbestos Claimants asserting a Settled GST Asbestos Claim in connection with the Settled Claims Bar Date (as defined in the CRP).

(e) Non-privileged documents and information relating to the potential resolution or settlement of any asserted Settled GST Asbestos Claim, including but not limited to communications between Debtors or their representatives and claimants or their representatives regarding such claims, including both prepetition and post-petition documents.

(f) A copy of any supersedeas bond or similar assurance of payment posted and still in effect with respect to any judgment entered against any of the Debtors on a GST Asbestos Claim as well as a copy of court filings and briefs pertaining to appeals pending as of the Petition Date with respect to any such claims.

(g) A copy, in a format accessible to the Settlement Facility and including imaged copies of documents (if applicable), of: (i) the database of Asbestos Claim ballots and Asbestos Claim proofs of claim submitted in the Chapter 11 Cases and maintained by Rust/Omni; (ii) a copy of the database that contains the mesothelioma personal injury questionnaires; and (iii) a copy of discoverable reliance materials utilized in the formulation of the Plan or produced in connection with expert testimony offered at the confirmation hearing for the Plan.

(h) A copy of Documents produced by the Debtors in connection with the estimation of mesothelioma claims during the Chapter 11 Cases and of Documents produced by Debtors in connection with litigation concerning the Second Amended Plan of Reorganization submitted in Case No. 10-31607; including, without limitation, produced or otherwise disclosed reliance materials and reports related to the testimony of Debtors' claims-related experts concerning the estimation of mesothelioma claims.

(i) With respect to Documents described in this Paragraph 3 which are in paper form, the Reorganized Debtors shall provide the materials in the manner in which the Reorganized Debtors generally retain their business records in the ordinary course of their business at a time that is reasonably acceptable to the Asbestos Trustee and the Reorganized

Debtors. With respect to Documents described in this Paragraph 3 kept in electronic format, the Reorganized Debtors shall provide the information on compact disc or other electronic media as reasonably requested by the Asbestos Trustee. Any Document described in this Paragraph 3 that consists of a database or data compilation in electronic or digital form shall be produced in computer-readable format and shall include any existing descriptions of data tables and fields used in the database or compilation. The Reorganized Debtors shall also provide the Settlement Facility with a copy of any existing electronic and paper index that identifies or describes the contents of any disc, database, or box of Documents described in this Paragraph 3.

4. Debtors maintain releases given by asbestos claimants in varying locations: at GLM's offices, off-site storage maintained by Garrison, and in the files of local and regional counsel who represented Debtors. At the Asbestos Trustee's request, Reorganized Debtors shall collect and provide such releases in their possession, contact outside counsel, retrieve a copy of such releases and assist the Asbestos Trustee in compiling a database of these releases (if desired by the Asbestos Trustee).

5. Some unindexed materials, including but not limited to exposure affidavits and other documents of GST Products and Coltec Products provided by asbestos claimants, are maintained by Garrison at Garrison's offices or at offsite storage sites. At the Asbestos Trustee's request, and with appropriate agreements or procedures to preserve such claims of privilege as the Reorganized Debtors wish to assert, Reorganized Debtors shall make available these materials for inspection and copying or collection by the Trustee.

6. Reorganized Debtors shall, within five (5) days from the effective date of this Cooperation Agreement, or as soon thereafter as practicable, provide to the Settlement Facility a copy of FADA. Otherwise, all Documents described in paragraph 3 shall be delivered to the Settlement Facility by [_____,] or, upon reasonable notice, on an earlier date if specified by the Settlement Facility. **[This Paragraph complies with and fulfills the requirement in Section [_____] of the Plan that the Settlement Facility issue written instructions for the transfer and assignment of books and records.]** By [    ] the Reorganized Debtors shall provide the Settlement Facility with a written certification that they have complied fully with the obligations set forth in paragraph 3, or, if unable to so comply, shall provide a written explanation of reasons ("**Initial Certification**").

7. The Reorganized Debtors shall provide direct assistance prior to the Effective Date of the Plan and for a period of **[_____]** after the Effective Date of the Plan for the specific purpose of assisting the Settlement Facility in the provision of Documents for the Settlement Facility's use, compiling and providing releases to the Asbestos Trustee if so requested, and otherwise assisting the Settlement Facility in the processing, resolution, and defense of Asbestos Claims. Debtors shall use their best efforts to enter consulting agreements with [_____] in order to make their services available to assist the Settlement Facility for a period of [_____] for the purpose of (a) identifying facts related to specific Asbestos Claims for which the Settlement Facility is responsible, (b) utilizing their knowledge and familiarity with the Documents to more effectively and/or more efficiently process, resolve,

or defend Asbestos Claims, and (c) authenticating or proving the chain of custody of Documents for admissibility purposes in court or other proceedings.  Reorganized Debtors will provide other information, documents or assistance as the Asbestos Trustee might reasonably request on terms to be agreed between the Reorganized Debtors and the Settlement Facility.

       8.      Subject to the limitations set forth in Paragraph 12, the Settlement Facility shall reimburse the Reorganized Debtors for all expenses related to the retention, storage, and provision of Documents required by the Cooperation Agreement and for such further expenses as may be agreed to by the Asbestos Trustee pursuant to Paragraphs 4, 5, 7, 10, 11, and 12 or otherwise.  The Settlement Facility shall not be obligated to reimburse general costs for personnel, facility leases, utilities, or other overhead of any Reorganized Debtors or affiliates unless such costs represent a reasonable allocation of expenses actually incurred by the Reorganized Debtors to comply with this Cooperation Agreement.  Costs incurred by the Reorganized Debtors' outside counsel for the retention of documents shall be subject to reimbursement by the Settlement Facility only after the conclusion of the one-year retention period specified in paragraph 10 and then only by agreement with the Asbestos Trustee pursuant to paragraph 12.  On request by the Asbestos Trustee, the Reorganized Debtors shall provide estimates of the amount and nature of costs for which Reorganized Debtors anticipate seeking reimbursement.

       9.      Nothing herein shall be interpreted as requiring the Reorganized Debtors to create any new Documents or to update or revise any of the information described herein.  Further, the Settlement Facility shall be solely responsible for acquiring any necessary licenses, and paying all associated fees, in connection with the Settlement Facility's use of any electronic database or documents provided hereunder.

       10.      Debtors and Reorganized Debtors shall retain all documents related to the processing, resolution, and defense of asbestos claims for a period of no less than three (3) years from the date of the Initial Certification. Reorganized Debtors will likewise request that outside counsel who represented Debtors or Reorganized Debtors retain all documents related to the processing, resolution, and defense of asbestos claims for a period of no less than one (1) year from the date of the Initial Certification. The costs incurred for such retention shall be reimbursed by the Settlement Facility subject to the limitations in paragraph 8.

       11.      Documents related to the processing, resolution, and defense of asbestos claims not already provided or made available to the Settlement Facility under this Cooperation Agreement may be disposed of before three (3) years (for Debtors and Reorganized Debtors) or one (1) year (for outside counsel) from the date of the Initial Certification only if, (i) a detailed description of such documents is made available to the Asbestos Trustee, or (ii) such documents are made available for inspection, and the Asbestos Trustee is given no less than six months to decide whether to request such documents. Within this six month period the Settlement Facility shall have the opportunity to negotiate terms under which the Reorganized Debtors or outside counsel may provide any further documents and at the Settlement Facility's expense.  With respect to any documents for which the Settlement Facility is obligated to reimburse storage costs, the Asbestos Trustee may request a detailed description or, for documents maintained by Garrison at Garrison's offices or at offsite storage sites related to asbestos claims, inspection of such documents.  Upon review of the descriptions or inspection of the documents, the Asbestos

Trustee may advise the Reorganized Debtors that the Settlement Facility has no need of the documents and Reorganized Debtors need not retain them.  In such a case, the obligation of the Settlement Facility to pay the cost of retaining such documents shall thereafter cease.  Should the Reorganized Debtors not provide a description or allow inspection as described above, the retention obligation set forth in paragraph 10 shall remain but the Settlement Facility is relieved of any obligation to reimburse Reorganized Debtors for the cost of retaining such documents.

12. Unless otherwise agreed by the Reorganized Debtors and the Settlement Facility, after three (3) years (for Debtor or Reorganized Debtor documents) and one (1) year (for outside counsel documents) from the date of the Initial Certification, this agreement shall not impose any obligation to preserve or maintain documents related to the processing, resolution, and defense of asbestos claims, nor shall it obligate the Settlement Facility to reimburse such costs.

13. The Settlement Facility shall use the Documents and information provided under this Cooperation Agreement only for purposes of (a) the processing, resolution, and defense of Asbestos Claims under the Claims Resolution Procedures; (b) satisfying the Settlement Facility's obligations to provide Debtors, Coltec, or settling insurers identified by them with access to certain data and other information as provided in Section 12.2 of the Claims Resolution Procedures, on the terms and conditions set forth in that provision and for the purposes stated therein; and (c) satisfaction by the Settlement Facility of obligations, if any, to produce documents to Asbestos Claimants as required by rules of discovery in claims made against the Settlement Facility. Nothing in this Cooperation Agreement shall add to or detract from the provisions of Section 7.3.10 of the Plan.

14. No later than thirty days after the effective date hereof, the Reorganized Debtors and the Asbestos Trustee shall confer with a view to implementing this Cooperation Agreement in an efficient manner.  For purposes of that conference, the Reorganized Debtors shall provide the Asbestos Trustee with an estimate of their reasonable costs to be incurred in turning over the Documents and complying with other obligations created by the Cooperation Agreement.

15. This Cooperation Agreement, including the provision for further negotiation of the provision of documents to the Settlement Facility, shall not be construed as a waiver of any privilege or immunity, nor any requirement to provide the Settlement Facility with any document protected by a privilege or immunity.

16. Notwithstanding any other provision of this Cooperation Agreement, under no circumstances shall documents provided pursuant to this Cooperation Agreement be used as a basis for or in support of any claim against the Reorganized Debtors or any Asbestos Protected Party.

17. Neither the Reorganized Debtors nor any of their Representatives shall have any liability to the Settlement Facility or its Representatives arising out of or relating to the use of the Documents or information provided under this Cooperation Agreement or any errors or omissions resulting therefrom, provided however, that this limitation shall not pertain to any breach by the Reorganized Debtors of the duties created by this Cooperation Agreement or any of the Plan Documents.

18. This Cooperation Agreement is the entire agreement between the Settlement Facility and the Reorganized Debtors with respect to the subject matter hereof, and supersedes all prior representations and agreements between the parties as to such subject matter. Any modification, waiver, or amendment of any provision of this Cooperation Agreement must be in writing and signed on behalf of the Settlement Facility and the Reorganized Debtors, and no waiver of any term or breach of this Cooperation Agreement shall be deemed a waiver of such term for the future or any subsequent or other breach hereof. No failure or delay by any party in exercising any right, power, or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof, or the exercise of any other right, power, or privilege hereunder. This Cooperation Agreement, and the terms hereof, shall be binding upon each of the Reorganized Debtors, the Settlement Facility, and each of their respective successors and assigns. In the event that any of the terms of this Cooperation Agreement conflict with the Plan, the Plan shall control.

19. This Cooperation Agreement shall be construed in accordance with the laws of the State of North Carolina, without regard to any conflict of law principles.

20. The following rules of construction shall apply to this Cooperation Agreement:

    (a) the words "include," "including," and any variation thereof are not limiting;

    (b) the word "or" is not exclusive;

    (c) the word "and" includes "or"; and

    (d) the plural includes the singular, and vice-versa.

21. Notices hereunder shall be sent for overnight delivery either by courier or certified mail, return receipt requested, and e-mail addressed to:

    (a) <u>If to the Settlement Facility:</u>

        [TO COME]

    <u>with copies to the following Representatives:</u>

        [TO COME]

    (b) <u>If to the Reorganized Debtors:</u>

        [TO COME]

    <u>with copies to the following Representatives:</u>

        Jonathan C. Krisko, Esq.

>Robinson Bradshaw & Hinson, P.A.
>101 N. Tryon Street, Suite 1900
>Charlotte, NC 28246
>jkrisko@robinsonbradshaw.com

  Please acknowledge your agreement to the terms of this Cooperation Agreement by signing in the space provided below, and returning one copy of the signed Cooperation Agreement to the Settlement Facility, whereupon this Cooperation Agreement shall become a binding agreement between the Settlement Facility and the Reorganized Debtors.

                 Very truly yours,

                 _____
                 [NAME OF ASBESTOS TRUSTEE]
                 Asbestos Trustee

**AGREED AND ACCEPTED:**
this ___ day of _____, 2017, by:

**THE REORGANIZED DEBTORS**
GARLOCK SEALING TECHNOLOGIES, LLC on behalf of itself and its subsidiaries
and affiliates that are Reorganized Debtors under the Plan

By: _____
Name:
Title:

OLDCO, LLC  on behalf of itself and its subsidiaries
and affiliates that are Reorganized Debtors under the Plan

By: _____
Name:
Title: