IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>Debtor. | Case No. 17-BK-30140<br><br>Chapter 11<br><br>[Joint Administration Pending][1] |

**DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT FOR MODIFIED JOINT PLAN OF REORGANIZATION OF GARLOCK SEALING TECHNOLOGIES LLC ET AL. AND OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC**

OldCo, LLC, debtor and debtor-in-possession in the above-captioned case and successor by merger to Coltec Industries Inc ("Coltec" or "Debtor"),[2] moves the Court for entry of an Order (A) finding that the Disclosure Statement for the Joint Plan (as each term is defined below) provides adequate information and (B) approving the Disclosure Statement for the Joint Plan (this "Motion"). In support of this Motion, Coltec respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 1125 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] Contemporaneously with filing this Motion, Coltec moved to have its chapter 11 case jointly administered with the chapter 11 cases of *In re Garlock Sealing Technologies LLC* (10-BK-31607), *In re Garrison Litigation Management Group, Ltd.* (10-BK-31608) and *In re The Anchor Packing Company* (10-BK-31606), with *In re Garlock Sealing Technologies LLC* serving as the lead case.

[2] For convenience, the term "Coltec" in this Motion refers to OldCo, LLC's predecessor, Coltec Industries Inc, when referring to events prior to the Coltec Restructuring and refers to OldCo, LLC when referring to events subsequent to the Coltec Restructuring.

1

## BACKGROUND

3. On January 30, 2017 (the "Coltec Petition Date"), Coltec filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Coltec Bankruptcy Case"). Coltec is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in the Coltec Bankruptcy Case.

4. On the Coltec Petition Date, Coltec filed the Joint Plan and Disclosure Statement in the Coltec Bankruptcy Case and has separately moved for (a) entry of a scheduling order setting March 24, 2017 as the deadline for parties in interest to object to the Disclosure Statement and (b) setting a combined hearing on the approval of the Disclosure Statement and confirmation of the Joint Plan in the Coltec Bankruptcy Case on May 15, 2017 (the "Combined Hearing").

5. For additional background information regarding Coltec's history and corporate structure and events leading to the Coltec Petition Date, Coltec refers the Court and parties in interest to the Debtors' Motion for Order Directing Joint Administration of Related Chapter 11 Cases filed herein (the "Joint Administration Motion") and the Declaration of Joseph Wheatley in Support of OldCo, LLC's Chapter 11 Petition and First Day Motions filed herein (the "First Day Declaration").[3] In support of this Motion, Coltec relies on the First Day Declaration.

## RELIEF REQUESTED

6. By this Motion, Coltec requests that the Court enter an order, at or in connection with the Combined Hearing and substantially in the form attached hereto as Exhibit A, (a) finding that the Disclosure Statement provides "adequate information," as defined in section

---

[3] Unless defined in this Motion, capitalized terms have the meanings ascribed to them in the Joint Plan and the Joint Administration Motion.

2

9305630v4

1125(a)(1) of the Bankruptcy Code and (b) approving the Disclosure Statement for the Joint Plan.[4]

## BASIS FOR RELIEF REQUESTED

7. Pursuant to section 1125 of the Bankruptcy Code, a plan proponent must provide holders of impaired claims or interests with "adequate information" regarding a debtor's proposed plan of reorganization. The Bankruptcy Code defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

Bankruptcy Code § 1125(a)(1). Thus, a debtor's disclosure statement must, as a whole, provide "sufficient information to permit a reasonable, typical creditor to make an informed judgment about the merits of the proposed plan." *In re A.H. Robins Co., Inc.*, 163 F.3d 598 (4th Cir. 1998). In other words, a disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

8. The Court has broad discretion in determining the adequacy of the information contained in a disclosure statement. *See In re A.H. Robins Co., Inc.*, 880 F.2d 694, 696 (4th Cir. 1989); *see also Kirk v. Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a).").

9. This broad discretion gives the Court flexibility to apply the definition of "adequate information" on a case-by-case basis, focusing on the unique circumstances of each

---

[4] Coltec reserves the right to supplement the Disclosure Statement before the Confirmation Hearing.

3

case.  *See A.H. Robins*, 880 F.2d at 696; *In re Radco Props., Inc*., 402 B.R. 666, 682 (Bankr. E.D.N.C. 2009) ("Adequate information was vaguely defined by Congress so that courts could view the circumstances of each particular case."); *In re Dakota Rail, Inc.*, 104 B.R. 138, 143 (Bankr. D. Minn. 1989) ("The statutory definition of 'adequate information' leaves the bankruptcy court wide discretion to determine on a case by case basis whether a disclosure statement contains adequate information, without burdensome, unnecessary, and cumbersome detail.").

10.    Under the circumstances presented here, the Court should approve the Disclosure Statement as containing adequate information within the meaning of section 1125(a) of the Bankruptcy Code.  Although prepared by Garlock, Garrison, Anchor and Coltec, it was subject to extensive review and comment by the Asbestos Claimants' Representatives and their counsel before it was filed in the Garlock Bankruptcy Case.  In that case, the Court approved the Disclosure Statement, without any objection having been filed, on July 29, 2016 (D.E. 5445).

## NOTICE

11.    No trustee, examiner, or creditors' committee has been appointed in the Coltec Bankruptcy Case.  Coltec has served notice of this Motion on (a) the Ad Hoc Committee; (b) the Garlock Committee; (c) Mr. Grier, in his capacity as the proposed legal representative for future Coltec Asbestos Claimants and the Future Asbestos Claimants' Representative in the Garlock Bankruptcy Case; (d) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; and (e) to the extent not set forth above, the parties listed on the updated Master Service List in the Garlock Bankruptcy Case (D.E. 5655) and any party that has filed a request for notices under Rule 2002 of the Federal Rules of Bankruptcy Procedure since the filing of the updated Master Service List, and submits that, given the nature of the relief

9305630v4

requested, no other or further notice need be given. No previous application for the relief requested herein has been made by Coltec to this or any other court.

WHEREFORE, Coltec respectfully requests that the Court enter an Order, at or in connection with the Combined Hearing and substantially in the form attached hereto as <u>Exhibit A</u>, (a) finding that the Disclosure Statement provides "adequate information," as defined in section 1125(a)(1) of the Bankruptcy Code, (b) approving the Disclosure Statement for the Joint Plan, and (c) granting such other relief as the Court deems just and proper.

[remainder of page left blank intentionally –
signature page of counsel follows]

This the 30th day of January, 2017.

| | |
|---|---|
| */s/ Daniel G. Clodfelter* | */s/ David M. Schilli* |
| Daniel G. Clodfelter | David M. Schilli |
| N.C Bar No. 7661 | N.C. Bar No. 17989 |
| danclodfelter@parkerpoe.com | dschilli@robinsonbradshaw.com |
| William L. Esser IV | Andrew W.J. Tarr |
| N.C. Bar No. 29201 | N.C. Bar No. 31827 |
| willesser@parkerpoe.com | atarr@robinsonbradshaw.com |
| Ashley A. Edwards | |
| N.C. Bar No. 40695 | ROBINSON BRADSHAW & HINSON, P.A. |
| ashleyedwards@parkerpoe.com | 101 North Tryon Street |
| | Suite 1900 |
| PARKER POE ADAMS & BERNSTEIN, LLP | Charlotte, NC 28246 |
| Three Wells Fargo Center | Telephone:    (704) 377-2536 |
| 401 South Tryon Street, Suite 3000 | Facsimile:    (704) 378-4000 |
| Charlotte, NC 28202 | |
| Telephone:    (704) 372-9000 | *Proposed Special Corporate and Litigation Counsel to OldCo, LLC, Debtor and Debtor-in-Possession* |
| Facsimile:    (704) 334-4706 | |
| | |
| *Proposed Counsel to OldCo, LLC, Debtor and Debtor-in-Possession* | |

6

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>    Debtor. | Case No. 17-BK-30140<br><br>Chapter 11 |

**ORDER APPROVING THE DISCLOSURE STATEMENT**

Upon the Debtor's Motion to Approve Disclosure Statement for Modified Joint Plan of Reorganization of Garlock Sealing Technologies LLC et al. and OldCo, LLC, Successor by Merger to Coltec Industries Inc (the "Motion"); and it appearing that the relief requested in the Motion is in the best interests of Coltec,[1] its estate, its creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon consideration of the entire record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

2. The Disclosure Statement contains "adequate information," as defined in section 1125(a) of the Bankruptcy Code, with respect to Coltec, the Joint Plan and the transactions contemplated therein and is approved in all respects.

3. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court