**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br><br>　　　　Debtor. | Case No. 17-BK-30140<br><br>Chapter 11<br><br>[Joint Administration Pending][1] |

**DEBTOR'S *EX PARTE* APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF ROBINSON, BRADSHAW & HINSON, P.A. AS <u>SPECIAL CORPORATE AND LITIGATION COUNSEL</u>**

OldCo, LLC, debtor and debtor-in-possession in the above-captioned case and successor by merger to Coltec Industries Inc ("Coltec" or "Debtor"),[2] hereby moves *ex parte* and applies for the Court to enter an Order authorizing the retention and employment of the law firm of Robinson, Bradshaw & Hinson, P.A. ("RBH") as of the Coltec Petition Date (as defined below) as Special Corporate and Litigation Counsel to Coltec (this "Application").

In making this Application, Coltec relies upon, and incorporates by reference, the Declarations of Garland S. Cassada and Stephen M. Lynch, attached hereto as <u>Exhibits A and B</u>, respectively (collectively, the "Declarations"), submitted on behalf of RBH. In further support of this Application, Coltec respectfully states as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and

---

[1]  Coltec has moved to have its chapter 11 case jointly administered with the chapter 11 cases of *In re Garlock Sealing Technologies LLC* (10-BK-31607), *In re Garrison Litigation Management Group, Ltd.* (10-BK-31608) and *In re The Anchor Packing Company* (10-BK-31606), with *In re Garlock Sealing Technologies LLC* serving as the lead case.

[2]  For convenience, the term "Coltec" in this Application refers to OldCo, LLC's predecessor, Coltec Industries Inc, when referring to events prior to the Coltec Restructuring and refers to OldCo, LLC when referring to events subsequent to the Coltec Restructuring.

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory bases for the relief requested herein are sections 105, 327, 328, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1, 2016-1 and 9013-1(f)(8) of the Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Rules").

## BACKGROUND

3.     On January 30, 2017 (the "Coltec Petition Date"), Coltec filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Coltec Bankruptcy Case").  Coltec is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or creditors' committee has been appointed in the Coltec Bankruptcy Case.

4.     For additional background information regarding Coltec's history and corporate structure and events leading to the Coltec Petition Date, Coltec refers the Court and parties in interest to the Debtors' Motion for Order Directing Joint Administration of Related Chapter 11 Cases filed herein (the "Joint Administration Motion") and the Declaration of Joseph Wheatley in Support of OldCo, LLC's Chapter 11 Petition and First Day Motions filed herein (the "First Day Declaration").[3]

## PROPOSED RETENTION

5.     In this Application, Coltec proposes the employment of RBH as Special

---

[3]  Unless defined in this Application, capitalized terms have the meanings ascribed to them in the Joint Plan and the Joint Administration Motion.

Corporate and Litigation Counsel, pursuant to section 327(e), to represent and advise Coltec in matters related to the defense and resolution of Coltec Asbestos Claims, to assist Coltec's bankruptcy counsel in the prosecution and confirmation of the Joint Plan, and to represent and advise Coltec in certain other distinct corporate matters arising out of or relating to implementation of the Coltec Restructuring. RBH has been retained for similar matters in the Garlock Bankruptcy Case.

6.      RBH has represented Coltec as general asbestos counsel since 2002. RBH also began representing Coltec's affiliates, Garlock, Garrison, and Anchor, in 2002 as general asbestos counsel. Since 2010, RBH has represented Garlock, Garrison and Anchor as Special Corporate and Litigation Counsel in the Garlock Bankruptcy Case. Finally, RBH has represented and advised EnPro and Coltec in the role of outside general corporate counsel since 2002, and RBH has regularly advised EnPro, its subsidiaries, and affiliates on a variety of matters including general corporate legal matters, corporate borrowing, employee benefits, employment and commercial litigation, mergers and acquisitions, and securities law compliance and filings (including the review of periodic reports and other reports filed with the Securities and Exchange Commission and offerings of securities).

7.      Through its representation of Coltec and EnPro, its representation of Garlock, Garrison and Anchor as Special Corporate and Litigation Counsel in the Garlock Bankruptcy Case, its extensive involvement in the negotiations leading to the Joint Plan, and its involvement in the "Coltec Restructuring" described in the Joint Administration Motion, RBH has extensive knowledge of Coltec's corporate and litigation history, its asbestos claims history, and its involvement with the Joint Plan.

8.      As this Court well knows and is apparent from the history of the Garlock

Bankruptcy Case, the professionals at RBH have experience representing parties with interests similar to those of Coltec in asbestos-related bankruptcy cases.  RBH is well-versed in applicable law, including substantive and procedural laws relating to mass-tort liability, corporate reorganizations, debtor/creditor and commercial law, and section 524(g) of the Bankruptcy Code.

9.      Coltec submits that, based on RBH's asbestos bankruptcy experience, extensive representation and knowledge of litigation related to Coltec Asbestos Claims and intimate knowledge of the Joint Plan and the Coltec Restructuring, RBH is well qualified and uniquely able to provide the specialized legal services sought by Coltec as described in detail below. Likewise, Coltec submits that RBH's expertise and experience with Coltec and its affiliates in taxation and corporate matters enables RBH to provide efficient and effective counsel to Coltec.

## SCOPE OF PROPOSED RETENTION

10.      Coltec anticipates that RBH's services in the Coltec Bankruptcy Case will include all matters related to Coltec Asbestos Claims including, among other things, and without limitation, the following matters:

a.      Assisting and advising Coltec relative to matters in the administration of the estate to the extent related to Coltec Asbestos Claims;

b.      Representing Coltec at hearings to be held before this Court related to Coltec Asbestos Claims and communicating with Coltec regarding the matters and issues raised and the decisions and actions of this Court;

c.      Reviewing, analyzing, and/or drafting applications, orders, operating reports, schedules and statements filed with this Court by Coltec or other interested parties in this case to the extent related to Coltec Asbestos Claims, and advising Coltec on the necessity and propriety of the foregoing and their impact upon Coltec Asbestos Claims;

d.      Assisting Coltec in preparing appropriate legal pleadings, motions, adversary proceedings, proposed orders, and other related documents as may be required to support positions taken by Coltec relative to Coltec Asbestos Claims;

9391364v6

e.    Assisting Coltec in negotiations and other communications related to Coltec Asbestos Claims, whether with any committee appointed to represent the interests of Coltec Asbestos Claimants, any Coltec Asbestos Claimants or their representatives, or any other person;

f.    Assisting and advising Coltec regarding notices and other communications to Coltec Asbestos Claimants and their respective lawyers and representatives regarding any motions, applications, or adversary proceedings filed by Coltec or Coltec's efforts, progress and recommendations respecting matters arising in the cases as well as any proposed or amended plan of reorganization;

g.    Assisting Coltec in proceedings leading to the confirmation of the Joint Plan and in matters and transactions necessary to consummate and implement the Joint Plan;

h.    Assisting Coltec in drafting and preparing any plan of reorganization, disclosure statement, or related documents to the extent that such documents address Coltec Asbestos Claims, and the solicitation and filing with the Court of acceptances or rejections by holders of Coltec Asbestos Claims of any proposed plan or plans of reorganization;

i.    Assisting, advising and taking action for Coltec relating to any insurance policy that addresses, or might address, Coltec's losses associated with Coltec Asbestos Claims;

j.    Assisting, advising and taking action for Coltec relating to any bar date for filing Coltec Asbestos Claims, allowance of any Coltec Asbestos Claims, or estimation of Coltec's liability for Coltec Asbestos Claims;

k.    Assisting, advising and taking action for Coltec concerning the establishment of a section 524(g) Trust and issuance of a permanent injunction pursuant to section 524(g) of the Bankruptcy Code channeling Coltec Asbestos Claims to such section 524(g) Trust for processing and payment and enjoining the holders of Coltec Asbestos Claims from asserting any claim against Coltec, their affiliates and other persons entitled to protection under the Bankruptcy Code;

l.    Assisting, advising and taking action for Coltec related to any adversary proceeding or contested action against any other person or entity, including any Coltec Asbestos Claimant or such claimant's representatives, who may have some liability to Coltec related to Coltec Asbestos Claims, including any such proceeding against such person who has participated in the fraudulent or negligent misstatement of material facts or concealment of material evidence in connection with the assertion against a Coltec Asbestos Claim; and

5

9391364v6

m.    Otherwise assisting, advising and taking action for Coltec concerning matters and dealings with persons or their representatives that have made or may make Coltec Asbestos Claims, including matters and dealings with any creditor's committee comprising persons who have made Coltec Asbestos Claims or their representatives.

11.    RBH also will advise Coltec in matters of taxation, including those matters related to Coltec Asbestos Claims and any trust established pursuant to the Bankruptcy Code.  Finally, RBH will represent and advise Coltec with respect to supplemental corporate and commercial transactional matters as may be necessary to complete, evidence, or perfect the Coltec Restructuring and consummate the Joint Plan.

12.    RBH has indicated its willingness to render the necessary professional services described above as special counsel to Coltec and will not serve as general bankruptcy and reorganization counsel to Coltec.  Coltec believes that the services RBH will provide will be complementary rather than duplicative of the services to be performed by Parker Poe Adams & Bernstein LLP, Coltec's proposed general bankruptcy and reorganization counsel.  Coltec is mindful of the need to avoid the duplication of legal services and appropriate procedures will be implemented to minimize any duplication of effort.

13.    Coltec submits that RBH's retention and employment as Special Corporate and Litigation Counsel is in the best interests of Coltec and its bankruptcy estate.

## COMPENSATION

14.    Subject to this Court's approval and in accordance with sections 327(e), 330, and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders or rules of this Court, Coltec requests that RBH be compensated on an hourly basis, and be reimbursed for the actual, necessary expenses RBH incurs; provided, however, that RBH has agreed to charge one-half (½) time for travel time incurred in providing services to Coltec.

15.    The hourly rates applicable to the attorneys at RBH proposed to represent Coltec

6

9391364v6

are:

| Attorney | Rate |
| --- | --- |
| Garland S. Cassada | $565.00 |
| Herman Spence | $530.00 |
| David M. Schilli | $495.00 |
| Jonathan C. Krisko | $425.00 |
| Andrew W.J. Tarr | $425.00 |
| Richard C. Worf | $400.00 |
| Ty E. Shaffer | $330.00 |
| Stuart L. Pratt | $290.00 |
| Kevin R. Crandall | $215.00 |
| Satyra L. Riggins | $175.00 |

Other lawyers and paralegals not listed may perform services for Coltec.  Generally, RBH's hourly rates range from $215.00 to $690.00 for attorneys and from $110.00 to $240.00 for legal assistants and paralegals.  In the normal course of business, the hourly rates are revised on a yearly basis, and Coltec has agreed to pay the adjusted rates as and when they go into effect.  It is anticipated that the next general firm rate increase will be effective January 1, 2018.

16.    RBH received a retainer from Coltec before the Coltec Petition Date.  RBH reserves the right to request an additional retainer from Coltec at any time.

**NO ADVERSE INTEREST WITH RESPECT TO MATTERS
UPON WHICH RBH SHALL BE EMPLOYED**

17.    To the best of Coltec's knowledge and except as set forth in the attached Declarations, neither RBH nor any of its professionals holds or represents any interests which are adverse to Coltec or its estate with respect to the matters on which Coltec seeks to retain RBH as described herein.

18.    As set forth in the Declarations, RBH has provided and continues to provide substantial legal services to affiliates of Coltec, including EnPro, EnPro Holdings, Garlock, Garrison, and Anchor.  Coltec is satisfied, however, that RBH does not hold or represent any

7

interest adverse to the interests of Coltec or its estate with respect to the matters upon which RBH would be employed pursuant to this Application.

19.     RBH does not represent Coltec on a contingency fee basis with respect to any services provided to Coltec.

20.     Coltec believes that the denial of this Application would be highly prejudicial to Coltec and its estate.  Should Coltec be required to retain counsel in substitution of RBH, Coltec, its estate, and other parties in interest would be prejudiced by the time and expense required for substitute counsel to become familiar with the Comprehensive Settlement, the Joint Plan, and Coltec's asbestos-litigation history and obtain the expertise required to serve Coltec and its estate in this prepackaged chapter 11 case effectively.

21.     During the twelve (12) months before the Coltec Petition Date, RBH received from Coltec a total of $427,207.02 in payment for services rendered to and expenses incurred for Coltec.  Coltec paid $138,168.18 of that total amount more than ninety (90) days before the Coltec Petition Date and before providing RBH a retainer of $200,000.00 on November 8, 2016. After receiving the retainer, RBH was paid for services rendered to and expenses incurred for Coltec by drawing down the retainer, which it did on December 7, 2016, in the amount of $25,505.94, and then again on December 13, 2016, in the amount of $63,909.20.   Coltec replenished the retainer with a payment of $89,415.14 on January 12, 2017.  On January 27, 2017, RBH drew down the retainer in the amount of $199,618.70 to pay for services rendered to and expenses incurred for Coltec before the Coltec Petition Date.  The balance of the retainer as of the Coltec Petition Date is $381.30.  RBH had been paid for its pre-petition services rendered and expenses incurred, except for services rendered during the period from January 27 through January 29, 2017 in the amount of $25,907.00, specifically required for completion of the

8

requirements and pleadings necessary for filing the Coltec Bankruptcy Case. The Debtor understands that RBH will seek the fees and expenses incurred for that three-day period as part of its first application for compensation and reimbursement from the Court.

22.    The following table contains the amounts and dates on which RBH was paid by Coltec for services rendered and for reimbursement of expenses during the 12-month period before the Coltec Petition Date:

| *Date Received* | *Type of Payment* | *Payment Amount* |
|---|---|---|
| 10/27/2016 | Coltec Payment | $138,168.18 |
| 12/07/2016 | Draw on Retainer | $25,505.94 |
| 12/13/2016 | Draw on Retainer | $63,909.20 |
| 01/27/2017 | Draw on Retainer | $199,618.70 |

23.    RBH understands that any compensation and expenses paid to it must be approved by this Court upon application consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders or rules of this Court.

24.    Accordingly, Coltec submits that the employment of RBH is in the best interests of Coltec and its estate.

## NOTICE

25.    No trustee, examiner, or creditors' committee has been appointed in this the Coltec Bankruptcy Case. Coltec has served notice of this Application on (a) the Ad Hoc Committee; (b) the Garlock Committee; (c) Mr. Grier, in his capacity as the proposed legal representative for future Coltec Asbestos Claimants and the Future Asbestos Claimants' Representative in the Garlock Bankruptcy Case; (d) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; and (e) to the extent not set forth above, the parties listed on the updated Master Service List in the Garlock Bankruptcy Case (D.E. 5655) and any party that has filed a request for notices under Bankruptcy Rule 2002 since

9

9391364v6

the filing of the updated Master Service List, and submits that, given the nature of the relief requested, no other or further notice need be given. No previous application for the relief requested herein has been made by Coltec to this or any other court.

WHEREFORE, Coltec respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit C, (a) authorizing Coltec to retain and employ RBH as Special Corporate and Litigation Counsel, effective as of the Coltec Petition Date, to represent it as set forth in this Application and (b) granting such other relief as the Court deems just and proper.

[remainder of page left blank intentionally –
signature page of Coltec follows]

9391364v6

This the 31st day of January, 2017.

OLDCO, LLC

By:      Joseph Wheatley
Its:     President and Treasurer