FILED & JUDGMENT ENTERED
Steven T. Salata

February 3 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



_____
J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# Charlotte Division

IN RE:

OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,

Debtor.

Case No. 17-BK-30140

Chapter 11

## ORDER GRANTING DEBTORS' MOTION TO APPOINT
## JOSEPH W. GRIER, III AS FUTURE ASBESTOS CLAIMANTS' REPRESENTATIVE

Upon the Debtor's Motion To Appoint Joseph W. Grier, III as Future Asbestos Claimants' Representative (the "Motion"); and it appearing that the relief requested in the Motion is in the best interests of Coltec,[1] its estate, its creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §157; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and upon consideration of the First Day Declaration and the Grier Declaration; and after due deliberation thereon; and good and sufficient cause appearing therefor;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

9298743v6 25081.00011

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Pursuant to sections 105(a) and 524(g)(4)(B) of the Bankruptcy Code and the terms and conditions set forth in the Motion and the Grier Declaration, Joseph W. Grier, III, is hereby appointed as the Coltec FCR, effective as of February 1, 2017, to protect the rights of the Future Coltec Asbestos Claimants. The Coltec FCR shall represent the interests of, appear on behalf of, and be a fiduciary to the Future Coltec Asbestos Claimants.

3. The Coltec FCR shall be compensated from Coltec's estate and shall be entitled to allowance of compensation for services rendered and reimbursement of expenses incurred, upon the filing and approval of interim and final applications pursuant to the Bankruptcy Code, the Bankruptcy Rules, and applicable rules, orders and procedures of the Court.

4. The Coltec FCR may employ attorneys and other professionals consistent with sections 1103(a) and (b) of the Bankruptcy Code, subject to approval of the Court. Compensation for professional fees and reimbursement of expenses shall be payable to the Coltec FCR's professionals from Coltec's estate upon the filing and approval of interim and final applications pursuant to the Bankruptcy Code, the Bankruptcy Rules, and applicable rules, orders and procedures of the Court.

5. The Coltec FCR shall not be liable for any damages, or have any obligation other than as prescribed by order of the Court; provided, however, that the Coltec FCR may be liable for damages caused by willful misconduct or gross negligence. The Coltec FCR shall not be liable to any person as a result of any action or omission taken or made in good faith. Subject to the provisions of the Joint Plan, Coltec shall indemnify, defend and hold harmless Mr. Grier, his partners, associates, principals, employees and professionals (individually, an "Indemnified

9298743v6 25081.00011

Party") from all claims against any of them, and all losses, claims, damages, or liabilities (or actions in respect thereof) to which any of them may become subject, as a result of or in connection with such party rendering services pursuant to this Order or to the Coltec FCR, unless and until it is finally judicially determined that such losses, claims, damages or liabilities were caused by willful misconduct or gross negligence on the part of such Indemnified Party; provided, however, Coltec's indemnification obligations hereunder shall not apply to any disallowance of any portion of an Indemnified Party's fee application or fees or expenses such Indemnified Party incurs to defend a fee application. If before the earlier of (i) the entry of an order confirming a plan of reorganization in this case, and such order having become final and no longer subject to appeal, and (ii) the entry of an order closing this chapter 11 case, an Indemnified Party believes that he, she or it is entitled to payment of any amount by Coltec on account of Coltec's obligations to indemnify, defend, and hold harmless as set forth herein, including, without limitation, the advancement of defense costs, the Indemnified Party must file an application for such amounts with the Court, and Coltec may not pay any such amounts to the Indemnified Party before the entry of an order by the Court authorizing such payments. The preceding sentence is intended to specify the period of time during which the Court has jurisdiction over Coltec's obligations to indemnify, defend and hold harmless as set forth herein, and is not a limitation on the duration of Coltec's obligation to indemnify any Indemnified Party. In the event that a cause of action is asserted against any Indemnified Party arising out of or relating to the performance of his, her or its duties pursuant to this Order or to the Coltec FCR, the Indemnified Party shall have the right to choose his, her or its own counsel.

6.      The Coltec FCR is a party in interest in this case, and shall have standing under section 1109(b) of the Bankruptcy Code to be heard on any issue in this case in the Bankruptcy

3

9298743v6 25081.00011

Court, the United States District Court for this district, or any other court. The Coltec FCR shall have the powers and duties of a committee set forth in section 1103 of the Bankruptcy Code as are appropriate for a future asbestos claimants' representative.

7. The Coltec FCR and his counsel shall be entitled to receive all notices and pleadings that are served pursuant to any and all orders entered in this case and the Garlock Bankruptcy Case.

8. Any party may request that the Court reconsider entry of this Order by filing a motion for reconsideration within fourteen (14) days of service of this Order.

9. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court

9298743v6 25081.00011