

FILED & JUDGMENT ENTERED
Steven T. Salata

February 3 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

IN RE:

OLDCO, LLC, SUCCESSOR BY MERGER
TO COLTEC INDUSTRIES INC,

    Debtor.

Case No. 17-BK-30140

Chapter 11

**ORDER WAIVING OBLIGATIONS TO (I) FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS, (II) APPOINT AN UNSECURED CREDITORS' COMMITTEE, (III) FILE LIST OF TWENTY LARGEST UNSECURED CREDITORS, AND (IV) CONVENE SECTION 341 MEETING OF CREDITORS**

Upon the Debtor's Motion for Order Waiving Obligations to (I) File Schedules and Statement of Financial Affairs, (II) Appoint an Unsecured Creditors' Committee, (III) File List of Twenty Largest Unsecured Creditors, and (IV) Convene Section 341 Meeting of Creditors (the "Motion"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157; and upon the record herein; and upon consideration of the First Day Declaration,[1] and after due deliberation thereon, the Court makes the following findings of fact and conclusions of law:

    A.    Good and sufficient cause for the relief requested in the Motion has been shown, and the relief requested in the Motion is in the best interest of Coltec and its estate;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

9279056v4

B.  Under the circumstances of this prepackaged chapter 11 case, requiring Coltec to file schedules and statement of financial affairs (other than Schedule G), appointing a Coltec Creditors' Committee, requiring Coltec to file the Top Twenty Largest Creditors List and convening a meeting of creditors under section 341 of the Bankruptcy Code will not serve any meaningful purpose, will unnecessarily increase the administrative burdens on Coltec and its estate, and will result in substantial costs on Coltec's estate;

C.  If the relief requested in the Motion is granted, no party in interest will be harmed; and

D.  Notice of the Motion has been due and sufficient under the circumstances due to the nature of the relief requested therein.  Now, therefore, based upon the foregoing,

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED.

2.  The Court hereby relieves Coltec of the obligation or requirement to file all of the schedules and other documents described in section 521(a)(1)(B)(i), (ii) and (iii) of the Bankruptcy Code and Bankruptcy Rule 1007(b)(1)(A), (B) and (D).

3.  The Bankruptcy Administrator is hereby relieved of any obligation or requirement to solicit unsecured creditors about their interest in potentially joining a Coltec Creditors' Committee.

4.  The Court hereby waives any requirement that it appoint a Coltec Creditors' Committee in this chapter 11 case.

5.  Coltec is hereby relieved of any obligation or requirement to file a 20 Largest Creditors List in this chapter 11 case.

9279056v4

      6.      The Court hereby waives any requirement that it set a time, date and place for a meeting of creditors under section 341 of the Bankruptcy Code.

      7.      The Bankruptcy Administrator is hereby relieved of any obligation or requirement to convene and preside over a meeting of creditors under section 341 of the Bankruptcy Code.

      8.      Notwithstanding anything to the contrary herein, if the Joint Plan is withdrawn or if confirmation of the Joint Plan is denied, any party in interest, including the Bankruptcy Administrator, may move the Court to reinstate the obligations and requirements being waived or lifted herein.

      9.      Any party may request that the Court reconsider entry of this Order by filing a motion for reconsideration within fourteen (14) days of service of this Order.

      10.      Coltec is authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order.

      11.      This Court shall retain jurisdiction over all matters arising out of or related to the Motion and this Order.

This Order has been signed electronically.  The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court

3

9279056v4