FILED & JUDGMENT ENTERED
Steven T. Salata

February 3 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

IN RE:

OLDCO, LLC, SUCCESSOR BY MERGER
TO COLTEC INDUSTRIES INC,

    Debtor.

Case No. 17-BK-30140

Chapter 11

## ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF
## BATES WHITE, LLC AS ASBESTOS CLAIMS CONSULTANT

Upon the Debtor's Application for Order Authorizing Retention and Employment of Bates White, LLC as Asbestos Claims Consultant (the "Application") as of the Coltec Petition Date;[1] and the Court being satisfied, based upon the representations made in the Application and the Declaration, that Bates White represents or holds no interest adverse to Coltec or its estate as to the matters upon which Bates White is to be engaged, and that Bates White is disinterested under the meaning of section 101(14) of the Bankruptcy Code, and that engagement of Bates White is necessary and would be in the best interests of Coltec and its estate; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157; and it appearing that proper

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

9395456v4

and adequate notice of the Application has been given and that no other or further notice is necessary; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED;

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, Coltec is authorized to retain and employ, effective as of the Coltec Petition Date, Bates White as its consultant for the purpose of providing claims consulting, valuation, and other related claims-related services in connection with the Coltec Bankruptcy Case, and in accordance with the terms specified in the Application; and

3. Due to the joint administration of the Garlock Bankruptcy Case and the Coltec Bankruptcy Case, the compensation to be paid to Bates White for professional services rendered and reimbursement for expenses incurred by it shall be as determined by this Court upon proper application pursuant to sections 328, 330 and 331 of the Bankruptcy Code and such other procedures as may be fixed by order of this Court.

This Order has been signed electronically.  The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court

2

9395456v4