```
FILED & JUDGMENT ENTERED
    Steven T. Salata


    February  3  2017


  Clerk, U.S. Bankruptcy Court
Western District of North Carolina
```

_____
J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## Charlotte Division

| | |
|---|---|
| IN RE: | Case No. 17-BK-30140 |
| OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC, | Chapter 11 |
| Debtor. | |

### ORDER APPROVING (I) MAINTENANCE OF EXISTING BANK ACCOUNT AND BANK ARRANGEMENTS, (II) CONTINUED USE OF EXISTING BUSINESS FORMS, (III) INTERCOMPANY TRANSACTIONS, (IV) LIMITED WAIVER OF DEPOSIT GUIDELINES, (V) INVESTMENT OF EXCESS CASH, AND (VI) GRANT OF ADMINISTRATIVE EXPENSE PRIORITY STATUS TO POST-PETITION <u>INTERCOMPANY CLAIMS</u>

Upon the Debtor's Motion for Order Approving (I) Maintenance of Existing Bank Account and Bank Arrangements, (II) Continued Use of Existing Business Forms, (III) Intercompany Transactions, (IV) Limited Waiver of Deposit Guidelines, (V) Investment of Excess Cash, and (VI) Grant of Administrative Expense Priority Status to Post-Petition Intercompany Claims (the "Motion"); and it appearing that the relief requested in the Motion is in the best interests of Coltec,[1] its estate, its creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157; and it appearing that

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

9413549v5

proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and upon consideration of the First Day Declaration; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Coltec is hereby authorized to continue using the Bank Account for all its operations and expenses. Without limiting the generality of the foregoing, but subject to all of the terms and conditions of this Order, Coltec is authorized to (a) designate, maintain, and continue to use, with the same number, the Bank Account and (b) treat the Bank Account for all purposes as an account of Coltec as debtor-in-possession.

3. BOA is authorized to continue to service and administer the Bank Account for Coltec as debtor-in-possession, without interruption and in the ordinary course of business, and to receive, process, honor and pay any or all checks, drafts, wires or ACH transfers for the Bank Account in accordance with this Order; provided, however, that no wire or ACH transfers presented, issued, or drawn on the Bank Account before the Coltec Petition Date shall be honored, unless (a) authorized by order of this Court; (b) not otherwise prohibited by a "stop payment" request received by BOA from Coltec; and (c) supported by sufficient funds in the Bank Account.

4. The following Bank Arrangements are approved:

   (a) BOA is authorized to charge, and Coltec is authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges and expenses to which BOA may be entitled under the terms of and in accordance with its contractual arrangements with Coltec.

9413549v5

    (b)    BOA is authorized to "charge back" returned items to the Bank Account in the ordinary course of business.

    (c)    BOA is authorized to accept and honor all representations from Coltec as to which wires or ACH transfers should be honored or dishonored consistent with any order of this Court and governing law, whether such wires or ACH transfers are dated before, on or after the Coltec Petition Date.

    (d)    BOA shall not incur, and is hereby released from, any liability to any party on account of (i) following Coltec's instructions or representations as to any order of this Court, (ii) the honoring of any wires or ACH transfers in a good faith belief that the Court has authorized such wire or ACH transfer to be honored, or (iii) an innocent mistake made despite implementation of reasonable item-handling procedures.

5.    Notwithstanding anything to the contrary herein, in no event shall BOA be obligated to (a) honor payment item unless there are sufficient and collected funds in the Bank Account or (b) process any wire or ACH transfer except upon terms and conditions that are acceptable to BOA.

6.    Coltec and BOA are authorized to continue to perform pursuant to the terms of their pre-petition agreement relating to the Bank Account, except to the extent otherwise directed by the terms of this Order, and Coltec and BOA shall continue to enjoy the rights, benefits, privileges and remedies afforded them under such agreement except to the extent otherwise directed by the terms of this Order.

9413549v5

7. Coltec may, without further order of this Court, agree to and implement changes to the Bank Account in the ordinary course of business.

8. Coltec is hereby authorized to maintain and continue to use the Business Forms without reference to its debtor-in-possession status.

9. Coltec is hereby authorized to continue engaging in the Intercompany Transactions in the ordinary course of business (but may not exercise or enforce any rights or perform any obligations under the Tax Sharing Agreement described in the Coltec Services Agreement, absent further order of the Court after notice and hearing).

10. Coltec is hereby authorized to proceed according to the Investment Policy.

11. Cause exists for granting the Deposit Limited Waiver and such Deposit Limited Waiver is hereby approved.

12. The Intercompany Claims shall be entitled to administrative expense priority status under sections 503(b)(1) and 364(b) of the Bankruptcy Code.

13. To the extent applicable, notwithstanding Bankruptcy Rules 6003 and 6004(a) and (h), notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. Nothing in this Order shall be deemed to prejudice the right of the U.S. Bankruptcy Administrator to file a motion to alter or amend this Order regarding the maintenance of the Bank Account, but the granting of any such motion shall have prospective effect only.

15. Coltec is authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order.

9413549v5

16. Any party may request that the Court reconsider entry of this Order by filing a motion for reconsideration within fourteen (14) days of service of this Order.

17. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

| | |
|---|---|
| This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order. | United States Bankruptcy Court |

9413549v5