FILED & JUDGMENT ENTERED
Steven T. Salata

February 3 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

IN RE:

OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,

    Debtor.

Case No. 17-BK-30140

Chapter 11

## ORDER APPOINTING RUST CONSULTING/OMNI BANKRUPTCY AS CLAIMS, BALLOT, AND NOTICE AGENT

Upon Debtor's Application for Order Appointing Rust Consulting/Omni Bankruptcy as Claims, Ballot, and Notice Agent (the "Application"); and it appearing that the relief requested in the Application is in the best interests of Coltec,[1] its estate, its creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon the record herein; and upon consideration of the Declaration; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

    1.    The Application is GRANTED.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

9393040v3

2. Notwithstanding the terms of the Services Agreement attached to the Application, the Application is approved solely as set forth in this Order.

3. Coltec is authorized to employ and retain Rust as Agent under the terms of the Services Agreement, and Rust is authorized and directed to perform the Claims, Balloting, and Noticing Services as set forth in the Application and the Services Agreement.

4. Rust shall serve as the custodian of court records, is designated as the authorized repository for all proofs of claim and ballots filed in the Coltec Bankruptcy Case, and is authorized and directed to maintain the official Claims Register and Ballots Register for Coltec and to provide the Clerk with certified duplicates thereof upon request.

5. Rust is authorized to take any such other action to comply with the Claims, Balloting and Noticing Services and related duties set forth in the Application and the Services Agreement.

6. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Rust shall be administrative expenses of Coltec's estate, and Coltec is authorized to pay Rust's fees and expenses for Claims, Balloting and Noticing Services, as set forth in the Services Agreement and in the ordinary course of business, without further Court order and without the necessity of Rust filing fee applications with this Court.

7. Rust shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred and shall serve monthly invoices on Coltec, the Bankruptcy Administrator, counsel for Coltec, and any party in interest who specifically requests service of the monthly invoices.

9393040v3

8. Parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Services Agreement or monthly invoices, and the parties may seek resolution of the matter from the Court if resolution is not achieved.

9. Coltec may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed by Rust but that is not specifically authorized by this Order.

10. Rust shall not cease providing claims processing services during the Coltec Bankruptcy Case for any reason without prior order of this Court authorizing Rust to do so; provided, however, that Rust may seek such an order on notice by filing a request with the Court with notice of such request to be served on Coltec, Coltec's counsel of record, the Bankruptcy Administrator and any official committee of creditors appointed in this case by facsimile or overnight delivery; provided further, that except as expressly provided herein, Coltec and Rust may otherwise terminate or suspend other services as provided under the Services Agreement.

11. Nothing herein obligates a successor chapter 7 trustee or chapter 11 trustee to employ Rust.

12. Coltec and Rust are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

13. If any inconsistency arises between the Services Agreement, the Application and this Order, the Order shall govern.

9393040v3

14. Notwithstanding any term in the Services Agreement to the contrary, this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and court's seal appear at the top of the Order. | United States Bankruptcy Court |

9393040v3