

FILED & JUDGMENT ENTERED
Steven T. Salata

February 3 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

IN RE:

OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,

Debtor.

Case No. 17-BK-30140

Chapter 11

## ORDER APPROVING SOLICITATION AND CONFIRMATION PROCEDURES AND SCHEDULE FOR CONFIRMATION OF THE JOINT PLAN

Upon the Debtor's Motion to Approve Solicitation and Confirmation Procedures and Schedule for Confirmation of the Joint Plan (the "Motion"); and it appearing that the relief requested in the Motion is in the best interests of Coltec,[1] its estate, its creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and upon consideration of the First Day Declaration; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

2.      The Notice Program developed by Kinsella and implemented by Kinsella and the Balloting Agent, and the Supplemental Notice Program are reasonably calculated to provide notice to known and unknown claimants of the Joint Plan, the Disclosure Statement, the Plan Documents, the Voting Deadline and solicitation procedures, and the combined hearing on approval of the Disclosure Statement and confirmation of the Joint Plan and no other notice thereof need be given. Accordingly, the Notice Program and the Supplemental Notice Program are hereby approved.

3.      The following Solicitation Documents, previously served pursuant to the Garlock Confirmation Procedures Order and to be served pursuant to the Supplemental Notice Program, are hereby approved:

a.      the forms of Ballots, attached hereto as Exhibits 1A, 1B and 1C;

b.      the Confirmation Hearing Notice, attached hereto as Exhibit 2;

c.      the Notice of Non-Voting Status, attached hereto as Exhibit 3;

d.      the Notice of Simultaneous Solicitation of GST Asbestos Claimants and Coltec Asbestos Claimants, attached hereto as Exhibit 4;

e.      the form of Publication Notice, attached hereto as Exhibit 5;

f.      the Coltec Notice of Non-Voting Status, attached hereto as Exhibit 6; and

g.      the Coltec Disclosure Statement and Confirmation Hearing Notice, attached hereto as Exhibit 7.

4.      The confirmation schedule, ordered by the Court in the Garlock Confirmation Procedures Order and restated in the Motion, is hereby approved as it applies to this Coltec Bankruptcy Case, including specifically, the established deadline to vote on the Joint Plan of **December 9, 2016** (the "Voting Deadline").

9285181v6

5.       Any entity that holds a claim against or equity interest in Coltec, or otherwise has standing as a party in interest to object to the Joint Plan, shall file any and all objections to the Joint Plan no later than **March 24, 2017**.

6.       Any entity that holds a claim against or equity interest in Coltec, or otherwise has standing as a party in interest to object to the adequacy of the Disclosure Statement, shall file any and all objections to the adequacy of the Disclosure Statement no later than **March 24, 2017**.

7.       The Court will consider the adequacy of the Disclosure Statement at a hearing on **May 15, 2017** beginning at 10:00 a.m. ET.

8.       The hearing on confirmation of the Joint Plan shall begin on **May 15, 2017** beginning at 10:00 a.m. ET.

9.       Coltec's solicitation of the votes of holders of claims in Class 5 (Asbestos Claims) was proper and is hereby approved. No other classes of claims against or equity interests in Coltec are impaired by the Joint Plan.

10.      The Voting Procedures attached hereto as <u>Exhibit 8</u> are hereby approved.

11.      The Court may extend or otherwise modify the period during which votes will be accepted, in which case the Voting Deadline shall mean the last time and date to which the Court extends solicitation of ballots.

12.      Pursuant to section 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018(a), consistent with the Garlock Confirmation Procedures Order, the Court shall temporarily allow each Class 5 Asbestos Claim, for voting purposes only, wherein the Asbestos Claimant (or such Asbestos Claimant's attorney) completed and submitted a Class 5 individual or master ballot (in the form attached to this Order) by the Voting Deadline and certified, under penalty of perjury, that the following matters are true and correct to the best of the Asbestos Claimant's (or such Claimant's attorney's) knowledge, information, and reasonable belief:

- 3 -

a.  the claimant is an Asbestos Claimant (as defined in the Plan) whose claim has not been dismissed with prejudice, has not been settled and paid, and is not known to be time-barred;

b.  the person upon whose injury the Asbestos Claim (as defined in the Plan) is based (the "Injured Party") was diagnosed with malignant mesothelioma, asbestos-related cancer (*i.e.*, lung cancer, colo-rectal cancer, laryngeal cancer, esophageal cancer, pharyngeal cancer, or stomach cancer), severe asbestosis, or disabling asbestosis, or non-disabling asbestosis (all such diseases other than mesothelioma are hereinafter referred to as "Other Diseases"), based on, or as evidenced in, medical records or similar documentation in the possession of the Asbestos Claimant, his or her attorney, or the physician of the Asbestos Claimant or Injured Party;

c.  the Injured Party, as indicated in the individual ballot or master ballot exhibit, was exposed to asbestos released from asbestos-containing gaskets or packing manufactured, produced, fabricated, distributed, supplied, marketed, included as a component part, or sold by Garlock or Coltec ("Asbestos Exposure");[2]

d.  if the Asbestos Claimant (or such Claimant's attorney) asserts that his/her Claim has been liquidated by settlement or judgment, the Asbestos Claimant (or such Claimant's attorney) must certify that the Asbestos Claim has been liquidated by settlement or judgment and provide the asserted liquidated amount; and

e.  if these certifications are made by the Asbestos Claimant's attorney, the attorney is authorized by such Claimant to vote on the Plan on his or her behalf, and to

---

[2]  For purposes of this certification, the term "Coltec" includes, but is not limited to, the following predecessors or former divisions of Coltec Industries Inc:  Fairbanks Morse Engine, Fairbanks Morse Pump, Quincy Compressor, Central Moloney, France Compressor, Delavan, and Farnam.

9285181v6

represent that the Injured Party has (or, if deceased, had) the disease noted on the ballot and Asbestos Exposure.

13.    Class 5 Asbestos Claimants (or their attorneys) making the certifications in paragraph 12 of this Order shall be temporarily allowed for voting purposes only in the amount of $10,000 (for Claims (as defined in the Joint Plan) based on mesothelioma) or $1 (for Claims based on any of the Other Diseases), except Asbestos Claimants (or attorneys) further certifying they hold a liquidated Claim, in which event such liquidated Claim shall be temporarily allowed for voting purposes only in the asserted liquidated amount.

14.    Any votes cast by attorneys for multiple Class 5 Asbestos Claimants for such Asbestos Claimants using the form of master ballot attached to the Garlock Confirmation Procedures Order are hereby approved for the Coltec Bankruptcy Case (to the extent they meet the other requirements of the Voting Procedures).

15.    In connection with the Joint Plan, the Court has entered an order setting a bar date requiring certain Coltec Asbestos Claimants to file a proof of claim on or before **March 24, 2017**.

16.    Other than and to the extent set forth in the Order Extending Canadian Provincial Workers Compensation Boards' Voting and Objection Deadlines (Garlock Bankruptcy Case, D.E. 5610), no Asbestos Claimant has timely moved by the deadline set forth in the Garlock Confirmation Procedures Order for the temporary allowance of such Claimant's claim for voting purposes.

17.    No entity named as a defendant in asbestos litigation has timely moved by the deadline set forth in the Garlock Confirmation Procedures Order for temporary allowance of its claim for voting purposes.  No party needs to file objections to allowance of Asbestos Claims for purposes other than voting.  The Joint Plan does not contemplate that the Bankruptcy Court will

9285181v6

conduct allowance proceedings for Asbestos Claims.  Instead, the Joint Plan calls for Asbestos Claims to be channeled to a trust for processing and, if eligible, payment under claims resolution procedures.

18.    The tabulation procedures included in the Voting Procedures and in the Garlock Confirmation Procedures Order are hereby approved.

19.    The Balloting Agent shall post on its website all Ballots received, after redacting any information required to be redacted by Bankruptcy Rule 9037.

20.    Any decision of the Balloting Agent not to count or tabulate any ballot, master ballot, or portion of a master ballot shall be reviewable by the Court on motion served on Coltec, the debtors in the Garlock Bankruptcy Case, and the Asbestos Claimants' Representatives. If pending motions or any other matters may affect the voting results, a representative of the Balloting Agent shall attend the confirmation hearing to prepare and submit an updated certification of ballots.

21.    Any party may request that the Court reconsider entry of this Order by filing a motion for reconsideration within fourteen (14) days of service of this Order.

22.    Coltec is authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein.

23.    This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.


This Order has been signed electronically.  The judge's             United States Bankruptcy Court
signature and court's seal appear at the top of the Order.

9285181v6

# EXHIBIT 1A

**FORM OF MASTER BALLOT FOR CLASS 5 ASBESTOS CLAIMS**
**(GST ASBESTOS CLAIMS AND/OR COLTEC ASBESTOS CLAIMS)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>GARLOCK   SEALING   TECHNOLOGIES LLC, et al.,<br><br>        Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>        Debtor. | Case No. [Not yet filed]<br><br>Chapter 11<br><br>[Joint Administration To Be Requested] |

**BALLOT AND VOTING INSTRUCTIONS FOR THE**
**JOINT PLAN OF REORGANIZATION OF GARLOCK SEALING TECHNOLOGIES**
**LLC, ET AL. AND OLDCO, LLC, PROPOSED SUCCESSOR BY MERGER TO**
**COLTEC INDUSTRIES INC, DATED MAY 20, 2016**

**CLASS 5: ASBESTOS CLAIMS**
**Master Ballot for GST Asbestos Claims and/or Coltec Asbestos Claims**

> *This Master Ballot is to be used only for voting by counsel who represent multiple Class 5 Asbestos Claimants and who wish to vote by Master Ballot.*

      Garlock Sealing Technologies LLC ("**Garlock**"), Garrison Litigation Management Group, Ltd. ("**Garrison**") and The Anchor Packing Company, debtors and debtors-in-possession

---

[1] The debtors in these jointly administered cases (referred to collectively as the "**Garlock Case**") are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

in the above-captioned cases (with OldCo, LLC, once it has commenced a bankruptcy case to be jointly administered under Case No. 10-BK-31607, the "**Debtors**"), the Official Committee of Asbestos Personal Injury Claimants, the Future Asbestos Claimants' Representative, the Ad Hoc Coltec Future Asbestos Claimants' Representative, and the Ad Hoc Coltec Asbestos Claimants Committee (together the "**Plan Proponents**"), are soliciting votes from Asbestos Claimants with respect to the Joint Plan of Reorganization of Garlock Sealing Technologies LLC, et al. and OldCo, LLC, Proposed Successor by Merger to Coltec Industries Inc, dated May 20, 2016 (as it may be from time to time amended, supplemented or modified, the "**Plan**") which has been jointly proposed by the Plan Proponents.

The United States Bankruptcy Court for the Western District of North Carolina (the "**Bankruptcy Court**") has signed an order in the Garlock Case (the "**Confirmation Procedures Order**") approving procedures under which the Plan Proponents will solicit votes on the Plan from Asbestos Claimants and for tabulating those votes ("**Voting Procedures**"). Copies of the Confirmation Procedures Order and the Voting Procedures are included in the Solicitation Package sent to you.

If confirmed (approved) by the Bankruptcy Court, the Plan will resolve asbestos personal injury and wrongful death claims against Garlock and Garrison, which are defined in the Plan as "**GST Asbestos Claims**" and also will resolve asbestos personal injury and wrongful death claims against Coltec Industries Inc ("**Coltec**"), which are defined in the Plan as "**Coltec Asbestos Claims**."

If you are an attorney who represents multiple Asbestos Claimants, whether such Asbestos Claimants are GST Asbestos Claimants, Coltec Asbestos Claimants, or persons who hold both GST Asbestos Claims and Coltec Asbestos Claims, and you desire to cast a ballot on the Plan on behalf of multiple such claimants at once, you must use this form (the "**Master Ballot**"), and it must be received by the Balloting Agent by the Voting Deadline.

Because Coltec has not yet filed a Chapter 11 bankruptcy case, but will do so if sufficient numbers of Asbestos Claimants vote in favor of the Plan, the Bankruptcy Court has not yet had the opportunity to consider (or approve) the Disclosure Statement and the Voting Procedures with respect to Coltec Asbestos Claimants.  If Coltec eventually files a Chapter 11 bankruptcy case, it will ask the Bankruptcy Court to approve the Disclosure Statement and Voting Procedures retroactively with respect to Coltec Asbestos Claimants.

The Plan divides the claims of creditors and the interests of shareholders into separate classes.  The Plan has placed GST Asbestos Claims and Coltec Asbestos Claims—defined together as "Asbestos Claims"—into Class 5. Information about how the Plan proposes to resolve Class 5 Asbestos Claims and compensate eligible Asbestos Claimants is available in the Disclosure Statement and the Plan, which are included in this Solicitation Package.

Among other things, if the Bankruptcy Court confirms the Plan, Asbestos Claims in Class 5 will be channeled by the Asbestos Channeling Injunction to the Asbestos Trust for resolution and, if eligible, payment, in accordance with the Claims Resolution Procedures.  Asbestos Claimants wishing to receive compensation on account of their Asbestos Claims will be required to submit separate claim forms provided by the Asbestos Trust. ***This Ballot is not such a claim***

*form.* **In addition, this Ballot and the Voting Procedures do not constitute any admission of liability by the Debtors or any successor to the Debtors.**

**ALL ASBESTOS CLAIMANTS, WHETHER SUCH ASBESTOS CLAIMANTS ARE HOLDERS OF GST ASBESTOS CLAIMS, COLTEC ASBESTOS CLAIMS, OR BOTH MUST USE THIS FORM OF BALLOT FOR VOTES ON THE PLAN TO BE CAST BY THEIR REPRESENTATIVES ON BEHALF OF MULTIPLE CLAIMANTS.**

**NO ASBESTOS CLAIMANT WILL BE ENTITLED TO CAST MORE THAN ONE VOTE ON THE PLAN.  THIS IS SO EVEN IF THE CLAIMANT ASSERTS BOTH A GST ASBESTOS CLAIM AND A COLTEC ASBESTOS CLAIM.**

*In order for the Plan to be confirmed and for the Asbestos Channeling Injunction to be granted, the Plan must receive a certain amount of favorable votes from Asbestos Claimants in Class 5.  In particular, for confirmation under Section 1129 of the Bankruptcy Code, Asbestos Claimants in Class 5 must accept the Plan by more than one-half of the number of Asbestos Claimants voting and by at least two-thirds of their claim amounts.  To obtain approval of the Asbestos Trust and Asbestos Channeling Injunction under Section 524(g) of the Bankruptcy Code, at least 75% of the Class 5 Asbestos Claimants voting must vote in favor of the Plan. The Plan must also meet other requirements of the Bankruptcy Code in order to be confirmed and in order for the Asbestos Trust and Asbestos Channeling Injunction to be approved.*

Specific instructions for completing this Ballot are outlined below.  Asbestos Claimants or their attorneys who previously cast ballots on the now-superseded Second Amended Plan of Reorganization ("**Second Amended Plan**") should be aware that there are key differences between the voting procedures that applied to the Second Amended Plan and the Voting Procedures for the Plan now proposed.  In particular, the Voting Procedures for the Plan now proposed will:

- temporarily allow (for voting purposes only) qualifying Asbestos Claims against Garlock *or* Coltec Industries Inc ("**Coltec**");

- temporarily allow (for voting purposes only) Asbestos Claims based on a broader group of asserted diseases which include: malignant mesothelioma, lung cancer, colo-rectal cancer, laryngeal cancer, esophageal cancer, pharyngeal cancer, stomach cancer, severe asbestosis, disabling asbestosis or non-disabling asbestosis; and

- classify all Asbestos Claims, whether settled, subject to a judgment, unliquidated, or a future claim (a claim based on Asbestos Exposure but which has not manifested an injury), to be classified into a single class, Class 5.

This Master Ballot is to be used for voting only by attorneys representing multiple Class 5 Asbestos Claimants.  In order for the Master Ballot to be counted, it must be properly completed, signed, and returned to the court-approved Balloting Agent, Rust Consulting/Omni Bankruptcy, by first-class mail or courier as follows:

8491796v13 17067.00011

Garlock Sealing Technologies LLC, et al.
c/o Rust Consulting/Omni Bankruptcy
Attn: Balloting Agent
5955 DeSoto Avenue, Suite 100
Woodland Hills, CA 91367

---

**A Ballot must be ACTUALLY RECEIVED by the Balloting Agent no later than December 9, 2016 (the "Voting Deadline"). Faxes, e-mails, and other electronic transmissions will NOT be accepted.**

---

If you have questions about this Ballot, or if you did not receive a copy of the Disclosure Statement, the Plan, the Notices, or the Voting Procedures, you may contact the Balloting Agent by phone at 1-844-GARLOCK or by email at Garlock@omnimgt.com.  **Please note that the Balloting Agent cannot give legal advice.  You should consult your attorney regarding all legal matters.**

### VOTING INFORMATION AND INSTRUCTIONS
### FOR COMPLETING THE CLASS 5 MASTER BALLOT

**Please follow these instructions to complete your Class 5 Master Ballot:**

**1.      Read the Plan, Disclosure Statement, Voting Procedures, and these instructions.**

**You may need to consult your attorney.**  If you have questions regarding the Class 5 Master Ballot, or if you did not receive a copy of the Plan, Disclosure Statement, or Voting Procedures, or if you need additional copies of the Class 5 Master Ballot or other enclosed materials, please contact the Balloting Agent.  Please note that the Plan, Disclosure Statement, and Voting Procedures are available at the website maintained by the Balloting Agent at http://www.garlocknotice.com.

**2.      (Items 1 and 2) Summary of Votes.**

Please summarize the votes of the Class 5 Asbestos Claimants represented by the attorney voting those claims on the table provided, including the total number of claimants and total dollar amounts that voted to accept the Plan or reject the Plan.  To compute the total dollar amounts, please use the following voting amounts:  $10,000 for each Claim based on malignant mesothelioma, $1 for each Claim based on any of the Other Diseases (*defined below*), and the liquidated amount for each Claim that is asserted to be liquidated by settlement or judgment.

**3.      (Item 3) Required Exhibit: List of Class 5 Asbestos Claimants Voting Through Master Ballot.**

The attorney voting the Class 5 Asbestos Claims must include as an exhibit to the Master Ballot an electronic list, which list should be in Microsoft Excel or a comparable application, submitted on a CD-ROM, that indicates, for each claim being voted, (a) the last name of the Asbestos Claimant; (b) the first name of the Asbestos Claimant; (c) the last four digits of the

social security number of the Asbestos Claimant; (d) the last name of the person upon whose injury the Asbestos Claim is based (the "**Injured Party**"), if the Injured Party is different from the Asbestos Claimant; (e) if a different individual from the Asbestos Claimant, the first name of the Injured Party; (f) if a different individual from the Asbestos Claimant, the last four digits of the Injured Party's social security number; (g) the Asbestos Claimant's street address, city, state, and zip code; (h) the Injured Party's disease (malignant mesothelioma, or lung cancer, colo-rectal cancer, laryngeal cancer, esophageal cancer, pharyngeal cancer, stomach cancer, severe asbestosis, disabling asbestosis, or non-disabling asbestosis); (i) law firm voting the claim; (j) if the Asbestos Claimant asserts that the claim has been liquidated by settlement or judgment, so indicate by providing the asserted amount; (k) indicate whether the Asbestos Claim is a GST Asbestos Claimant or a Coltec Asbestos Claimant by including "Y" or "N" in a column labeled GST Asbestos Claimant or Coltec Asbestos Claimant, respectively; and (l) whether the claimant votes to accept or to reject the Plan. The failure to provide all of this required information for each Asbestos Claimant will result in the Asbestos Claimant's vote not being counted. A template of how the below information should be compiled is below.

| Last Name of Asbestos Claimant | First Name of Asbestos Claimant | Last Four Digits of Asbestos Claimant's Social Security No. | Last Name of Injured Party (if different from Asbestos Claimant) | First Name of Injured Party (if different from Asbestos Claimant) | Last Four Digits of Injured Party's Social Security No. (if different from Asbestos Claimant) | Street Address | City | State | Zip | Disease | Law firm voting claim | If asserting settled or subject to judgment, asserted amount of settlement or judgment | GST Asbestos Claimant (Y or N) | Coltec Asbestos Claimant (Y or N) | Accept or Reject |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Smith | John | 4321 | Smith | Sue | 1234 | 123 Any Street | Springfield | MD | 20815 | Lung cancer | Firm, PLC | | Y | N | Accept |
| Jones | Stephen | 1234 | | | | 4321 Other Road | Joliet | IL | 60435 | Severe asbestosis | Firm, PLC | $2,000 | Y | Y | Accept |
| Roberts | George | 3422 | Stephens | Silvia | 9988 | 109 Main | Reading | PA | 19602 | Mesothelioma | Firm, PLC | | Y | | Accept |

Included on the CD-Rom in the Solicitation Package sent to you is a Microsoft Excel Master Ballot template that you may use to prepare the list required to complete this Ballot.

**4.     (Item 4) Required Certifications.**

Item 4 requires the attorney to certify under penalty of perjury that the following matters are true and correct to the best of such attorney's knowledge, information, and reasonable belief:

a.   each claimant identified in the accompanying exhibit is an Asbestos Claimant (as defined in the Plan) whose claim has not been dismissed with prejudice, has not been settled and paid, and is not known to be time-barred;

b.   each Injured Party identified in the accompanying exhibit was diagnosed with malignant mesothelioma, lung cancer, colo-rectal cancer, laryngeal cancer, esophageal cancer, pharyngeal cancer, stomach cancer, severe asbestosis, disabling asbestosis, or non-disabling asbestosis (all such diseases other than mesothelioma being referred to hereafter as the "**Other Diseases**"), as indicated in the exhibit, based on, or as evidenced in, medical records or similar documentation in the possession of the claimant, his/her attorneys, or the respective physicians of the claimant or Injured Party;

8491796v13 17067.00011

    c.  each Injured Party listed in the exhibit was exposed to asbestos released from asbestos-containing gaskets or packing manufactured, produced, fabricated, distributed, supplied, marketed, included as a component part, or sold by Garlock or Coltec ("**Asbestos Exposure**") [*Note: for purposes of this certification, the term "Coltec" includes but is not limited to the following predecessors or former divisions of Coltec Industries Inc:  Fairbanks Morse Engine, Fairbanks Morse Pump, Quincy Compressor, Central Moloney, France Compressor, Delavan, and Farnam*];

    d.  each claim identified as liquidated by settlement or judgment is the subject of a settlement agreement or judgment in the amount indicated; and

    e.  the attorney is authorized by each Asbestos Claimant listed in the exhibit to vote on the Plan on his/her behalf, and to represent that each Injured Party listed in the exhibit has (or, if deceased, had) the respective disease noted in the exhibit and Asbestos Exposure.

Class 5 Asbestos Claims for which these certifications are made shall be temporarily allowed for voting purposes only in the amount of $10,000 (for claims based on malignant mesothelioma), $1 (for any of the Other Diseases), or the asserted liquidated amount of the claim (for Asbestos Claims asserted to be liquidated by settlement or judgment).

    Any Class 5 Asbestos Claimant or an attorney representing such a claimant, who cannot, on or before the Voting Deadline, make the certifications above may move for temporary allowance for voting purposes.  Any such motion must be filed no later than **December 9, 2016**, and any such claimant who does not move for temporary allowance by that time will be deemed to have waived his or her right to vote on the Plan.  All parties' rights to object to such motion for temporary allowance for voting purposes are preserved.  If the Court enters an order granting a claimant's motion for temporary allowance, the claimant will be entitled to submit a ballot in the amount and by the deadline specified by such order, and such ballot, if completed and signed in accordance with such order and the Voting Procedures, will be treated as timely, and the Balloting Agent will count or tabulate such ballot, even if such ballot is submitted after the Voting Deadline.

    *No entity named as a defendant in asbestos litigation shall be eligible to vote on the Plan as a Class 5 Asbestos Claimant, unless such entity files a motion for temporary allowance of its claim for voting purposes and the Court grants such motion for temporary allowance.  Any such motion must be filed no later than December 9, 2016, and any such entity who does not move for temporary allowance by that time shall be deemed to have waived its right to vote on the Plan.  All parties' rights to object to such claim and to such motion for temporary allowance for voting purposes have been preserved.*

    **5.**    **Return the Master Ballot in the envelope provided.**  The Master Ballot must be <u>actually received</u> by the Balloting Agent by the Voting Deadline (specified above) or <u>it will not be counted</u>.  Faxes, e-mails, and other electronic submissions <u>will not</u> be accepted.

8491796v13 17067.00011

## MASTER BALLOT FOR CLASS 5 ASBESTOS CLAIMS

**Please read the instructions accompanying this Master Ballot before completing.
Print clearly in ink or type.**

---

**YOU MUST COMPLETE EACH SECTION OF THIS MASTER BALLOT IN ORDER
FOR IT TO BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

1.        **Tabulation of Votes with Respect to the Plan.**

☐        **ALL** of the individuals listed on the exhibit required in Item 3, each of whom is a Class 5 Asbestos Claimant under the Plan, **ACCEPT** the Plan.

☐        **ALL** of the individuals listed on the exhibit required in Item 3, each of whom is a Class 5 Asbestos Claimant under the Plan, **REJECT** the Plan.

☐        **Some of the individuals** listed on the exhibit required in Item 3 **ACCEPT** the Plan, while other individuals listed on the exhibit required in Item 3 **REJECT** the Plan; each of whom is a Class 5 Asbestos Claimant under the Plan.

2.        **Summary of Votes (*see instructions above for computing dollar amounts*).**

| Disease Category | Total Number of Claimants and Total Dollar Amounts **Accepting** the Plan | Total Number of Claimants and Total Dollar Amounts **Rejecting** the Plan | Total Votes |
|---|---|---|---|
| Mesothelioma | | | |
| Other Diseases | | | |
| **Total Votes** | | | |

3.        **Required Exhibit: List of Class 5 Asbestos Claims Voted by Attorney.**

        The attorney voting this Master Ballot must include as an exhibit to the Master Ballot an electronic list, which list should be in Microsoft Excel or a comparable application, submitted on a CD-ROM, that indicates, for each claim being voted, (a) the last name of the Asbestos Claimant; (b) the first name of the Asbestos Claimant; (c) the last four digits of the social

security number of the Asbestos Claimant; (d) the last name of the person upon whose injury the Asbestos Claim is based (the "**Injured Party**"), if the Injured Party is different from the Asbestos Claimant; (e) if a different individual from the Asbestos Claimant, the first name of the Injured Party; (f) if a different individual from the Asbestos Claimant, the last four digits of the Injured Party's social security number; (g) the Asbestos Claimant's street address, city, state, and zip code; (h) the Injured Party's disease (malignant mesothelioma, or lung cancer, colo-rectal cancer, laryngeal cancer, esophageal cancer, pharyngeal cancer, stomach cancer, severe asbestosis, disabling asbestosis, or non-disabling asbestosis); (i) law firm voting the claim; (j) if the Asbestos Claimant asserts that the claim has been liquidated by settlement or judgment, so indicate by providing the asserted amount; (k) indicate whether the Asbestos Claim is a GST Asbestos Claimant or a Coltec Asbestos Claimant by including "Y" or "N" in a column labeled GST Asbestos Claimant or Coltec Asbestos Claimant, respectively; and (l) whether the claimant votes to accept or to reject the Plan.

The attorney voting this Master Ballot may use the template found at No. 3 of the Voting Instructions for purposes of creating and formatting the Exhibit. In addition, included on the CD-Rom in the Solicitation Package sent to you is a Microsoft Excel file containing the template that you should use to prepare the list required to complete this Ballot.

4.        **Required Certifications.**

By signing this Master Ballot, I hereby certify under penalty of perjury to the best of my

knowledge, information, and reasonable belief that the following matters are true and correct:

(i)        each claimant identified in the accompanying exhibit is an Asbestos Claimant (as defined in the Plan) whose claim has not been dismissed with prejudice, has not been settled and paid, is not known to be time-barred;

(ii)        each Injured Party identified in the accompanying exhibit was diagnosed with malignant mesothelioma, lung cancer, colo-rectal cancer, laryngeal cancer, esophageal cancer, pharyngeal cancer, stomach cancer, severe asbestosis, disabling asbestosis, or non-disabling asbestosis, as indicated in the exhibit, based on, or as evidenced in, medical records or similar documentation in the possession of the claimant, his/her attorneys, or the respective physicians of the claimant or Injured Party;

(iii)        each Injured Party listed in the exhibit was exposed to asbestos released from asbestos-containing gaskets or packing manufactured, produced, fabricated, distributed, supplied, marketed, included as a component part, or sold by Garlock or Coltec[2] ("**Asbestos Exposure**"); and

---

[2] For purposes of this certification, the term "**Coltec**" includes but is not limited to the following predecessors or former divisions of Coltec Industries Inc:  Fairbanks Morse Engine, Fairbanks Morse Pump, Quincy Compressor, Central Moloney, France Compressor, Delavan, and Farnam.

(iv)    the attorney is authorized by each Asbestos Claimant listed in the accompanying exhibit to vote on the Plan on his/her behalf, and to represent that each Injured Party listed in the accompanying exhibit has (or, if deceased, had) the respective disease noted in the exhibit and Asbestos Exposure.

| | |
|---|---|
| Signature of Attorney: | _____ |
| Printed Name of Attorney: | _____ |
| Name of Law Firm (if applicable): | _____ |
| Date: | _____ |

### <u>DO NOT INCLUDE MEDICAL RECORDS WITH THIS MASTER BALLOT.</u>


**IF THIS MASTER BALLOT IS NOT *ACTUALLY RECEIVED* BY THE BALLOTING AGENT BY DECEMBER 9, 2016, THE MASTER BALLOT WILL NOT BE COUNTED.**


**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, OR VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT, RUST CONSULTING/OMNI BANKRUPTCY, TOLL-FREE AT 1-844-GARLOCK.**

8491796v13 17067.00011

# EXHIBIT 1B

**FORM OF INDIVIDUAL BALLOT FOR CLASS 5 ASBESTOS CLAIMS
(GST ASBESTOS CLAIMS AND/OR COLTEC ASBESTOS CLAIMS)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>     Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>     Debtor. | Case No. [Not yet filed]<br><br>Chapter 11<br><br>[Joint Administration To Be Requested] |

**INDIVIDUAL BALLOT AND VOTING INSTRUCTIONS FOR THE
JOINT PLAN OF REORGANIZATION OF GARLOCK SEALING TECHNOLOGIES
LLC, ET AL. AND OLDCO, LLC, PROPOSED SUCCESSOR BY MERGER TO
COLTEC INDUSTRIES INC, DATED MAY 20, 2016**

**CLASS 5: ASBESTOS CLAIMS
Individual Ballot**

   Garlock Sealing Technologies LLC ("**Garlock**"), Garrison Litigation Management Group, Ltd. ("**Garrison**") and The Anchor Packing Company, debtors and debtors-in-possession in the above-captioned cases (with OldCo, LLC, once it has commenced a bankruptcy case to be jointly administered under Case No. 10-BK-31607, the "**Debtors**"), the Official Committee of Asbestos Personal Injury Claimants, the Future Asbestos Claimants' Representative, the Ad Hoc Coltec Future Asbestos Claimants' Representative, and the Ad Hoc Coltec Asbestos Claimants Committee (together the "**Plan Proponents**") are soliciting votes from Asbestos Claimants with respect to the Joint Plan of Reorganization of Garlock Sealing Technologies LLC, et al. and OldCo, LLC, Proposed Successor by Merger to Coltec Industries Inc, dated May 20, 2016 (as it

---

[1] The debtors in these jointly administered cases (referred to collectively as the "**Garlock Case**") are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

may be from time to time amended, supplemented or modified, the "**Plan**"), which has been jointly proposed by the Plan Proponents.

The United States Bankruptcy Court for the Western District of North Carolina (the "**Bankruptcy Court**") has signed an order in the Garlock Case (the "**Confirmation Procedures Order**") approving procedures under which the Plan Proponents will solicit votes on the Plan from Asbestos Claimants and for tabulating those votes ("**Voting Procedures**"). Copies of the Confirmation Procedures Order and the Voting Procedures are included in the Solicitation Package sent to you.

If confirmed (approved) by the Bankruptcy Court, the Plan will resolve asbestos personal injury and wrongful death claims against Garlock and Garrison, which are defined in the Plan as "**GST Asbestos Claims**," and will also resolve asbestos personal injury and wrongful death claims against Coltec Industries Inc ("**Coltec**"), which are defined in the Plan as "**Coltec Asbestos Claims**." Because Coltec has not yet filed a Chapter 11 bankruptcy case, but will do so if sufficient numbers of Asbestos Claimants vote in favor of the Plan, the Bankruptcy Court has not yet had the opportunity to consider (or approve) the Disclosure Statement and the Voting Procedures with respect to Coltec Asbestos Claimants. If Coltec eventually files a Chapter 11 bankruptcy case, it will ask the Bankruptcy Court to approve the Disclosure Statement and Voting Procedures retroactively with respect to Coltec Asbestos Claimants.

The Plan divides the claims of creditors and the interests of shareholders into separate classes. The Plan has placed GST Asbestos Claims and Coltec Asbestos Claims—defined together as "Asbestos Claims"—into Class 5. Information about how the Plan proposes to resolve Class 5 Asbestos Claims and compensate eligible Asbestos Claimants is available in the Disclosure Statement and the Plan, which are included in this Solicitation Package. Among other things, if the Bankruptcy Court confirms the Plan, Asbestos Claims in Class 5 will be channeled by the Asbestos Channeling Injunction to the Asbestos Trust for resolution and, if eligible, payment, in accordance with the Claims Resolution Procedures. Asbestos Claimants wishing to receive compensation on account of their Asbestos Claims will be required to submit separate claim forms provided by the Asbestos Trust. ***This Ballot is not such a claim form. In addition, this Ballot and the Voting Procedures do not constitute any admission of liability by the Debtors or any successor to the Debtors.***

**ALL ASBESTOS CLAIMANTS VOTING INDIVIDUALLY, WHETHER SUCH ASBESTOS CLAIMANTS ARE HOLDERS OF GST ASBESTOS CLAIMS, COLTEC ASBESTOS CLAIMS, OR BOTH MUST USE THIS FORM OF BALLOT TO CAST THEIR VOTES, ON AN INDIVIDUAL BASIS, ON THE PLAN.**

**NO ASBESTOS CLAIMANT WILL BE ENTITLED TO CAST MORE THAN ONE VOTE ON THE PLAN. THIS IS SO EVEN IF THE CLAIMANT ASSERTS BOTH A GST ASBESTOS CLAIM AND A COLTEC ASBESTOS CLAIM.**

***In order for the Plan to be confirmed and for the Asbestos Channeling Injunction to be granted, the Plan must receive a certain amount of favorable votes from Asbestos Claimants in Class 5. In particular, for confirmation under Section 1129 of the Bankruptcy Code, Asbestos Claimants in Class 5 must accept the Plan by more than one-half of the number of Asbestos***

*Claimants voting and by at least two-thirds of their claim amounts.  To obtain approval of the Asbestos Trust and Asbestos Channeling Injunction under Section 524(g) of the Bankruptcy Code, at least 75% of the Class 5 Asbestos Claimants voting must vote in favor of the Plan. The Plan must also meet other requirements of the Bankruptcy Code in order to be confirmed and in order for the Asbestos Trust and Asbestos Channeling Injunction to be approved.*

Specific instructions for completing this Ballot are outlined below.  Asbestos Claimants or their attorneys who previously cast ballots on the now-superseded Second Amended Plan of Reorganization ("**Second Amended Plan**") should be aware that there are key differences between the voting procedures that applied to the Second Amended Plan and the Voting Procedures for the Plan now proposed.  In particular, the Voting Procedures for the Plan now proposed will:

- temporarily allow (for voting purposes only) qualifying Asbestos Claims against Garlock *or* Coltec;

- temporarily allow (for voting purposes only) Asbestos Claims based on a broader group of asserted diseases which include: malignant mesothelioma, or lung cancer, colo-rectal cancer, laryngeal cancer, esophageal cancer, pharyngeal cancer, stomach cancer, severe asbestosis, disabling asbestos, or non-disabling asbestosis; and

- unlike the now-superseded Second Amended Plan, the Plan now proposed puts *all* Asbestos Claims into a single class—namely, Class 5—regardless of whether those claims are settled, are subject to a judgment, have no fixed dollar amount, or are future claims (that is, a claim based on Asbestos Exposure (defined below) but as to which there is no manifested injury or disease).

In order for this Ballot to be counted, it must be properly completed, signed, and returned to the court-approved Balloting Agent, Rust Consulting/Omni Bankruptcy, by first-class mail or courier as follows:

Garlock Sealing Technologies LLC, et al.
c/o Rust Consulting/Omni Bankruptcy
Attn: Balloting Agent
5955 DeSoto Avenue, Suite 100
Woodland Hills, CA 91367

**Your completed and signed Ballot must be ACTUALLY RECEIVED by the Balloting Agent, in paper form, no later than December 9, 2016 (the "Voting Deadline"). Faxes, e-mails, and other electronic transmissions will NOT be accepted.**

If you have questions about this Ballot, or if you did not receive a copy of the Disclosure Statement, the Plan, the Notices, or the Voting Procedures, you may contact the Balloting Agent by phone at 1-844-GARLOCK or by email at Garlock@omnimgt.com.  **Please note that the Balloting Agent cannot give legal advice.  You should consult your attorney regarding all legal matters.**

## VOTING INFORMATION AND INSTRUCTIONS
### <u>FOR COMPLETING THE CLASS 5 BALLOT</u>

**Please follow these instructions to complete your Class 5 Ballot:**

    **1.**    **Read the Plan, Disclosure Statement, Voting Procedures, and these instructions.**

    **You may need to consult your attorney.**  If you have questions regarding the Class 5 Ballot, or if you did not receive a copy of the Plan, Disclosure Statement, or Voting Procedures, or if you need additional copies of the Class 5 Ballot or other enclosed materials, please contact the Balloting Agent at this toll-free telephone number: 1-844-GARLOCK.  Please note that the Plan, Disclosure Statement, and Voting Procedures are available at the website maintained by the Balloting Agent at http://www.garlocknotice.com.

    **2.**    **(Item 1) Identifying Information.**

    Please fill in the information requested.  List the name of the Asbestos Claimant—that is, the person who asserts the Asbestos Claim—and provide the street address, city, state, and zip code where indicated, and the last 4 digits of the Asbestos Claimant's Social Security Number. The Asbestos Claimant may be the person whose injury the Asbestos Claim is based (the "**Injured Party**") or may be different from the Injured Party (such as a spouse).  If the Asbestos Claimant and Injured Party are not the same person, please provide the Injured Party's name and last 4 digits of the Injured Party's Social Security Number.

    If this Ballot is being voted by an attorney for the Asbestos Claimant, the attorney must provide his or her address and contact information, in addition to the information requested above.

    **3.**    **(Item 2) Designation of Disease Category and whether the Claim Has Been Liquidated by Settlement or Judgment.**

    For claims that <u>have not</u> been settled or <u>are not</u> the subject of a judgment, indicate whether the claim is based on mesothelioma or an "**Other Disease**" (lung cancer, colo-rectal cancer, laryngeal cancer, esophageal cancer, pharyngeal cancer, stomach cancer, severe asbestosis, disabling asbestosis, or non-disabling asbestosis) by marking an "X" in the box that corresponds to the Injured Party's diagnosis.

    For claims that <u>have</u> been settled or <u>are</u> the subject of a judgment, mark an "X" in the box that corresponds to your assertion whether the claim has been settled or is the subject of a judgment, and write in the amount of the asserted settlement or judgment.

    You must mark a disease category or assert that the claim is the subject of a settlement or judgment in order for your vote to be counted.

Bankruptcy law requires that a claim be "allowed" in a fixed dollar amount in order for the holder of that claim to vote.  In accordance with the Voting Procedures, current Asbestos Claims will be temporarily allowed for voting purposes only.  **Temporary allowance of any Class 5 Asbestos Claim for voting purposes only, however, does not in any way constitute an admission of liability by the Debtors, or an admission of the value of any Class 5 claim.  Nor will temporary allowance for voting purposes make an Asbestos Claimant automatically eligible to receive compensation from the Asbestos Trust.  To seek compensation from the Asbestos Trust, Asbestos Claimants will have to follow the Claims Resolution Procedures and submit the necessary claim form and other information required by the Trust.  _This Ballot is for voting on the Plan only and is not a claim form for requesting compensation_.**

### 4.    (Item 3) Entity Claiming Against.

Please indicate whether the Asbestos Claimant is asserting a GST Asbestos Claim or a Coltec Asbestos Claim by by marking an "X" in the box that so indicates. Asbestos Claimants may assert both a GST Asbestos Claim and a Coltec Asbestos Claim, but only one vote will be counted.

### 5.    (Item 4) Vote.

Please indicate whether the Class 5 Asbestos Claimant votes to **ACCEPT** or to **REJECT** the Plan by marking an "X" in the box that corresponds to the Asbestos Claimant's choice.

### 6.    (Item 5) Certifications.

Item 5 requires the Asbestos Claimant or the Asbestos Claimant's attorney, as applicable, to certify under penalty of perjury that the following matters are true and correct to the best of the Asbestos Claimant's or attorney's knowledge, information, and reasonable belief:

  a.  the claimant is an Asbestos Claimant (as defined in the Plan) whose claim has not been dismissed with prejudice or settled and paid, and is not known to be time-barred;

  b.  the person upon whose injury the Asbestos Claim is based (the "**Injured Party**") was diagnosed with malignant mesothelioma, lung cancer, colo-rectal cancer, laryngeal cancer, esophageal cancer, pharyngeal cancer, stomach cancer, severe asbestosis, disabling asbestosis, or non-disabling asbestosis (all such diseases other than mesothelioma being referred to hereafter as the "**Other Diseases**"), based on, or as evidenced in, medical records or similar documentation in the possession of the claimant, his or her attorney, or the physician of the claimant or Injured Party;

  c.  the Injured Party was exposed to asbestos released from asbestos-containing gaskets or packing manufactured, produced, fabricated, distributed, supplied, marketed, included as a component part, or sold by Garlock or Coltec ("**Asbestos**

Exposure") [*Note: for purposes of this certification, the term "Coltec" includes but is not limited to the following predecessors or former divisions of Coltec Industries Inc: Fairbanks Morse Engine, Fairbanks Morse Pump, Quincy Compressor, Central Moloney, France Compressor, Delavan, and Farnam*]; and

    d.   each claim identified as liquidated by settlement or judgment is the subject of a settlement agreement or judgment in the amount indicated; and

    e.   if these certifications are made by the Asbestos Claimant's attorney, the attorney is authorized by the Asbestos Claimant to vote on the Plan on his or her behalf, and to represent that the Injured Party has (or, if deceased, had) the disease noted on the ballot and Asbestos Exposure.

Asbestos Claimants making these certifications will have their Class 5 Asbestos Claims temporarily allowed for voting purposes only in the amount of $10,000 (for claims based on malignant mesothelioma), $1 (for any of the Other Diseases), or the asserted liquidated amount of the claim (for Asbestos Claims asserted to be liquidated by settlement or judgment).

Any Class 5 Asbestos Claimant who cannot, on or before the Voting Deadline, make the certifications above may file a motion with the Bankruptcy Court, requesting temporary allowance for voting purposes. Any such motion must be filed no later than **December 9, 2016**, and any such claimant who does not move for temporary allowance by that time shall be deemed to have waived his or her right to vote on the Plan. If the Bankruptcy Court grants a claimant's motion for temporary allowance, the claimant will be entitled to submit a ballot in the amount and by the deadline specified by the Bankruptcy Court, and such ballot, if completed and signed in accordance with the Bankruptcy Court's requirements and the Voting Procedures, will be treated as timely, and the Balloting Agent will count or tabulate such ballot, even if such ballot is submitted after the Voting Deadline.

***No entity named as a defendant in asbestos litigation shall be eligible to vote on the Plan as a Class 5 Asbestos Claimant, unless such entity files a motion for temporary allowance of its claim for voting purposes and the Court grants such motion for temporary allowance. Any such motion must be filed no later than December 9, 2016, and any such entity who does not move for temporary allowance by that time shall be deemed to have waived its right to vote on the Plan. All parties' rights to object to such claim and to such motion for temporary allowance for voting purposes have been preserved.***

    7.   **Return the Ballot in the envelope provided.** The Ballot must be <u>actually received</u> by the Balloting Agent by the Voting Deadline (specified above) or <u>it will not be counted</u>. Faxes, e-mails, and other electronic submissions <u>will not</u> be accepted.

**BALLOT FOR**
**CLASS 5 ASBESTOS CLAIMS**

**Please read the instructions accompanying this Ballot before completing.**
**Print clearly in ink or type.**

---

**YOU MUST COMPLETE EACH SECTION OF THIS BALLOT IN ORDER FOR IT TO BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1.**        **Identifying Information.**

| | |
|---|---|
| Name of Asbestos Claimant: | _____ |
| Asbestos Claimant Last 4 Digits of Social Security No.: | _____ |
| Asbestos Claimant's Street Address: | _____ |
| City, State & Zip Code: | _____ |
| Name of Injured Party (if different from Asbestos Claimant): | _____ |
| Injured Party Last 4 Digits of Social Security No. (if different from Asbestos Claimant): | _____ |
| If by Attorney, Name: | _____ |
| If by Attorney, Name of Law Firm: | _____ |
| Law Firm's Street Address: | _____ |
| City, State & Zip Code: | _____ |
| Date Completed: | _____ |

**Item 2.**  **Designation of Disease Category or Assertion of Settlement or Judgment and Amount FOR VOTING PURPOSES ONLY.**

Solely for purposes of voting to accept or to reject the Plan, please designate the following category of Class 5 Asbestos Claim.

☐  **Mesothelioma**.

**Claim amount for voting purposes only: $10,000.**

☐  **Other Diseases (lung cancer, colo-rectal cancer, laryngeal cancer, esophageal cancer, pharyngeal cancer, stomach cancer, severe asbestosis, disabling asbestosis, or non-disabling asbestosis).**

**Claim amount for voting purposes only: $1.**

☐  **Settled Claim.**

**Asserted Settlement Amount: _____.**

☐  **Judgment Claim**.

**Asserted Judgment Amount: _____.**

**Item 3.**  **Entity Claiming Against.**

Indicate whether the Asbestos Claimant is asserting a GST Asbestos Claim, a Coltec Asbestos Claim, or both. You may check <u>one or both</u> boxes:

☐ **GST ASBESTOS CLAIM.**

☐ **COLTEC ASBESTOS CLAIM.**

**Item 4.**  **Vote.**

The Class 5 Asbestos Claimant in the amount set forth in Item 2, hereby votes to:

Check <u>only one</u> box:  ☐ **ACCEPT THE PLAN.**

☐ **REJECT THE PLAN.**

**Item 5.**        <u>**Certifications.**</u>

By signing below, I hereby certify under penalty of perjury to the best of my knowledge, information, and reasonable belief that the following matters are true and correct:

(i)  the Asbestos Claimant (as defined in the Plan) holds an Asbestos Claim that has not been dismissed with prejudice or settled and paid, and is not known to be time-barred;

(ii)  the person upon whose injury the Asbestos Claim is based (the "**Injured Party**") was diagnosed with malignant mesothelioma, lung cancer, colo-rectal cancer, laryngeal cancer, esophageal cancer, pharyngeal cancer, stomach cancer, severe asbestosis, disabling asbestosis, or non-disabling asbestosis, as indicated in the exhibit, based on, or as evidenced in, medical records or similar documentation in the possession of the claimant, his/her attorneys, or the respective physicians of the claimant or Injured Party;

(iii)  Injured Party listed in the exhibit was exposed to asbestos released from asbestos-containing gaskets or packing manufactured, produced, fabricated, distributed, supplied, marketed, included as a component part, or sold by Garlock or Coltec[1] ("**Asbestos Exposure**");

(iv)  if this claim has been identified as liquidated by settlement or judgment, it is the subject of a settlement agreement or judgment in the amount indicated; and

(v)  if these certifications are made by the Asbestos Claimant's attorney, the attorney is authorized by such holder to vote on the Plan on his or her behalf, and to represent that the Injured Party has (or, if deceased, had) the disease noted on the ballot and Asbestos Exposure.

| | |
|---|---|
| Signature of Claimant or Attorney: | _____ |
| Printed Name of Claimant or Attorney: | _____ |
| Name of Law Firm (if applicable): | _____ |
| Date: | _____ |

<u>**DO NOT INCLUDE MEDICAL RECORDS WITH THIS BALLOT.**</u>

**IF THIS BALLOT IS NOT *ACTUALLY RECEIVED* BY THE BALLOTING AGENT BY DECEMBER 9, 2016, THE BALLOT WILL NOT BE COUNTED.**

---

[1] For purposes of this certification, the term "**Coltec**" includes the following predecessors or former divisions of Coltec Industries Inc:  Fairbanks Morse Engine, Fairbanks Morse Pump, Quincy Compressor, Central Moloney, France Compressor, Delavan, and Farnam.

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, OR VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT, RUST CONSULTING/OMNI BANKRUPTCY, TOLL-FREE AT 1-844-GARLOCK.**

# EXHIBIT 1C

**FORM OF BALLOT FOR CLASS 9 GST/GARRISON EQUITY INTERESTS**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| IN RE:<br><br>GARLOCK  SEALING  TECHNOLOGIES LLC, et al.,<br><br>                Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR  BY  MERGER TO COLTEC INDUSTRIES INC,<br><br>                Debtor. | Case No. [Not yet filed]<br><br>Chapter 11<br><br>[Joint Administration To Be Requested] |

**BALLOT AND VOTING INSTRUCTIONS FOR THE
JOINT PLAN OF REORGANIZATION OF GARLOCK SEALING TECHNOLOGIES
LLC, ET AL. AND OLDCO, LLC, PROPOSED SUCCESSOR BY MERGER TO
COLTEC INDUSTRIES INC, DATED MAY 20, 2016**

**CLASS 9: GST/GARRISON EQUITY INTERESTS**

Garlock Sealing Technologies LLC ("**Garlock**"), Garrison Litigation Management Group, Ltd. ("**Garrison**") and The Anchor Packing Company, debtors and debtors-in-possession in the above-captioned cases (with OldCo, LLC, once it has commenced a bankruptcy case to be jointly administered under Case No. 10-BK-31607, the "**Debtors**"), the Official Committee of Asbestos Personal Injury Claimants, the Future Asbestos Claimants' Representative, the Ad Hoc Coltec Future Asbestos Claimants' Representative, and the Ad Hoc Coltec Asbestos Claimants Committee (together the "**Plan Proponents**"), are soliciting votes from Asbestos Claimants with respect to the Joint Plan of Reorganization of Garlock Sealing Technologies LLC, et al. and OldCo, LLC, Proposed Successor by Merger to Coltec Industries Inc, dated May 20, 2016 (as it may be from time to time amended, supplemented or modified, the "**Plan**").

---

[1] The debtors in these jointly administered cases (referred to collectively as the "**Garlock Case**") are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

The United States Bankruptcy Court for the Western District of North Carolina (the "**Bankruptcy Court**") has signed an order in the Garlock Case (the "**Confirmation Procedures Order**") that establishes procedures under which the Plan Proponents will solicit acceptance of the Plan from Asbestos Claimants and voting procedures ("**Voting Procedures**") for tabulation of votes on the Plan. Copies of the Confirmation Procedures Order and Voting Procedures are included in the Solicitation Package sent to you.

Information regarding treatment of Class 9 GST/Garrison Equity Interests is available in the Disclosure Statement and the Plan, which are included in the Solicitation Package. A Solicitation Package, including this Ballot, is being sent to each Holder of Class 9 GST/Garrison Equity Interests.

*The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you whether you vote or not if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims voting in the Class. Under the Plan, Class 9 must accept the Plan and the Plan must meet other requirements of 11 U.S.C. § 1129(a) for the Plan to be confirmed and for Class 9 GST/Garrison Equity Interests to receive the treatment to which the Class is entitled under the Plan. To have your vote count, you must complete and return this Ballot.*

This Ballot is to be used for voting by the Holders of Class 9 GST/Garrison Equity Interests only. In order for your Ballot to be counted, it must be properly completed, signed, and returned by first-class mail or courier to the Debtors' court-approved Balloting Agent, Rust Consulting/Omni Bankruptcy:

> Garlock Sealing Technologies LLC, et al.
> c/o Rust Consulting/Omni Bankruptcy
> Attn: Balloting Agent
> 5955 DeSoto Avenue, Suite 100
> Woodland Hills, CA 91367

> **A Ballot must be RECEIVED by the Balloting Agent no later than December 9, 2016 (the "Voting Deadline"). Facsimiles and electronic submissions will NOT be accepted.**

If you have questions about your Ballot, or if you did not receive a copy of the Disclosure Statement, Plan, or Voting Procedures, you may contact the Balloting Agent by phone at 1-844-GARLOCK or by email at Garlock@omnimgt.com. **Please note that the Balloting Agent cannot give legal advice. You should consult your attorney regarding all legal matters.**

**Return the Ballot in the envelope provided.** The Ballot must be <u>received</u> by the Balloting Agent by the date specified in the instructions or <u>it will not be counted</u>. Facsimiles and electronic submissions <u>will not</u> be accepted.

## BALLOT FOR CLASS 9 GST/GARRISON EQUITY INTERESTS

**Please read the instructions accompanying this Ballot before completing.
Print clearly in ink or type.**

---

**YOU MUST COMPLETE EACH SECTION OF THIS BALLOT IN ORDER FOR IT TO
BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1.**      **Vote.**

The undersigned, the Holder of the Class 9 GST/Garrison Equity Interests, votes to:

Check <u>only one</u> box:      ☐ **ACCEPT THE PLAN.**

☐ **REJECT THE PLAN.**

**Item 2.**      **Certifications.**

| By signing below, I hereby certify under penalty of perjury that to the best of my knowledge, information, and reasonable belief, I have the power and authority to vote to accept or reject this plan on behalf of the holder of the Class 9 GST/Garrison Equity Interests. | |
|---|---|
| Name of Equity Interest Holder: | _____ |
| Street Address: | _____ |
| City, State & Zip Code: | _____ |
| Name and Title of Attorney or Authorized Agent: | _____ |
| Signature of Attorney or Authorized Agent: | _____ |
| Date: | _____ |

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, OR IF YOU
DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, OR
VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE
BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE
BALLOTING AGENT, RUST CONSULTING/OMNI BANKRUPTCY, TOLL-FREE AT
1-844-GARLOCK**

# EXHIBIT 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>Debtor. | Case No. [Not yet filed]<br><br>Chapter 11<br><br>[Joint Administration To Be Requested] |

### NOTICE OF CONFIRMATION HEARING FOR PLAN OF REORGANIZATION OF GARLOCK SEALING TECHNOLOGIES LLC ET AL. AND OLDCO, LLC, PROPOSED SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC DATED MAY 20, 2016

**PLEASE TAKE NOTICE** that on May 20, 2016 the debtors and debtors-in-possession (collectively, the "**Debtors**") filed:

- The Joint Plan of Reorganization of Garlock Sealing Technologies LLC, et al. and OldCo, LLC, Proposed Successor by Merger to Coltec Industries Inc, dated May 20, 2016 (as it may be from time to time amended, supplemented or modified, the "**Plan**"), and

- A Disclosure Statement with respect to the Plan (as it may be further amended, the "Disclosure Statement").[2]

---

[1] The Debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company. Solicitation is also being conducted by Coltec Industries, Inc. pursuant to Sections 1125(g) and 1126(b) of the Bankruptcy Code and Rule 3018(b) of the Federal Rules of Bankruptcy Procedure with respect to OldCo, LLC which, in the event this Plan is accepted by the requisite numbers of claimants in Class 5, will become a successor by merger to Coltec Industries, Inc. and commence a bankruptcy case that will be jointly administered under Case No. 10-BK-31607.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

Debtors, Coltec Industries Inc ("**Coltec**"[3]), the Official Committee of Asbestos Personal Injury Claimants and the Future Asbestos Claimants' Representative in the Garlock Case are plan proponents as are the Ad Hoc Coltec Future Asbestos Claimants' Representative and the Ad Hoc Coltec Asbestos Claimants Committee (together, the "**Plan Proponents**").

**PLEASE TAKE FURTHER NOTICE** that, after notice and a hearing pursuant to Bankruptcy Code § 1125, the Bankruptcy Court approved the Disclosure Statement as providing adequate information for Holders of Claims and Equity Interests to make a decision as to whether to vote to accept or to reject the Plan.

**PLEASE TAKE FURTHER NOTICE** that, as further described in the accompanying Solicitation Package and the Notice of Simultaneous Solicitation of GST Asbestos Claimants and Coltec Asbestos Claimants; Coltec has not yet filed a bankruptcy case, but the Plan calls for Coltec to file a bankruptcy case if sufficient numbers of Asbestos Claimants vote to support the Plan.

**PLEASE TAKE FURTHER NOTICE** <u>that the Plan for which confirmation is sought provides, among other things, for the issuance of a permanent injunction pursuant to section 524(g) of the Bankruptcy Code that channels all Asbestos Claims against Debtors and the Asbestos Protected Parties (as defined in the Plan) to an Asbestos Trust for resolution and (if eligible) payment. The Plan also provides for the granting of other injunctions described in Article 8 of the Plan.</u>

**The Asbestos Protected Parties that would be protected by the injunction are defined in the Plan and include Debtors, Reorganized Debtors, any current or former Affiliate of the Debtors or Reorganized Debtors (including the entities specified on Exhibit D in the exhibit book with the Plan), Coltec's former divisions and their successor entities, the asbestos insurance entities listed on or added to Exhibit E in the exhibit book with the Plan, and other entities specified in the Plan.**

**The claims that are discharged by the Plan, the injunctions that are granted as part of the Plan, and the claims that are released under the Plan are described in Article 8 of the Plan. You should read the Plan and the Disclosure Statement for a more complete discussion of how the injunctions will operate and may affect your rights. You may need to consult your attorney.**

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has also entered an Order Approving Disclosure Statement and Confirmation Procedures (the "**Confirmation Procedures Order**"). The Confirmation Procedures Order establishes procedures for Holders of Claims and Interests in certain Classes to vote to accept or to reject the Plan.

---

[3] "**Coltec**" includes, but is not limited to, the following predecessors or former divisions of Coltec Industries Inc: Fairbanks Morse Engine, Fairbanks Morse Pump, Quincy Compressor, Central Moloney, France Compressor, Delavan, and Farnam.

## VOTING DEADLINE

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Procedures Order (i) establishes procedures for solicitation and tabulation of votes on the Plan, (ii) approves the form of ballots and master ballots, (iii) approves the form and content of notice to Holders of Claims and Interests, and (iv) establishes dates and deadlines in connection with confirmation of the Plan. The Confirmation Procedures Order establishes the deadline by which votes to accept or to reject the Plan must be ***actually received*** by Rust Consulting/Omni Bankruptcy (the "**Balloting Agent**") as **December 9, 2016** (the "**Voting Deadline**").

All votes to accept or reject the Plan must be cast by using the appropriate ballot or master ballot. All ballots or master ballots accepting or rejecting the Plan must be received by the Balloting Agent on or before the Voting Deadline at the following address:

> Garlock Sealing Technologies LLC, et al.
> c/o Rust Consulting/Omni Bankruptcy
> Attn: Balloting Agent
> 5955 DeSoto Avenue, Suite 100
> Woodland Hills, CA 91367

The Court may extend or otherwise modify the period during which votes will be accepted, in which case the Voting Deadline shall mean the last time and date to which the Court extends solicitation of ballots and master ballots.

## CONFIRMATION HEARING DATE AND OBJECTION DEADLINE

**PLEASE TAKE FURTHER NOTICE** that:

A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will commence on May 15, 2017, at 10:00 a.m., prevailing Eastern time, before the Honorable Craig Whitley, United States Bankruptcy Judge, United States Bankruptcy Court for the Western District of North Carolina, 401 W. Trade St., Charlotte, North Carolina. The Confirmation Hearing may be continued from time to time by announcing such continuance in open court and providing written notice to parties that have filed objections to confirmation or other motions for relief.

In accordance with the Confirmation Procedures **a CD-ROM containing a Solicitation Package** accompanies this notice. If you did not receive a Solicitation Package, but wish to receive one, you should contact the Balloting Agent by phone at 1-844-GARLOCK or email at garlock@omnimgt.com. Solicitation Packages are also available online at www.Garlocknotice.com. Holders of Claims that are not entitled to vote on the Plan, or whose vote is not being otherwise solicited by the Debtors, should receive a copy of the Solicitation Package and a Notice of Non-Solicitation and Non-Voting Status.

Responses and objections, if any, to the confirmation of the Plan or any of the other relief sought by the Debtors in connection with confirmation of the Plan, must (a) describe the nature and amount of the objector's Claim or Equity Interest, (b) state with particularity the legal and factual grounds for the response or objection, and (c) if applicable, provide the specific text that the objecting party believes to be appropriate to insert into the Plan in order to cure its alleged deficiency.

Any such responses or objections must be filed with the Bankruptcy Court and served in a manner so as to be ***actually received*** no later than **December 9, 2016** (the "**Objection Deadline**") by the Notice Parties (defined below).   The following parties are the "**Notice Parties**":

| | |
|---|---|
| **Debtors:** | GARLOCK SEALING TECHNOLOGIES LLC<br>c/o Elizabeth Barry, Chief Restructuring Officer<br>349 West Commercial St., Ste 3050<br>East Rochester, NY  14445 |
| **With a copy to:** | RAYBURN COOPER & DURHAM, P.A.<br>1200 Carillion, 227 West Trade Street<br>Charlotte, NC 28202<br>Telephone: (704) 334-0891<br>Attn: John R. Miller, Jr.<br><br>and<br><br>ROBINSON, BRADSHAW & HINSON, P.A.<br>101 North Tryon Street, Suite 1900<br>Charlotte, NC 28246<br>Telephone: (704) 377-2536<br>Attn: Garland S. Cassada<br><br>and<br><br>PARKER POE ADAMS & BERNSTEIN, LLP<br>Three Wells Fargo Center<br>401 South Tryon Street, Suite 3000<br>Charlotte, NC 28202<br>Telephone: (704) 335-9054<br>Attn: Daniel G. Clodfelter |

| | |
|---|---|
| **Official Committee of Asbestos Personal Injury Claimants:** | CAPLIN & DRYSDALE, CHARTERED<br>One Thomas Circle N.W., Suite 1100<br>Washington, DC 20005<br>Telephone: (202) 862-5000<br>Attn: Trevor W. Swett, III<br><br>and<br><br>MOON WRIGHT & HOUSTON, PLLC<br>227 West Trade Street, Suite 1800<br>Charlotte, NC 28202<br>Telephone:  (704) 944-6560<br>Attn: Travis W. Moon |
| **Future Asbestos Claimants' Representative:** | GRIER FURR & CRISP, PA<br>101 North Tryon Street, Suite 1240<br>Charlotte, NC 28246<br>Telephone: (704) 375-3720<br>Attn: Joseph W. Grier, III |
| **With a copy to:** | ORRICK HERRINGTON & SUTCLIFFE, LLP<br>Columbia Center<br>1152 15th Street, N.W.<br>Washington, DC 20005<br>Telephone: (202) 339-8400<br>Attn: Jonathan P. Guy |
| **Unsecured Creditors Committee:** | FSB FISHERBROYLES, LLP<br>6000 Fairview Road, Suite 1200<br>Charlotte, NC 28210<br>Telephone: (704) 464-6954<br>Attn: Deborah L. Fletcher |

**Objections not timely filed and served in accordance with the provisions of this order shall not be heard and shall be overruled.**

This 29th day of July, 2016.

/s/ Garland S. Cassada
Garland S. Cassada
N.C. Bar No. 12352
Jonathan C. Krisko
N.C. Bar No. 28625
Richard C. Worf, Jr.
N.C. Bar No. 37143

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone:    (704) 377-2536
Facsimile:    (704) 378-4000

gcassada@rbh.com
jkrisko@rbh.com
rworf@rbh.com

*Special Corporate and Litigation Counsel to the Debtors Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company*

# EXHIBIT 3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>        Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>        Debtor. | Case No. [Not yet filed]<br><br>Chapter 11<br><br>[Joint Administration To Be Requested] |

**NOTICE OF NON-SOLICITATION AND NON-VOTING STATUS
FOR PLAN OF REORGANIZATION OF GARLOCK SEALING TECHNOLOGIES LLC
et al. AND OLDCO, LLC, PROPOSED SUCCESSOR
BY MERGER TO COLTEC INDUSTRIES INC**

      **PLEASE TAKE NOTICE** that on May 20, 2016 the debtors and debtors-in-possession (collectively, the "**Debtors**") filed:

- The Joint Plan of Reorganization of Garlock Sealing Technologies LLC, et al. and OldCo, LLC, Proposed Successor by Merger to Coltec Industries Inc, dated May 20, 2016 (as it may be from time to time amended, supplemented or modified, the "**Plan**"), and

- A Disclosure Statement with respect to the Plan (as it may be further amended, the "Disclosure Statement").[2]

---

[1] The Debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company. Solicitation is also being conducted by Coltec Industries Inc. pursuant to Sections 1125(g) and 1126(b) of the Bankruptcy Code and Rule 3018(b) of the Federal Rules of Bankruptcy Procedure with respect to OldCo, LLC which, in the event this Plan is accepted by the requisite numbers of Claimants in Class 5, will become a successor by merger to Coltec Industries, Inc. and commence a bankruptcy case that will be jointly administered under Case No. 10-BK-31607.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

Debtors, Coltec Industries Inc ("**Coltec**"[3]), the Official Committee of Asbestos Personal Injury Claimants and the Future Asbestos Claimants' Representative in the Garlock Case are plan proponents as are the Ad Hoc Coltec Future Asbestos Claimants' Representative and the Ad Hoc Coltec Asbestos Claimants Committee (together, the "**Plan Proponents**").

**PLEASE TAKE FURTHER NOTICE** that, after notice and a hearing pursuant to Bankruptcy Code § 1125, the Bankruptcy Court approved the Disclosure Statement as providing adequate information for Holders of Claims and Equity Interests to make a decision as to whether to vote to accept or to reject the Plan.

**Class 1 – Priority Claims**

**If your Claim is in Class 1, you shall be paid the allowed amount of your allowed priority claim on the distribution date either (a) in full, in cash or (b) upon such other less favorable terms as may be mutually agreed upon between you and the Reorganized Debtors. Pursuant to section 1124 of the Bankruptcy Code, your Claim is in a class that is not impaired. Therefore, pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively deemed to have accepted the Plan, and are not entitled to vote.**

**Class 2 – Secured Claims**

**If your Claim is in Class 2, your Claim is not impaired and you are not entitled to vote. If your Class 2 Claim is an allowed <u>Non-Tax Secured Claim</u> subject to the provisions of Bankruptcy Code §§ 502(b) and 506(d) and the terms of the Plan, you shall, at the option of the Reorganized Debtors, receive treatment according to the following alternatives:**

(i)     **The Plan will leave unaltered the legal, equitable and contractual rights to which you are entitled,**

(ii)     **The Reorganized Debtors shall pay your allowed Secured Claim in full on the effective date or as soon thereafter as reasonably practicable, or**

(iii)     **The Reorganized Debtors shall provide such other treatment as is agreed to in writing between the Debtors or the Reorganized Debtors and the holders of such allowed Secured Claim.**

**If your Class 2 Claim is an allowed <u>Secured Tax Claim</u>, except to the extent you agree with the debtors or Reorganized Debtors to a different treatment, you shall receive 100% of the unpaid amount of such allowed Secured Tax Claim in cash from the Reorganized Debtors on the distribution date. Pursuant to section 1124 of the Bankruptcy Code, Class 2 Claims are in a class that is not impaired. Therefore, pursuant to section 1126(f) of the Bankruptcy Code, if your Claim is a Class 2 Claim, you are conclusively deemed to have accepted the Plan, and are not entitled to vote.**

**Class 3 – Workers' Compensation Claims**

---

[3] "**Coltec**" includes, but is not limited to, the following predecessors or former divisions of Coltec Industries Inc:  Fairbanks Morse Engine, Fairbanks Morse Pump, Quincy Compressor, Central Moloney, France Compressor, Delavan, and Farnam.

If your Claim is a Class 3 Claim, your Claim shall be reinstated and shall have all legal, equitable, contractual rights to which you are entitled. Pursuant to section 1124 of the Bankruptcy Code, your Claim is in a class that is not impaired.  Therefore, pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively deemed to have accepted the Plan, and are not entitled to vote.

### Class 4 – Intercompany Claims

If your Claim is a Class 4 Claim, your Claim is preserved by the Plan, except for certain Intercompany Claims that are expressly resolved, released, and extinguished by the Holders thereof pursuant to the Plan. Pursuant to section 1124 of the Bankruptcy Code, your Claim is in a class that is not impaired.  Therefore, pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively deemed to have accepted the Plan and are not entitled to vote.

### Class 6 – GST General Unsecured Claims

If your Claim is in Class 6, your Claim if allowed, shall be paid the allowed amount of the Claim on the distribution date. Such payment shall be:

(i)     In full, in cash, plus post-petition interest at the federal judgment rate in effect on the petition date, or

(ii)    Upon such other less favorable terms as may be mutually agreed upon between the holder of an allowed GST General Unsecured Claim and the Debtors or Reorganized Debtors.

Post-petition interest shall accrue from the petition date through the date of payment. Pursuant to section 1124 of the Bankruptcy Code, your Claim is in a class that is not impaired.  Therefore, pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively deemed to have accepted the Plan, and are not entitled to vote.

### Class 7 – Anchor Claims

If your Claim is a Class 8 Claim, you shall be entitled to assert such Claim against Anchor in accordance with the provisions of article 14 of chapter 55 of the North Carolina Business Corporation Act.  Pursuant to section 1124 of the Bankruptcy Code, your Claim is in a class that is not impaired.  Therefore, pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively deemed to have accepted the Plan, and are not entitled to vote.

### Class 10 – Other Equity Interests

If you are a holder of an equity interest in Class 10 you shall retain your equity interest unaltered by the Plan.  Pursuant to section 1124 of the Bankruptcy Code, your equity interest is in a class that is not impaired.  Therefore, pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively deemed to have accepted the Plan, and are not entitled to vote.

This 29th day of July, 2016.

/s/ Garland S. Cassada
Garland S. Cassada
N.C. Bar No. 12352
Jonathan C. Krisko
N.C. Bar No. 28625
Richard C. Worf, Jr.
N.C. Bar No. 37143

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone:    (704) 377-2536
Facsimile:    (704) 378-4000

gcassada@rbh.com
jkrisko@rbh.com
rworf@rbh.com

*Special Corporate and Litigation Counsel to the Debtors Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company*

# EXHIBIT 4

# ATTENTION PERSONS WHO HOLD CLAIMS AGAINST GARLOCK SEALING TECHNOLOGIES <u>AND/OR</u> AGAINST COLTEC INDUSTRIES INC.

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF NORTH CAROLINA
#### Charlotte Division

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>        Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>        Debtor. | Case No. [Not yet filed]<br><br>Chapter 11<br><br>[Joint Administration To Be Requested] |

## NOTICE OF SIMULTANEOUS SOLICITATION OF GST ASBESTOS CLAIMANTS AND COLTEC ASBESTOS CLAIMANTS

**PLEASE TAKE NOTICE** that the Joint Plan of Reorganization of Garlock Sealing Technologies LLC, et al. and OldCo, LLC, Proposed Successor by Merger to Coltec Industries Inc, dated May 20, 2016 (the "**Plan**"),[2] is jointly proposed by OldCo, LLC ("**Coltec**") with Garlock Sealing Technologies LLC ("**Garlock**"), Garrison Litigation Management Group, Ltd. ("**Garrison**") and The Anchor Packing Company ("**Anchor**").

Garlock, Garrison and Anchor are debtors and debtors-in-possession in chapter 11 cases pending in the United States Bankruptcy Court for the Western District of North Carolina (captioned *In re: Garlock Sealing Technologies LLC, et al.* and jointly administered under Case No. 10-BK-31607) (the "**Garlock Case**").

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Plan.

2

The Official Committee of Asbestos Personal Injury Claimants and the Future Asbestos Claimants' Representative in the Garlock Case are also Plan Proponents as are the Ad Hoc Coltec Future Asbestos Claimants' Representative and the Ad Hoc Coltec Asbestos Claimants Committee (together, the "**Plan Proponents**").

This Notice of Simultaneous Solicitation of GST Asbestos Claimants and Coltec Asbestos Claimants (this "**Notice**") is intended to clarify for persons who hold asbestos claims against Garlock or Coltec, or both, the simultaneous solicitation of votes in favor of the Plan by these persons, even though Coltec has not yet filed a petition for relief under the Bankruptcy Code.

1.      *The Plan Resolves GST Asbestos Claims and Coltec Asbestos Claims.* The Plan resolves asbestos personal injury and wrongful death claims against Garlock and Garrison, which are defined in the Plan as "**GST Asbestos Claims**" and also resolves asbestos personal injury and wrongful death claims against Coltec, which are defined in the Plan as "**Coltec Asbestos Claims**." The entity, Coltec, includes, but is not limited to, the following predecessors or former divisions of Coltec Industries Inc:  Fairbanks Morse Engine, Fairbanks Morse Pump, Quincy Compressor, Central Moloney, France Compressor, Delavan, and Farnam.

2.      *Coltec Is Soliciting Votes in Favor of the Plan Simultaneously with Garlock Because the Plan Calls for Coltec to File a Chapter 11 Case.*  Coltec has not yet filed a Chapter 11 case, but the Plan proposes that Coltec will do so if sufficient numbers of Asbestos Claimants vote in favor of the Plan. Coltec is thus soliciting Coltec Asbestos Claimants for support of the Plan simultaneous to solicitation by Garlock, Garrison, and Anchor of the same Plan, even though Coltec has not yet filed a Chapter 11 case.

3.      *The Bankruptcy Court Has Not Approved the Disclosure Statement As It Relates to Coltec Asbestos Claimants.*  Because Coltec has not filed its own Chapter 11 case, the United States Bankruptcy Court for the Western District of North Carolina (the "**Bankruptcy Court**") has not yet approved the Disclosure Statement for the Plan as it specifically relates to Coltec Asbestos Claimants or approved procedures for soliciting acceptance of the Plan from Coltec Asbestos Claimants.

The Bankruptcy Court, however, has approved the Disclosure Statement for the Plan and entered an order (the "**Confirmation Procedures Order**") that establishes procedures whereby the Plan Proponents in the Garlock Case will solicit acceptance of the Plan and procedures for tabulation of votes on the Plan with respect to Asbestos Claims in Class 5 of the Plan and GST/Garrison Equity Interests in Class 8 of the Plan.  After Coltec files for bankruptcy, it will seek Bankruptcy Court approval of the Disclosure Statement vis-à-vis its creditors, including Coltec Asbestos Claimants.

4.      *The Garlock Case Voting Procedures Apply to Coltec Asbestos Claims.*  Coltec Asbestos Claims are in the same class as Garlock Asbestos Claims, Class 5, in the Plan. Coltec is using the Disclosure Statement and the Confirmation Procedures Order (and Ballots approved therein) to solicit acceptance of the Plan by Coltec Asbestos Claimants prior to commencing its planned Chapter 11 case.  (Those documents have been included in the Solicitation Package provided with this Notice.)

3

Accordingly, if you are a Coltec Asbestos Claimant or a representative of a Coltec Asbestos Claimant, the procedures and ballots in the Solicitation and Voting Procedures Order apply to your claim.

5. *All Asbestos Claimants Have One Vote, Using the Same Ballot.* Pursuant to the Confirmation Procedures Order, a Claimant who holds a GST Asbestos Claim, a Coltec Asbestos Claim, or both may only cast one vote and must do so with the form of Class 5 Master Ballot or Class 5 Individual Ballot approved by the Confirmation Procedures Order. The Voting Procedures, included in the Solicitation Package provided with this Notice, give further detail about requirements for voting GST Asbestos Claims and Coltec Asbestos Claims.

6. *Information Concerning the Plan Is Included in the Solicitation Package.* Further information regarding the Plan, the Garlock Bankruptcy Case, Coltec Asbestos Claims, the Comprehensive Settlement resolving GST Asbestos Claims and Coltec Asbestos Claims, treatment of Class 5 Asbestos Claimants under the Plan, and other information is included in the Disclosure Statement and the Plan, included in the Solicitation Package provided with this Notice. Per the enclosed instructions, ballots for voting on the Plan must be submitted so that they are ***actually received*** by the Ballot Agent no later than **December 9, 2016**. A ballot received after December 9, 2016 will not be counted even if the accompanying envelope was postmarked with that date.

4

# EXHIBIT 5

# If You Worked Around Gaskets, Packing, or Equipment Containing Asbestos

### *The Garlock and Coltec Bankruptcy Settlement May Affect Your Rights.*

There is a bankruptcy involving claims about exposure to asbestos-containing gaskets, packing, and equipment. Garlock Sealing Technologies LLC, The Anchor Packing Company, and Garrison Litigation Management Group, Ltd., along with representatives of asbestos claimants, have filed a new plan of reorganization (the "Plan"). Coltec Industries Inc is also part of the Plan. If claimants approve the Plan, Coltec will merge with a company known as OldCo, LLC, and that company will file a bankruptcy case. Together, these companies are referred to as the "Debtors."

The gaskets and packing were used in places where steam, hot liquid, or acids moved through pipes, including industrial and maritime settings. The equipment included compressors, engines, pumps, transformers, and other equipment that may have had asbestos-containing components, such as gaskets or packing. The Coltec-related divisions or businesses that may have sold asbestos-containing products or equipment were Fairbanks Morse, Quincy Compressor, Central Moloney, Delavan, France Compressor, and Farnam.

#### Who Is Affected by the Bankruptcy Case?

Your rights may be affected if you:
- Worked with or around Garlock asbestos-containing gaskets or packing, Coltec equipment with asbestos components, or any other asbestos-containing product for which Debtors are responsible, or
- Have a claim now or in the future against the Debtors for asbestos-related disease caused by any person's exposure to asbestos-containing products.

**Even if you have not yet been diagnosed with any disease or experienced any symptoms, your rights may be affected.** The Court has appointed a Future Claimants' Representative ("FCR") to represent the rights of these future claimants.

#### What Does the Plan Provide?

The Plan is the result of a settlement agreement between the Debtors, the FCR, and committees representing asbestos claimants against Garlock and Coltec (the "Asbestos Claimants Committee"). The Plan will establish a Trust funded with $480 million to pay asbestos claims against Garlock and Coltec. **If the Plan is approved, all claims must be filed against the Trust. You will not be able to file claims against the Debtor or protected parties.** If you have claims only against Anchor, you are not expected to recover anything, as that company has no assets and will be dissolved.

The Plan replaces a different plan that was supported by the Debtors and FCR. The Plan provides more guaranteed funding for paying asbestos claims, and also pays claims against Coltec. The Asbestos Claimants Committee opposed the previous plan, but supports the Plan.

#### Who Can Vote on or Object to the Plan?

All identifiable asbestos claimants or their attorneys will receive the "Solicitation Package." This includes the Plan, Voting Ballot, and other information. You can vote on the Plan by providing certified information about your claim, or making a motion to vote as described in the Solicitation Package available online or by calling the toll-free number.

**You will need to vote on the Plan by December 9, 2016**. You may also object to the Plan and the adequacy of the FCR's representation of future claimants, but must do so by December 9, 2016.

#### Do I Have to File a Claim?

Certain deadlines for filing asbestos claims against Garlock have already passed. **If you have an asbestos claim against Coltec based on a disease diagnosed on or before August 1, 2014, you must cast a ballot before December 9, 2016, or else file a claim by March 24, 2017.** If you do not file a claim, you may lose your right to bring your Coltec claim against the Trust in the future. Individuals diagnosed with disease after August 1, 2014 do <u>not</u> have to file a claim at this time, but may be able to vote or object to the Plan. In addition, if you have already filed an asbestos claim against Garlock, you do <u>not</u> have to file a separate Coltec asbestos claim.

#### When Will the Court Decide on the Plan?

A hearing to consider confirmation of the Plan will begin at 10:00 a.m. ET on May 15, 2017, at the US Bankruptcy Court, Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202.

**For Information: www.GarlockNotice.com 1-844-Garlock**

# EXHIBIT 6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| IN RE: | Case No. 10-BK-31607 |
| GARLOCK   SEALING   TECHNOLOGIES LLC, et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

**NOTICE OF NON-SOLICITATION AND NON-VOTING STATUS FOR
MODIFIED JOINT PLAN OF REORGANIZATION OF GARLOCK
SEALING TECHNOLOGIES LLC ET AL. AND OLDCO, LLC,
SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC**

**TO CREDITORS AND PARTIES IN INTEREST OF OLDCO, LLC ("COLTEC"),
SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC:**

**PLEASE TAKE NOTICE** that on July 29, 2016, the debtors and debtors-in-possession in the jointly administered chapter 11 cases of *In re Garlock Sealing Technologies LLC*, *In re Garrison Litigation Management Group, Ltd.* and *In re The Anchor Packing Company* (collectively, the "Garlock Debtors") filed a Disclosure Statement (the "Disclosure Statement") regarding the Modified Joint Plan of Reorganization of Garlock Sealing Technologies LLC, et al. and OldCo, LLC, Proposed Successor by Merger to Coltec Industries Inc, dated May 20, 2016 (and modified June 21, 2016, July 29, 2016, and December 2, 2016) (as it may be further amended, supplemented or modified, the "Plan").

All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Garlock Debtors, the Official Committee of Asbestos Personal Injury Claimants and the Future Asbestos Claimants' Representative in the Garlock Debtors' chapter 11 cases are plan proponents, as are Coltec Industries Inc[2], the Ad Hoc Coltec Future Asbestos Claimants' Representative and the Ad Hoc Coltec Asbestos Claimants Committee.

---

[1]   The debtors in these jointly administered cases are Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., The Anchor Packing Company and OldCo, LLC, successor by merger to Coltec Industries Inc.

[2]   Coltec Industries Inc includes, but is not limited to, its following predecessors or former divisions: Fairbanks Morse Engine, Fairbanks Morse Pump, Quincy Compressor, Central Moloney, France Compressor, Delavan, and Farnam.

**PLEASE TAKE FURTHER NOTICE** that, after notice and a hearing pursuant to Bankruptcy Code § 1125, the Bankruptcy Court approved the Disclosure Statement in the Garlock Debtors' chapter 11 cases as providing adequate information for Holders of Claims and Equity Interests to make a decision as to whether to vote to accept or to reject the Plan.

**PLEASE TAKE FURTHER NOTICE** that solicitation of the Plan was conducted by Coltec Industries Inc pursuant to section 1125(g) and 1126(b) of the Bankruptcy Code and Bankruptcy Rule 3018(b) with respect to Coltec, which became a successor by merger to Coltec Industries Inc as of December 31, 2016.

**PLEASE TAKE FURTHER NOTICE** that on January 30, 2017, Coltec filed its voluntary petition under chapter 11 of the Bankruptcy Code, filed (among other documents) the Plan and the Disclosure Statement in its chapter 11 case and has moved the Bankruptcy Court to approve the Disclosure Statement in its chapter 11 case.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has ordered that Coltec's chapter 11 case be jointly administered with the Garlock Debtors' chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that a joint hearing to consider approval of the Disclosure Statement in the Coltec chapter 11 case and confirmation of the Plan in these jointly administered cases will commence on May 15, 2017, beginning at 10:00 a.m. ET.

**Class 1 – Priority Claims**

**If your Claim is in Class 1, you shall be paid the allowed amount of your allowed priority claim on the distribution date either (a) in full, in cash or (b) upon such other less favorable terms as may be mutually agreed upon between you and the Reorganized Debtors. Pursuant to section 1124 of the Bankruptcy Code, your Claim is in a class that is not impaired. Therefore, pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively deemed to have accepted the Plan, and are not entitled to vote.**

**Class 2 – Secured Claims**

**If your Claim is in Class 2, your Claim is not impaired and you are not entitled to vote. If your Class 2 Claim is an allowed <u>Non-Tax Secured Claim</u> subject to the provisions of Bankruptcy Code §§ 502(b) and 506(d) and the terms of the Plan, you shall, at the option of the Reorganized Debtors, receive treatment according to the following alternatives:**

    **(i)**       **The Plan will leave unaltered the legal, equitable and contractual rights to which you are entitled,**

    **(ii)**      **The Reorganized Debtors shall pay your allowed Secured Claim in full on the effective date or as soon thereafter as reasonably practicable, or**

   **(iii)**     **The Reorganized Debtors shall provide such other treatment as is agreed to in writing between the Debtors or the Reorganized Debtors and the holders of such allowed Secured Claim.**

**If your Class 2 Claim is an allowed <u>Secured Tax Claim</u>, except to the extent you agree with the debtors or Reorganized Debtors to a different treatment, you shall receive**

100% of the unpaid amount of such allowed Secured Tax Claim in cash from the Reorganized Debtors on the distribution date. Pursuant to section 1124 of the Bankruptcy Code, Class 2 Claims are in a class that is not impaired. Therefore, pursuant to section 1126(f) of the Bankruptcy Code, if your Claim is a Class 2 Claim, you are conclusively deemed to have accepted the Plan, and are not entitled to vote.

**Class 3 – Workers' Compensation Claims**

If your Claim is a Class 3 Claim, your Claim shall be reinstated and shall have all legal, equitable, contractual rights to which you are entitled. Pursuant to section 1124 of the Bankruptcy Code, your Claim is in a class that is not impaired. Therefore, pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively deemed to have accepted the Plan, and are not entitled to vote.

**Class 4 – Intercompany Claims**

If your Claim is a Class 4 Claim, your Claim is preserved by the Plan, except for certain Intercompany Claims that are expressly resolved, released, and extinguished by the Holders thereof pursuant to the Plan. Pursuant to section 1124 of the Bankruptcy Code, your Claim is in a class that is not impaired. Therefore, pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively deemed to have accepted the Plan and are not entitled to vote.

**Class 6 – GST General Unsecured Claims**

If your Claim is in Class 6, your Claim if allowed, shall be paid the allowed amount of the Claim on the distribution date. Such payment shall be:

(i)     In full, in cash, plus post-petition interest at the federal judgment rate in effect on the petition date, or

(ii)    Upon such other less favorable terms as may be mutually agreed upon between the holder of an allowed GST General Unsecured Claim and the Debtors or Reorganized Debtors.

Post-petition interest shall accrue from the petition date through the date of payment. Pursuant to section 1124 of the Bankruptcy Code, your Claim is in a class that is not impaired. Therefore, pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively deemed to have accepted the Plan, and are not entitled to vote.

**Class 7 – Coltec General Unsecured Claims**

If your Claim is in Class 7, your Claim will be reinstated and shall have all legal, equitable, and contractual rights to which such Coltec General Unsecured Claim entitles you. Pursuant to section 1124 of the Bankruptcy Code, your Claim is in a class that is not impaired. Therefore, pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively deemed to have accepted the Plan, and are not entitled to vote.

**Class 8 – Anchor Claims**

**If your Claim is a Class 8 Claim, you shall be entitled to assert such Claim against Anchor in accordance with the provisions of article 14 of chapter 55 of the North Carolina Business Corporation Act.  Pursuant to section 1124 of the Bankruptcy Code, your Claim is in a class that is not impaired.  Therefore, pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively deemed to have accepted the Plan, and are not entitled to vote.**

**Class 10 – Other Equity Interests**

**If you are a holder of an equity interest in Class 10 you shall retain your equity interest unaltered by the Plan.  Pursuant to section 1124 of the Bankruptcy Code, your equity interest is in a class that is not impaired.  Therefore, pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively deemed to have accepted the Plan, and are not entitled to vote.**

This the __ day of February, 2017.

*/s/ Daniel G. Clodfelter*
Daniel G. Clodfelter
N.C Bar No. 7661
danclodfelter@parkerpoe.com
William L. Esser IV
N.C. Bar No. 29201
willesser@parkerpoe.com
Ashley A. Edwards
N.C. Bar No. 40695
ashleyedwards@parkerpoe.com

PARKER POE ADAMS & BERNSTEIN, LLP
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone:      (704) 372-9000
Facsimile:      (704) 334-4706

*Proposed Counsel to OldCo, LLC, Debtor and Debtor-in-Possession*

*/s/ David M. Schilli*
David M. Schilli
N.C. Bar No. 17989
dschilli@robinsonbradshaw.com
Andrew W.J. Tarr
N.C. Bar No. 31827
atarr@robinsonbradshaw.com

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street
Suite 1900
Charlotte, NC 28246
Telephone:      (704) 377-2536
Facsimile:      (704) 378-4000

*Proposed Special Corporate and Litigation Counsel to OldCo, LLC, Debtor and Debtor-in-Possession*

# EXHIBIT 7

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>GARLOCK   SEALING   TECHNOLOGIES LLC, et al.,<br><br>                Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |

**NOTICE OF COMBINED HEARING ON CONFIRMATION OF MODIFIED JOINT PLAN OF REORGANIZATION OF GARLOCK SEALING TECHNOLOGIES LLC ET AL. AND OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC, AND APPROVAL OF RELATED DISCLOSURE STATEMENT**

**TO CREDITORS AND PARTIES IN INTEREST OF OLDCO, LLC ("COLTEC"), SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC:**

       **PLEASE TAKE NOTICE** that on July 29, 2016, the debtors and debtors-in-possession in the jointly administered chapter 11 cases of *In re Garlock Sealing Technologies LLC*, *In re Garrison Litigation Management Group, Ltd.* and *In re The Anchor Packing Company* (collectively, the "Garlock Debtors") filed a Disclosure Statement (the "Disclosure Statement") regarding the Modified Joint Plan of Reorganization of Garlock Sealing Technologies LLC, et al. and OldCo, LLC, Proposed Successor by Merger to Coltec Industries Inc, dated May 20, 2016 (and modified June 21, 2016, July 29, 2016, and December 2, 2016) (as it may be further amended, supplemented or modified, the "Plan").

All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

       **PLEASE TAKE FURTHER NOTICE** that the Garlock Debtors, the Official Committee of Asbestos Personal Injury Claimants and the Future Asbestos Claimants' Representative in the Garlock Debtors' chapter 11 cases are plan proponents, as are Coltec Industries Inc[2], the Ad Hoc Coltec Future Asbestos Claimants' Representative and the Ad Hoc Coltec Asbestos Claimants Committee.

---

[1]   The debtors in these jointly administered cases are Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., The Anchor Packing Company, and OldCo, LLC, successor by merger to Coltec Industries Inc.

[2]   Coltec Industries Inc includes, but is not limited to, its following predecessors or former divisions: Fairbanks Morse Engine, Fairbanks Morse Pump, Quincy Compressor, Central Moloney, France Compressor, Delavan, and Farnam.

**PLEASE TAKE FURTHER NOTICE** that, after notice and a hearing pursuant to Bankruptcy Code § 1125, the Bankruptcy Court approved the Disclosure Statement in the Garlock Debtors' chapter 11 cases as providing adequate information for Holders of Claims and Equity Interests to make a decision as to whether to vote to accept or to reject the Plan.

**PLEASE TAKE FURTHER NOTICE** that solicitation of the Plan was conducted by Coltec Industries Inc pursuant to section 1125(g) and 1126(b) of the Bankruptcy Code and Bankruptcy Rule 3018(b) with respect to Coltec, which became a successor by merger to Coltec Industries Inc as of December 31, 2016.

**PLEASE TAKE FURTHER NOTICE** that on January 30, 2017, Coltec filed its voluntary petition under chapter 11 of the Bankruptcy Code, filed (among other documents) the Plan and the Disclosure Statement in its chapter 11 case and has moved the Bankruptcy Court to approve the Disclosure Statement in its chapter 11 case.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has ordered that Coltec's chapter 11 case be jointly administered with the Garlock Debtors' chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** <u>**that the Plan for which confirmation is sought provides, among other things, for the issuance of a permanent injunction pursuant to section 524(g) of the Bankruptcy Code that channels all Asbestos Claims against Debtors and the Asbestos Protected Parties (as defined in the Plan) to an Asbestos Trust for resolution and (if eligible) payment. The Plan also provides for the granting of other injunctions described in Article 8 of the Plan.**</u>

**The Asbestos Protected Parties that would be protected by the injunction are defined in the Plan and include Debtors, Reorganized Debtors, any current or former Affiliate of the Debtors or Reorganized Debtors (including the entities specified on Exhibit D in the exhibit book with the Plan), Coltec Industries Inc's former divisions and their successor entities, the asbestos insurance entities listed on or added to Exhibit E in the exhibit book with the Plan, and other entities specified in the Plan.**

**The claims that are discharged by the Plan, the injunctions that are granted as part of the Plan, and the claims that are released under the Plan are described in Article 8 of the Plan. You should read the Plan and the Disclosure Statement for a more complete discussion of how the injunctions will operate and may affect your rights. You may need to consult your attorney.**

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court also has entered an Order Approving Disclosure Statement and Establishing Confirmation Procedures in the Garlock Debtors' chapter 11 cases (the "Garlock Confirmation Procedures Order") and an Order Approving Solicitation and Confirmation Procedures and Schedule for Confirmation of the Joint Plan (the "Coltec Confirmation Procedures Order," and together with the Garlock Confirmation Procedures Order, the "Confirmation Procedures Orders") in the Coltec chapter 11 case. The Confirmation Procedures Orders establish procedures for Holders of Claims and Interests in certain Classes to vote to accept or to reject the Plan.

2

9290970

### COMBINED DISCLOSURE STATEMENT AND CONFIRMATION HEARING DATE AND OBJECTION DEADLINE

**PLEASE TAKE FURTHER NOTICE** that:

A combined hearing to consider approval of the Disclosure Statement in the Coltec chapter 11 case and confirmation of the Plan in these jointly administered cases (the "Confirmation Hearing") will commence on May 15, 2017, at 10:00 a.m., prevailing Eastern time, before the Honorable Craig Whitley, United States Bankruptcy Judge, United States Bankruptcy Court for the Western District of North Carolina, 401 W. Trade St., Charlotte, North Carolina.  The Confirmation Hearing may be continued from time to time by announcing such continuance in open court and providing written notice to parties that have filed objections to confirmation or other motions for relief.

In accordance with the Coltec Confirmation Procedures Order, **a Confirmation Hearing Package** (as defined in that Order) accompanies this notice. Certain creditors of Coltec that were not entitled to vote on the Plan, or whose vote was not otherwise solicited by the Debtors, should receive a copy of the Confirmation Hearing Package, including a Coltec Notice of Non-Voting Status (as that term is used in the Coltec Confirmation Procedures Order).

Responses and objections, if any, to the approval of the Disclosure Statement in the Coltec Bankruptcy Case or confirmation of the Plan in these jointly administered cases or any of the other relief sought by Coltec in connection with confirmation of the Plan, must (a) describe the nature and amount of the objector's Claim or Equity Interest, (b) state with particularity the legal and factual grounds for the response or objection, and (c) if applicable, provide the specific text that the objecting party believes to be appropriate to insert into the Disclosure Statement or the Plan in order to cure its alleged deficiency.

Any such responses or objections must be filed with the Bankruptcy Court and served in a manner so as to be ***actually received*** no later than **March 24, 2017** (the "Objection Deadline") by the Notice Parties (defined below).  The following parties are the "Notice Parties":

| Debtors: | GARLOCK SEALING TECHNOLOGIES LLC c/o Elizabeth Barry, Chief Restructuring Officer 349 West Commercial St., Ste 3050 East Rochester, NY 14445 |
|---|---|

9290970

| | |
|---|---|
| **With a copy to:** | RAYBURN COOPER & DURHAM, PA<br>227 West Trade Street, Suite 1200<br>Charlotte, North Carolina 28202<br>Telephone: (704) 334-0891<br>Attn: John R. Miller, Jr.<br><br>and<br><br>PARKER POE ADAMS & BERNSTEIN, LLP<br>Three Wells Fargo Center<br>401 South Tryon Street, Suite 3000<br>Charlotte, NC 28202<br>Telephone: (704) 335-9054<br>Attn: Daniel G. Clodfelter<br><br>and<br><br>ROBINSON BRADSHAW & HINSON, P.A.<br>101 North Tryon Street, Suite 1900<br>Charlotte, North Carolina 28246<br>Telephone: (704) 377-2536<br>Attn: David M. Schilli |
| **Asbestos Claimants Committee:** | CAPLIN & DRYSDALE, CHARTERED<br>One Thomas Circle N.W., Suite 1100<br>Washington, DC 20005<br>Telephone: (202) 862-5000<br>Attn: Trevor W. Swett, III<br><br>and<br><br>MOON WRIGHT & HOUSTON, PLLC<br>227 West Trade Street, Suite 1800<br>Charlotte, NC 28202<br>Telephone:  (704) 944-6560<br>Attn: Travis W. Moon |
| **Future Asbestos Claimants' Representative** | GRIER FURR & CRISP, PA<br>101 North Tryon Street, Suite 1240<br>Charlotte, NC 28246<br>Telephone: (704) 375-3720<br>Attn: Joseph W. Grier, III |

4

9290970

| With a copy to: | ORRICK HERRINGTON & SUTCLIFFE, LLP<br>Columbia Center<br>1152 15th Street, N.W.<br>Washington, DC 20005<br>Telephone: (202) 339-8400<br>Attn: Jonathan P. Guy |
|---|---|
| **Unsecured Creditors Committee in the Garlock Debtors' chapter 11 cases:** | FSB FISHERBROYLES, LLP<br>6000 Fairview Road, Suite 1200<br>Charlotte, NC 28210<br>Telephone: (704) 464-6954<br>Attn: Deborah L. Fletcher |

**Objections not timely filed and served in accordance with the provisions of this notice shall not be heard and shall be overruled.**

This the __ day of February, 2017.

/s/ Daniel G. Clodfelter
Daniel G. Clodfelter
N.C Bar No. 7661
danclodfelter@parkerpoe.com
William L. Esser IV
N.C. Bar No. 29201
willesser@parkerpoe.com
Ashley A. Edwards
N.C. Bar No. 40695
ashleyedwards@parkerpoe.com

PARKER POE ADAMS & BERNSTEIN, LLP

Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone:      (704) 372-9000
Facsimile:      (704) 334-4706

*Proposed Counsel to OldCo, LLC, Debtor and Debtor-in-Possession*

/s/ David M. Schilli
David M. Schilli
N.C. Bar No. 17989
dschilli@robinsonbradshaw.com
Andrew W.J. Tarr
N.C. Bar No. 31827
atarr@robinsonbradshaw.com

ROBINSON BRADSHAW & HINSON, P.A.

101 North Tryon Street
Suite 1900
Charlotte, NC 28246
Telephone:      (704) 377-2536
Facsimile:      (704) 378-4000

*Proposed Special Corporate and Litigation Counsel to OldCo, LLC, Debtor and Debtor-in-Possession*

9290970

# EXHIBIT 8

**ATTENTION PERSONS WHO HOLD CLAIMS AGAINST GARLOCK SEALING TECHNOLOGIES LLC <u>AND/OR</u> AGAINST COLTEC INDUSTRIES INC:**

**SOLICITATION OF APPROVAL OF THE PLAN AND THE VOTING PROCEDURES SET FORTH BELOW APPLY NOT ONLY WITH RESPECT TO THE THREE DEBTORS, GARLOCK SEALING TECHNOLOGIES LLC; GARRISON LITIGATION MANAGEMENT GROUP, LTD.; AND THE ANCHOR PACKING COMPANY, IN THE BELOW-CAPTIONED BANKRUPTCY CASE, BUT ALSO APPLY TO COLTEC INDUSTRIES INC WITH RESPECT TO A NEW ENTITY NAMED OLDCO, LLC (WHICH WILL BE A SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC) PRIOR TO ITS FILING OF A VOLUNTARY PETITION UNDER CHAPTER 11 OF TITLE 11 OF THE UNITED STATES CODE.**

**ACCORDINGLY, THESE VOTING PROCEDURES CALL FOR PERSONS WHO HOLD ASBESTOS CLAIMS AGAINST GARLOCK SEALING TECHNOLOGIES <u>AND/OR</u> AGAINST COLTEC INDUSTRIES INC TO VOTE TO ACCEPT OR REJECT THE PLAN, EVEN THOUGH NO CHAPTER 11 CASE HAS YET BEEN COMMENCED FOR OLDCO, LLC.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>Debtor. | Case No. [Not yet filed]<br><br>Chapter 11<br><br>[Joint Administration To Be Requested] |

**SOLICITATION AND VOTING PROCEDURES**

---

[1]  The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

**FOR THE JOINT PLAN OF REORGANIZATION OF GARLOCK SEALING
TECHNOLOGIES LLC, ET AL. AND OLDCO, LLC, PROPOSED SUCCESSOR BY
MERGER TO COLTEC INDUSTRIES INC, DATED MAY 20, 2016**

The following Solicitation and Voting Procedures (the "**Voting Procedures**"), entered in
connection with the Court's Order Approving Disclosure Statement and Establishing Procedures
for Solicitation for the Joint Plan (the "**Order**" or "**Confirmation Procedures Order**"), govern
the distribution of solicitation materials with respect to the Joint Plan of Reorganization of
Garlock Sealing Technologies LLC, et al. and OldCo, LLC, Proposed Successor by Merger to
Coltec Industries Inc, dated May 20, 2016 (as it may be from time to time amended,
supplemented or modified, the "**Plan**") and other procedures relating to solicitation. Capitalized
terms used herein shall have the meanings defined herein, in the Order, or the Plan. Ballots and
voting instructions to be used in connection with these Voting Procedures are attached hereto.

These Voting Procedures apply to Asbestos Claims, which includes GST Asbestos
Claims <u>and</u> Coltec Asbestos Claims; and, accordingly, apply to Claimants who hold a GST
Asbestos Claim <u>and/or</u> a Coltec Asbestos Claim. As detailed below, each Asbestos Claimant
needs to vote only once and shall have only one vote allowed whether or not he/she holds both a
GST Asbestos Claim and a Coltec Asbestos Claim.

1.    **Summary of Solicitation and Confirmation Schedule**: The below lists the various
deadlines and events of the solicitation and confirmation process outlined herein:

| <u>Event</u> | <u>Date</u> |
|---|---|
| Voting Record Date | **July 1, 2016** |
| Solicitation Distribution Date | **August 22, 2016** |
| Voting Deadline | **December 9, 2016** |
| Deadline for GST Creditors Confirmation Objections | **December 9, 2016** |

8491749v9 17067.00011

| | |
|---|---|
| Claimant Motions for Temporary Allowance for Voting Purposes | **December 9, 2016** |
| Responses to Claimant Motions for Temporary Allowance | **December 30, 2016** |
| Deadline for Balloting Agent's Certification of Ballots & Notice of Disqualified Ballots | **December 30, 2016** |
| OldCo, LLC – Anticipated Petition Date | **January 31, 2017** |
| OldCo, LLC – Anticipated First Day Motion Hearing | **February 1, 2017** |
| OldCo, LLC – Bar Date; OldCo Creditors Confirmation Objections | **March 24, 2017** |
| Confirmation Hearing & OldCo Discl. Statement Approval | **May 15, 2017** |

2.      **Purposes of Solicitation**: Under the terms of the Plan, Class 5 (Asbestos Claims) and Class 9 (GST/Garrison Equity Interests) are the only classes of Claims or Equity Interests impaired by the Plan.  The purpose of this solicitation is to determine whether these classes of Claims or Equity Interests accept or reject the Plan and, with respect to holders of Asbestos Claims, whether 75% or more of those who vote accept the Plan.

3.      **Previously Established Bar Dates—Effect of Prior Ballots as Satisfying Bar Date**: By prior orders, the Bankruptcy Court fixed September 30, 2014, as the bar date for filing proofs of claim for Settled GST Asbestos Claims (Docket No. 3854, entered July 9, 2014), and October 6, 2015, as the bar date for filing proofs of claim for some (but not all) current unliquidated GST Asbestos Claims (Docket No. 4542, entered April 10, 2015).  Notwithstanding the voting process for the new Plan, the previously ordered bar dates for the submission of proofs of claim remain operative, subject to the Bankruptcy Court's power to grant relief therefrom.

In 2015, the Debtors solicited ballots with respect to a previous plan, under a voting deadline of October 6, 2015.  Under the governing order, ballots certified and submitted by Claimants or their attorneys on or before that previous voting deadline satisfied the bar date for current unliquidated GST Asbestos Claims (Docket No. 4542).  The previous plan has been superseded, however, by the Plan now proposed.  Asbestos Claimants wishing to vote on the new Plan must therefore submit new ballots by the December 9, 2016 Voting Deadline established by these Voting Procedures ordered by the Bankruptcy Court.

4.      **Notice Program**: Debtors will give notice of the Confirmation Hearing and the opportunity to obtain a Solicitation Package through the notice program (the "**Notice**

8491749v9 17067.00011

**Program**") developed by Kinsella Media, which includes three basic components: (1) direct notice to known Claimants through mailing, including, for Asbestos Claimants, mailing to such Asbestos Claimants' attorneys; (2) broad national and local published notice through national and local paid print and broadcasts; and (3) direct notice to third-party entities and organizations likely to have contact with Asbestos Claimants.

5. **Availability of the Solicitation Package on the Internet or from the Balloting Agent**: The contents of the Solicitation Package will be available via the internet at a URL to be designated in the final forms of notice.  Any person will be able to obtain a copy of the Solicitation Package in portable document format (.pdf) at no cost.  In addition, any Entity asserting that it is an interested party may request a Solicitation Package from the Balloting Agent and the Balloting Agent will send a Solicitation Package to the requesting Entity.  The Balloting Agent is authorized to send the Solicitation Package to all such requesting Entities via email, first-class mail, or overnight courier.

6. **Distribution of Solicitation Packages to Asbestos Claimants**:

As described in the Plan, Class 5 Asbestos Claims consist of GST Asbestos Claims and Coltec Asbestos Claims.  The Balloting Agent will cause the Solicitation Packages to be served on Asbestos Claimants as follows:

a.   **GST Asbestos Claims**:

  i.   **GST Asbestos Claimants Known to Debtors**:

 (a)   If a proof of claim or previous ballot has been filed by or on behalf of a GST Asbestos Claimant (whether a liquidated or unliquidated GST Asbestos Claim), service will be made via first-class mail at the address contained in the proof of claim or previous ballot, unless a notice of change of address was filed after the proof of claim or previous ballot was filed and before the Voting Record Date, then service will be made at that address.

 (b)   If a GST Asbestos Claim is listed in Debtors' schedules and no proof of claim was required to be filed for the Claim by any previously entered bar date order, service will be made via first-class mail at the address identified in Debtors' schedules.

 (c)   If a proof of claim has not been filed on behalf of a GST Asbestos Claimant whose Claim is not set forth in Debtors' schedules, service will be made via first class mail to the attorney who, based on the Garrison Asbestos Claims Database, the Mesothelioma Claim Questionnaire, or verified statements filed pursuant to Bankruptcy Rule 2019, represents a GST Asbestos Claimant, such Claimant at the attorney's known address, or to the Claimant directly via first class mail if the Claimant is not represented by an attorney and the Claimant's address is known to Debtors through the Garrison Asbestos Claims Database, the Mesothelioma Claim

Questionnaire, or verified statements filed pursuant to Bankruptcy Rule 2019.

    ii.    **GST Asbestos Claims Not Known to Debtors**: GST Asbestos Claimants whose Claims are not known to Debtors may receive notice of the Plan and Disclosure Statement through the Notice Program or other means. GST Asbestos Claimants may obtain Solicitation Packages as provided in **Section 5** above.

b.    **Coltec Asbestos Claims**:

    i.    **Coltec Asbestos Claims Known to Debtors**: For Coltec Asbestos Claimants whose Claims are identified as open in the Garrison Asbestos Claims Database, service will be made via first class mail to the attorney who, according to the Garrison Asbestos Claims Database, represents such Coltec Asbestos Claimant at the attorney's known address, or to the Claimant directly via first class mail if the Claimant is not represented by an attorney and the Claimant's address is recorded in the Garrison Asbestos Claims Database.

    ii.    **Coltec Asbestos Claims Not Known to Debtors**: Coltec Asbestos Claimants who are not known to Debtors may receive notice of the Plan and Disclosure Statement through the Notice Program or other means. Claimants may obtain Solicitation Packages as provided in **Section 5** above.

c.    **Service on Attorneys**: If an attorney or law firm represents more than one Asbestos Claimant, the Balloting Agent will cause one Solicitation Package to be served upon such attorney or law firm with a list of the Asbestos Claimants believed to be represented by that attorney or law firm. If an attorney receives a Solicitation Package and wishes to transmit Solicitation Packages directly to his/her clients, such attorney shall, no later than **September 30, 2016**, give the Balloting Agent a written request for a specified number of Solicitation Packages and individual Ballots. Such requests must be sent to the Balloting Agent at its address listed in **Section 10.a** below. The Balloting Agent shall mail the Solicitation Packages and Ballots so requested by first-class mail to the attorney no later than **October 28, 2016**.

d.    **Service on Indirect Claimants**: Debtors will serve a Solicitation Package on potential Indirect Claimants via first-class mail.

**7.**    **Other Provisions for Distribution of Solicitation Packages and Related Notices**:

a.    **Distribution of Solicitation Packages to Other Parties**: The Balloting Agent will cause a Solicitation Package to be served upon parties in interest as well as other third parties pursuant to the Notice Program.

8491749v9 17067.00011

b.   **Determination of Claimants of Record/Assigned Claims**: Except as otherwise provided for herein, appropriate Solicitation Packages will be served upon the Claimants of record as of **July 1, 2016**, and the Debtors will have no obligation to cause a Solicitation Package to be served upon any subsequent Claimant (as evidenced by any notice of assignment of such Claim entered on the Bankruptcy Court's docket or official claims register maintained by Rust/Omni or that only becomes effective after the Voting Record Date or otherwise).

The assignee of a transferred and assigned Claim (whether filed or scheduled) shall be permitted to vote such Claim only if the transfer and assignment has been noted on the Bankruptcy Court's docket or official claims register and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on **July 1, 2016**.

c.   **Solicitation Distribution Date**: The Balloting Agent will cause Solicitation Packages to be distributed, as outlined above, on or before the Solicitation Distribution Date, **August 22, 2016**.

d.   **Distribution of Notification of Non-Solicitation and Non-Voting Status**: The Balloting Agent will cause a Solicitation Package and a Notification of Non-Solicitation and Non-Voting Status (in hard-copy form) to be served upon Priority Claimants (Class 1), Secured Claimants (Class 2), Workers' Compensation Claimants (Class 3), Intercompany Claimants (Class 4), GST General Unsecured Claimants (Class 6), Anchor Claimants (Class 8), and Other Debtor Equity Interests Holders (Class 10).

**8.   Completion of Ballots and Eligibility to Vote**:

a.   **Voting Eligibility**: Asbestos Claims in Class 5 are deemed temporarily allowed for voting purposes if the Holders of Asbestos Claims submit a Ballot properly completed and certified by such Holder or his or her attorney on or before December 9, 2016, in accordance with these Voting Procedures. Holders of GST/Garrison Equity Interests in Class 9 are eligible to vote on the Plan.

Attorneys who represent multiple Asbestos Claimants may vote using the master ballots approved by the Court and attached to these Voting Procedures.

b.   **Special Procedures for Temporary Allowance for Voting Purposes of Asbestos Claimants**: As provided in the Order, Asbestos Claimants will be temporarily allowed, for voting purposes only, if the Claimant (or Claimant's attorney) submits a Ballot by the Voting Deadline and certifies, under penalty of perjury, that the following matters are true and correct to the best of such Claimant's (or such Claimant's attorney's) knowledge, information, and reasonable belief:

i.   the Claimant is an Asbestos Claimant (as defined in the Plan) whose Claim has not been dismissed with prejudice, has not been settled and paid, and is not known to be time-barred;

8491749v9 17067.00011

ii.  the person upon whose injury the Asbestos Claim is based (the "**Injured Party**") was diagnosed with malignant mesothelioma, or lung cancer, colo-rectal cancer, laryngeal cancer, esophageal cancer, pharyngeal cancer, stomach cancer, severe asbestosis, disabling asbestosis, or non-disabling asbestosis (all such diseases other than mesothelioma being referred to hereafter as "**Other Diseases**"), based on, or as evidenced in, medical records or similar documentation in the possession of the Claimant, his/her attorney, or the physician of the Claimant or Injured Party;

iii.  the Injured Party, as indicated in the individual ballot or master ballot exhibit, was exposed to asbestos released from asbestos-containing gaskets or packing manufactured, produced, fabricated, distributed, supplied, marketed, included as a component part, or sold by Garlock or Coltec ("**Asbestos Exposure**");[2]

iv.  if the Claimant asserts that his/her Claim has been liquidated by settlement or judgment, the Claimant (or his or her attorney) must certify that the Claim has been liquidated by settlement or judgment and provide the asserted liquidated amount; and

v.  if these certifications are made by the Claimant's attorney, the attorney is authorized by such Claimant to vote on the Plan on his/her behalf, and to represent that the Injured Party has (or, if deceased, had) the disease noted on the ballot and Asbestos Exposure.

c.  **Claimants Unable to Make Certifications for Temporary Allowance**: Any Asbestos Claimant who cannot, by the Voting Deadline, make these certifications shall not be eligible to vote on the Plan unless (i) such Claimant files a motion for temporary allowance of his/her Claim for voting purposes pursuant to **Section 8.e.** below and (ii) the Court grants such motion for temporary allowance.

d.  **Defendants in Asbestos Lawsuits**:  Notwithstanding any language to the contrary in these Voting Procedures and the Order, no Entity named as a defendant in asbestos litigation shall be eligible to vote on the Plan unless (i) such Entity has filed a proof of claim in the form of Official Bankruptcy Form No. 410 on or before any applicable bar date; (ii) such Entity files a motion for temporary allowance of its Claim for voting purposes pursuant to **Section 8.e.** below; and (iii) the Court grants such motion for temporary allowance.

e.  **Motions for Temporary Allowance of Claims**: Any motion for temporary allowance of Asbestos Claims for voting purposes must be filed no later than

---

[2]  For purposes of the certification required by **Section 8.b.iii.** above, the term "**Coltec**" includes, but is not limited to, the following predecessors or former divisions of Coltec Industries Inc:  Fairbanks Morse Engine, Fairbanks Morse Pump, Quincy Compressor, Central Moloney, France Compressor, Delavan, and Farnam.

**December 9, 2016**, and any such Claimant who does not move for temporary allowance by that time shall be deemed to have waived his/her right to vote on the Plan. All parties' rights to object to such Claim and to such motion for temporary allowance for voting purposes have been preserved by order of the Court. If the Court enters an order, after temporary allowance proceedings pursuant to **Section 11.b.** below granting a Claimant's motion for temporary allowance, the Claimant will be entitled to submit a ballot in the amount and by the deadline specified by such order and such ballot, if completed and signed in accordance with such order and the Voting Procedures, will be treated as timely, and the Balloting Agent will count or tabulate such ballot, even if such ballot is submitted after the Voting Deadline.

9. **Coltec Asbestos Claims Bar Date**:

   a. In connection with the Plan and after commencing its bankruptcy case, Coltec will seek a bar date requiring Coltec Asbestos Claimants to file a proof of claim on or before **March 24, 2017** (the "**Coltec Asbestos Claim Bar Date**"). If the Bankruptcy Court grants Coltec's request, Coltec Asbestos Claimants will be required to file a proof of claim on or before the Coltec Asbestos Claims Bar Date if such Claim is based on an asbestos-related disease that was diagnosed on or before August 1, 2014, for which a lawsuit against any defendant or a claim against any asbestos trust was filed on or before August 1, 2014, unless the Claimant or his/her attorney (i) submitted by October 6, 2015, a proof of claim or ballot (or a master ballot was submitted on such Claimant's behalf by such date) on account of a GST Asbestos Claim in connection with the now-superseded Second Amended Plan;[3] or (ii) submitted by the December 9, 2016 Voting Deadline a ballot (or a master ballot was submitted on such Claimant's behalf by the Voting Deadline) on the Plan now proposed. Such timely ballots and master ballots cast with respect to the Plan now proposed will be treated as a proof of claim for purposes of the Coltec Asbestos Claim Bar Date.

   b. If the Bankruptcy Court grants Coltec's request, such proofs of claim, unless a proof of claim is not required by **Section 9.a.** or **ii.**, must be received by the Balloting Agent at the address in **Section 10** on or before the Coltec Asbestos Claim Bar Date.

   c. Even if the Bankruptcy Court grants a motion for temporary allowance of a Coltec Asbestos Claim for voting purposes, in accordance with **Section 8.e.** above, the Holder of such Coltec Asbestos Claim, or such Holder's attorney, will still be required to file a Ballot with the Balloting Agent at the address in **Section 10.a.** below on or before the deadline specified in the order granting the motion in order to have the Ballot treated as a proof of claim and thereby preserve such Coltec Asbestos Claim.

---

[3] Pursuant to the GST Asbestos Claims Bar Date Order, ballots and master ballots properly completed and certified by Asbestos Claimants or their attorneys and submitted by October 6, 2015 are treated as proofs of claim.

10.     **Return of Ballots and Filing of Proofs of Claim**:

   a.     **Place to Send Completed Ballots or Proofs of Claim**: All Ballots and Proofs of
          Claim should be returned to the Balloting Agent by first-class mail or courier to
          the following address:

                    Garlock Sealing Technologies LLC, et al.
                    c/o Rust Consulting/Omni Bankruptcy
                    Attn: Balloting Agent
                    5955 DeSoto Avenue, Suite 100
                    Woodland Hills, CA 91367

   b.     **Deadline for Receiving Completed Ballots**:

       i.     All Ballots must be ***actually received*** by the Balloting Agent by the
              Voting Deadline.  Ballots received after the Voting Deadline will not be
              counted.   The Balloting Agent will NOT accept Ballots submitted by
              facsimile transmission or electronic means.

       ii.    The Balloting Agent will date-stamp all Ballots it receives.

   c.     **Public Access/Maintenance of Ballots**: The Balloting Agent shall post on its
          website all Ballots received, after redacting telephone numbers and any
          information required to be redacted by Federal Rule of Bankruptcy Procedure
          9037.

11.     **Tabulation of Ballots — Determination of Amount of Claims Voted**: With respect to
        the tabulation of Ballots for Asbestos Claims, the amount to be used to tabulate
        acceptance or rejection is as follows:

   a.     **Temporarily Allowed Amounts**: Asbestos Claimants who submit, or have
          submitted on their behalf, individual or master ballots by the Voting Deadline and
          are eligible to vote will have their Claims temporarily allowed for voting purposes
          in the following amounts:

       i.     for unliquidated Asbestos Claims, $10,000 for Claims based on
              mesothelioma and $1 for any of the Other Diseases; and

       ii.    for liquidated Asbestos Claims, the liquidated amount of the Claim.

   b.     **Claimants Specifying More Than One Disease**: Unliquidated Asbestos Claims
          based on specification by Asbestos Claimants of more than one disease shall be
          temporarily allowed for voting purposes based on a single disease, provided,
          however, the amount of such temporarily allowed Claim shall be the greatest
          amount permitted by **Section 11.a.** for the diseases specified by the Claimant.

12.     **Tabulation of Ballots — Ballots Excluded**:

8491749v9 17067.00011

a.   A Ballot may not be counted if any of the following, without limitation, applies:

   i.   The Claimant whose Claim is voted in the Ballot is not eligible to vote, including because the Claimant did not file a proof of claim before an applicable bar date and is not relieved of that bar by the Bankruptcy Court.

   ii.   The Ballot is not ***actually received*** by the Balloting Agent in the manner set forth herein by the Voting Deadline.

   iii.   The Ballot is returned to the Balloting Agent indicating acceptance or rejection of the Plan but is not completed in accordance with the Ballot's instructions.   The failure to complete a Ballot includes the failure to provide certifications, without modification or qualification, required by the Ballot's instructions.

   iv.   The Ballot is received after the Voting Deadline.

   v.   The Ballot is illegible or contains insufficient information to conclude that the Ballot was completed in accordance with the Ballot's instructions, including if the Claimant fails to specify a claimed disease.

   vi.   The Ballot lacks an original signature.

   vii.   The Ballot is transmitted to the Balloting Agent by facsimile, electronic transmission, or other unauthorized means.

b.   **Notice to Parties of Disqualified Ballots**: The Balloting Agent shall, no later than **December 30, 2016**, notify any affected Claimant, the Debtors, the Asbestos Claimants Committee, and the FCR of any ballot, master ballot, or portion of a master ballot that the Balloting Agent has declined to count or tabulate for any reason and identify the reason that the Balloting Agent has declined to count or tabulate such ballot or master ballot.   Any decision of the Balloting Agent not to count or tabulate any ballot, master ballot, or portion of a master ballot shall be reviewable by the Court on motion served on the Debtors, the FCR, and the Asbestos Claimants Committee.

13.   **Tabulation of Ballots — General Voting Procedures and Standard Assumptions**:

In addition to the foregoing, the following voting procedures and standard assumptions will be used in tabulating Ballots:

a.   A Claimant may not split his, her, or its vote. Accordingly, (a) each Asbestos Claimant shall have a single vote within Class 5, (b) the full amount of all such Claimant's Claims (calculated in accordance with these Voting Procedures) within the class shall be deemed to have been voted, and (c) any Ballot that partially rejects and partially accepts the Plan shall not be counted.

8491749v9 17067.00011

b.    All Asbestos Claims based on a particular Injured Party's injury shall have a single vote within Class 5.

c.    If multiple Ballots are received on or prior to the Voting Deadline on account of the same Claim, the last valid Ballot that is received by the Balloting Agent by the Voting Deadline will be the Ballot that is counted.   In the event multiple conflicting Ballots are received on account of the same Claim or Equity Interest on the same day, such Ballots will be disregarded.

d.    There shall be a rebuttable presumption that any Claimant who submits a properly completed Ballot by the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such Claimant's previous acceptance or rejection of the Plan.

e.    A Ballot that is completed, but on which the Claimant did not note whether to accept or reject the Plan, shall not be counted as a vote to accept or reject the Plan.

f.    Separate Asbestos Claims filed against multiple Debtors on account of the same underlying product or conduct shall be deemed, collectively, to be one Claim for voting purposes.

g.    Where a Claimant chooses to both accept and reject the Plan on the same Ballot, such Ballot shall not be counted as a vote to accept or reject the Plan.

**14.**    **Definitions**:

a.    "**Asbestos Claimant**" shall mean the Holder of an Asbestos Claim.

b.    "**Asbestos Claims**" shall mean any and all GST Asbestos Claims and Coltec Asbestos Claims.

c.    "**Asbestos Claimants Committee**" shall have the meaning set forth in the Plan.

d.    "**Ballot**" means, with respect to a Claim or Equity Interest, the Ballot and Voting Instructions for the Plan approved by the Bankruptcy Court to cast a vote to accept or reject the Plan, including the approved form of master ballot for Class 5 Asbestos Claims.   Ballots for the Claimants and Equity Interest Holders being solicited are attached to these Voting Procedures.

e.    "**Balloting Agent**" means Rust Consulting/Omni Bankruptcy, authorized Balloting Agent appointed by the Bankruptcy Court.

f.    "**Bankruptcy Court**" means the United States Bankruptcy Court for the Western District of North Carolina.

g.    "**Coltec**" means Coltec Industries Inc prior to the Coltec Restructuring described in the Plan and means OldCo, LLC, proposed successor by merger to Coltec

8491749v9 17067.00011

Industries Inc.  For purposes of Ballot certifications regarding asbestos exposures from Coltec products, the term "**Coltec**" includes, but is not limited to, the predecessors or former divisions named in **footnote 2** of these Voting Procedures.

h.   "**Coltec Asbestos Claim**" has the meaning set forth in the Plan.

i.   "**Coltec Asbestos Claim Bar Date**" has the meaning set forth in **Section 9** above.

j.   "**Confirmation Hearing**" means the hearing on the confirmation of the Plan, as such hearing may be adjourned from time to time.

k.   "**Confirmation Hearing Notice**" means Exhibit 3 to the Order.

l.   "**Disclosure Statement**" means the disclosure statement in connection with the Plan, as approved by the Bankruptcy Court in the Order.

m.   "**FCR**" shall have the meaning set forth in the Plan.

n.   "**Garrison Asbestos Claims Database**" means the asbestos claims database prepared by Debtor Garrison as of June 1, 2016.

o.   "**GST Asbestos Claim**" has the meaning set forth in the Plan.

p.   "**GST Asbestos Claims Bar Date Order**" means the Order Approving Disclosure Statement and Establishing Asbestos Claims Bar Date and Procedures for Solicitation (Docket No 4542), entered on April 10, 2015, the order the Court entered requiring the filing of proofs of claim for certain GST Asbestos Claims.

q.   "**GST Settled Claim Bar Date Order**" means the Order on Debtors' Motion to Establish Bar Date for Settled Asbestos Claims and Related Relief (Docket No. 3854), entered on July 9, 2014, the order the Court entered requiring the filing of proofs of claim for Settled GST Asbestos Claims.

r.   "**Indirect Claimant**" shall mean the holder of a claim that is asserted as a third-party indemnification, contribution, subrogation or similar claim by an entity that has paid an asbestos claimant on account of a GST Asbestos Claim or a Coltec Asbestos Claim.

s.   "**Mesothelioma Claim Questionnaire**" means the questionnaire distributed pursuant to the Order Authorizing the Debtors to Issue Questionnaire to Holders of Pending Mesothelioma Claims and Governing the Confidentiality of Information Provided in Responses (Docket No. 1390).

t.   "**Notification of Non-Solicitation and Non-Voting Status**" means that certain notice indicating that certain Claims and Equity Interest Holders are not entitled to vote to accept or reject the Plan and are not being solicited for any purpose to accept or reject the Plan, attached as Exhibit 4 to the Order.

8491749v9 17067.00011

u.    "**Notice of Simultaneous Solicitation of GST Asbestos Claimants and Coltec Asbestos Claimants**" means that certain notice identifying and explaining that the Plan is simultaneously soliciting Holders of Claims Equity Interest Holders of now-filed Debtors and at the same time soliciting Coltec Asbestos Claimants to approve the Plan prior to Coltec's petition for relief, attached as Exhibit 5 to the Order.

v.    "**Order**" (or "**Confirmation Procedures Order**") means the Order Approving Disclosure Statement and Establishing Confirmation Procedures.

w.    "**Plan Documents**" means the Plan, the Disclosure Statement, and any and all exhibits to the Plan or Disclosure Statement.

x.    "**Solicitation Package**" means, and will consist of, all of the following:

    i.    a CD-ROM containing:

        1)    Confirmation Procedures Order (without exhibits)

        2)    Disclosure Statement

        3)    Disclosure Statement Exhibits (with the Plan attached as an exhibit)

        4)    Notice of Simultaneous Solicitation of GST Asbestos Claimants and Coltec Asbestos Claimants

        5)    Voting Procedures

        6)    Ballots & Master Ballot Exhibit Template

        7)    Official Bankruptcy Form No. 410

    ii.    a paper copy of the Confirmation Hearing Notice and Notice of Simultaneous Solicitation of GST Asbestos Claimants and Coltec Asbestos Claimants

    iii.    statements of support for the Plan by the Asbestos Claimants Committee and the FCR

    iv.    pre-addressed return envelope

    v.    any other materials ordered by the Bankruptcy Court to be included

y.    "**Voting Deadline**" means December 9, 2016.