FILED & JUDGMENT ENTERED
Steven T. Salata

February 7 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## Charlotte Division

| | |
|---|---|
| IN RE: | Case No. 17-BK-30140 |
| OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC, | Chapter 11 |
| Debtor. | |

## CHAPTER 11 OPERATING ORDER

This Order is being entered by the Court upon the agreement of the United States Bankruptcy Administrator for the Western District of North Carolina (the "Bankruptcy Administrator") and OldCo, LLC, debtor and debtor-in-possession in the above-captioned case and successor by merger to Coltec Industries Inc (the "Debtor"), as evidenced by the signatures of their respective undersigned counsel below, in the Debtor's case filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on January 30, 2017 (the "Petition Date").

This Order, although effective immediately upon entry, is subject to written objection and notice of hearing within twenty-five (25) days of the date of entry.

The Debtor is hereby **ORDERED** to comply with the following:

A. Status Meeting with Bankruptcy Administrator: Upon notice by the Bankruptcy Administrator to the Debtor, the Debtor and its attorney shall meet with the Bankruptcy Administrator, or her designee, to certify that all provisions of this Order required to be done by that date have been done and that all mechanisms are in place to assure future compliance. The Debtor shall supply the Bankruptcy Administrator with any documents or records requested by the Bankruptcy Administrator prior to or at the time of said meeting.

9402108v3 25081.00011

B.    <u>Inspection of Property and Records</u>: The Debtor shall permit the Bankruptcy Administrator or her designee reasonable inspection of its business premises, properties, books and records.

C.    <u>Books and Records</u>: The Debtor performed a close of its books and records to capture assets and liability balances as of the Petition Date but continues to record activity from and after the Petition Date in the same books and records according with generally accepted accounting principles.

D.    <u>Bank Accounts</u>:

    1.    <u>Accounts</u>: The Debtor's bank accounts shall be subject to the Order Approving (I) Maintenance of Existing Bank Account and Bank Arrangements, (II) Continued Use of Existing Business Forms, (III) Intercompany Transactions, (IV) Limited Waiver of Deposit Guidelines, (V) Investment of Excess Cash, and (VI) Grant of Administrative Expense Priority Status to Post-Petition Intercompany Claims (the "Cash Management Order").

    2.    <u>Collateralization of Accounts</u>: The Debtor is directed to comply with the provisions of 11 U.S.C. § 345 regarding deposit or investment of money of the estate. The Debtor has advised the Bankruptcy Administrator that its operating account is maintained at Bank of America, N.A. and expects that such account is likely to have balance in excess of the amount exceeding F.D.I.C. insurance coverage. The Debtor has received a limited waiver of strict compliance with the requirements of 11 U.S.C. § 345 as set forth in the Cash Management Order; <u>provided</u>, that the Debtor shall alert the Bankruptcy Administrator of any changes to its cash management policy that result in overnight balances in excess of the applicable FDIC insurance limits on a regular basis. The duties of the Debtor arising under this Paragraph D.2 are continuing and end only upon entry of an order converting, dismissing or closing the case.

    3.    <u>Tax Account, Deposits and Filing of Tax Returns</u>: During the pendency of this proceeding:

        a)    The Debtor has advised the Bankruptcy Administrator that those persons involved in the Debtor's business are employees of an affiliate of the Debtor, and such affiliate is responsible for managing all payroll activity with respect to such persons and remits to a payroll processing company all taxes deducted and withheld from employees (including Social Security taxes) or monies collected under any law of the United States, or any state or subdivision thereof plus the Debtors' share of such taxes. The Debtor has advised the Bankruptcy Administrator that any monies that it may collect under any law of the United States, or any state or subdivision thereof (including the State of North Carolina) are *de minimis* in amount and that the administrative burdens of maintaining a separate tax account exceed any relative benefits that might be achieved by maintaining such

2

        an account. Accordingly, the Debtor shall not be required to segregate or deposit into a separate bank account any monies so collected.

    b)     The Debtor is directed and empowered to pay to the appropriate taxing authorities the appropriate amounts at the times and in the manner prescribed by law. Deposits shall be made timely and reported in the manner required by the Internal Revenue Service or other taxing authorities.

    c)     The Debtor shall file all past due delinquent tax returns within ninety (90) days of this Order unless otherwise ordered by this Court or as otherwise provided by law. Federal tax returns shall be filed with the Internal Revenue Service, Special Procedures Division. In addition, the Debtor shall file all post-petition tax returns as required by law in a timely manner and provide copies of the tax returns throughout the duration of the Chapter 11 bankruptcy case.

E.     Proof of Insurance: Within ten (10) days of the Petition Date, the Debtor shall file with the Bankruptcy Administrator's Office proof of the following types of insurance coverage: general liability, workers compensation and any automobile policies covering any vehicles owned or leased by the Debtor or used in the operation of the Debtor's business. The Debtor has advised the Bankruptcy Administrator that the value of its personal property is *de minimis*, and the Debtor will insure such personal property. If notice of cancellation or of non-renewal is given on any of the insurance policies listed above before their expiration dates, the Debtor shall notify the Bankruptcy Administrator's Office of cancellation or non-renewal, by telephonic notice within 48 hours, and in writing within five (5) days, after receipt of notice of cancellation or notice of failure to renew. If any such notice is given effective as of the date of expiration, the same notification to the Bankruptcy Administrator shall be given. The Debtor shall also provide the Bankruptcy Administrator's Office with copies of renewal insurance policies prior to the expiration dates throughout the duration of the Chapter 11 bankruptcy case.

F.     Cash Collateral: The Debtor shall, in addition to other notices as required by the Bankruptcy Rules, notify the Bankruptcy Administrator of all motions and hearings on the use of cash collateral. The Debtor shall not use cash collateral as defined by 11 U.S.C. § 363 unless each entity that has an interest in such cash collateral consents, or the Court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of 11 U.S.C. § 363.

G.     Monthly Status Reports: Pursuant to 11 U.S.C. §§ 704, 1106 and 1107 and Bankruptcy Rule 2015, the Debtor shall file with the Court, and serve upon the Bankruptcy Administrator monthly written reports on the status of this Chapter 11 proceeding. Said reports shall be prepared in accordance with the form entitled "Monthly Status Report" which is provided by the Bankruptcy Administrator. Said report shall be reviewed and signed by both the representative of the Debtor and the Debtor's attorney. The first "Monthly Status Report" shall include the period from the Petition Date through the last date of the first full calendar month following the Petition Date. All reports shall be for

3

the entire calendar month and shall be due within thirty (30) days following the end of the calendar month. The Debtor shall complete all information requested by and attach all documentation required by said report, except as follows:

1. The Debtor may provide its top ten receipt and disbursement categories and group the remainder as "other." The Debtor will report total intercompany trade receipts and total intercompany trade disbursements.

2. The Debtor is not required to individually list payments on pre-petition debts that are paid in accordance with an order of the Bankruptcy Court.

3. The Debtor is not required to file copies of bank account statements but shall complete the appropriate account summary sheets.

4. The Debtor has advised the Bankruptcy Administrator that only one insider (within the meaning of 11 U.S.C. § 101(31)) is expected to receive during the pendency of the Chapter 11 case any payments from or on behalf of the Debtor in connection with services such insider provides to the Debtor. Due to privacy concerns, such payments are not required to be listed in the Monthly Status Reports but such information shall be made available, upon request, to the Bankruptcy Administrator's office.

5. The Debtor may exclude those items paid in the ordinary course of business, even if after stated terms on invoice, from the listing of accrued post-petition liabilities.

6. The Debtor has advised that it is a party to an Intercompany Services Agreement with affiliates, EnPro Industries, Inc. and EnPro Holdings, Inc. The Debtor may exclude detail regarding the accrued liability to either EnPro Industries, Inc. or EnPro Holdings, Inc. that will arise under the Intercompany Services Agreement, provided that the Debtor reports that liabilities are accruing thereunder and will be paid annually in accordance therewith.

7. The Debtor may report information based on its accounting fiscal months, which follow a 4/4/5 quarter. The Debtor will indicate the dates that each Monthly Status Report covers.

H. Quarterly Fees:  All chapter 11 cases are subject to a quarterly fee. The quarterly fee helps fund the operation and maintenance of the courts of the United States. The fee must be paid to the Clerk, U.S. Bankruptcy Court for every quarter (including any fraction thereof), from the time the petition is filed until the date of entry of an order dismissing, converting, or closing the case. No fees are charged for a portion of a quarter prior to the filing of the case and no fees are charged after the entry of the order dismissing, converting, or closing the case. The fee is applicable to each and every case commenced under chapter 11 regardless of whether the case has been administratively consolidated with any other case.

The Debtor is responsible for the prompt and full payment of this fee. The amount varies depending upon the dollar value of **all disbursements** made during the calendar quarter

(or portion thereof if the case is filed after the beginning of a calendar quarter or dismissed, converted or closed before the end of a calendar quarter) however, a minimum fee of $325.00 is due each quarter even if no disbursements are made during the quarter.

All quarterly fees must be paid before a chapter 11 plan can be confirmed. Section 1129(a)(12) of the Bankruptcy Code states: "The Court shall confirm a plan only if all of the following requirements are met. All fees payable under section 1930, as determined by the court as the hearing on the confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan."

All quarterly fee payments must be made to the Clerk, U.S. Bankruptcy Court. The Debtor's check will not be accepted. Attorney trust account checks, cashier's check, certified funds or postal money order will be accepted, made payable to the "Clerk, U.S. Bankruptcy Court."  The Debtor's case number should be written on the face of the payment document. The original of the Quarterly Fee Statement should be filed with the clerk. The Quarterly Fee Statement may be filed electronically and payment may be also made via attorney credit card.

Direct all correspondence and questions regarding your account to the Office of the Bankruptcy Administrator.

## Quarterly Fee Schedule

| Disbursements per quarter | Quarterly fee |
|---|---|
| Less than $15,000 | $325 |
| Total $15,000 to less than $75,000 | $650 |
| Total $75,000 to less than $150,000 | $975 |
| Total $150,000 to less than $225,000 | $1,625 |
| Total $225,000 to less than $300,000 | $1,950 |
| Total $300,000 to less than $1,000,000 | $4,875 |
| Total $1,000,000 to less than $2,000,000 | $6,500 |
| Total $2,000,000 to less than $3,000,000 | $9,750 |
| Total $3,000,000 to less than $5,000,000 | $10,400 |
| Total $5,000,000 to less than $15,000,000 | $13,000 |
| Total $15,000,000 to less than $30,000,000 | $20,000 |
| Total $30,000,000 or more | $30,000 |

## Quarterly Fee Due Dates

| Quarter | Ending | Due Date for Payment |
|---|---|---|
| 1st Quarter Jan-Feb-Mar | March 31 | April 30 |
| 2nd Quarter Apr-May-Jun | June 30 | July 31 |
| 3rd Quarter Jul-Aug-Sep | September 30 | October 31 |
| 4th Quarter Oct-Nov-Dec | December 31 | January 31 |

9402108v3 25081.00011

**PENALTIES: FAILURE TO PAY THE QUARTERLY FEE IS CAUSE FOR CONVERSION OR DISMISSAL OF THE CASE UNDER 11 U.S.C. SECTION 1112(b)(10). FILING A FALSE REPORT MAY SUBJECT YOU TO CIVIL LIABILITY UNDER 31 U.S.C. SECTION 3729(a) AND TO CRIMINAL PENALTIES UNDER 18 U.S.C. SECTION 1621.**

I. <u>Plan and Disclosure Statement Due Date</u>: The Debtor shall file a plan of reorganization and disclosure statement within the Exclusive Period set forth in the Bankruptcy Code, unless the Court, by subsequent Order, after Notice and Hearing within the Exclusive Period, grants the Debtor an extension of time or requires the Debtor to file a plan and disclosure statement prior to the expiration of the Exclusive Period.

J. <u>Notice of Section 341 Meeting of Creditors</u>: Unless otherwise ordered by the Court, the Debtor shall, in accordance with the instructions from the Clerk of the Bankruptcy Court, serve the notice of the Section 341 Meeting of Creditors in a timely manner. The service of said notice shall be certified to the Court.

K. <u>Appointment of Professionals and Professional's Fees</u>: Absent extraordinary circumstances, attorneys and other professionals will not be appointed <u>nunc pro tunc</u>. Applications for appointment filed within 30 days of the filing of the petition or within 30 days of the date services commence, whichever occurs later, shall be considered timely.

L. <u>Compensation and Compensation Plans</u>: During the pendency of this Chapter 11 proceeding, the Debtor shall not, outside the ordinary course of business, increase compensation or modify plans of compensation without prior Order of this Court, after notice and hearing. Compensation and plans of compensation shall include, but shall not be limited to, salaries, hourly wages, benefits, commissions' structure, bonuses, or other forms of compensation for service, and shall be applicable, but shall not be limited to, officers, insiders, employees, independent contractors, consultants, commissioned salespersons and other entities providing services to the Debtor. After notice, the Court will consider motions for adjustments to entire compensation plans or packages as well as adjustments as they relate to particular individuals or entities.

M. <u>Disposition of Assets</u>: The Debtor shall not hypothecate, mortgage, pledge, or otherwise encumber any property of the estate or dispose of any property of the estate, other than in the ordinary course of business, without Order of this Court.

N. <u>Compliance with Code Provisions</u>: The operation of the business by the Debtor shall be in strict conformity with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of Practice and Procedure.

Copies to: Debtor, Debtor's Attorney, Bankruptcy Administrator, Internal Revenue Service, North Carolina Department of Revenue

[remainder of page left blank intentionally – signature page follows]

This the 6th day of February, 2017.

HAVE SEEN AND AGREED:

*/s/ Daniel G. Clodfelter*
Daniel G. Clodfelter
N.C Bar No. 7661
danclodfelter@parkerpoe.com
William L. Esser IV
N.C. Bar No. 29201
willesser@parkerpoe.com
Ashley A. Edwards
N.C. Bar No. 40695
ashleyedwards@parkerpoe.com

PARKER POE ADAMS & BERNSTEIN, LLP
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone:    (704) 372-9000
Facsimile:    (704) 334-4706

*Counsel to OldCo, LLC, Debtor and Debtor-in-Possession*

HAVE SEEN AND AGREED:

s/  Alexandria P. Kenny
Alexandria P. Kenny
N.C. Bar No. 24352
Alexandria_p_kenny@ncwba.uscourts.gov
U.S. Bankruptcy Administrator's Office
402 W. Trade Street, Suite 200
Charlotte, NC 28202
Telephone: (704) 350-7585

*Staff Attorney, United States Bankruptcy Administrator's Office*

***This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.***

***United States Bankruptcy Court***

9402108v3 25081.00011