IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>Debtor. | Case No. 17-BK-30140<br><br>Chapter 11<br><br>[Jointly Administered:<br>Lead Case 10-BK-31607] |

**DEBTOR'S *EX PARTE* APPLICATION FOR ENTRY OF ORDER
AUTHORIZING RETENTION AND EMPLOYMENT OF PARKER POE
ADAMS & BERNSTEIN LLP AS BANKRUPTCY COUNSEL FOR DEBTOR
AND DEBTOR-IN-POSSESSION AS OF THE PETITION DATE**

OldCo, LLC, debtor and debtor-in-possession in the above-captioned case and successor by merger to Coltec Industries Inc ("Coltec" or "Debtor"),[1] hereby moves *ex parte* and applies for the Court to enter an Order authorizing the retention and employment of the law firm of Parker Poe Adams & Bernstein LLP ("the Firm") as of the Coltec Petition Date (as defined below) as general bankruptcy counsel for Coltec (this "Application").

In making this Application, Coltec relies upon and incorporates by reference, the Verified Statement of Daniel G. Clodfelter, attached hereto as Exhibit A (the "Declaration"), submitted on behalf of the Firm. In further support of this Application, Coltec respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105, 327, 328,

---

[1] For convenience, the term "Coltec" in this Application refers to OldCo, LLC's predecessor, Coltec Industries Inc, when referring to events prior to the Coltec Restructuring and refers to OldCo, LLC when referring to events subsequent to the Coltec Restructuring.
PPAB 3582017v1

330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1, 2016-1 and 9013-1(f)(8) of the Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Rules"). Pursuant to Local Rule 9013-1(f)(8), this matter is submitted for consideration by the Court *ex parte*.

## BACKGROUND

3. On January 30, 2017 (the "Coltec Petition Date"), Coltec filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Coltec Bankruptcy Case"). Coltec is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On February 3, 2017, the Court entered the *Order Granting Motion to Appoint Certain Coltec Asbestos Claimants To The Official Committee of Asbestos Personal Injury Claimants and to Authorize the Expanded Committee to Serve in the Bankruptcy Case of OldCo, LLC*.

5. Additionally, on February 3, 2017, the Court entered the *Order Granting Motion to Appoint Joseph W. Grier, III as Future Asbestos Claimants' Representative*.

6. No trustee or examiner has been appointed in the Coltec Bankruptcy Case.

7. For additional background information regarding Coltec's history and corporate structure and events leading to the Coltec Petition Date, Coltec refers the Court and parties in interest to the Debtors' Motion for Order Directing Joint Administration of Related Chapter 11 Cases filed herein (the "Joint Administration Motion") and the Declaration of Joseph Wheatley

in Support of OldCo, LLC's Chapter 11 Petition and First Day Motions filed herein.[2]

## PROPOSED RETENTION

8.  Before the Coltec Petition Date, the Firm had represented Coltec's predecessor, Coltec Industries Inc, in connection with matters arising in or related to the Garlock Bankruptcy Case, including the negotiation, formulation, structuring and preparation of the Joint Plan. Mr. Clodfelter had represented Coltec's predecessor in such matters since 2010 prior to joining the Firm in June, 2014. Over the course of that representation the Firm has acquired extensive knowledge with respect to Coltec's litigation history with respect to asbestos claims and the nature and basis of the claims asserted against it. Because of the Firm's (a) history of representation directly pertinent to the present chapter 11, case, (b) experience and knowledge in the field of debtors' and creditors' rights and business cases under chapter 11 of the Bankruptcy Code, and (c) expertise, experience, and knowledge in practicing before this Court, its proximity to the Court, and its ability to respond quickly to emergency hearings and other matters of immediacy in the case, Coltec seeks to retain the Firm as its general bankruptcy counsel pursuant to section 327 of the Bankruptcy Code.

## COMPENSATION

9.  Subject to this Court's approval and in accordance with sections 327, 330, and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other applicable orders and rules of this Court, Coltec requests that the Firm be compensated on an hourly basis and be reimbursed for the actual, necessary expenses it incurs in the course of its representation of Coltec. The hourly rates applicable to the attorneys at the Firm who are expected to render services for Coltec are:

---

[2] Unless defined in this Application, capitalized terms have the meanings ascribed to them in the Joint Plan and the Joint Administration Motion.

| | |
|---|---|
| Daniel G. Clodfelter | $575.00 |
| William L. Esser, IV | $475.00 |
| Ashley Edwards | $380.00 |
| Tracy Miller (paralegal) | $240.00 |

Other lawyers and paralegals not listed may perform services for Coltec. The range of the Firm's current rates are set forth in the accompanying Declaration. In the normal course of business, the hourly rates are revised on a yearly basis, and Coltec has agreed to pay the adjusted rates as and when they go into effect. It is anticipated that the next general firm rate increase will be effective October 1, 2017. Coltec is informed that the rates proposed by the Firm for services in this chapter 11 case are consistent with the rates charged by the Firm in other bankruptcy and non-bankruptcy matters of this type. The Firm has advised that its requests for reimbursement of expenses incurred will conform to and abide by the policies now in place in the Garlock Bankruptcy Case with respect to the reimbursement of expenses incurred by professionals retained in that case. The Firm has further advised that it understands that any compensation and expenses paid to it must be approved by this Court upon application consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other applicable orders of this Court.

10.    In the period prior to the Coltec Petition Date, the Firm has provided representation to Coltec and its predecessor in connection with the Garlock Bankruptcy Case, the negotiation, formulation, structuring and preparation of the Joint Plan, the Coltec Restructuring, and the preparation for this chapter 11 case. Between January 1, 2016 and January 29, 2017, Coltec paid the Firm fees totaling $132,836.00 and was reimbursed expenses incurred totaling $97.93. As of the Coltec Petition Date, Coltec was current on its account with the Firm.

11.    In connection with the preparation for and filing of this chapter 11 case, Coltec paid to the Firm a retainer in the amount of $50,000.00 on January 27, 2017. The Firm has

PPAB 3582017v1                                    4

reserved the right to request an additional retainer from Coltec at any time, subject to any approval by the Court as may be required. The Firm does not, has not, and will not represent Coltec on a contingent fee basis with respect to any of the services it will render in the Coltec Bankruptcy Case.

## NO ADVERSE INTEREST WITH RESPECT TO COLTEC OR ITS ESTATE

12. To the best of Coltec's knowledge and except as set forth in the attached Declaration, the Firm has no interest in or connection with any creditor or other party-in-interest in Coltec's pending chapter 11 proceedings and does not hold or represent any interest adverse to Coltec's estate. Based on the Declaration, Coltec believes that the Firm is disinterested within the meaning of sections 101(14) and 327(a) of the Bankruptcy Code.

13. Based on all the foregoing, Coltec has concluded that the employment of the Firm would be in the best interests of Coltec and its estate. Coltec believes that the denial of this Application would be highly prejudicial to Coltec and its bankruptcy estate. Should Coltec be required to retain counsel in substitution of the Firm, Coltec, its bankruptcy estate, and other parties in interest would be prejudiced by the time and expense required for substitute counsel to become familiar with Coltec's defenses to Asbestos Claims and Coltec's role and participation in the Joint Plan and otherwise obtain the expertise required to serve Coltec and its estate in an effective manner.

## NOTICE

14. The Court has appointed a creditors' committee in this chapter 11 case. Coltec proposes to serve notice of this Application, of any Order approving the Application, and of the opportunity to request a hearing to reconsider such Order, as required by Local Rule 9013-1(f), on those persons and entities identified in the Debtors' Motion for an Order Establishing Case Management and Notice Procedures in OldCo, LLC's Chapter 11 Case and Single Master

Service List in Debtors' Chapter 11 Cases (D.E. 16), substantially in the form attached hereto as Exhibit B. In light of the nature of the relief requested, Coltec submits that no further notice need be given.

## NO PRIOR REQUEST

15. No prior application for the relief sought herein has been made to this Court or any other court.

**WHEREFORE,** Coltec respectfully requests that this Court enter an Order, in substantially the form attached hereto as Exhibit C, (a) authorizing Coltec to retain and employ the firm of Parker Poe Adams & Bernstein LLP under the terms specified herein as bankruptcy counsel for Coltec in this chapter 11 case, and approving such employment effective as of the Coltec Petition Date, and (b) granting such other and further relief as the Court deems just and equitable.

This _16_ day of February, 2017.

        OLDCO, LLC

        By: Joseph Wheatley
        Its: President and Treasurer

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| IN RE:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>Debtor. | Case No. 17-BK-30140<br><br>Chapter 11<br><br>[Jointly Administered] |

**VERIFIED STATEMENT OF DANIEL G. CLODFELTER IN CONNECTION WITH DEBTOR'S *EX PARTE* APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF PARKER POE ADAMS & BERNSTEIN LLP AS BANKRUPTCY COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION AS OF THE PETITION DATE**

I, Daniel G. Clodfelter, being first duly sworn, say:

1. I am counsel with the firm Parker Poe Adams & Bernstein LLP, a North Carolina limited liability partnership (the "Firm"). The Firm maintains offices for the practice of law at 401 South Tryon Street, Suite 3000, Charlotte, North Carolina 28202. It also maintains offices in Raleigh, North Carolina, in Atlanta, Georgia, and in Greenville, Spartanburg, Columbia and Charleston, all in South Carolina. I submit this verified statement (this "Declaration") in connection with Debtor's *Ex Parte* Application for Order Authorizing Retention and Employment of Parker Poe Adams & Bernstein LLP as Bankruptcy Counsel for Debtor and Debtor-in-Possession as of the Petition Date (the "Application") and in compliance with and to provide disclosure pursuant to sections 327(a), 328(a), 329 and 504 of the Bankruptcy Code,[1] Bankruptcy Rules 2014 and 2016, and Local Rule 2016-1(b). Except as otherwise stated herein, my knowledge of the facts stated herein is based on my own personal knowledge or on an examination of the Firm's books and records. To the extent that anything disclosed herein may later, after further review or analysis, be found to require amendment or modification of anything

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

PPAB 3582766v1


EXHIBIT A

herein or if additional pertinent facts should come to my attention concerning the Firm's relationships with Coltec or other parties-in-interest in this case, then a supplemental or amended declaration will be provided to the Court.

2. Based upon my review of the materials available to the Firm and to the best of my knowledge, information and belief, neither I nor any member or other attorney or professional employed with the Firm has any connection with Coltec, any of its presently known and identified creditors, the United States Bankruptcy Administrator, or any other presently known party-in-interest in this chapter 11 case, except for the following:

> a. Between approximately August 2010, and June 2014, I was a member of the firm of Moore & Van Allen, PLLC. During that time, along with other attorneys at that firm, I represented Coltec's predecessor-in-interest, Coltec Industries, Inc, in connection with the chapter 11 bankruptcy cases of Coltec's affiliates: Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd. and The Anchor Packing Company. In June, 2014, I left Moore & Van Allen, PLLC, and joined the Firm and have continued since that date to represent Coltec's predecessor in interest in connection with the Garlock, Garrison and Anchor cases and in connection with Coltec's pre-petition efforts to address its own potential liabilities to claimants alleging injuries arising from exposures to asbestos-containing products. In the period since June 2014, I and other attorneys at the Firm have represented Coltec's predecessor in connection with (i) the negotiation, formulation, structuring and preparation of the Joint Plan, (ii) the Coltec Restructuring, and (iii) Coltec's consideration of and preparation for this chapter 11 case. During the period from January 1, 2016, through January 29, 2017 in connection with these matters Coltec paid the Firm fees totaling $132,836.00, and reimbursed expenses to the Firm totaling $97.93.
>
> b. During the course of my representation prior to June, 2014, and thereafter during the course of the Firm's representation of Coltec and its predecessor, the Firm and I have asserted or taken positions on behalf of Coltec that have also benefitted the interests of Coltec's present or former operating divisions, its present or former subsidiaries, and its present and former direct and indirect parent entities. These entities are identified on Exhibit D to the Joint Plan. In asserting and taking such positions, we have acted as counsel to Coltec and its predecessor, and any benefit to the interests of Coltec's various divisions, subsidiaries, affiliates, and/or parents have been inseparable from and undifferentiated from the benefit to Coltec itself. In none of such matters did we assert or seek to advance or protect any interest of any entity that diverged from, was discrete from, or was distinguishable or separate from the interest of Coltec and its predecessor. By way of illustration only and not as an exhaustive listing, during the Garlock Bankruptcy Case, Coltec's predecessor determined that it would be in its own interest to

2

agree to an arrangement on behalf of itself and for the benefit of all of its divisions, subsidiaries, parent and affiliates to toll certain statutes of limitations with respect to certain potential claims alleged or identified by one of the official committees in the chapter 11 cases of Garlock, Garrison and Anchor. Acting for itself and for its affiliates, Coltec's predecessor requested that I, as its counsel, negotiate and implement such an arrangement.

c. Prior to June 2014, the Firm represented the Delaware Claims Processing Facility and Verus Claims Services, LLC as local counsel in connection with certain discovery matters in the chapter 11 cases of Garlock, Garrison and Anchor. The members of the Firm providing those services were Kiah T. Ford, IV, William L. Esser, IV, and Ashley A. Edwards. This representation was limited in scope and in time and is now concluded. The Firm provides no continuing representation to these entities.

d. From time to time the Firm has provided representation to certain insurance companies who now or formerly issued policies of insurance coverage to Coltec and/or one or more of its affiliates. These insurers include AIG Insurance Company, AIG Lexington Insurance Company, Fireman's Fund Insurance Company, The Hartford Insurance Company, Travelers Insurance Company, Underwriters at Lloyd's London, and Zurich American Insurance Company. All of the Firm's representations of these insurers have been with respect to matters unrelated to Coltec and its affiliates.

e. From time to time the Firm provides and has provided representation to Bank of America, N.A., with whom Coltec now has a depository relationship and with whom Coltec formerly had a credit relationship. All of the Firm's representations of Bank of America have been with respect to matters unrelated to Coltec and its affiliates.

f. At times more than two years ago, the Firm provided representation to several of Coltec's present or former affiliates with respect to employment, environmental and immigration matters, including BF Goodrich Garlock of Canada, Ltd., Stemco LLC, Garlock Glacier d/b/a GGB UK, and Goodrich Corporation. All such representations concluded before 2008.

g. The Firm currently represents several entities that have been identified as possible contingent claimants or as present or former contractual counterparties with one or more of Coltec, its predecessor in interest, or its former subsidiaries and affiliates. The Firm's representation of such entities does not include matters related to Coltec or to this chapter 11 case. Such entities include Pentair, Inc.; SPX Corporation; Life Cycle Engineering; Duke Energy Progress, Inc.; NextEra Energy Affiliates; SCANA Services, Inc.; and Carolinas Healthcare System, Inc.

3. In addition to the foregoing, either I or other attorneys who are members of or are employed by the Firm (i) may have appeared in the past and may appear in the future in matters, cases or controversies where one of more of the parties in interest in Coltec's chapter 11 case

3

may also be involved, (ii) may have represented certain of Coltec's creditors or contractual parties in matters unrelated to this chapter 11 case, and (iii) may have, directly or indirectly, held investments in publicly held business entities some of whom may be parties in interest in this chapter 11 case. Neither I or any member of or attorney employed by the Firm holds any direct equity interest in Coltec.

4. To the best of my knowledge, information and belief, there are no other instances in which the Firm has, has had or might be deemed to have or have had "connections" with Coltec, its creditors, its known equity security holder or other parties-in-interest. None of the connections disclosed above, in my view, affects the Firm's disinterestedness or is likely to do so in the future.

5. It is possible, despite reasonable efforts to discover "connections" as described above, that the Firm has other connections with creditors, equity security holders or parties-in-interest not disclosed in this Declaration. I am not aware, however, of any connections not disclosed, and I am confident that if there were any such other connections, they were unrelated to the chapter 11 case, and would have no effect on the Firm's representation of Coltec during the pendency of its chapter 11 case. If I become aware of additional connections, I will promptly supplement this Declaration.

6. Subject to this Court's approval, the Firm will charge Coltec for its legal services on an hourly basis in accordance with ordinary and customary rates for bankruptcy court-authorized engagements in effect on the date services are rendered, and submits that such rates are reasonable. In the normal course of business, the Firm revises its hourly rates from time to time. Set forth below are the standard hourly rates that the Firm presently charges for the legal services of its professionals: (a) partners, from $295 to $725, (b) counsel, from $315 to $575, (c)

associates, from $220 to $425, and (d) legal assistants, from $105 to $305. Because the fees are based on hourly rates and will correspond to the degree of effort expended on Coltec's behalf, and are the Firm's usual and customary rates for legal services of the kinds that have been provided to Coltec, I believe that these rates, and the terms and conditions of the Firm's employment, are reasonable.

7. The attorneys and legal assistants who are likely to perform services for Coltec during the pendency of this chapter 11 case, and their proposed hourly rates, effective as of the date of this Declaration, are:

| | |
|---|---|
| Daniel G. Clodfelter, counsel | $575 |
| William L. Esser, IV, partner | $475 |
| Ashley L. Edwards, partner | $380 |
| Tracy Miller, legal assistant | $240 |

8. As Coltec's chapter 11 case proceeds, it is likely that the Firm's representation of Coltec will require the active participation of attorneys and legal assistants in addition to the ones listed above. To the fullest extent possible, attorneys having the requisite expertise who already have knowledge with respect to the matters involved will be assigned to the representation of Coltec so that duplication of effort is avoided. Consistent with the ranges of hourly rates described above, the hourly rates of the other partners, counsel, associates and legal assistants who hereafter may represent Coltec may be higher or lower than those of the persons listed above.

9. In addition to the hourly rates set forth above, the Firm customarily charges its clients for all ancillary services provided and expenses incurred, including photocopying, long distance telephone calls, facsimile transmissions, messengers, courier mail, computer and data

bank time, secretarial overtime, overtime meals, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, document retrieval, and similar items. Subject to this Court's order(s) with respect to the reimbursement of expenses, the Firm will be seeking reimbursement of all such ancillary services provided and expenses incurred on behalf of Coltec.

10. No promises have been received by the Firm as to compensation in connection with this chapter 11 case other than in accordance with the provisions of the Bankruptcy Code. Neither the Firm, nor any member or attorney employed by the Firm, has any agreement with any other entity to share with such entity any compensation received by the Firm in connection with this chapter 11 case or in connection with the Firm's representation of Coltec prior to the filing of its chapter 11 petition. In anticipation of the filing of this chapter 11 case and the services to be performed on behalf of Coltec, the Firm was paid by Coltec a retainer in the amount of $50,000.00. This retainer is held in trust pending disbursement for fees and expenses as and when approved and directed by the Court.

11. By reason of the foregoing, I believe that the Firm is eligible for employment and retention by Coltec pursuant to sections 327(a) and 328 of the Bankruptcy Code and the applicable Bankruptcy Rules.

_____
Daniel G. Clodfelter

SWORN TO AND SUBSCRIBED before me, a notary public for Mecklenburg County, in the State of North Carolina, on this 14th day of February, 2017, by Daniel G. Clodfelter.

_____
Notary Public Brenda L. Kluttz

My commission expires: May 28, 2020

PPAB 3582766v1

6

ALEXIS & FLORENCE DENIS
C/O LEE J. ROHN
ROHN & CARPENTER, LLC
1101 KING STREET
CHRISTIANSTED, ST. CROIX
US. VIRGIN ISLANDS 00820

ANDREW J. KELLY
WYLDER CORWIN KELLY LLP
207 E. WASHINGTON, STE. 102
BLOOMINGTON, IL 61701

ANN HARPER
BARON & BUDD, PC
3102 OAK LAWN AVE., STE. 1100
DALLAS, TX 75219-4283

ANTONIO E. LEWIS
KING & SPALDING LLP
100 NORTH TRYON STREET, SUITE 3900
CHARLOTTE, NC 28202

ASHLEY A. EDWARDS
WILLIAM L. ESSER
PARKER POE ADAMS & BERNSTEIN LLP
401 SOUTH TRYON STREET, STE. 3000
CHARLOTTE, NC 28202

ASSOCIATED SPRING
BUSINESS OF BARNES GROUP
ATTN: JOEL RAFANIELLO
80 SCOTT SWAMP ROAD
FARMINGTON, CT 06032

BANK OF AMERICA, N.A.
c/o PARKER HUDSON RAINER & DOBBS
ATTN: C. EDWARD DOBBS
285 PEACHTREE CENTER AVE. NE
1500 MAQUIS TWO
ATLANTA, GA 30303

BRAYTON PURCELL LLP
ALAN R. BRAYTON, ESQ.
CHRISTINA C. SKUBIC, ESQ.
222 RUSH LANDING ROAD
NOVATO, CA 94948

BRIAN J. ALEXANDER
KREINDLER & KREINDLER LLP
750 THIRD AVENUE
NEW YORK, NY 10017

BRUCE J. RUZINSKY
D. ELAINE CONWAY
JACKSON WALKER L.L.P.
1401 MCKINNEY ST., STE. 1900
HOUSTON, TX 77010

C. EDWIN ALLMAN, III, ESQ.
R. BRADFORD LEGGETT, ESQ.
ALLMAN SPRY LEGGETT & CRUMPLER
380 KNOLLWOOD STREET
WINSTON-SALEM, NC 27103-1862

CAPLIN & DRYSDALE, CHARTERED
ATTN: ELIHU INSELBUCH
600 LEXINGTON AVENUE, 21ST FLOOR
NEW YORK, NY 10022-6000

CARSON PORTWALL LP
C/O JULIE BARKER PAPE
WOMBLE CARLYLE SANDRIDGE RICE
ONE WEST FOURTH STREET
WINSTON-SALEM, NC 27101

<u>Centers for Medicare & Medicaid Services
Attn: General Counsel
7500 Security Blvd.
Baltimore, MD  21244-1850</u>

CHARLES & LORETTA WILLIS
C/O DAVID GREENSTONE
SIMON, EDDINS & GREENSTONE, LLP
3232 MCKINNEY AVE., SUITE 610
DALLAS, TX 75204

CHRISTOPHER K. KIPLOK
HUGHES HUBBARD & REED LLP
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004

DAN CLODFELTER
PARKER POE ADAMS & BERNSTEIN LLP
THREE WELLS FARGO CENTER
401 SOUTH TRYON STREET, STE.3000
CHARLOTTE, NC 28202

DANIEL L. KELLER
KELLER, FISHBACK & JACKSON, LLP
28720 CANWOOD ST., STE 200
AGOURA HILLS, CA 91301-3465

DEBORAH L. FLETCHER
FSB FISHERBROYLES, LLP
6000 FAIRVIEW ROAD, SUITE 1200
CHARLOTTE, NC 28210

DEBORAH PAPANERI
C/O ROBERT E. PAUL
PAUL, REICH & MYERS, P.C.
1608 WALNUT STREET, SUITE 500
PHILADELPHIA, PA 19103

DENIS BURNS
C/O BRIAN T. FITZPATRICK
BELLUCK & FOX LLP
546 FIFTH AVENUE, 4TH FLOOR
NEW YORK, NY  10036

DIERDRE WOULFE PACHECO
WILENTZ GOLDMAN & SPITZER, P.A.
90 WOODBRIDGE CENTER DRIVE
WOODBRIDGE, NJ 07095

<u>Donna Rossi, Executor of the
Estate of Leon Stone, Jr.
c/o Belluck & Fox, LLP
546 Fifth Avenue, 4th Floor
New York, NY 10036</u>

ELIZABETH BARRY
GARLOCK SEALING TECHNOLOGIES
GARRISON LITIGATION MANAGEMENT
GROUP, LTD
349 WEST COMMERCIAL ST, STE 3050
EAST ROCHESTER, NY 14445

ELIZABETH V. HELLER, ESQ.
GOLDENBERG HELLER ANTOGNOLI &
ROWLAND, P.C.
2228 SOUTH STATE ROAD 157
EDWARDSVILLE, IL 62025

ELLEN FOX
C/O LISA NATHANSON BUSCH
WEITZ & LUXENBERG
700 BROADWAY
NEW YORK, NY 10003

ESTATE OF JOSEPH HENRY
C/O LEE J. ROHN
ROHN & CARPENTER, LLC
1101 KING STREET
CHRISTIANSTED, ST. CROIX
US VIRGIN ISLANDS 00820

{00282105 v 1 }
PPAB 3586108v2


EXHIBIT B

EXCELLUS BLUE CROSS BLUE SHIELD
C/O WENDY A. KINSELLA
HARRIS BEACH PLLC
333 WEST WASHINGTON STREET, SUITE 200
SYRACUSE, NY 13202

GARRETT J. BRADLEY
THORNTON & NAUMES, LLP
100 SUMMER STREET
BOSTON, MA 02110

GARY TERRY
C/O COONEY & CONWAY
120 N. LASALLE STREET, SUITE 3000
CHICAGO, IL 60602

GEORGE F. SANDERSON III
ELLIS & WINTERS LLP
POST OFFICE BOX 33550
RALEIGH, NC 27636

H M CROSS & SONS INC.
ATTN: PAUL HARRISON
50 RIDGELAND ROAD
ROCHESTER, NY 14623-3112

H. LEE DAVIS, JR.
DAVIS & HAMRICK, LLP
P.O. DRAWER 20039
WINSTON-SALEM, NC 27120-0039

HILLARY CRABTREE
MOORE & VAN ALLEN PLLC
BANK OF AMERICA CORPORATE CENTER
100 NORTH TRYON STREET, STE. 4700
CHARLOTTE, NC 28202-4003

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

IRON MOUNTAIN INFO. MGMT., INC.
C/O FRANK F. MCGINN
BARTLETT HACKETT FEINBERG P.C.
155 FEDERAL STREET, 9TH FLOOR
BOSTON, MA 02110

J. DAVID BUTLER, ESQ.
RICHARDSON, PATRICK, WESTBROOK
& BRICKMAN, LLC
PO BOX 1368
BARNWELL, SC 29812

BRONWYN I. RINEHART
JAMES F. HUMPHREYS & ASSOCIATES L.C.
10 HALE STREET, SUITE 400
CHARLESTON, WV 25301

James J. Kennedy
c/o The Jaques Admiralty Law Firm, PC
1370 Penobscot Building
Detroit, MI 48226

JASON L. WATERS
DAVIS & HAMRICK, LLP
P.O. DRAWER 20039
WINSTON-SALEM, NC 27120-0039

JASON M. KATZ
HIERSCHE, HAYWARD, DRAKELEY &
URBACH, P.C.
15303 DALLAS PARKWAY, SUITE 700
ADDISON, TX 75001

JASON T. SHIPP, ESQ.
GOLDBERG, PERSKY & WHITE, P.C.
1030 FIFTH AVENUE
PITTSBURGH, PA 15219

JEANETTE M. GILBERT
MOTLEY RICE LLC
28 BRIDGESIDE BOULEVARD
MT. PLEASANT, SC 29464

JEFFREY S. MUTNICK
LAW OFFICE OF JEFFREY S. MUTNICK
737 SW VISTA AVENUE
PORTLAND, OR 97205

JIM W. PHILLIPS, JR.
JEFFERY E. OLEYNIK
BROOKS, PIERCE, MCLENDON, HUMPHREY &
LEONARD, LLP
PO BOX 26000
GREENSBORO, NC 27420

JODI D. HILDEBRAN, ESQ.
ALLMAN SPRY LEGGETT & CRUMPLER
380 KNOLLWOOD STREET
WINSTON-SALEM, NC 27103-1862

JOHN & DIANE ALLEN
C/O STEVEN KAZAN
KAZAN MCCLAIN LYONS
GREENWOOD & HARLEY
55 HARRISON STREET, SUITE 400
OAKLAND, CA 94607

JOHN A. BADEN, IV
MOTLEY RICE LLC
28 BRIDGESIDE BLVD.
MOUNT PLEASANT, SC 29464

JOHN D. DEMMY
STEVENS & LEE, P.C.
1105 NORTH MARKET STREET, 7TH FL.
WILMINGTON, DE 19801

JOHN D. HURST
MOTLEY RICE, LLC
28 BRIDGESIDE BOULEVARD
MT. PLEASANT, SC 29464

JOHN S. FAVATE, ESQ.
HENRY T.M. LEFEVRE-SNEE, ESQ.
HARDIN KUNDLA MCKEON & POLETTO
673 MORRIS AVENUE
SPRINGFIELD, NJ 07081

JONATHAN P. GUY
DEBRA L. FELDER
ORRICK HERRINGTON & SUTCLIFFE LLP
1152 15TH STREET, N.W.
WASHINGTON, DC 20005-1706

JOSEPH D. BOYER
C/O ALAN KELLMAN
THE JAQUES ADMIRALTY LAW FIRM
645 GRISWOLD, SUITE 1370
DETROIT, MI 48226

JOSEPH F. RICE
MOTLEY RICE LLC
28 BRIDGESIDE BOULEVARD
MT. PLEASANT, SC 29464

| | | |
|---|---|---|
| JOSEPH KOTS<br>COMMONWEALTH OF PENNSYLVANIA<br>DEPT OF LABOR & INDUSTRY<br>READING BANKRUPTCY & COMPLIANCE<br>625 CHERRY STREET, ROOM 203<br>READING, PA 19602-1152 | JOSEPH M. SNYDER<br>CORPORATE GENERAL COUNSEL<br>WIDEWATERS HOTELS, LLC<br>5786 WIDEWATERS PKWY, STE. 3<br>DEWITT, NY 13214 | JOSEPH W. GRIER, III<br>A. COTTEN WRIGHT<br>GRIER FURR & CRISP, PA<br>101 N. TRYON ST., SUITE 1240<br>CHARLOTTE, NC 28246 |
| **JOSEPH WHEATLEY**<br>**OLDCO, LLC**<br>**5605 CARNEGIE BLVD., SUITE 500**<br>**CHARLOTTE, NC 28209-3100** | JOSHUA R. TAYLOR<br>JAMES E. RECAP, III<br>STEPTOE & JOHNSON LLP<br>1330 CONNECTICUT AVENUE, N.W.<br>WASHINGTON, D.C. 20036 | JULIE DEARY<br>UNION REPRESENTATIVE<br>1666 DIVISION STREET<br>PALMYRA, NY 14522 |
| JUSTIN S. ALEX<br>PENSION BENEFIT GUARANTY<br>CORPORATION<br>OFFICE OF THE CHIEF COUNSEL<br>1200 K STREET, N.W., SUITE 340<br>WASHINGTON, DC 20005-4026 | King & Spalding LLP<br>Attn: Antonio E. Lewis<br>100 North Tryon Street, Suite 3900<br>Charlotte, NC 28202 | KIRK G. WARNER<br>SMITH ANDERSON BLOUNT et al.<br>P.O. BOX 2611<br>RALEIGH, NC 27602-2611 |
| LAUREN A. GOLDEN<br>ELLIS & WINTERS LLP<br>POST OFFICE BOX 33550<br>RALEIGH, NC 27636 | LAUREN M. WEBB<br>THE SIMMONS FIRM<br>1 COURT STREET<br>EAST ALTON, IL 62002-6267 | LEONARD P. GOLDBERGER<br>STEVENS & LEE, P.C.<br>1818 MARKET STREET, 29TH FLOOR<br>PHILADELPHIA, PA 19103 |
| LINDA BOYLE<br>TW TELECOM INC.<br>10475 PARK MEADOWS DR., #400<br>LITTLETON, CO 80124 | LISA NATHANSON BUSCH<br>WEITZ & LUXENBERG<br>700 BROADWAY<br>NEW YORK, NY 10003 | MADONNA GUZZO<br>C/O JOHN LIPSITZ<br>LIPSITZ & PONTERIO, LLC<br>135 DELAWARE AVE, 5TH FLOOR<br>BUFFALO, NY 14202 |
| MARK R. SNYDER<br>PENSION BENEFIT GUARANTY CORP.<br>OFFICE OF THE CHIEF OF COUNSEL<br>1200 K STREET NW, STE. 340<br>WASHINGTON, DC 20005-4026 | MARTIN E. BEELER<br>COVINGTON & BURLING LLP<br>620 EIGHTH AVENUE<br>NEW YORK, NY 10018 | MICHAEL BAZLEY FBO AX6869<br>DVI P.O. BOX 20<br>TRACY, CA 95378-0600 |
| MICHAEL LARIMER OR NEIL MAUNE<br>MAUNE RAICHLE HARTLY<br>FRENCH & MUDD<br>1015 Locust St, Ste 1200<br>Saint Louis, MO 63101-1371 | MICHAEL S. DAVIS<br>JANTRA VAN ROY<br>PETER JANOVSKY<br>ZEICHNER ELLMAN & KRAUSE LLP<br>1211 AVENUE OF THE AMERICAS, 40TH FL<br>NEW YORK, NY 10036 | MONICA S. BLACKER<br>JACKSON WALKER L.L.P.<br>2323 ROSS AVE., SUITE 600<br>DALLAS, TX 75201 |
| NANCY L. MANZER, ESQ.<br>WILMER CUTLER PICKERING<br>HALE & DORR LLP<br>1875 PENNSYLVANIA AVE., NW<br>WASHINGTON, DC 20006 | NAVA HAZAN, ESQ.<br>SQUIRE SANDERS (US) LLP<br>30 ROCKEFELLER PLAZA, 23RD FLOOR<br>NEW YORK, NY 10112 | NC DEPARTMENT OF REVENUE<br>P.O. BOX 1168<br>RALEIGH, NC 27602 |
| NIAGRA BANK<br>C/O WILLIAM B. SCHILLER<br>SCHILLER & KNAPP, LLP<br>950 NEW LOUDON ROAD<br>LATHAM, NY 12110 | NY STATE DEPARTMENT OF TAXATION AND FINANCE<br>P.O. BOX 5300<br>ALBANY, NY 12205-0300 | PERRY WEITZ<br>WEITZ & LUXENBERG<br>700 BROADWAY<br>NEW YORK, NY 10003 |

{00282105 v 1 }
PPAB 3586108v2

| | | |
|---|---|---|
| PETER JOHN SACRIPANTI<br>JOHN J. CALANDRA<br>DARREN AZMAN<br>MCDERMOTT WILL & EMERY LLP<br>340 MADISON AVENUE<br>NEW YORK, NY 10173-1922 | POYNER SPRUILL LLP<br>ATTN: LISA P. SUMNER<br>P.O. BOX 1801<br>RALEIGH, NC 27602-1801 | RAND NOLEN<br>FLEMING & ASSOCIATES, LLP<br>2800 POST OAK BLVD., STE. 4000<br>HOUSTON, TX 77056-6109 |
| RAYBURN COOPER & DURHAM<br>ATTN: JOHN R. MILLER, JR.<br>227 WEST TRADE STREET<br>SUITE 1200<br>CHARLOTTE, NC 28202 | RAYMOND P. HARRIS, JR.<br>CARY SCHACHTER<br>SCHACHTER HARRIS LLP<br>220 CANAL CENTRE<br>400 E. LAS COLINAS BLVD.<br>IRVING, TX 75039 | REVSTONE CASTING FAIRFIELD LLC<br>f/k/a DEXTER FOUNDRY INC.<br>ATTN: DEXTER BELL<br>905 WEST DEPOT<br>FAIRFIELD, IA 52556 |
| ROBERT BENCH<br>FLEMING & ASSOCIATES, LLP<br>2800 POST OAK BLVD, STE. 4000<br>HOUSTON, TX 77056-6109 | ROBERT J. LAWING<br>H. BRENT HELMS<br>ROBINSON & LAWING, L.L.P.<br>101 N. CHERRY STREET, SUITE 720<br>WINSTON-SALEM, NC 27101 | ROBERT W. PHILLIPS<br>THE SIMMONS FIRM<br>1 COURT STREET<br>EAST ALTON, IL 62002-6267 |
| ROBERT WIRWICZ<br>C/O GARRETT BRADLEY<br>THORNTON & NAUMES, LLP<br>100 SUMMER STREET<br>BOSTON, MA 02110 | ROBINSON BRADSHAW & HINSON, PA<br>ATTN: JONATHAN C. KRISKO<br>101 N. TRYON STREET<br>SUITE 1900<br>CHARLOTTE, NC 28246 | ROMAINE S. SCOTT, III<br>SCOTT & SCOTT LAW, LLC<br>POST OFFICE BOX 1248<br>FAIRHOPE, AL 36533 |
| SANDER L. ESSERMAN<br>PETER C. D'APICE<br>STUTZMAN, BROMBERG, ESSERMAN &<br>PLIFKA, P.C.<br>2323 BRYAN STREET, SUITE 2200<br>DALLAS, TX 75201 | SCOTT R. MILLER<br>JOHNSTON, ALLISON & HORD, P.A.<br>1065 EAST MOREHEAD STREET<br>CHARLOTTE, NC 28204 | SCOTT W. WERT<br>FOSTER & SEAR, LLP<br>817 GREENVIEW DRIVE<br>GRAND PRARIE, TX 75050 |
| SECURITIES & EXCHANGE COMMISSION<br>950 EAST PACES FERRY ROAD, N.E.<br>SUITE 900<br>ATLANTA, GA 30326-1382 | SGL CARBON, LLC<br>ATTN: TIM BROWN<br>10130 PERIMETER PARKWAY, SUITE 500<br>CHARLOTTE, NC 28216 | SHAWN M. CHRISTIANSON, ESQ.<br>BUCHALTER NEMER<br>55 2ND STREET, SUITE 1700<br>SAN FRANCISCO, CA 94105-3493 |
| SHERRI HOOVER<br>C/O JOHN A BADAN IV<br>MOTLEY RICE LLC<br>28 BRIDGESIDE BLVD.<br>MT. PLEASANT, SC  29464 | SOLVAY SOLEXIS INC.<br>ATTN: NEZELIA SOSA<br>3333 RICHMOND AVENUE<br>HOUSTON, TX 77098 | STEPHEN C. EMBRY<br>EMBRY AND NEUSNER<br>P.O. BOX 1409<br>GROTON, CT 06340 |
| Susan Broadhead for James F Phillips<br>c/o The Lanier Law Firm PC<br>6810 FM 1960 West<br>Houston, TX 7706 | THE MARITIME ASBESTOSIS LEGAL CLINIC<br>THE JAQUES ADMIRALTY LAW FIRM, PC<br>ALAN KELLMAN, ESQ.<br>645 GRISWOLD, SUITE 1370<br>DETROIT, MI 48226 | THOMAS PARKER GRIFFIN, Esq.<br>BRADLEY ARANT BOULT CUMMINGS LLP<br>1819 FIFTH AVENUE NORTH<br>BIRMINGHAM, AL 35203 |
| TIMOTHY KOEBERLE<br>C/O PETER KRAUS<br>WATERS & KRAUS, LLP<br>3219 MCKINNEY AVE.<br>DALLAS, TX  75204 | TRAVIS W. MOON<br>RICHARD S. WRIGHT<br>MOON WRIGHT & HOUSTON, PLLC<br>121 W. Trade Street, Suite 1950<br>Charlotte, NC 28202 | TREVOR W. SWETT<br>JEFFREY A. LIESEMER<br>KEVIN C. MACLAY<br>CAPLIN & DRYSDALE, CHARTERED<br>ONE THOMAS CIRCLE, NW, STE. 1100<br>WASHINGTON, DC 20005 |

{00282105 v 1 }
PPAB 3586108v2

<u>U.S. Department of Health & Human Services</u>
<u>Attn: General Counsel</u>
<u>Hubert H. Humphrey Building</u>
<u>200 Independence Avenue, S.W.</u>
<u>Washington, DC  20201</u>

UNITED STATES ATTORNEY OFFICE
ATTN: CIVIL DIVISION
227 WEST TRADE ST., STE. 1650
CHARLOTTE, NC 28202

US BANKRUPTCY ADMINISTRATOR
402 W. TRADE STREET, SUITE 200
CHARLOTTE, NC 28202

WILLIAM AMES WARREN
C/O ROBERT W. PHILLIPS
THE SIMMONS FIRM
1 COURT STREET
ALTON, IL 62024-6267



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| In re:<br><br>OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC,<br><br>Debtor. | Case No. 17-BK-30140<br><br>Chapter 11 |

### *EX PARTE* ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF PARKER POE ADAMS & BERNSTEIN LLP AS BANKRUPTCY COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION AS OF THE PETITION DATE

Upon the application of Coltec[1] (the "Application"), debtor and debtor-in-possession, for the issuance and entry of an order pursuant to sections 105(a), 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 9013-1(f) authorizing and approving the retention and employment of Parker Poe Adams & Bernstein LLP ("Parker Poe") as attorneys for Coltec effective as of the Coltec Petition Date; and upon the Verified Statement of Daniel G. Clodfelter, counsel with Parker Poe (the "Declaration"); and the Court being satisfied that, except as may otherwise be set forth in the Declaration, (i) Parker Poe does not hold or represent any interest adverse to Coltec or its estate; (ii) Parker Poe is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code; and (iii) the retention and employment of Parker Poe is necessary and would be in the best interests of Coltec, its estate, and its creditors; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation and sufficient cause appearing therefor it is hereby

ORDERED, that the Application is hereby granted and approved; and it is further

ORDERED, that in accord with sections 105(a), 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rule 2014, Coltec is authorized and empowered to retain and employ Parker Poe

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.
PPAB 3582641v1

as attorneys to represent it in this chapter 11 case, effective as of January 30, 2017; and it is further

ORDERED, that Parker Poe shall be compensated in such amounts as may be allowed by this Court upon the filing of appropriate applications for allowance of interim or final compensation in accord with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and any order entered by this Court establishing procedures for interim compensation and reimbursement of expenses of professionals; and it is further

ORDERED, that pursuant to Local Rule 9013-1(f), any party shall be entitled to request a hearing or request that the Court reconsider entry of this Order by filing a motion for reconsideration within fourteen (14) days of service of this Order.

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court

2

PPAB 3582641v1