IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| IN RE: | Case No. 17-BK-30140 |
| OLDCO, LLC, SUCCESSOR BY MERGER TO COLTEC INDUSTRIES INC, | Chapter 11 |
| Debtor. | [Jointly Administered: Lead Case 10-BK-31607] |

## DEBTOR'S *EX PARTE* APPLICATION FOR ENTRY OF ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF COVINGTON & BURLING LLP AS SPECIAL INSURANCE COUNSEL

OldCo, LLC, debtor and debtor-in-possession in the above-captioned case and successor by merger to Coltec Industries Inc ("Coltec" or "Debtor"),[1] hereby moves and applies, *ex parte*, for the Court to enter an Order authorizing the retention and employment of the law firm of Covington & Burling LLP ("Covington") as of the Coltec Petition Date (as defined below) as Special Insurance Counsel to Coltec (this "Application").

In making this Application, Coltec relies upon, and incorporates by reference, the Declaration of William F. Greaney, attached hereto as Exhibit A (the "Declaration"), submitted on behalf of Covington.  In further support of this Application, Coltec respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] For convenience, the term "Coltec" in this Application refers to OldCo, LLC's predecessor, Coltec Industries Inc, when referring to events prior to the Coltec Restructuring and refers to OldCo, LLC when referring to events subsequent to the Coltec Restructuring.

2.    The statutory bases for the relief requested herein are sections 105, 327, 328, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1 and 2016-1 of the Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Rules").

## BACKGROUND

3.    On January 30, 2017 (the "Coltec Petition Date"), Coltec filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Coltec Bankruptcy Case"). Coltec is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    On February 3, 2017, the Court entered the *Order Granting Motion to Appoint Certain Coltec Asbestos Claimants To The Official Committee of Asbestos Personal Injury Claimants and to Authorize the Expanded Committee to Serve in the Bankruptcy Case of OldCo, LLC.*

5.    Additionally, on February 3, 2017, the Court entered the *Order Granting Motion to Appoint Joseph W. Grier, III as Future Asbestos Claimants' Representative.*

6.    No trustee or examiner has been appointed in the Coltec Bankruptcy Case.

7.    For additional background information regarding Coltec's history and corporate structure and events leading to the Coltec Petition Date, Coltec refers the Court and parties in interest to the Debtors' Motion for Order Directing Joint Administration of Related Chapter 11 Cases filed herein (the "Joint Administration Motion") and the Declaration of Joseph Wheatley in Support of OldCo, LLC's Chapter 11 Petition and First Day Motions filed herein (the "First Day Declaration").[2]

---

[2]  Unless defined in this Application, capitalized terms have the meanings ascribed to them in the Joint Administration Motion and the Joint Plan.

PPAB 3585152v1

## PROPOSED RETENTION

8.      In this Application, Coltec proposes the employment of Covington as Special Insurance Counsel, pursuant to section 327(e), to represent and advise Coltec in matters related to insurance coverage, rights, and obligations, and in particular, those matters which relate to the resolution of Coltec Asbestos Claims in the Coltec Bankruptcy Case.  Significantly, Covington has been retained for similar matters in the Garlock Bankruptcy Case (D.E. 202). For the avoidance of doubt, Coltec does not propose to employ Covington as general bankruptcy counsel pursuant to section 327(a) of the Bankruptcy Code.

9.      Covington has extensive experience in representing and advising policyholders in complex insurance coverage matters, including asbestos insurance coverage disputes.  Covington is well-versed in insurance law, including substantive and procedural laws relating to insurance issues in the context of mass tort liability, corporate reorganizations, debtor/creditor and commercial law, and section 524(g) of the Bankruptcy Code. Covington has represented and advised Coltec and its Garlock, Garrison and Anchor affiliates as insurance coverage counsel for over two decades.

10.      A key component of the proposed reorganization of Coltec and its Garlock and Garrison affiliates through the Joint Plan will involve treatment of insurance proceeds available to pay GST Asbestos Claims and Coltec Asbestos Claims as part of a trust established through these proceedings.  Through its previous representation of Coltec and its affiliates, Covington has developed an in-depth understanding of Coltec's rights under its respective insurance policies and has the legal expertise to apply such knowledge to the issues before the Court in an effective and efficient manner.

11.      Coltec submits that, based on Covington's experience and knowledge, Covington is well qualified and uniquely able to provide the specialized legal services sought by Coltec and described below.

PPAB 3585152v1

12.     Coltec anticipates that Covington's services in the Coltec Bankruptcy Case will include all matters related to insurance rights, obligations, and coverage, including those matters that relate to the Coltec Asbestos Claims and prosecution and confirmation of the Joint Plan.

13.     Covington has indicated its willingness to render the necessary professional services described above as Special Insurance Counsel to Coltec and will not serve as general bankruptcy and reorganization counsel to Coltec. Coltec believes that the services Covington will provide will be complementary rather than duplicative of the services to be performed by other counsel retained by Coltec. Coltec is mindful of the need to avoid the duplication of legal services and appropriate procedures will be implemented to minimize any duplication of effort.

14.     Coltec submits that Covington's retention and employment as Special Insurance Counsel is in the best interests of Coltec and its estate.

## COMPENSATION

15.     Subject to this Court's approval and in accordance with sections 327(e), 330, and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders or rules of this Court, Coltec requests that Covington be compensated on an hourly basis, and be reimbursed for the actual, necessary expenses Covington incurs.

16.     Covington's customary hourly rates range currently from $365 to $1,700 for attorneys and from $220 to $405 for paralegals. These rates are and will continue to be discounted 15% in accordance with Covington's fee agreement with Coltec and with its Garlock and Garrison affiliates. The discounted hourly rates applicable to the attorneys at Covington proposed to represent Coltec are:

| Attorney | Designation | Rate |
|---|---|---|
| William F. Greaney | Partner | $880.00 |
| Marin Beeler | Of Counsel | $612.00 |
| Ralph M. Muoio | Special Counsel | $612.00 |
| R. Alexander Clark | Associate | $510.00 |

PPAB 3585152v1

| Tara Brennan | Associate | $475.00 |

Other lawyers and paralegals not listed may perform services for Coltec. In the ordinary course of business, the hourly rates are adjusted annually, usually on October 1, and Coltec has agreed to pay the adjusted rates as and when they go into effect.

## NO ADVERSE INTEREST WITH RESPECT TO MATTERS UPON WHICH COVINGTON SHALL BE EMPLOYED

17.    To the best of Coltec's knowledge and except as set forth in the attached Declaration, neither Covington nor any of its professionals holds or represents any interests which are adverse to Coltec or its estate with respect to the matter on which Coltec seeks to retain Covington as described herein.

18.    As set forth in the Declaration, Covington has provided and continues to provide substantial legal services to affiliates of Coltec, including EnPro, EnPro Holdings, Garlock, Garrison and Anchor. Coltec is satisfied, however, that Covington does not hold or represent any interest adverse to the interests of Coltec or its estate with respect to the matters upon which Covington would be employed pursuant to this Application.

19.    Covington does not represent Coltec on a contingency fee basis with respect to any services provided to Coltec.

20.    Coltec believes that the denial of this Application would be highly prejudicial to Coltec and its estate. Should Coltec be required to retain counsel in substitution of Covington, Coltec, its estate, and other parties in interest would be prejudiced by the time and expense required for substitute counsel to become familiar with the structure of Coltec's liability insurance programs, and its insurance rights under both the relevant policies and various settlement agreements negotiated by Covington.

21.    Coltec is not indebted to Covington for pre-petition services. Coltec paid Covington $191,013.72 between January 2016 and January 2017. Further, Coltec has not paid

Covington a retainer for this matter.

22.     Covington understands that any compensation and expenses paid to it must be approved by this Court upon application consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders or rules of this Court.

23.     Accordingly, Coltec submits that the employment of Covington would be in the best interests of Coltec and its estate.

## NOTICE

24.     The Court has appointed a creditors' committee in this chapter 11 case. Coltec proposes to serve notice of this Application, of any Order approving the Application, and of the opportunity to request a hearing to reconsider such Order, as required by Local Rule 9013-1(f), on those persons and entities identified in the Debtors' Motion for an Order Establishing Case Management and Notice Procedures in OldCo, LLC's Chapter 11 Case and Single Master Service List in Debtors' Chapter 11 Cases (D.E. 16), substantially in the form attached hereto as Exhibit B. In light of the nature of the relief requested, Coltec submits that no further notice need be given.

WHEREFORE, Coltec respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit B, (a) authorizing Coltec to retain and employ Covington as Special Insurance Counsel, effective as of the Coltec Petition Date, to represent it as set forth in this Application and (b) granting such other relief as the Court deems just and proper.

[remainder of page left blank intentionally –
signature page of Coltec follows]

This _22_ day of February, 2017.

OLDCO, LLC

By:    /s/
         Joseph Wheatley

Its:    President and Treasurer

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| IN RE: | Case No. 10-BK-31607 |
| GARLOCK SEALING TECHNOLOGIES, LLC, et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

### DECLARATION OF WILLIAM F. GREANEY IN CONNECTION WITH DEBTOR OLDCO, LLC'S *EX PARTE* APPLICATION TO EMPLOY AND RETAIN COVINGTON & BURLING LLP AS SPECIAL INSURANCE COUNSEL

Under section 329 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, William F. Greaney, declare and state:

1.    I am a partner in the law firm of Covington & Burling LLP ("Covington"). Covington has established offices in multiple cities in the United States and in foreign countries. I maintain my office at 850 Tenth Street, NW, Washington, DC 20001. I am duly licensed in, and I am a member in good standing of, the Bars of the District of Columbia and the State of New York.

2.    This Declaration is submitted in support of the *ex parte* application of OldCo, LLC (the "Debtor")[2] for an Order authorizing the employment and retention of Covington as

---

[1]    The debtors in these jointly administered cases are Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., The Anchor Packing Company and OldCo, LLC, successor by merger to Coltec Industries Inc.

[2]    For convenience, the term "Debtor" in this Application refers to OldCo, LLC's predecessor, Coltec Industries Inc, when referring to events before the Coltec Restructuring and refers to OldCo, LLC when referring to events subsequent to the Coltec Restructuring (as defined and described in the Disclosure Statement (D.E. 5444, Section 2.5.3).

DC: 6356773-1



EXHIBIT
A

Special Insurance Counsel (the "Application") in these jointly administered chapter 11 cases (collectively, the "Case").[3]

3.    The facts set forth in this Declaration are based on my personal knowledge or upon client matters and accounting records reviewed by legal and administrative personnel of Covington under my supervision or direction.  Unless otherwise defined, all capitalized terms used herein have the meanings given to them in the Application.

4.    Except as set out and explained in more detail below, to my knowledge neither I, Covington, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors, the United States Bankruptcy Administrator for the Western District of North Carolina, this Court or any other party-in-interest herein, or the Debtor's respective attorneys, accountants, or financial advisors, with respect to the matters for which Covington is proposed to be retained.  At this time, I am unable to obtain information on all creditors of the Debtor and expressly reserve the right to further supplement and amend this Declaration should additional information become available.

### Covington's Professional Qualifications

5.    Since 1996, Covington has advised the Debtor, its ultimate corporate parent, EnPro Industries, Inc. ("EnPro"), and its subsidiaries and affiliates as insurance coverage counsel.  Covington's work has included providing the Debtor counsel and advice on matters of insurance coverage for asbestos, environmental pollution, and other underlying liabilities covered under general liability policies purchased by the Debtor's predecessors between 1945 and 1984.  Covington also has represented the Debtor and its subsidiaries in litigation and

---

[3] By order dated February 3, 2017 (Dkt. No. 5677), this Court granted a motion to have the Debtor's recently filed chapter 11 case jointly administered with the pending chapter 11 proceedings involving its affiliates: Garlock Sealing Technologies LLC ("GST"), Garrison Litigation Management Group, Ltd. ("Garrison") and The Anchor Packing Company ("Anchor").

arbitrations addressing the availability and extent of coverage for asbestos bodily injury claims, which are key components of the reorganization that the Debtor is seeking in this Case. Covington also has negotiated, on behalf of the Debtor and its subsidiaries, numerous settlement agreements with the Debtor's liability insurers addressing insurance coverage for asbestos claims.

6.      During the course of its representation of the Debtor prior to January 30, 2017 (the "Coltec Petition Date"), Covington has gained a comprehensive understanding of the Debtor's rights and obligations under applicable general liability insurance policies and the potential liabilities to which such policies apply.  Covington also has advised the Debtor concerning the administration and implementation of various settlement agreements between the Debtor and certain of its insurers addressing coverage of asbestos claims and liabilities.

7.      In addition to the Debtor, Covington has represented and advised other insurance policyholders in disputed insurance coverage matters for more than thirty-five years, including, *inter alia,* the Debtor's affiliates and co-debtors in the Case: GST and Garrison. Covington's practice in this area is nationally and internationally recognized and includes a history of representing numerous clients in seeking insurance coverage for mass-tort liabilities, such as the underlying asbestos claims and demands against the Debtor that are at issue in this Case. Covington also has been appointed as special insurance coverage counsel for debtors in a number of other asbestos-driven bankruptcies.

**Covington Holds No Interest
Adverse To The Debtor or Its Estate With
<u>Respect To the Matter On Which Covington Is To Be Employed</u>**

8.      In connection with its proposed retention by the Debtor in this Case, Covington undertook to determine whether it represents or holds any interest adverse to the Debtor in

3

connection with the matters on which it seeks to retain Covington as described herein and in the Application. In connection with this review, Covington searched its electronic client files and records to determine whether any such conflicts exist. Based on that review, and to the best of my knowledge, neither Covington nor any of its professionals holds or represents any interests which are adverse to the Debtor or its estate with respect to the matter on which the Debtor seeks to retain Covington as described herein and in the Application.

9.     From time to time, Covington has represented, and likely will continue to represent, certain creditors of the Debtor and various other interested parties in matters unrelated to this Case. For example, Covington intends to continue to represent EnPro and its non-debtor subsidiaries in insurance coverage matters. Moreover, certain lenders or creditors of the Debtor are former or existing clients of Covington in matters unrelated to this Case. Should any conflict arise in connection with the matters on which Covington has been retained, Covington will inform the Debtor and the Court, and advise the non-Debtor client to retain new counsel to ensure that Covington does not hold or represent any interest adverse to the Debtor with respect to Covington's retention.

### Covington's Connection With Parties-In-Interest

10.     The Debtor's proposed chapter 11 counsel, Parker Poe Adams & Bernstein LLP, has provided Covington a listing of potentially interested parties in the categories listed on Exhibit 1 attached hereto. To the extent that information was available, Covington has undertaken a detailed search to determine and to disclose, as set forth herein, whether it represents or has represented any significant creditors, insiders or other parties-in-interest identified by such list in any unrelated matters.

4

11.    In preparing this Declaration, Covington staff personnel, under my direction and supervision, performed a search of a computerized database containing the names and matter descriptions of all current and prior representations handled by Covington. The search request applied the list of potentially interested parties received from proposed chapter 11 counsel, which included significant creditors of the Debtor, attorneys, accountants, and financial advisors known to the Debtor, and other parties-in-interest in this Case.

12.    To the best of my knowledge and belief, Covington has formerly represented or currently represents the creditors of the Debtor (or affiliates of creditors of the Debtor), equity security holders, or other parties-in-interest as described on <u>Exhibit 2</u> to this Declaration, attached and incorporated hereto. Except as explained in more detail below and/or in Exhibit 2, to my knowledge neither I, Covington, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtor, its known creditors, the United States Bankruptcy Administrator for the Western District of North Carolina, this Court or any other known party-in-interest herein, or the Debtor's respective attorneys, accountants, or financial advisors.

13.    I have previously disclosed, in two Supplemental Declarations filed in this Court,[4] that Covington has represented, and continues to represent, SPX Corporation ("SPX") in insurance coverage and international trade matters. Covington originally was retained by SPX's subsidiary, The Marley Company, in 1987 in litigation against numerous insurers addressing insurance coverage for environmental pollution claims. In the ensuing three decades, Covington has represented SPX and multiple predecessors and subsidiaries in many disputes over insurance coverage for underlying asbestos, environmental and other mass tort product liability claims.

---

[4]    *See* Supplemental Decl. of William F. Greaney In Connection With Debtors' Application To Employ and Retain Covington & Burling LLP As Special Insurance Counsel, ¶¶ 2-3 (Dkt. No. 248, filed July 19, 2010) and Second Supplemental Decl. of William F. Greaney, ¶¶ 8-10 (Dkt. No. 5338, filed May 26, 2016).

During the same period, Covington frequently has advised SPX concerning the adequacy of liability insurance coverage purchased by various entities that were acquired by SPX.

14.    As summarized in my prior Declarations, Covington has advised SPX concerning the extent of its rights, or those of its subsidiary, Fairbanks Morse Pump Corporation ("FMPC"), to insurance coverage for asbestos claims under certain policies (the "1965-74 Colt Primary Policies") that were purchased by the Debtor's predecessor, Colt Industries, Inc. ("Colt"). In 1985, FMPC purchased the assets of the Fairbanks Morse Pump Division from Colt Industries Operating Corporation ("CIOC"), a subsidiary of Colt.[5] Under the terms of the asset purchase and sale agreement, FMPC assumed the product liabilities of the Fairbanks Morse Pump Division for asbestos-containing products manufactured and sold by the Division prior to the closing date. In December 1993, more than eight years after the asset purchase agreement between CIOC and FMPC, the Debtor and GST entered into a settlement agreement with Insurance Company of North America ("INA") -- which issued the 1965-74 Colt Primary Policies -- under which they released their rights to coverage for asbestos claims against the Debtor and GST in exchange for, among other things, a lump sum payment by INA. Because the Debtor, GST and their affiliates have released their rights to asbestos insurance coverage under the 1965-74 Colt Primary Policies, all debtors in the Case expressly consented to Covington's representation of SPX solely with regard to the 1965-74 Colt Primary Policies and agreed to waive any actual or alleged conflict arising from such representation.

15.    As of the date of this Declaration, Covington's insurance coverage work for SPX relating to its rights, and those of FMPC, to insurance coverage for asbestos claims under the 1965-74 Colt Primary Policies has concluded. Covington will provide no further representation

---

[5] The 1965-74 Colt Primary Policies were issued to Colt Industries, Inc., which changed its name to Coltec Industries Inc in 1990. CIOC merged with and into Colt Industries, Inc. in 1983.

of SPX or FMPC in pursuing insurance coverage under the 1965-74 Colt Primary Policies, or

any other policies issued to the Debtor, while this Case remains pending.

16.    Based on the process described above to identify and disclose Covington's

relationships with parties-in-interest in this case, Covington believes that each client

representation or other connection to such parties has been disclosed. In this regard, should

Covington discover additional information that requires disclosure, Covington will promptly file

a supplemental disclosure with the Court.

### Professional Compensation

17.    Covington has not agreed to share compensation received in connection with the

Case with any person, except as permitted by section 504(b) of the Bankruptcy Code and

Bankruptcy Rule 2016 in respect of its partners and regular associates. Neither I, nor Covington,

nor any partner or associate in the firm has received or been promised any compensation for

legal services rendered or to be rendered in any capacity in connection with the Debtor's chapter

11 case, other than as permitted by the Bankruptcy Code.

18.    Covington anticipates that it will request payment of its fees and expenses

incurred after the Coltec Petition Date from the Debtor through the Bankruptcy Court.

19.    Subject to the Court's approval, Covington will charge for its legal services on an

hourly basis in accordance with discounted hourly rates in effect on the date services are

rendered.[6]    These rates may change from time to time in accordance with Covington's

established billing practices and procedures. Covington will maintain detailed, contemporaneous

---

[6]    The hourly rates charged by Covington professionals differ based on, among other things, the
professional's level of experience, practice area, subject matter and the rates normally charged in the
location of the office in which the professional is a resident (see attached Exhibit 3 for the Covington
attorneys likely to render services in this Case.). Covington proposes to bill for its services in this matter
on the basis of its 2015 rate scale, discounted by 15%. These rates are substantially below Covington's
current (FY 2017) undiscounted rate scale.

records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

20.     The proposed employment of Covington is not prohibited by or improper under Bankruptcy Rule 5002. Covington and the professionals it employs are qualified to represent the Debtor in the matters for which Covington is proposed to be employed.

21.     Covington intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, and pursuant to any additional procedures that may be established by the Court in this Case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of February, 2017.


_____
William F. Greaney

## EXHIBIT 1

## TO DECLARATION OF WILLIAM F. GREANEY

## SCHEDULE OF INTERESTED PARTIES

Bankruptcy Judges of the U.S. District Court for the Western District of North Carolina

United States Bankruptcy Administrator for the Western District of North Carolina

Executive Officers and Directors of the Debtor (Present and Immediate Former)

Financial Creditors/Equity Security Holders

Retained Professionals, Attorneys, Accountants, Other Advisers

Collective Bargaining Representatives of Employees of the Debtor

Issuers of Insurance Policies to the Debtor

50 Largest Trade Creditors of OldCo, LLC

Asbestos Claimants (based on evaluation of top 100 Claimants' Counsel)

DC: 6356773-1

## EXHIBIT 2

## TO DECLARATION OF WILLIAM F. GREANEY

## SCHEDULE OF INTERESTED PARTIES THAT CURRENTLY EMPLOY OR HAVE FORMERLY EMPLOYED COVINGTON IN MATTERS UNRELATED TO THE DEBTORS OR THEIR CHAPTER 11 CASES

*Interested parties that currently employ Covington in matters unrelated to the Debtors or their chapter 11 cases.*

| Party in Interest | Relationship to Debtor | Relationship to Covington & Burling LLP |
|---|---|---|
| Aecom, Inc. | Contract Counterparties | Current client and certain affiliates are current clients |
| Electricite de France | Contract Counterparties | Certain affiliates are current clients |
| Entergy Nuclear Operations, Inc. | Contract Counterparties | Certain affiliates are current clients |
| Entergy Operations, Inc. | Contract Counterparties | Certain affiliates are current clients |
| Exelon Generation Company, LLC | Contract Counterparties | Certain affiliates are current clients |
| FirstEnergy Services Company | Contract Counterparties | Certain affiliates are current clients |
| Goodrich Corporation | Former Affiliates Asset Purchasers | Current client and certain affiliates are current clients |
| HII Newport News Shipbuilding | Contract Counterparties | Affiliate of current client |
| Lloyds Group Ltd. | Insurers | Certain affiliates are current clients |
| Moteurs Leroy Somer | Contract Counterparties | Affiliate of current client |
| Nextera Energy Seabrook, LLC | Contract Counterparties | Affiliate of current client |
| Pacific Gas and Electric Company | Contract Counterparties | Related party of current client |
| PSEG Nuclear LLC | Contract Counterparties | Certain affiliates are current clients |
| SPX Corporation | Former Affiliates Asset Purchasers | Current client and certain affiliates are current clients |
| State of New York Department Of Health | Government Entities | Affiliated government entity is a current client |

## EXHIBIT 3

## SCHEDULE OF COVINGTON ATTORNEYS
## LIKELY TO RENDER SERVICES IN THESE CASES

| Name | Designation | Hourly Rate[1] |
|---|---|---|
| William Greaney | Partner | $880.00 |
| Martin Beeler | Of Counsel | $612.00 |
| Ralph M. Muoio | Special Counsel | $612.00 |
| R. Alexander Clark | Associate | $510.00 |
| Tara Brennan | Associate | $475.00 |

RANGE OF COVINGTON'S RATES ON FY 2015 RATE SCALE

| | |
|---|---|
| Partners and Counsel: | $665 to $1,700 |
| Associates: | $365 to $675 |
| Paralegals: | $220 to $405 |

---

[1]   These rates are on Covington's FY 2015 rate scale, and include a 15% discount that Covington accords the Debtor.

ALEXIS & FLORENCE DENIS
C/O LEE J. ROHN
ROHN & CARPENTER, LLC
1101 KING STREET
CHRISTIANSTED, ST. CROIX
US. VIRGIN ISLANDS 00820

ANDREW J. KELLY
WYLDER CORWIN KELLY LLP
207 E. WASHINGTON, STE. 102
BLOOMINGTON, IL 61701

ANN HARPER
BARON & BUDD, PC
3102 OAK LAWN AVE., STE. 1100
DALLAS, TX 75219-4283

ANTONIO E. LEWIS
KING & SPALDING LLP
100 NORTH TRYON STREET, SUITE 3900
CHARLOTTE, NC 28202

ASHLEY A. EDWARDS
WILLIAM L. ESSER
PARKER POE ADAMS & BERNSTEIN LLP
401 SOUTH TRYON STREET, STE. 3000
CHARLOTTE, NC 28202

ASSOCIATED SPRING
BUSINESS OF BARNES GROUP
ATTN: JOEL RAFANIELLO
80 SCOTT SWAMP ROAD
FARMINGTON, CT 06032

BANK OF AMERICA, N.A.
c/o PARKER HUDSON RAINER & DOBBS
ATTN: C. EDWARD DOBBS
285 PEACHTREE CENTER AVE. NE
1500 MAQUIS TWO
ATLANTA, GA 30303

BRAYTON PURCELL LLP
ALAN R. BRAYTON, ESQ.
CHRISTINA C. SKUBIC, ESQ.
222 RUSH LANDING ROAD
NOVATO, CA 94948

BRIAN J. ALEXANDER
KREINDLER & KREINDLER LLP
750 THIRD AVENUE
NEW YORK, NY 10017

BRUCE J. RUZINSKY
D. ELAINE CONWAY
JACKSON WALKER L.L.P.
1401 MCKINNEY ST., STE. 1900
HOUSTON, TX 77010

C. EDWIN ALLMAN, III, ESQ.
R. BRADFORD LEGGETT, ESQ.
ALLMAN SPRY LEGGETT & CRUMPLER
380 KNOLLWOOD STREET
WINSTON-SALEM, NC 27103-1862

CAPLIN & DRYSDALE, CHARTERED
ATTN: ELIHU INSELBUCH
600 LEXINGTON AVENUE, 21ST FLOOR
NEW YORK, NY 10022-6000

CARSON PORTWALL LP
C/O JULIE BARKER PAPE
WOMBLE CARLYLE SANDRIDGE RICE
ONE WEST FOURTH STREET
WINSTON-SALEM, NC 27101

Centers for Medicare & Medicaid Services
Attn: General Counsel
7500 Security Blvd.
Baltimore, MD  21244-1850

CHARLES & LORETTA WILLIS
C/O DAVID GREENSTONE
SIMON, EDDINS & GREENSTONE, LLP
3232 MCKINNEY AVE., SUITE 610
DALLAS, TX 75204

CHRISTOPHER K. KIPLOK
HUGHES HUBBARD & REED LLP
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004

DAN CLODFELTER
PARKER POE ADAMS & BERNSTEIN LLP
THREE WELLS FARGO CENTER
401 SOUTH TRYON STREET, STE.3000
CHARLOTTE, NC 28202

DANIEL L. KELLER
KELLER, FISHBACK & JACKSON, LLP
28720 CANWOOD ST., STE 200
AGOURA HILLS, CA 91301-3465

DEBORAH L. FLETCHER
FSB FISHERBROYLES, LLP
6000 FAIRVIEW ROAD, SUITE 1200
CHARLOTTE, NC 28210

DEBORAH PAPANERI
C/O ROBERT E. PAUL
PAUL, REICH & MYERS, P.C.
1608 WALNUT STREET, SUITE 500
PHILADELPHIA, PA 19103

DENIS BURNS
C/O BRIAN T. FITZPATRICK
BELLUCK & FOX LLP
546 FIFTH AVENUE, 4TH FLOOR
NEW YORK, NY  10036

DIERDRE WOULFE PACHECO
WILENTZ GOLDMAN & SPITZER, P.A.
90 WOODBRIDGE CENTER DRIVE
WOODBRIDGE, NJ 07095

Donna Rossi, Executor of the
Estate of Leon Stone, Jr.
c/o Belluck & Fox, LLP
546 Fifth Avenue, 4th Floor
New York, NY 10036

ELIZABETH BARRY
GARLOCK SEALING TECHNOLOGIES
GARRISON LITIGATION MANAGEMENT
GROUP, LTD
349 WEST COMMERCIAL ST, STE 3050
EAST ROCHESTER, NY 14445

ELIZABETH V. HELLER, ESQ.
GOLDENBERG HELLER ANTOGNOLI &
ROWLAND, P.C.
2228 SOUTH STATE ROAD 157
EDWARDSVILLE, IL 62025

ELLEN FOX
C/O LISA NATHANSON BUSCH
WEITZ & LUXENBERG
700 BROADWAY
NEW YORK, NY 10003

ESTATE OF JOSEPH HENRY
C/O LEE J. ROHN
ROHN & CARPENTER, LLC
1101 KING STREET
CHRISTIANSTED, ST. CROIX
US VIRGIN ISLANDS 00820

EXHIBIT
B

EXCELLUS BLUE CROSS BLUE SHIELD
C/O WENDY A. KINSELLA
HARRIS BEACH PLLC
333 WEST WASHINGTON STREET, SUITE 200
SYRACUSE, NY 13202

GARRETT J. BRADLEY
THORNTON & NAUMES, LLP
100 SUMMER STREET
BOSTON, MA 02110

GARY TERRY
C/O COONEY & CONWAY
120 N. LASALLE STREET, SUITE 3000
CHICAGO, IL 60602

GEORGE F. SANDERSON III
ELLIS & WINTERS LLP
POST OFFICE BOX 33550
RALEIGH, NC 27636

H M CROSS & SONS INC.
ATTN: PAUL HARRISON
50 RIDGELAND ROAD
ROCHESTER, NY 14623-3112

H. LEE DAVIS, JR.
DAVIS & HAMRICK, LLP
P.O. DRAWER 20039
WINSTON-SALEM, NC 27120-0039

HILLARY CRABTREE
MOORE & VAN ALLEN PLLC
BANK OF AMERICA CORPORATE CENTER
100 NORTH TRYON STREET, STE. 4700
CHARLOTTE, NC 28202-4003

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

IRON MOUNTAIN INFO. MGMT., INC.
C/O FRANK F. MCGINN
BARTLETT HACKETT FEINBERG P.C.
155 FEDERAL STREET, 9TH FLOOR
BOSTON, MA 02110

J. DAVID BUTLER, ESQ.
RICHARDSON, PATRICK, WESTBROOK
& BRICKMAN, LLC
PO BOX 1368
BARNWELL, SC 29812

BRONWYN I. RINEHART
JAMES F. HUMPHREYS & ASSOCIATES  L.C.
10 HALE STREET, SUITE 400
CHARLESTON, WV 25301

James J. Kennedy
c/o The Jaques Admiralty Law Firm, PC
1370 Penobscot Building
Detroit, MI 48226

JASON L. WATERS
DAVIS & HAMRICK, LLP
P.O. DRAWER 20039
WINSTON-SALEM, NC 27120-0039

JASON M. KATZ
HIERSCHE, HAYWARD, DRAKELEY &
URBACH, P.C.
15303 DALLAS PARKWAY, SUITE 700
ADDISON, TX 75001

JASON T. SHIPP, ESQ.
GOLDBERG, PERSKY & WHITE, P.C.
1030 FIFTH AVENUE
PITTSBURGH, PA 15219

JEANETTE M. GILBERT
MOTLEY RICE LLC
28 BRIDGESIDE BOULEVARD
MT. PLEASANT, SC 29464

JEFFREY S. MUTNICK
LAW OFFICE OF JEFFREY S. MUTNICK
737 SW VISTA AVENUE
PORTLAND, OR 97205

JIM W. PHILLIPS, JR.
JEFFERY E. OLEYNIK
BROOKS, PIERCE, MCLENDON, HUMPHREY &
LEONARD, LLP
PO BOX 26000
GREENSBORO, NC 27420

JODI D. HILDEBRAN, ESQ.
ALLMAN SPRY LEGGETT & CRUMPLER
380 KNOLLWOOD STREET
WINSTON-SALEM, NC 27103-1862

JOHN & DIANE ALLEN
C/O STEVEN KAZAN
KAZAN MCCLAIN LYONS
GREENWOOD & HARLEY
55 HARRISON STREET, SUITE 400
OAKLAND, CA 94607

JOHN A. BADEN, IV
MOTLEY RICE LLC
28 BRIDGESIDE BLVD.
MOUNT PLEASANT, SC 29464

JOHN D. DEMMY
STEVENS & LEE, P.C.
1105 NORTH MARKET STREET, 7TH FL.
WILMINGTON, DE 19801

JOHN D. HURST
MOTLEY RICE, LLC
28 BRIDGESIDE BOULEVARD
MT. PLEASANT, SC 29464

JOHN S. FAVATE, ESQ.
HENRY T.M. LEFEVRE-SNEE, ESQ.
HARDIN KUNDLA MCKEON & POLETTO
673 MORRIS AVENUE
SPRINGFIELD, NJ 07081

JONATHAN P. GUY
DEBRA L. FELDER
ORRICK HERRINGTON & SUTCLIFFE LLP
1152 15TH STREET, N.W.
WASHINGTON, DC 20005-1706

JOSEPH D. BOYER
C/O ALAN KELLMAN
THE JAQUES ADMIRALTY LAW FIRM
645 GRISWOLD, SUITE 1370
DETROIT, MI 48226

JOSEPH F. RICE
MOTLEY RICE LLC
28 BRIDGESIDE BOULEVARD
MT. PLEASANT, SC 29464

JOSEPH KOTS
COMMONWEALTH OF PENNSYLVANIA
DEPT OF LABOR & INDUSTRY
READING BANKRUPTCY & COMPLIANCE
625 CHERRY STREET, ROOM 203
READING, PA 19602-1152

JOSEPH M. SNYDER
CORPORATE GENERAL COUNSEL
WIDEWATERS HOTELS, LLC
5786 WIDEWATERS PKWY, STE. 3
DEWITT, NY 13214

JOSEPH W. GRIER, III
A. COTTEN WRIGHT
GRIER FURR & CRISP, PA
101 N. TRYON ST., SUITE 1240
CHARLOTTE, NC 28246

<u>JOSEPH WHEATLEY
OLDCO, LLC
5605 CARNEGIE BLVD., SUITE 500
CHARLOTTE, NC 28209-3100</u>

JOSHUA R. TAYLOR
JAMES E. RECAP, III
STEPTOE & JOHNSON LLP
1330 CONNECTICUT AVENUE, N.W.
WASHINGTON, D.C. 20036

JULIE DEARY
UNION REPRESENTATIVE
1666 DIVISION STREET
PALMYRA, NY 14522

JUSTIN S. ALEX
PENSION BENEFIT GUARANTY
CORPORATION
OFFICE OF THE CHIEF COUNSEL
1200 K STREET, N.W., SUITE 340
WASHINGTON, DC 20005-4026

King & Spalding LLP
Attn: Antonio E. Lewis
100 North Tryon Street, Suite 3900
Charlotte, NC 28202

KIRK G. WARNER
SMITH ANDERSON BLOUNT et al.
P.O. BOX 2611
RALEIGH, NC 27602-2611

LAUREN A. GOLDEN
ELLIS & WINTERS LLP
POST OFFICE BOX 33550
RALEIGH, NC 27636

LAUREN M. WEBB
THE SIMMONS FIRM
1 COURT STREET
EAST ALTON, IL 62002-6267

LEONARD P. GOLDBERGER
STEVENS & LEE, P.C.
1818 MARKET STREET, 29TH FLOOR
PHILADELPHIA, PA 19103

LINDA BOYLE
TW TELECOM INC.
10475 PARK MEADOWS DR., #400
LITTLETON, CO 80124

LISA NATHANSON BUSCH
WEITZ & LUXENBERG
700 BROADWAY
NEW YORK, NY 10003

MADONNA GUZZO
C/O JOHN LIPSITZ
LIPSITZ & PONTERIO, LLC
135 DELAWARE AVE, 5TH FLOOR
BUFFALO, NY 14202

MARK R. SNYDER
PENSION BENEFIT GUARANTY CORP.
OFFICE OF THE CHIEF OF COUNSEL
1200 K STREET NW, STE. 340
WASHINGTON, DC 20005-4026

MARTIN E. BEELER
COVINGTON & BURLING LLP
620 EIGHTH AVENUE
NEW YORK, NY 10018

MICHAEL BAZLEY FBO AX6869
DVI P.O. BOX 20
TRACY, CA 95378-0600

MICHAEL LARIMER OR NEIL MAUNE
MAUNE RAICHLE HARTLY
FRENCH & MUDD
1015 Locust St, Ste 1200
Saint Louis, MO 63101-1371

MICHAEL S. DAVIS
JANTRA VAN ROY
PETER JANOVSKY
ZEICHNER ELLMAN & KRAUSE LLP
1211 AVENUE OF THE AMERICAS, 40TH FL
NEW YORK, NY 10036

MONICA S. BLACKER
JACKSON WALKER L.L.P.
2323 ROSS AVE., SUITE 600
DALLAS, TX 75201

NANCY L. MANZER, ESQ.
WILMER CUTLER PICKERING
HALE & DORR LLP
1875 PENNSYLVANIA AVE., NW
WASHINGTON, DC 20006

NAVA HAZAN, ESQ.
SQUIRE SANDERS (US) LLP
30 ROCKEFELLER PLAZA, 23RD FLOOR
NEW YORK, NY 10112

NC DEPARTMENT OF REVENUE
P.O. BOX 1168
RALEIGH, NC 27602

NIAGRA BANK
C/O WILLIAM B. SCHILLER
SCHILLER & KNAPP, LLP
950 NEW LOUDON ROAD
LATHAM, NY 12110

NY STATE DEPARTMENT OF TAXATION AND
FINANCE
P.O. BOX 5300
ALBANY, NY 12205-0300

PERRY WEITZ
WEITZ & LUXENBERG
700 BROADWAY
NEW YORK, NY 10003

PETER JOHN SACRIPANTI
JOHN J. CALANDRA
DARREN AZMAN
MCDERMOTT WILL & EMERY LLP
340 MADISON AVENUE
NEW YORK, NY 10173-1922

POYNER SPRUILL LLP
ATTN: LISA P. SUMNER
P.O. BOX 1801
RALEIGH, NC 27602-1801

RAND NOLEN
FLEMING & ASSOCIATES, LLP
2800 POST OAK BLVD., STE. 4000
HOUSTON, TX 77056-6109

RAYBURN COOPER & DURHAM
ATTN: JOHN R. MILLER, JR.
227 WEST TRADE STREET
SUITE 1200
CHARLOTTE, NC 28202

RAYMOND P. HARRIS, JR.
CARY SCHACHTER
SCHACHTER HARRIS LLP
220 CANAL CENTRE
400 E. LAS COLINAS BLVD.
IRVING, TX 75039

REVSTONE CASTING FAIRFIELD LLC
f/k/a DEXTER FOUNDRY INC.
ATTN: DEXTER BELL
905 WEST DEPOT
FAIRFIELD, IA 52556

ROBERT BENCH
FLEMING & ASSOCIATES, LLP
2800 POST OAK BLVD, STE. 4000
HOUSTON, TX 77056-6109

ROBERT J. LAWING
H. BRENT HELMS
ROBINSON & LAWING, L.L.P.
101 N. CHERRY STREET, SUITE 720
WINSTON-SALEM, NC 27101

ROBERT W. PHILLIPS
THE SIMMONS FIRM
1 COURT STREET
EAST ALTON, IL 62002-6267

ROBERT WIRWICZ
C/O GARRETT BRADLEY
THORNTON & NAUMES, LLP
100 SUMMER STREET
BOSTON, MA 02110

ROBINSON BRADSHAW & HINSON, PA
ATTN: JONATHAN C. KRISKO
101 N. TRYON STREET
SUITE 1900
CHARLOTTE, NC 28246

ROMAINE S. SCOTT, III
SCOTT & SCOTT LAW, LLC
POST OFFICE BOX 1248
FAIRHOPE, AL 36533

SANDER L. ESSERMAN
PETER C. D'APICE
STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA, P.C.
2323 BRYAN STREET, SUITE 2200
DALLAS, TX 75201

SCOTT R. MILLER
JOHNSTON, ALLISON & HORD, P.A.
1065 EAST MOREHEAD STREET
CHARLOTTE, NC 28204

SCOTT W. WERT
FOSTER & SEAR, LLP
817 GREENVIEW DRIVE
GRAND PRARIE, TX 75050

SECURITIES & EXCHANGE COMMISSION
950 EAST PACES FERRY ROAD, N.E.
SUITE 900
ATLANTA, GA 30326-1382

SGL CARBON, LLC
ATTN: TIM BROWN
10130 PERIMETER PARKWAY, SUITE 500
CHARLOTTE, NC 28216

SHAWN M. CHRISTIANSON, ESQ.
BUCHALTER NEMER
55 2ND STREET, SUITE 1700
SAN FRANCISCO, CA 94105-3493

SHERRI HOOVER
C/O JOHN A BADAN IV
MOTLEY RICE LLC
28 BRIDGESIDE BLVD.
MT. PLEASANT, SC 29464

SOLVAY SOLEXIS INC.
ATTN: NEZELIA SOSA
3333 RICHMOND AVENUE
HOUSTON, TX 77098

STEPHEN C. EMBRY
EMBRY AND NEUSNER
P.O. BOX 1409
GROTON, CT 06340

Susan Broadhead for James F Phillips
c/o The Lanier Law Firm PC
6810 FM 1960 West
Houston, TX 7706

THE MARITIME ASBESTOSIS LEGAL CLINIC
THE JAQUES ADMIRALTY LAW FIRM, PC
ALAN KELLMAN, ESQ.
645 GRISWOLD, SUITE 1370
DETROIT, MI 48226

THOMAS PARKER GRIFFIN, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1819 FIFTH AVENUE NORTH
BIRMINGHAM, AL 35203

TIMOTHY KOEBERLE
C/O PETER KRAUS
WATERS & KRAUS, LLP
3219 MCKINNEY AVE.
DALLAS, TX 75204

TRAVIS W. MOON
RICHARD S. WRIGHT
MOON WRIGHT & HOUSTON, PLLC
121 W. Trade Street, Suite 1950
Charlotte, NC 28202

TREVOR W. SWETT
JEFFREY A. LIESEMER
KEVIN C. MACLAY
CAPLIN & DRYSDALE, CHARTERED
ONE THOMAS CIRCLE, NW, STE. 1100
WASHINGTON, DC 20005

U.S. Department of Health & Human Services
Attn: General Counsel
Hubert H. Humphrey Building
200 Independence Avenue, S.W.
Washington, DC  20201

UNITED STATES ATTORNEY OFFICE
ATTN: CIVIL DIVISION
227 WEST TRADE ST., STE. 1650
CHARLOTTE, NC 28202

US BANKRUPTCY  ADMINISTRATOR
402 W. TRADE STREET, SUITE 200
CHARLOTTE, NC 28202

WILLIAM AMES WARREN
C/O ROBERT W. PHILLIPS
THE SIMMONS FIRM
1 COURT STREET
ALTON, IL 62024-6267

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

IN RE:

OLDCO, LLC, SUCCESSOR BY MERGER
TO COLTEC INDUSTRIES INC,

      Debtor.

Case No. 17-BK-

Chapter 11

### *EX PARTE* ORDER AUTHORIZING RETENTION AND EMPLOYMENT
### OF COVINGTON & BURLING LLP AS SPECIAL INSURANCE COUNSEL

Upon Debtor's *Ex Parte* Application for Order Authorizing Retention and Employment

of Covington & Burling LLP as Special Insurance Counsel (the "Application") as of the Coltec

Petition Date;[1] and the Court being satisfied, based upon the representations made in the

Application and the Declaration of William F. Greaney, that Covington represents or holds no

interest adverse to Coltec or its estate as to the matters upon which Covington is to be engaged,

and that said firm is disinterested under the meaning of section 101(14) of the Bankruptcy Code,

and that the employment of Covington would be for a special purpose pursuant to section 327(e)

of the Bankruptcy Code, and that such engagement of Covington is necessary and would be in

the best interests of Coltec and its estate; and it appearing that this Court has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

9392267v2



pursuant to 28 U.S.C. § 157; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The Application is GRANTED;

2.    Coltec is authorized to retain Covington as Special Insurance Counsel as set forth in the Application, effective as of the Coltec Petition Date; and

3.    Due to the joint administration of the Garlock Bankruptcy Case and the Coltec Bankruptcy Case, the compensation to be paid to Covington for professional services rendered and reimbursement for expenses incurred by it shall be as determined by this Court upon proper application pursuant to sections 328, 330 and 331 of the Bankruptcy Code, and such other procedures as may be fixed by order of this Court.

4.    Any party shall be entitled to request a hearing or to request that the Court reconsider the entry of this Order upon a request filed within fourteen (14) days of service of this Order.

This Order has been signed electronically.  The judge's                    United States Bankruptcy Court
signature and court's seal appear at the top of the Order.

9392267v2