FILED & JUDGMENT ENTERED
Steven T. Salata

March 30 2018

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# Charlotte Division

In re:

GARLOCK SEALING TECHNOLOGIES LLC, et al.,

Debtors.[1]

Case No. 10-31607

Chapter 11

Jointly Administered

## ORDER GRANTING DEBTORS' MOTION FOR AN ORDER (I) ENTERING FINAL DECREE CLOSING CHAPTER 11 CASES AND (II) TERMINATING SERVICES OF CLAIMS, NOTICE AND BALLOTING AGENTS

This matter coming before the Court on the Debtors' Motion for an Order (I) Entering Final Decree Closing Chapter 11 Cases and (II) Terminating Services of Claims, Noticing and Balloting Agents (the "Motion");[2] the Court having reviewed the Motion and all pleadings relating thereto; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Article 10 of the Plan and Paragraph 214 of the Confirmation Order, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Motion was sufficient under the circumstances, (d) the estates of the Debtors have been

---

[1] The Debtors include Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., The Anchor Packing Company and OldCo, LLC.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

{00310648 v 1 } 1

fully administered, and (e) the relief requested in the Motion is appropriate under section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the following cases are closed and a final decree is granted effective as of the date hereof:

Case No. 10-31607 filed by Garlock Sealing Technologies, LLC

Case No. 10-31608 filed by Garrison Litigation Management Group, Ltd.

Case No. 10-61606 filed by The Anchor Packing Company

Case No. 17-30140 filed by OldCo, LLC, as successor by merger to Coltec Industries Inc

4. The services of Rust and Rust/Omni as Claims, Notice and Balloting Agents are terminated in accordance with the Motion upon the completion of the services listed in paragraph five (5) below. Thereafter, Rust and Rust/Omni will have no further obligations to the Court, the Debtors or any party in interest with respect to their services as Claims, Notice and Balloting Agents in these Chapter 11 Cases. Rust or Rust/Omni may continue to provide any services that may be requested by the Debtors.

5. Within fourteen (14) days of notice to Rust and Rust/Omni of the entry of this order closing the Chapter 11 Cases, Rust and/or Rust/Omni, as applicable, will, in the prescribed form and format, (a) forward an electronic version of all imaged claims to the Clerk and (b) docket one final claims register in each jointly-administered case containing the claims of only that specific case. In addition, Rust will box and transport all original proofs of claim

and ballots in the Chapter 11 Cases to (i) the Federal Archives Record Administration, located at Central Plains Region, 200 Space Center Drive, Lee's Summit, MO 64064 or (ii) any other location directed by the Clerk's Office. All tasks performed by Rust and Rust/Omni hereunder shall be at the Debtors' expense.

6. Except as otherwise required by Local Rule of Bankruptcy Procedure 5005-1(e), Rust/Omni or Rust, as applicable, shall: (a) retain all original paper correspondence received in the Chapter 11 Cases for a period of two (2) years following entry of an order closing the Chapter 11 Cases, after which Rust/Omni or Rust may destroy the original paper correspondence; (b) retain all pertinent emails, facsimiles and other electronic transmissions received by Rust/Omni or Rust in the Chapter 11 Cases for a period of one (1) year following entry of an order closing the Chapter 11 Cases, after which Rust/Omni or Rust, in its discretion, may delete such items; and (c) destroy (i) all excess copies of notices, pleadings, plan solicitation documents, customized envelopes or other printed materials and (ii) all undeliverable and/or returned mail not previously destroyed.

7. Should Rust or Rust/Omni receive any mail regarding the Debtors after entry of an order closing the Chapter 11 Cases, Rust or Rust/Omni, as applicable, will collect and forward such mail no less frequently than monthly to the Debtors at the following address (or such other address as may be subsequently provided by the Debtors to Rust and Rust/Omni): Garlock Sealing Technologies LLC; c/o Robinson Bradshaw & Hinson, P.A.; 101 N. Tryon Street, Suite 1900; Charlotte, NC 28246; Attn: Garland S. Cassada.

8. The Disbursing Agent is authorized and directed to continue performing all Disbursing Agent Duties, notwithstanding the entry of this Order.

9. The Clerk shall accept for filing on the docket of Case No. 10-31607, without the requirement that any party in interest file a request to re-open any of the Chapter

11 Cases, the annual reports of the Asbestos Trust and any pleadings, motions, subpoenas, or other papers pursuant to which any party in interest seeks to invoke the jurisdiction of this Court provided for in Article 10 of the Plan and Section 214 of the Confirmation Order.

10. On or prior to April 30, 2018, the Debtors shall: (a) submit all unfiled post-confirmation reports for the period during which the Chapter 11 Cases remained open; and (b) pay all Section 1930 Fees that are due and owing for such time period.

11. Notwithstanding the closure of the Chapter 11 Cases, the Court expressly retains jurisdiction to the extent set forth in Article 10 of the Plan and Paragraph 214 of the Confirmation Order including, without limitation, to (a) enforce any order issued in the Chapter 11 Cases (including, without limitation, the Confirmation Order); (b) enforce of any provision of the Plan (including all related documents contemplated by the Plan); (c) prevent interference with the Plan's execution or requests for aid in the Plan's operation; and (d) consider any proper request to reopen the Chapter 11 Cases.

This Order was signed
electronically. The judge's
signature and court's seal
appear at the top of the Order.

United States Bankruptcy Court